**Filed**
**File Date: 5/12/2022 12:19 PM**
**Belknap Superior Court**
**E-Filed Document**

**EXHIBIT**

**1**

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                    SUPERIOR COURT

Father and Mother Doe, Individually and as Parent
and Next Friend of John Doe
123 Main Street
Anytown, USA

v.

West Alton Marina, LLC
35 West Alton Marina Road
Alton Bay, NH 03810

And

John Murray
104 Timber Ridge Road
Alton, NH 03809

And

Brian Fortier
104 Timber Ridge Road
Alton, NH 03809

And

Dierdre Tibbetts
7 David Drive
Belmont, NH 03220

And

Allyson Shea
1430 Mount Major Highway
Alton Bay, NH 03810

Case Number: 211-2022-CV-00049

## <u>SECOND AMENDED</u><br><u>COMPLAINT WITH JURY DEMAND</u>

## Summary of Case

Over a period of many years, the defendants used the West Alton Marina to groom minors for sexual activity.  John Murray, married to owner Brian Fortier, sexually exploited minors including prostituting employees to customers.

There was almost daily evidence of this.  Employees and even some customers reported Murray's conduct to the Marina owners.  Yet, the owners did nothing.

So brazen did Murray become that his outrageous sexual conduct included activity with the Gilford Police Chief.  He then used this association to confuse, intimidate, and groom.

This action seeks accountability for the physical harm and emotional confusion these defendants inflicted on so many children and young adults.

## PARTIES

1.      Plaintiffs Father and Mother Doe (hereinafter "Plaintiffs") are individuals residing at 123 Main Street, Anytown, USA and are the parents of John Doe (hereinafter "Minor Plaintiff" or "John Doe"), a minor at the time of his employment and the time of this filing.

2.      Defendant West Alton Marina, LLC (hereinafter "West Alton Marina") is a Delaware limited liability company, registered to do business in the State of New Hampshire with a principal office at 35 West Alton Marina Road, Alton Bay, New Hampshire.

3.      Defendant John Murray (hereinafter "Murray") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief Murray is currently being held at the Belknap County House of Corrections, 74 County Drive, Belknap, New Hampshire.

4.     Defendant Brian Fortier (hereinafter "Fortier") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief, Fortier is a part owner of West Alton Marina, LLC and Murray's spouse.

5.     Defendant Deirdre Tibbetts (hereinafter "Tibbets") is an individual residing at 7 David Drive, Belmont, New Hampshire.  Upon information and belief, Tibbets is a part owner of West Alton Marina, LLC and Fortier's sister.

6.     Defendant Allyson Shea (hereinafter "Shea") is an individual residing at 1430 Mount Major Highway, Alton Bay, New Hampshire.  Upon information and belief, Shea is a part owner of West Alton Marina, LLC and Fortier's sister.

## JURISDICTION AND VENUE

7.     The Court has jurisdiction over this matter pursuant to RSA 491:7.

8.     Venue is proper pursuant to RSA 507:9.

## FACTUAL ALLEGATIONS

9.     Unless otherwise identified herein, the following facts pertain to events that occurred in 2021.

### *Business with Employees*

10.     At all relevant times, Defendant West Alton Marina was a business operating in Alton New Hampshire.

### *Owner = Position of Power and Authority*

11.     Several individuals had an ownership interest in West Alton Marina.

12.     Fortier was one of the owners.

13.     Fortier's older sister, Tibbetts, and younger sister, Shea, also were part owners.

14.     Tibbetts and Shea also worked directly at the West Alton Marina.

15.     Tibbetts was, inter alia, responsible for employee hours and wages.

16.     Shea was the full-time Manager at the docks and/or market.

17.     As owners, Fortier and his two sisters saw, or should have seen, at least some of the following conduct.

18.     As owners, Fortier and his two sisters, supervised and/or managed the employees.

19.     As owners, Fortier and his two sisters were in positions of power and authority over West Alton Marina employees, including the Minor Plaintiff, pursuant to RSA 632-A:2(I)(K).

### *Manager = Position of Power and Authority*

20.     At all relevant times, Fortier was married to Murray.

21.     Murray was a West Alton Marina employee.

22.     Murray was a Manager.

23.     Fortier and the other owners managed and/or supervised Murray.

24.     As a Manager, Murray was a position of power and authority over subordinate employees pursuant to RSA 632-A:2(I)(K).

25.     Murray was approximately fifty-four (54) years old.

### *John Doe Hired May 2021*

26.     In May 2021, the Minor Plaintiff was seventeen (17) years old.

27.     He applied for employment with West Alton Marina.

28.     Murray interviewed and hired him as a West Alton Marina employee.

### *Knowledge of Murray's Prior Sexual Assaults/Abuse?*

29.     Upon information and belief, *prior to* 2021 and *prior to* the Minor Plaintiff becoming a West Alton Marina employee, Murray had a history of sexually harassing, assaulting, and/or abusing subordinate employees who worked at West Alton Marina.

30.     Upon information and belief, Fortier and the other owners had knowledge of allegations regarding Murray's harassment, abuse, and/or assault of prior subordinate employees.

31.     Murray's history put Fortier, the other owners, and West Alton Marina on notice that Murray should not be in a position of power and authority over subordinate employees, including minors.

32.     Upon information and belief, despite Fortier and West Alton Marina's knowledge or Murray's conduct, Fortier and West Alton put and kept Murray in the Manager position which they knew was a position of power and authority over subordinates, including minors.

33.     Murray then used this position to harass and abuse subordinate employees, including the Minor Plaintiff.

### *Fortier's Assistance of Murray?*

34.     Upon information and belief, *prior to* 2021 and *prior to* the Minor Plaintiff becoming a West Alton Marina employee, Fortier had a history of assisting, aiding, and abetting Murray's sexual harassment, assaults, and/or abuse on subordinate employees.

35.     Fortier used his ownership interest in West Alton Marina to assist, aid, and abet Murray's conduct which Fortier knew was, upon information and belief, criminal and/or in violation of employment laws against sexual harassment in the workplace.

***Murray Hired Employees***

36.     Despite West Alton Marina and Fortier's knowledge of Murray's prior conduct, West Alton Marina and Fortier made Murray responsible, in whole or in part, for hiring subordinate employees.

37.     Murray interviewed prospective employees.

38.     Upon information and belief, Murray used the hiring process to identify individuals to whom he was sexually attracted.

39.     Upon information and belief, Murray used the hiring process to identify individuals whom he believed he could groom for sexual assault and/or abuse.

40.     Fortier and the other owners of West Alton Marina knew or should have known of Murray's use/misuse of the hiring process as identified.

41.     Many of the individuals that Murray and West Alton Marina hired were young men under the age of 18.

42.     It was Murray who interviewed and hired the Minor Plaintiff.

***Murray Supervised Employees***

43.     Murray directly supervised the employees at West Alton Marina, including the Minor Plaintiff.

44.     Murray assigned subordinate employees, including the Minor Plaintiff, work hours.

45.     Murray assigned subordinate employees, including the Minor Plaintiff, work responsibilities.

46.     Among the responsibilities that Murray assigned to subordinates, including the Minor Plaintiff, was for them to perform manual labor at Murray and Fortier's personal residence.

47.     Fortier and the other West Alton Marina owners were aware that Murray had employees perform work at Murray and Fortier's personal residence and paid for the work through the business.

### *Murray Used Supervisory Position to Groom Employees*

48.     Fortier used his position as owner directly or indirectly to allow Murray, his spouse, to groom subordinate employees for sexual activity.

49.     Murray used his position of power and authority to groom the subordinate employees for sexual activity.

50.     Murray used his position of authority to initiate and engage in communications of a graphic sexual nature with subordinate employees.

51.     Murray prevailed upon subordinate employees to confide and trust in him.

52.     The subordinates, including the Minor Plaintiff, did.

### *Forced Touching At Work During Work Hours*

53.     Murray openly, and in the presence of other managers and owners, engaged in conduct strongly suggestive of improper personal employer/employee boundary violations.

54.     Among other things, Murray would touch subordinate employees in body areas and in ways that suggested sexual groping including the slapping of buttocks.

55.     Without requesting consent, he would kiss employees on their heads.

***Cash for Sexual Images***

56.     Murray also used psychological and financial manipulation to groom the employees, including the Minor Plaintiff.

57.     Murray solicited explicit sexual pictures and/or videos from subordinates, including the Minor Plaintiff, in exchange for cash.

58.     Among other things, Murray sent subordinate employees, including the Minor Plaintiff, graphic videos depicting him and others engaging in sexual activity.

59.     Murray offered to pay subordinate employees money, including the Minor Plaintiff, if they sent him graphic pictures of their sexual genitalia or videos of them engaging in sexual activity such as masturbation.

60.     The subordinate employees, including the Minor Plaintiff, sent Murray sexual pictures and videos and received cash from Murray in return.

***Unwelcome Sexual Touching, Groping, Abuse***

61.     Murray also directly engaged individual employees, including the Minor Plaintiff, in physical unwelcome, unwanted, and non-consensual sexual groping and touching.

62.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, during work hours.

63.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, in his office or at his workstation at the West Alton Marina location.

64.     Murray used his employment and the facilities to sexually grope and touch employees, including the Minor Plaintiff, at a time when the Minor Plaintiff was working.

65.     Among other things, Murray commanded employees, including the Minor Plaintiff, to his office where Murray made the employees through coercion watch him masturbate.

66.     Murray also commanded employees to his office, including the Minor Plaintiff, where Murray coerced them to allow him to perform sexual activity on them including manual masturbation and fellatio.

### *Company Resources to Assault and Abuse*

67.     West Alton Marina provided Murray resources which he used to commit this harassment, assault, and abuse.

68.     Upon information and belief, Murray used company computers for his conduct.

69.     Upon information and belief, Murray used company email for his conduct.

70.     Upon information and belief, Murray used company issued or reimbursed cellular telephone service for his conduct.

71.     Upon information and belief, Murray used his office for his conduct.

72.     Upon information and belief, Murray used company vehicles and/or equipment and/or personal property for his conduct.

### *Gifts and Use of Personal Property*

73.     Murray also used gifts and his personal property to coerce sexual activity with and from employees including the Minor Plaintiff.

74.     This included allowing employees, including the Minor Plaintiff, to use of his car and/or a car owned by Fortier.

*Owners Knew of Gifts*

75.     Fortier, and the other West Alton Marina owners, knew or should have known of these gifts and use of personal property.

76.     Despite knowing of them, neither Fortier nor the other owners did anything to stop or address the conduct.

*Gilford Police Chief Involved In Conduct*

77.     Murray also confused and intimidated employees by using the power of the police.

78.     Specifically, he advised the employees, including John Doe, that he was involved in a sexual relationship with the Gilford Chief of Police who he would meet with for sex.

79.     Claiming it was a joke, Murray would comment that he was going to get John Doe involved in sex with the Chief.

80.     Upon information and belief, Murray used this to intimidate employees and to try to convince them, including John Doe, that his sexual conduct during work hours was not improper.

81.     Murray also specifically targeted John Doe with the information about his sexual activity with the Police Chief, to prevent John Doe from reporting what was happening to the police.

*Shirts With Sexual Images and Jokes*

82.     Murray also sometimes provided employees shirts that he required them to wear while working at the Marina.

83.     These shirts had sexual images and sexual jokes on them.

84.     On one, by way of example, it said: "The guest always comes first (I'll take care of myself later)" with an image of large white blotch obviously intended to represent semen.

### *Retaliation Against Subordinate Employees*

85.     When employees, including the Minor Plaintiff, resisted Murray's advances, groping, or non-consensual touching, he retaliated by, among other things, exhibiting anger, assigning harder responsibilities, not assigning work hours, and in other ways.

86.     When employees, including the Minor Plaintiff, capitulated to Murray's advances, groping, or non-consensual touching, he rewarded them by, among other things, providing favorable performance reviews, assigning easier responsibilities, assigning more and better work hours, and in other ways.

87.     These actions by Murray forced subordinate employees including the Minor Plaintiff to acquiesce to his conduct.

### *No Written Company Policy*

88.     As an employer, West Alton Marina should have had employment policies addressing sexual harassment and sexual assault in the workplace.

89.     West Alton Marina had a legal duty to identify such a policy to its employees.

90.     West Alton Marina also had a legal duty to train its employees on what constitutes sexual harassment.

91.      West Alton Marina also had a legal duty to train its employees on how to respond to an allegation of sexual harassment and/or abuse.

92.     West Alton Marina had a duty to enforce the law against sexual harassment and sexual assault.

93.     Unfortunately, upon information and belief, West Alton Marina did not have any written sexual harassment policy.

94.     It did not do any sexual harassment training.

95.     It did not educate employees, including Murray, on what constituted sexual harassment.

96.     It did not educate employees on how and to whom they should report sexual harassment.

97.     It did not have an individual who had a written job description identifying as a job responsibility the enforcement of an employment policy against sexual harassment and/or assault.

98.     It did not discipline employees, such as Murray, for engaging in conduct that constituted sexual harassment.

99.     This lack of written policy, training, and enforcement proximately caused Murray's use of his position of authority to engage in unwelcome sexual harassment and abuse upon or toward subordinate employees including the Minor Plaintiff.

100.    This lack of written employment policies proximately caused Murray's ongoing harassment and abuse of employees.

101.    So, too, did the lack of discipline of employees, especially Managers like Murray.

### Owners Knew or Should Have Known

102.    Some of this and other conduct like it by Murray happened in the presence of and direct line-of-sight of Fortier and, upon information and belief, other owners, managers, and supervisors.

103.    It put Fortier, other owners, other supervisors, and other managers on notice of Murray's boundary violations with subordinate employees, including the Minor Plaintiff.

104.    Moreover, upon information and belief, adult employees of the Marina specifically advised the owners, including the defendants' named herein, of Murray's abuse, harassment, and assaults of subordinate employees and Murray's sexual activity with Marina customers.

105.    These owners/defendants, however, did nothing, or far too little, to stop Murray's conduct.

106.    To the contrary, in addition to making West Alton facilities, equipment, and resources available to Murray for abusing employees, Fortier made his personal property and real estate available to Murray *and* knew that Murray used it to continue his abuse.

107.    The other owners and managers also were aware of Fortier doing this, but did nothing, or far too little, to stop it.

### *Lack of Intervention = Condonation*

108.    The lack of intervention by Fortier, other owners, other supervisors, and other managers emboldened Murray.

109.    The lack of written policy, training, discipline, and enforcement by West Alton Marina tacitly condoned Murray's conduct.

110.    Through its inaction and omissions, the Company ratified and/or consented to the abuse and assault.

111.    It is a proximate and direct reason why Murray's conduct occurred and continued.

***Ended Employment***

112.　The harassment and abuse continued, in some form, throughout the time of John Doe's employment.

113.　In or about mid-August 2021 the Minor Plaintiff was emotionally and physically unable to return to work.

114.　He resigned his position.

115.　This was proximately and directly because objectively the work environment was so hostile and abusive and became so intolerable that resignation from employment was the only fitting response.

***Murray Arrested***

116.　Police arrested Murray.

117.　He was incarcerated.

118.　Police have charged him with numerous crimes including aggravated felonious sexual assault for his conduct toward and upon the Minor Plaintiff.

***Fortier Arrested***

119.　Police arrested Fortier.

120.　Police charged him, too, with crimes including, upon information and belief, aggravated felonious sexual assault.

***Exhaustion Administrative Remedies***

121.　On April 6, 2022 Plaintiffs filed a Charge with the Equal Employment Opportunity Commission that was dually filed with the New Hampshire Human Rights Commission.

122.　The EEOC provided a Notice of Right to Sue on April 7, 2022.

### *Respondeat Superior*

123.    The defendant West Alton Marina is liable through the principle of Respondeat Superior for the acts and omissions by its owner(s), agent(s), staff, administration, and employees as these were either within the course and scope of employment and duties owed by the defendant and/or directly resulted from the opportunit(ies) and resource(s) that West Alton Marina made available to defendant Murray and defendant Fortier despite its knowledge of Murray and Fortier's conduct and that Murray utilized West Alton Marina property and resources and Fortier's property and resources to engage in sexual assault and/or abuse.

### *Conduct Extreme and Outrageous*

124.    West Alton Marina's conduct was extreme and outrageous in that West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray and/or Fortier assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge.  Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual

harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter/abuser who was the spouse of an owner.

### *Proximate and Direct Injury*

125.     As a direct and proximate result of the foregoing, the Minor Plaintiff suffered severe physical injury and damage as well as emotional trauma.  He suffered and continues to suffer injury including, but not limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, and/or severe despair. The Minor Plaintiff has required therapy, counseling, and medical care and treatment that is reasonably expected to continue for the remainder of his life.

## <u>LEGAL CLAIMS</u>

The plaintiffs identify and allege the following claims: (A) Wrongful Termination, (B) Intentional Tort – Assault, (C) Intentional Tort – Intentional Infliction Emotional Distress, (D) Sexual Harassment Claims.

### A.     WRONGFUL TERMINATION

#### COUNT I -     Wrongful Termination/Constructive Discharge
#### (Against West Alton Marina)

126.     Plaintiffs repeat and incorporate by reference the allegations contained in all paragraphs to this complaint.

127.     Over the course of the Minor Plaintiff's employment with West Alton Marina, Murray repeatedly harassed and made sexual and other demands upon the Minor Plaintiff including demands of unwelcome and non-consented to sexual groping and touching.

128.     Murray used his position of authority to compel the Minor Plaintiff's compliance with harassment and his sexual demands.

129.    Murray also used gifts and retaliation to coerce compliance.

130.    West Alton Marina's failure to have a written sexual harassment policy, to train its employees regarding sexual harassment, to educate subordinate employees about what constitutes sexual harassment and how and where to report it, and to have a person responsible for investigating sexual harassment all proximately caused Murray's ongoing harassment and abuse.

131.    West Alton Marina's failure to discipline Murray for prior conduct similarly emboldened him and tacitly condoned his conduct.

132.    The harassment and abuse were ongoing, repetitive, pervasive, and severe such that it created an abusive work environment.

133.    The harassment and abuse the Minor Plaintiff endured made his working conditions so difficult and intolerable that an objective reasonable person subjected to it would have felt forced to resign.

134.    The Minor Plaintiff ended his employment with West Alton Marina because the working conditions were so intolerable and the abuse so pervasive and severe.

135.    He was constructively terminated from employment.

136.    As a result of the foregoing, the Minor Plaintiff suffered and continues to suffer severe physical and emotional harm as a proximate and direct result of defendant's actions.  This includes, but is not limited to, stress, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair and/or public humiliation.  As a direct and proximate result of the foregoing, the plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

137.     Plaintiffs are entitled to and hereby demand all available tort damages for wrongful termination including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which the Plaintiffs are entitled including all interest and fees which are within the jurisdictional limit of this Court.

**B.     INTENTIONAL TORT – ASSAULT**

**COUNT II -   Aggravated Sexual Assault
                    (Against Murray)**

138.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

139.     At all times pertinent hereto the Minor Plaintiff  was under the age of eighteen.

140.     At all times pertinent hereto Murray was acting in a position of authority over the Minor Plaintiff as his Manager and supervisor.

141.     At all times pertinent hereto Murray used his position of authority to coerce the Minor Plaintiff to submit to sexual activity including sexual penetration and contact as identified within RSA 632-A.  Murray used his position of authority to unduly influence the Minor Plaintiff so that he engaged in conduct in which he did not want to engage and for which he did not knowingly, voluntarily and/or legally consent.

142.     Defendant Murray acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by its act and the plaintiff was put into such an imminent apprehension and subjected to physical sexual penetration and contact.

143.      Moreover, defendant Murray acted with the intention of affecting and/or

subjecting a third person(s) to assault but caused an imminent fear of offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though it intended it to affect the plaintiff.

144.    Throughout the time of his employment, and at the times herein identified, the plaintiff was in apprehension of impending physical contact because he believed that the defendants' acts would result in imminent contact of him unless prevented by his own self-defensive action or his flight or intervention by some outside force.

145.    As a direct and proximate result of Murray's tortious conduct the Minor Plaintiff has suffered severe and grievous injury, including but not limited to, prolonged depression, anxiety, insomnia, and physical illness.

146.    As a direct and proximate result of Murray's tortious conduct, the Minor Plaintiff has incurred expenses, including but not limited to, counseling and medical and medication expenses, and reasonably anticipates incurring future medical expenses and treatment.

147.    Plaintiffs demand judgment against Defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT III - Intentional Tort - Assault
### (Against Murray)

148.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

149.    Defendant Murray's assault, battery, and/or abuse of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

150.    In perpetuating the ongoing intentional assault and/or abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

151.    Defendant Murray acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by its act and the plaintiff was put into such an imminent apprehension.

152.    Moreover, defendant Murray acted with the intention of affecting and/or subjecting a third person(s) to assault but caused an imminent fear of offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though it intended it to affect the plaintiff.

153.    Throughout the time of his employment, and at the times herein identified, the plaintiff was in apprehension of impending physical contact because he believed that the defendants' acts would result in imminent contact of him unless prevented by his own self-defensive action or his flight or intervention by some outside force.

154.    Defendant Murray's assaulted the Minor Plaintiff and,  in fact, caused injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

155.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT IV -  Intentional Tort - Battery**
**(Against Murray)**

156.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set

forth herein.

157.    Defendant Murray's battery of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

158.    Defendant Murray acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by his/her act and an offensive contact with plaintiff directly or indirectly resulted.

159.    Moreover, the defendants acted with the intention of affecting and/or subjecting a third person(s) to battery but caused an offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though he/she intended to so affect him.

160.    In perpetuating the ongoing intentional assault and abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

161.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes an assault and battery that did, in fact, cause injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

162.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

## C.    INTENTIONAL TORT -  INTENTIONAL INFLICTION EMOTIONAL DISTRESS

### COUNT V - Intentional Infliction of Emotional Distress (Against Murray)

163.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

164.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes intentional and reckless conduct that inflicted serious emotional distress upon the Plaintiffs.

165.    Defendant Murray, or any other actor, would have been substantially certain at the time he perpetrated the sexual harassment and abuse that it would inflict serious emotional distress upon the victims.

166.    Defendant Murray's conduct of abuse was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Murray's abuse as atrocious and utterly intolerable.

167.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

168.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT VI - Intentional Infliction of Emotional Distress (Against Fortier/Tibbetts/Shea)**

169.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

170.    Defendants Fortier, Tibbetts, and Shea knew or should have known of Murray's

sexual assault and abuse of the Minor Plaintiff but made and continued to make resources and property available to Murray for him to inflict his assault and abuse ***and*** failed to stop and/or address it which constitutes intentional and reckless conduct that inflicted serious physical and emotional distress upon the Minor Plaintiff.

171.     Defendant Fortier, Tibbetts, and Shea, or any other actor, would have been substantially certain at the time they knew or should have known of Murray's conduct that it would inflict serious emotional distress upon the Minor Plaintiff.

172.     Defendant Fortier, Tibbetts, and Shea's conduct was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Fortier, Tibbetts and Shea's conduct as atrocious and utterly intolerable.

173.     The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse tolerated and condoned by Fortier, Tibbetts and Shea and perpetrated by Murray. The serious emotional distress condoned by Fortier, Tibbetts and Shea was something that no reasonable person could be expected to endure.

174.     Plaintiffs demand judgment against defendant Fortier, Tibbetts and Shea in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT VII - Intentional Infliction of Emotional Distress
### (Against West Alton Marina)

175.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

176.     Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, other owners, other managers, and other employees

and agents whose conduct, as identified herein and otherwise, was within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual abuse and sexual assault of the Minor Plaintiff.

177.    Defendant West Alton Marina, or any other actor, would and should have been substantially certain at the time it engaged in the acts and omissions identified that sexual abuse and sexual assault by its employees and/or agents would inflict serious emotional distress upon the victims.

178.    Defendant West Alton Marina's conduct was so extreme and outrageous that it exceeded all possible bounds of decency.  Our society regards such conduct as atrocious and utterly intolerable because, as alleged, West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge. Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault

and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter who was the spouse of an owner.

179.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

180.    Plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT VIII – INTENTIONAL TORT ASSAULT**
**(WEST ALTON MARINA)**

181.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

182.    Defendant West Alton Marina is liable for the intentional tort(s) of its employee Defendant Murray through the principle of Respondeat superior.  Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, Tibbetts, Shea, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was either within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual harassment and sexual assault of John Doe.

183.    Defendant West Alton Marina is liable for the intentional tort(s) of its employee Defendant Murray through the principles of ratification.  West Alton Marina ratified Murray's

conduct by its own acts, conduct, and affirmative acquiescence.  Specifically, West Alton Marina failed to repudiate Murray's tortious acts despite its knowledge of, or possession of facts sufficient for the knowledge of, Murray's extreme and outrageous conduct.

184.    Defendant and the defendants for whose conduct defendant West Alton Marina is liable acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by its act and the plaintiff was put into such an imminent apprehension.

185.     Moreover, the defendants acted with the intention of affecting and/or subjecting a third person(s) to assault but caused an imminent fear of offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though it intended it to affect John Doe.

186.    Throughout the time of his employment, and at the times herein identified, John Doe was in apprehension of impending physical contact because he believed that the defendants' acts would result in imminent contact of him unless prevented by his own self-defensive action or his flight or intervention by some outside force.

187.    In perpetuating the ongoing intentional assault of John Doe, defendant placed John Doe in continued fear for his safety and well-being.

188.    Defendants' conduct did, in fact, cause physical injuries, damages and losses to John Doe including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

189.    The plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems

just and equitable.

## COUNT IX – INTENTIONAL TORT – BATTERY
### (WEST ALTON MARINA)

190.    Plaintiff incorporates herein all allegations within this Complaint as if fully set

forth herein.

191.    Defendant West Alton Marina employed and was and is responsible through the

principle of Respondeat Superior for the acts and omissions of defendants Murray, Fortier,

Tibbetts, Shea, other owners, other managers, and other employees and agents whose conduct, as

identified herein and otherwise, was either within the course and/or scope of employment and

duties or directly and proximately resulted from the opportunit(ies) and resource(s) that West

Alton Marina knowingly made available to defendant Murray and that he utilized and relied

upon to engage in sexual harassment and sexual assault of John Doe.

192.    West Alton Marina also ratified Murray's conduct by its own acts, conduct, and

affirmative acquiescence.  Specifically, West Alton Marina failed to repudiate Murray's tortious

acts despite its knowledge of, or possession of facts sufficient for the knowledge of, Murray's

extreme and outrageous conduct.

193.    Defendant West Alton Marina, or any other actor, would and should have been

substantially certain at the time it engaged in the acts and omissions identified that battery by its

employees and/or agents would inflict serious emotional distress upon the victims.

194.    By failing to have written employment policies in place and to train employees

about the sexual harassment and abuse and battery, the West Alton Marina was complicit in, if

not directly caused, the egregious conduct of its owners and/or managers as described herein.

195.    Defendant and the defendants for whose conduct defendant West Alton Marina is

liable acted with the intention of causing harmful or offensive contact with the plaintiff or with

the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by his/her act and an offensive contact with plaintiff directly or indirectly resulted.

196.    Moreover, the defendants acted with the intention of affecting and/or subjecting a third person(s) to battery but caused an offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though he/she intended to so affect him.

197.    John Doe did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray and ratified by and/or caused by West Alton Marina. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

198.    The plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**D.      SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT, QUID PRO QUO, AIDING AND ABETTING**

**COUNT X - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**
**TITLE VII and RSA 354-A**
**(West Alton Marina)**

199.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

200.    The Minor Plaintiff was a subordinate employee.

201.    As identified herein, he was subjected to unwelcome sexual harassment from an individual, Murray, who supervised him directly and indirectly.  West Alton Marina is vicariously liable for the sexual harassment to which Murray subjected the Minor Plaintiff.

202.    The harassment to which he was subjected was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

203.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

204.    The company, by failing to address Murray's conduct without protecting company employees like the Minor Plaintiff created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

205.    Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

206.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

207.    West Alton Marina was aware of the offensive conduct and actions and could have and should have implemented prompt and appropriate remedies, but failed to do or chose not to do so, and thus ratified and empowered Murray and Fortier--the offending individuals' wrongful conduct—which is, in part, why it occurred and continued to occur.

208.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

**COUNT XI    SEXUAL HARASSMENT/QUID PRO QUO**
**TITLE VII and RSA 354-A**
**(West Alton Marina)**

209.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

210.    As identified herein, the Minor Plaintiff was subjected to unwelcome quid pro quo sexual harassment from an individual, Murray, who supervised him directly and indirectly. West Alton Marina is vicariously liable for the sexual harassment to which he subjected the Minor Plaintiff.

211.    Murray made submission to his conduct explicitly or implicitly a term or condition of the Minor Plaintiff's employment.  He made submission to his conduct a basis for decisions regarding his employment.  Murray also punished the Minor Plaintiff for refusing to comply with his conduct.  These actions unreasonably interfered with the Minor Plaintiff's work performance by creating an intimidating, hostile, and offensive work environment.

212.    West Alton Marina is liable for the conduct of Murray and Fortier because the entity and its owners knew of and/or allowed to this oppressive conduct to exist and continue.

213.    The harassment was sufficiently severe and pervasive as to materially alter the Minor Plaintiff's conditions of employment and to create a hostile and abusive working environment such that resignation from employment was a fitting response.

214. As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of West Alton Marina's action and inaction. This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

215. As a direct and proximate result of the foregoing, the Minor Plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

216. West Alton Marina was aware of *prior* offensive conduct by Fortier and Murray ***and*** the offensive conduct herein referenced and that otherwise occurred to the Minor Plaintiff during his employment and could have and should have implemented prompt and appropriate remedies, but chose not to, thus ratifying and empowering the offending individuals' wrongful conduct which is, in part, why it occurred and continued to occur.

217. Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

218. The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which he is entitled including all interest.

### COUNT XII - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
### RSA 354-A
### (Murray Individual/Supervisor Liability)

219. Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

220.    The Minor Plaintiff was a subordinate employee.

221.    As identified herein, Murray was his supervisor and subjected the Minor Plaintiff to unwelcome sexual harassment.

222.    The harassment to which Murray subjected the Minor Plaintiff was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

223.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

224.    Murray created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

225.    Moreover, Murray subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

226.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

227.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

### COUNT XIII SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
### RSA 354-A
### (Fortier/Tibbetts/Shea Individual/Supervisor Liability)

228.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

229.    The Minor Plaintiff was a subordinate employee.

230.    As identified herein, Fortier, Tibbetts, and Shea were owners who supervised Murray who was the Minor Plaintiff's supervisor.

231.    Murray subjected the Minor Plaintiff to unwelcome sexual harassment and Fortier, Tibbetts, and Shea aided and abetted the unwelcome sexual harassment and abuse as identified herein and otherwise.

232.    The harassment to which the Minor Plaintiff was subjected because Fortier, Tibbetts, and Shea aided and abetted it was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

233.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

234.    Because Fortier, Tibbetts, and Shea aided and abetted the conduct, they allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

235.    Moreover, Fortier, Tibbetts, and Shea subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

236.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe

distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

237.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

## **JURY DEMAND**

238.    Plaintiffs demand a jury trial on all claims so triable.

Respectfully submitted,

Father and Mother Doe, Individually and as
Parent and Next Friend of John Doe

By and through their attorneys,

Date:   05/11/2022                  /s/ John P. Sherman
John P. Sherman, Esq.
Bar No. 12536
Sherman Law PLLC
111 Bow Street, Unit #2
Portsmouth, NH 03801
(603) 570-4837
jsherman@johnshermanlaw.com