Filed
File Date: 4/6/2022 12:42 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                                   SUPERIOR COURT

Father and Mother Doe, Individually and as Parent
and Next Friend of John Doe
123 Main Street
Anytown, USA

v.

West Alton Marina, LLC
35 W Alton Marina Road
Alton Bay, NH 03810

And

John Murray
104 Timber Ridge Road
Alton, NH 03809

And

Brian Fortier
104 Timber Ridge Road
Alton, NH 03809

Case Number: 211-2022-CV-00049

True Copy Attest

Abigail Albee, Clerk of Court

June 3, 2022

## **COMPLAINT WITH JURY DEMAND**

### **PARTIES**

1.      Plaintiffs Father and Mother Doe (hereinafter "Plaintiffs") are individuals residing

at 123 Main Street, Anytown, USA and are the parents of John Doe (hereinafter "Minor

Plaintiff"), a minor at the time of his employment and the time of this filing.

2.      Defendant West Alton Marina, LLC (hereinafter "West Alton Marina") is a

Delaware limited liability company, registered to do business in the State of New Hampshire

with a principal office at 35 W Alton Marina Road, Alton Bay, New Hampshire.

1

3.      Defendant John Murray (hereinafter "Murray") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief Murray is currently being held at the Belknap County House of Corrections, 74 County Drive, Belknap, New Hampshire.

4.      Defendant Brian Fortier (hereinafter "Fortier") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief, Fortier is a part owner of West Alton Marina, LLC and Murray's spouse.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to RSA 491:7.

6.      Venue is proper pursuant to RSA 507:9.

## FACTUAL ALLEGATIONS

7.      Unless otherwise identified herein, the following facts pertain to events that occurred in 2021.

### *Business with Employees*

8.      At all relevant times, Defendant West Alton Marina was a business operating in Alton New Hampshire.

### *Owner = Position of Power and Authority*

9.      Several individuals had an ownership interest in West Alton Marina.

10.     Fortier was one of the owners.

11.     Fortier's older sister, Deirdre, and younger sister, Allison, also were part owners.

12.     Deirdre and Allison also worked directly at the West Alton Marina.

13.     Deirdre was, inter alia, responsible for employee hours and wages.

14.     Allison was the full-time Manager at the docks and/or market.

15.     As owners, Fortier and his two sisters saw, or should have seen, at least some of the following conduct.

16.     As owners, Fortier and his two sisters, supervised and/or managed the employees.

17.     As owners, Fortier and his two sisters were in positions of power and authority over West Alton Marina employees, including the Minor Plaintiff, pursuant to RSA 632-A:2(I)(K).

### *Manager = Position of Power and Authority*

18.     At all relevant times, Fortier was married to Murray.

19.     Murray was a West Alton Marina employee.

20.     Murray was a Manager.

21.     Fortier and the other owners managed and/or supervised Murray.

22.     As a Manager, Murray was a position of power and authority over subordinate employees pursuant to RSA 632-A:2(I)(K).

23.     Murray was approximately fifty-four (54) years old.

### *John Doe Hired May 2021*

24.     In May 2021, the Minor Plaintiff was seventeen (17) years old.

25.     He applied for employment with West Alton Marina.

26.     Murray interviewed and hired him as a West Alton Marina employee.

### *Knowledge of Murray's Prior Sexual Assaults/Abuse?*

27.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Murray had a history of sexually harassing, assaulting, or abusing subordinate employees who worked at West Alton Marina.

28.     Upon information and belief, Fortier and the other owners had knowledge of allegations regarding Murray's harassment, abuse, or assault of prior subordinate employees.

29.     Murray's history put Fortier, the other owners, and West Alton Marina on notice that Murray should not be in a position of power and authority over subordinate employees, including minors.

30.     Upon information and belief, despite Fortier and West Alton Marina's knowledge or Murray's conduct, Fortier and West Alton put and kept Murray in the Manager position which they knew was a position of power and authority over subordinates, including minors.

31.     Murray then used this position to harass and abuse subordinate employees, including the Minor Plaintiff.

### *Fortier's Assistance of Murray?*

32.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Fortier had a history of assisting, aiding, and abetting Murray's sexual harassment, assaults, and abuse on subordinate employees.

33.     Fortier used his ownership interest in West Alton Marina to assist, aid, and abet Murray's conduct which Fortier knew was, upon information and belief, criminal and/or in violation of employment laws against sexual harassment in the workplace.

### *Murray Hired Employees*

34.     Despite West Alton Marina and Fortier's knowledge of Murray's prior conduct, West Alton Marina and Fortier made Murray responsible, in whole or in part, for hiring subordinate employees.

35.     Murray interviewed prospective employees.

36.     Upon information and belief, Murray used the hiring process to identify individuals to whom he was sexually attracted.

37.     Upon information and belief, Murray used the hiring process to identify individuals whom he believed he could groom for sexual assault and/or abuse.

38.     Fortier and the other owners of West Alton Marina knew or should have known of Murray's use/misuse of the hiring process as identified.

39.     Many of the individuals that Murray and West Alton Marina hired were young men under the age of 18.

40.     It was Murray who interviewed and hired the Minor Plaintiff.

### *Murray Supervised Employees*

41.     Murray directly supervised the employees at West Alton Marina, including the Minor Plaintiff.

42.     Murray assigned subordinate employees, including the Minor Plaintiff, work hours.

43.     Murray assigned subordinate employees, including the Minor Plaintiff, work responsibilities.

44.     Among the responsibilities that Murray assigned to subordinates, including the Minor Plaintiff, was for them to perform manual labor at Murray and Fortier's personal residence.

45.     Fortier and the other West Alton Marina owners were aware that Murray had employees perform work at Murray and Fortier's personal residence and paid for the work through the business.

### *Murray Used Supervisory Position to Groom Employees*

46.     Fortier used his position as owner directly or indirectly to allow Murray, his spouse, to groom subordinate employees for sexual activity.

47.     Murray used his position of power and authority to groom the subordinate employees for sexual activity.

48.     Murray used his position of authority to initiate and engage in communications of a graphic sexual nature with subordinate employees.

49.     Murray prevailed upon subordinate employees to confide and trust in him.

50.     The subordinates, including the Minor Plaintiff, did.

### Forced Touching At Work During Work Hours

51.     Murray openly, and in the presence of other managers and owners, engaged in conduct strongly suggestive of improper personal employer/employee boundary violations.

52.     Among other things, Murray would touch subordinate employees in body areas and in ways that suggested sexual groping including the slapping of buttocks.

53.     Without requesting consent, he would kiss employees on their heads.

### Cash for Sexual Images

54.     Murray also used psychological and financial manipulation to groom the employees, including the Minor Plaintiff.

55.     Murray solicited explicit sexual pictures and/or videos from subordinates, including the Minor Plaintiff, in exchange for cash.

56.     Among other things, Murray sent subordinate employees, including the Minor Plaintiff, graphic videos depicting him and others engaging in sexual activity.

57.     Murray offered to pay subordinate employees, including the Minor Plaintiff, money if they sent him graphic pictures of their sexual genitalia or videos of them engaging in sexual activity such as masturbation.

58.     The subordinate employees, including the Minor Plaintiff, sent Murray sexual pictures and videos and received cash from Murray in return.

### *Unwelcome Sexual Touching, Groping, Abuse*

59.     Murray also directly engaged individual employees, including the Minor Plaintiff, in physical unwelcome, unwanted, and non-consensual sexual groping and touching.

60.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, during work hours.

61.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, in his office or at his workstation at the West Alton Marina location.

62.     Murray used his employment and the facilities to sexually grope and touch employees, including the Minor Plaintiff, at a time when the Minor Plaintiff was working.

63.     Among other things, Murray commanded employees, including the Minor Plaintiff, to his office where Murray made the employees through coercion watch him masturbate.

64.     Murray also commanded employees to his office, including the Minor Plaintiff, where Murray coerced them to allow him to engage in sexual activity on them including manual masturbation and fellatio.

### *Company Resources to Assault and Abuse*

65.     West Alton Marina provided Murray resources which he used to commit this harassment, assault, and abuse.

66.     Upon information and belief, Murray used company computers for his conduct.

67.     Upon information and belief, Murray used company email for his conduct.

68.     Upon information and belief, Murray used company issued or reimbursed cellular telephone service for his conduct.

69.     Upon information and belief, Murray used his office for his conduct.

70.     Upon information and belief, Murray used company vehicles and/or equipment and/or personal property for his conduct.

### *Gifts and Use of Personal Property*

71.     Murray also used gifts and his personal property to coerce sexual activity with and from employees including the Minor Plaintiff.

72.     This included allowing employees, including the Minor Plaintiff, to use of his car and/or a car owned by Fortier.

### *Fortier Knew of Gifts*

73.     Fortier, and the other West Alton Marina owners, knew or should have known of these gifts and use of personal property.

74.     Despite knowing of them, neither Fortier nor the other owners did anything to stop or address the conduct.

### *Retaliation Against Subordinate Employees*

75.     When employees, including the Minor Plaintiff, resisted Murray's advances, groping, or non-consensual touching, he retaliated by, among other things, exhibiting anger, assigning harder responsibilities, not assigning work hours, and in other ways.

76.     When employees, including the Minor Plaintiff, capitulated to Murray's advances, groping, or non-consensual touching, he rewarded them by, among other things, providing

favorable performance reviews, assigning easier responsibilities, assigning more and better work hours, and in other ways.

77.     These actions by Murray forced subordinate employees including the Minor Plaintiff to acquiesce to his conduct.

### *No Written Company Policy*

78.     As an employer, West Alton Marina should have had employment policies addressing sexual harassment and sexual assault in the workplace.

79.     West Alton Marina had a legal duty to identify such a policy to its employees.

80.     West Alton Marina also had a legal duty to train its employees on what constitutes sexual harassment.

81.     West Alton Marina also had a legal duty to train its employees on how to respond to an allegation of sexual harassment and/or abuse.

82.     West Alton Marina had a duty to enforce the law against sexual harassment and sexual assault.

83.     Unfortunately, upon information and belief, West Alton Marina did not have any written sexual harassment policy.

84.     It did not do any sexual harassment training.

85.     It did not educate employees, including Murray, on what constituted sexual harassment.

86.     It did not educate employees on how and to whom they should report sexual harassment.

87.     It did not have an individual who had a written job description identifying as a job responsibility the enforcement of an employment policy against sexual harassment and/or assault.

88.     It did not discipline employees, such as Murray, for engaging in conduct that constituted sexual harassment.

89.     This lack of written policy, training, and enforcement proximately caused Murray's use of his position of authority to engage in unwelcome sexual harassment and abuse upon or toward subordinate employees including the Minor Plaintiff.

90.     This lack of written employment policies proximately caused Murray's ongoing harassment and abuse of employees.

91.     So, too, did the lack of discipline of employees, especially Managers like Murray.

### Owners Knew or Should Have Known

92.     Some of this and other conduct like it by Murray happened in the presence of and direct line-of-sight of Fortier and, upon information and belief, other owners, managers, and supervisors.

93.     It put Fortier, other owners, other supervisors, and other managers on notice of Murray's boundary violations with subordinate employees, including the Minor Plaintiff.

94.     Fortier, the other owners, managers, and supervisors, however, did nothing, or far too little, to stop Murray's conduct.

95.     To the contrary, in addition to making West Alton facilities, equipment, and resources available to Murray for abusing employees, Fortier made his personal property and real estate available to Murray *and* then knew that Murray used it to continue his abuse.

96.     The other owners and managers also were aware of Fortier doing this, but did nothing, or far too little, to stop it.

### Lack of Intervention = Condonation

97.     The lack of intervention by Fortier, other owners, other supervisors, and other managers emboldened Murray.

98.     The lack of written policy, training, discipline, and enforcement by West Alton Marina tacitly condoned Murray's conduct.

99.     Through its inaction and omissions, the Company ratified and/or consented to the abuse and assault.

100.    They are a proximate and direct reason why Murray's conduct occurred and continued.

### Ended Employment

101.    The harassment and abuse continued, in some form, throughout the time of John Doe's employment.

102.    In or about mid-August 2021 the Minor Plaintiff was emotionally and physically unable to return to work.

103.    He resigned his position.

104.    This was proximately and directly because objectively the work environment was so hostile and abusive and became so intolerable that resignation from employment was a fitting response.

### Murray Arrested

105.    Police arrested Murray.

106.    He was incarcerated.

107.     Police have charged him with numerous crimes including aggravated felonious sexual assault for his conduct toward and upon the Minor Plaintiff.

### *Fortier Arrested*

108.     Police arrested Fortier.

109.     Police charged him, too, with numerous crimes including, upon information and belief, aggravated felonious sexual assault.

### *Respondeat Superior*

110.     The defendant West Alton Marina is liable through the principle of Respondeat Superior for the facts and omissions by its owner(s), agent(s), staff, administration, and employees as these were either within the course and scope of employment and duties owed by the defendant and/or directly resulted from the opportunit(ies) and resource(s) that West Alton Marina made available to defendant Murray and defendant Fortier despite its knowledge of Murray and Fortier's conduct and that Murray utilized West Alton Marina property and resources and Fortier's property and resources to engage in sexual assault and abuse.

### *Conduct Extreme and Outrageous*

111.     West Alton Marina's conduct was extreme and outrageous in that West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge.  Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to

further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring open and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter who was the spouse of an owner.

### *Proximate and Direct Injury*

112.    As a direct and proximate result of the foregoing, the Minor Plaintiff suffered severe physical injury and damage as well as emotional trauma.  He suffered and continues to suffer injury including, but not limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, and/or severe despair. The Minor Plaintiff has required therapy, counseling, and medical care and treatment that is reasonably expected to continue for the remainder of his life.

## LEGAL CLAIMS

The plaintiffs identify and allege the following claims: (A) Wrongful Termination, (B) Intentional Tort – Assault, (C) Intentional Tort – Intentional Infliction Emotional Distress.

### A.    WRONGFUL TERMINATION

### COUNT I
### Wrongful Termination/Constructive Discharge
### (Against West Alton Marina)

113.    Plaintiffs repeat and incorporate by reference the allegations contained in all paragraphs to this complaint.

114.    Over the course of the Minor Plaintiff's employment with West Alton Marina, Murray repeatedly harassed and made sexual and other demands upon the Minor Plaintiff including demands of unwelcome and non-consented to sexual groping and touching.

115.    Murray used his position of authority to compel the Minor Plaintiff's compliance with harassment and his sexual demands.

116.    Murray also used gifts and retaliation to coerce compliance.

117.    West Alton Marina's failure to have a written sexual harassment policy, to train its employees regarding sexual harassment, to educate subordinate employees about what constitutes sexual harassment and how and where to report it, and to have a person responsible for investigating sexual harassment all proximately caused Murray's ongoing harassment and abuse.

118.    West Alton Marina's failure to discipline Murray for prior conduct similarly emboldened him and tacitly condoned his conduct.

119.    The harassment and abuse were ongoing, repetitive, pervasive, and severe such that it created an abusive work environment.

120.    The harassment and abuse the Minor Plaintiff endured made his working conditions so difficult and intolerable that an objective reasonable person subjected to it would have felt forced to resign.

121.    The Minor Plaintiff ended his employment with West Alton Marina because the working conditions were so intolerable and the abuse so pervasive and severe.

122.    He was constructively terminated from employment.

123.    As a result of the foregoing, the Minor Plaintiff suffered and continues to suffer severe physical and emotional harm as a proximate and direct result of defendant's actions.  This

includes, but is not limited to, stress, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair and/or public humiliation.  As a direct and proximate result of the foregoing, the plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

124.    Plaintiffs are entitled to and hereby demand all available tort damages for wrongful termination including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which the Plaintiffs are entitled including all interest and fees which are within the jurisdictional limit of this Court.

### B.      INTENTIONAL TORT – ASSAULT

### COUNT II
### Aggravated Sexual Assault
### (Against Murray)

125.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

126.    At all times pertinent hereto the Minor Plaintiff  was under the age of eighteen.

127.    At all times pertinent hereto Murray was acting in a position of authority over the Minor Plaintiff as his Manager and supervisor.

128.    At all times pertinent hereto Murray used his position of authority to coerce the Minor Plaintiff to submit to sexual activity.  Murray used his position of authority to unduly influence the Minor Plaintiff so that he engaged in conduct in which he did not want to engage and for which he did not knowingly, voluntarily and/or legally consent.

129.    As a direct and proximate result of Murray's tortious conduct the Minor Plaintiff

has suffered severe and grievous injury, including but not limited to, prolonged depression, anxiety, insomnia, and physical illness.

130.    As a direct and proximate result of Murray's tortious conduct, the Minor Plaintiff has incurred expenses, including but not limited to, counseling and medical and medication expenses, and reasonably anticipates incurring future medical expenses and treatment.

131.    Plaintiffs demand judgment against Defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

## COUNT III
### Intentional Tort - Assault and Battery
### (Against Murray)

132.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

133.    Defendant Murray's assault, battery, and abuse of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

134.    In perpetuating the ongoing intentional assault, battery, and abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

135.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes an assault and battery that did, in fact, cause injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

136.    Plaintiffs demand judgment against defendant Murray in the form of

compensatory damages, enhanced compensatory damages, punitive damages (if applicable)

costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems

just and equitable.

### C.   INTENTIONAL TORT -  INTENTIONAL INFLICTION EMOTIONAL DISTRESS

**COUNT IV - Intentional Infliction of Emotional Distress**
**(Against Murray)**

137.   Plaintiffs incorporate herein all allegations within this Complaint as if fully set

forth herein.

138.   Defendant Murray's sexual abuse of the Minor Plaintiff constitutes intentional

and reckless conduct that inflicted serious emotional distress upon the Plaintiffs.

139.   Defendant Murray, or any other actor, would have been substantially certain at the

time he perpetrated the sexual harassment and abuse that it would inflict serious emotional

distress upon the victims.

140.   Defendant Murray's conduct of abuse was so extreme and outrageous that it

exceeded all possible bounds of decency. Our society regards defendant Murray's abuse as

atrocious and utterly intolerable.

141.   The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological,

and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That

serious emotional distress was emotional distress created by the circumstances of the sexual

abuse that no reasonable person could be expected to endure.

142.   Plaintiffs demand judgment against defendant Murray in the form of

compensatory damages, enhanced compensatory damages, punitive damages (if applicable)

costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems

just and equitable.

### COUNT V - Intentional Infliction of Emotional Distress
### (Against Fortier)

143.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

144.    Defendant Fortier knew or should have known of Murray's sexual assault and abuse of the Minor Plaintiff but made and continued to make resources and property available to Murray for him to inflict his assault and abuse **_and_** failed to stop and/or address it which constitutes intentional and reckless conduct that inflicted serious physical and emotional distress upon the Plaintiff.

145.    Defendant Fortier, or any other actor, would have been substantially certain at the time he knew or should have known of Murray's conduct that it would inflict serious emotional distress upon the Minor Plaintiff.

146.    Defendant Fortier's conduct was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Fortier's conduct as atrocious and utterly intolerable.

147.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse tolerated and condoned by Fortier and perpetrated by Murray. The serious emotional distress condoned by Fortier was something that no reasonable person could be expected to endure.

148.    Plaintiffs demand judgment against defendant Fortier in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT VI - Intentional Infliction of Emotional Distress**
**(Against West Alton Marina)**

149.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

150.    Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual abuse and sexual assault of the Minor Plaintiff.

151.    Defendant West Alton Marina, or any other actor, would and should have been substantially certain at the time it engaged in the acts and omissions identified that sexual abuse and sexual assault by its employees and/or agents would inflict serious emotional distress upon the victims.

152.    Defendant West Alton Marina's conduct was so extreme and outrageous that it exceeded all possible bounds of decency.  Our society regards such conduct as atrocious and utterly intolerable because, as alleged, West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge. Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e)

allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring open and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter who was the spouse of an owner.

153.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

154.    Plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**JURY DEMAND**

155.    Plaintiffs demand a jury trial on all claims so triable.

                              Respectfully submitted,

                              Father and Mother Doe, Individually and as
                              Parent and Next Friend of John Doe

                              By and through their attorneys,

Date:  04/06/2022                  /s/ John P. Sherman
                              John P. Sherman, Esq.
                              Bar No. 12536
                              Sherman Law PLLC
                              11 Bow Street, Unit #2
                              Portsmouth, NH 03801
                              (603) 570-4837
                              jsherman@johnshermanlaw.com

Filed
File Date: 4/6/2022 12:42 PM
Belknap Superior Court
E-Filed Document

Clerk's Notice of Decision
Document Sent to Parties
on 04/07/2022

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                        SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe
v.

**Granted, subject to
reconsideration at
any time upon
motion of the defendants.**

West Alton Marina, LLC, John Murray and Brian Fortier

*Steven M. Houran*

Honorable Steven M. Houran
April 6, 2022

Case Number: 211-2022-CV-00049

True Copy Attest

Abigail Albee, Clerk of Court
June 3, 2022

**MOTION TO PROCEED UNDER PSEUDONYM**

NOW COME the plaintiffs, Father Doe and Mother Doe and move for an Order allowing

that they be permitted to proceed anonymously and in support of which state as follows:

1.   Father Doe and Mother Doe are the parents of the minor plaintiff John Doe.

2.   As is fully detailed in the Complaint, this case involves sexual abuse of the minor

plaintiff by his employer.

3.   As further detailed in the Complaint, the defendants' conduct has caused the minor

plaintiff severe emotional distress.  He suffered and continues to suffer injury including, but not

limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe

disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe

indignation, severe shame, and/or severe despair.

4.   The Plaintiff has required therapy, counseling, and medical care and treatment that is

reasonably expected to continue for the remainder of his life.

5.   Public exposure would likely exacerbate the minor plaintiff's injuries.

6.   Permitting plaintiffs to proceed using pseudonyms will protect the minor plaintiff's

privacy and guard against further damage resulting from unnecessary public disclosure.

7.   Upon information and belief, the defendants who engaged in the alleged conduct that forms the basis of the claims are fully aware of the identities of the plaintiffs and will not be prejudiced in any way by plaintiffs' use of pseudonyms in public filings.

WHEREFORE, plaintiffs request an Order:

A.      Allowing them to proceed anonymously in order to maintain the privacy of the minor plaintiff, and

B.      For such other and further relief as justice may require.

Respectfully submitted

Father Doe and Mother Doe as Parents and Next Friends of their Minor Child John Doe

By and through their attorneys,

Date:  04/06/2022              /s/ John P. Sherman
John P. Sherman, Esq.
Bar No. 12536
Sherman Law PLLC
111 Bow Street, Unit #2
Portsmouth, NH 03801
(603) 570-4837
jsherman@johnshermanlaw.com

2

Filed
File Date: 4/6/2022 12:42 PM
Belknap Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

| | |
|---|---|
| Court Name: | **Belknap Superior Court** |
| Case Name: | **Father and Mother Doe** v. **West Alton Marina, LLC, et als** |
| | Plaintiff                                    Defendant |
| Case Number: | 211-2022-CV-00049 |
| (if known) | |

## MOTION FOR *EX PARTE* ATTACHMENT

The Plaintiff requests permission to make the following attachments without prior notice to the Defendant:

| Name of Defendant | Category of Property to be attached (check one) | | Amount of attachment |
|---|---|---|---|
| | Real Estate<br>Provide address or book & page reference.<br>Attach additional pages if necessary. | Other | |
| **West Alton Marina, LLC** | **See attached** | | $  **1,000,000.00** |
| **Brian Fortier** | **See attached** | | $  **1,000,000.00** |
| | | | $ |

A. The Plaintiff certifies the following facts to establish a reasonable likelihood that he/she will recover the amount stated above. (Specify facts in detail. Attach additional pages if necessary).
**See Complaint filed herewith. Defendant Murray and defendant Fortier are married. Defendant Fortier is a part owner of defendant West Alton Marina with, inter alia, his two sisters. It is alleged that Murray and Fortier sexually abused minor employees of West Alton Marina over a period of years, including the minor plaintiff in 2021. It appears the entity knew of and allowed this to occur.**

B. The Plaintiff asserts that such an attachment is justified on the following grounds:
(Specify which of the statutory grounds for making an *ex parte* attachment applies and detail the facts warranting the application of those grounds. Attach additional pages if necessary).

☐ There is substantial danger the property sought to be attached will be damaged, destroyed, concealed, or removed from the state and placed beyond the attachment jurisdiction of the court.

☐ There is imminent danger of transfer to a bona fide third party.

☑ Other:
**NH has charged defendants Murray and Fortier with, inter alia, sexual assault. Federal charges are also possible. Attachment helps prevent asset dissipation or transfer prior to judgment.**

| | |
|---|---|
| **John P. Sherman** | Signature        4/6/2022 |
| Name of Filer | (If plaintiff is a corporation or partnership, a duly authorized officer or partner shall sign.)      Date |
| **Sherman Law, PLLC**          **12536** | **(603) 570-4837** |
| Law Firm, if applicable        Bar ID # of attorney | Telephone |
| **111 Bow Street, Unit #2** | **jsherman@johnshermanlaw.com** |
| Address | E-mail |
| **Portsmouth**        **NH**        **03801** | |
| City          State        Zip code | |

**True Copy Attest**

Abigail Albee, Clerk of Court
June 3, 2022

**Case Name:** <u>Father and Mother Doe</u>                    <u>V. West Alton Marina, LLC, et als</u>

**Case Number:** _____

<u>MOTION FOR *EX PARTE* ATTACHMENT</u>

State of _____, County of ROCKINGHAM

This instrument was acknowledged before me on 4|6|22 by JOHN SHERMAN

My Commission Expires: _____

Affix Seal, if any                    _____
                                       Signature of Notarial Officer / Title

## ORDER

[X]  Motion to attach is denied on an ex parte basis as none of the exceptional circumstances set out in RSA 511-A:8 appear to be present. Denial is without prejudice to the filing of an attachment request with notice.

[ ]  Motion to attach is [ ] granted [ ] granted subject to the following modifications:

The Plaintiff is granted permission to make the above attachment(s) and shall complete service on the Defendant within _____ days.

So ordered.

_____
Honorable Steven M. Houran
April 6, 2022

Clerk's Notice of Decision
Document Sent to Parties
on  04/07/2022

## NOTICE TO DEFENDANT

The court has authorized the above attachment to secure any judgment or decree that the Plaintiff may obtain. You have the right to object in writing, ask for a hearing and request that the attachment be removed. Any objection to this attachment shall be filed in writing within 14 days after service of this notice on you. If you fail to file such a request within the time specified in the order, you will be deemed to have waived your right to a hearing with reference to the attachment, but not with reference to the merits of the Plaintiff's claim.

_____          _____
Date                                      Presiding Justice

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                        SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe
v.

West Alton Marina, LLC, John Murray and Brian Fortier

Case Number 211-2022-CV-00049

**MOTION FOR EX PARTE ATTACHMENT**

Category of Property
To be attached (check one)

| Name of Defendant | Real Estate | Other | Amount |
|---|---|---|---|
| West Alton Marina, LLC | 35 West Alton Marina Road<br>Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 54 West Alton Marina Road<br>Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 58 West Alton Marina Road<br>Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | | Accounts<br>Inventory | $1,000,000 |
| Brian Fortier | 104 Timber Ridge Road<br>Alton, NH | | $1,000,000 |
| Brian Fortier | 281 Cherry Valley Road<br>Alton, NH | | $1,000,000 |
| Brian Fortier | Cherry Valley Road<br>Lot 16/21/0/0; 16/22/1/0<br>Alton, NH | | $1,000,000 |
| Brian Fortier | Mount Major Highway<br>Lot 62/38/0/0<br>Alton, NH | | $1,000,000 |

1

Filed
File Date: 4/15/2022 2:47 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                        SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray and Brian Fortier



True Copy Attest

Abigail Albee, Clerk of Court
June 3, 2022

Case Number: 211-2022-CV-00049

## **MOTION TO AMEND COMPLAINT**

NOW COME the plaintiffs, by and through counsel Sherman Law, PLLC and move for leave pursuant to Sup. Ct. R. 12 to Amend the Complaint and in support of which state as follows:

1.      The plaintiffs have not yet received a summons from the Court.

2.      No service has occurred.

3.      Plaintiffs have identified additional facts, parties and claims for relief.

4.      This is, in part, because the plaintiffs recently received a Notice of Right to Sue from the EEOC which is a predicate to proceeding with additional employment claims.

5.      The two additional defendants are each part-owners of defendant West Alton Marina.

6.      Because there has not yet been any service or responsive pleadings, there is no prejudice to any party.

7.      A copy of the First Amended Complaint is attached hereto.

8.      No memorandum of law accompanies this Motion.

WHEREFORE, Plaintiffs request an Order:

A.      Granting this Motion to Amend;

B.      Adopting the attached First Amended Complaint as the germane pleading in this

action; and

C.      Granting the plaintiffs such other and further relief as the Court deems just and

equitable.

Respectfully submitted

FATHER AND MOTHER DOES,
INDIVIDUALLY AND AS PARENT AND
NEXT FRIEND OF JOHN DOE

By and through their attorneys,

Date:   04/15/2022

/s/ *John P. Sherman*
John P. Sherman, Esq.
Bar No. 12536
Sherman Law PLLC
111 Bow Street, Unit #2
Portsmouth, NH 03801
(603) 570-4837
jsherman@johnshermanlaw.com

Approved.
Acting Pursuant to Superior Court
Administrative Rule 1-6.

Abigail Albee, Clerk of Court
April 19, 2022

Clerk's Notice of Decision
Document Sent to Parties
on  04/20/2022

2

Filed
File Date: 4/15/2022 2:47 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                             SUPERIOR COURT

Father and Mother Doe, Individually and as Parent
and Next Friend of John Doe
123 Main Street
Anytown, USA

v.

West Alton Marina, LLC
35 West Alton Marina Road
Alton Bay, NH 03810

And

John Murray
104 Timber Ridge Road
Alton, NH 03809

And

Brian Fortier
104 Timber Ridge Road
Alton, NH 03809

And

Dierdre Tibbetts
7 David Drive
Belmont, NH 03220

And

Allyson Shea
1430 Mount Major Highway
Alton Bay, NH 03810

Case Number: 211-2022-CV-00049

**FIRST AMENDED
COMPLAINT WITH JURY DEMAND**

True Copy Attest

Abigail Albee, Clerk of Court
June 3, 2022

1

## PARTIES

1.      Plaintiffs Father and Mother Doe (hereinafter "Plaintiffs") are individuals residing at 123 Main Street, Anytown, USA and are the parents of John Doe (hereinafter "Minor Plaintiff" or "John Doe"), a minor at the time of his employment and the time of this filing.

2.      Defendant West Alton Marina, LLC (hereinafter "West Alton Marina") is a Delaware limited liability company, registered to do business in the State of New Hampshire with a principal office at 35 West Alton Marina Road, Alton Bay, New Hampshire.

3.      Defendant John Murray (hereinafter "Murray") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief Murray is currently being held at the Belknap County House of Corrections, 74 County Drive, Belknap, New Hampshire.

4.      Defendant Brian Fortier (hereinafter "Fortier") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief, Fortier is a part owner of West Alton Marina, LLC and Murray's spouse.

5.      Defendant Deirdre Tibbetts (hereinafter "Tibbets") is an individual residing at 7 David Drive, Belmont, New Hampshire.  Upon information and belief, Tibbets is a part owner of West Alton Marina, LLC and Fortier's sister.

6.      Defendant Allyson Shea (hereinafter "Shea") is an individual residing at 1430 Mount Major Highway, Alton Bay, New Hampshire.  Upon information and belief, Shea is a part owner of West Alton Marina, LLC and Fortier's sister.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this matter pursuant to RSA 491:7.

8.      Venue is proper pursuant to RSA 507:9.

## **FACTUAL ALLEGATIONS**

9.  Unless otherwise identified herein, the following facts pertain to events that occurred in 2021.

### *Business with Employees*

10.  At all relevant times, Defendant West Alton Marina was a business operating in Alton New Hampshire.

### *Owner = Position of Power and Authority*

11.  Several individuals had an ownership interest in West Alton Marina.

12.  Fortier was one of the owners.

13.  Fortier's older sister, Tibbetts, and younger sister, Shea, also were part owners.

14.  Tibbetts and Shea also worked directly at the West Alton Marina.

15.  Tibbetts was, inter alia, responsible for employee hours and wages.

16.  Shea was the full-time Manager at the docks and/or market.

17.  As owners, Fortier and his two sisters saw, or should have seen, at least some of the following conduct.

18.  As owners, Fortier and his two sisters, supervised and/or managed the employees.

19.  As owners, Fortier and his two sisters were in positions of power and authority over West Alton Marina employees, including the Minor Plaintiff, pursuant to RSA 632-A:2(I)(K).

### *Manager = Position of Power and Authority*

20.  At all relevant times, Fortier was married to Murray.

21.  Murray was a West Alton Marina employee.

22.    Murray was a Manager.

23.    Fortier and the other owners managed and/or supervised Murray.

24.    As a Manager, Murray was a position of power and authority over subordinate employees pursuant to RSA 632-A:2(I)(K).

25.    Murray was approximately fifty-four (54) years old.

### *John Doe Hired May 2021*

26.    In May 2021, the Minor Plaintiff was seventeen (17) years old.

27.    He applied for employment with West Alton Marina.

28.    Murray interviewed and hired him as a West Alton Marina employee.

### *Knowledge of Murray's Prior Sexual Assaults/Abuse?*

29.    Upon information and belief, *prior to* 2021 and *prior to* the Minor Plaintiff becoming a West Alton Marina employee, Murray had a history of sexually harassing, assaulting, and/or abusing subordinate employees who worked at West Alton Marina.

30.    Upon information and belief, Fortier and the other owners had knowledge of allegations regarding Murray's harassment, abuse, and/or assault of prior subordinate employees.

31.    Murray's history put Fortier, the other owners, and West Alton Marina on notice that Murray should not be in a position of power and authority over subordinate employees, including minors.

32.    Upon information and belief, despite Fortier and West Alton Marina's knowledge or Murray's conduct, Fortier and West Alton put and kept Murray in the Manager position which they knew was a position of power and authority over subordinates, including minors.

33.    Murray then used this position to harass and abuse subordinate employees, including the Minor Plaintiff.

*Fortier's Assistance of Murray?*

34.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Fortier had a history of assisting, aiding, and abetting Murray's sexual harassment, assaults, and/or abuse on subordinate employees.

35.     Fortier used his ownership interest in West Alton Marina to assist, aid, and abet Murray's conduct which Fortier knew was, upon information and belief, criminal and/or in violation of employment laws against sexual harassment in the workplace.

*Murray Hired Employees*

36.     Despite West Alton Marina and Fortier's knowledge of Murray's prior conduct, West Alton Marina and Fortier made Murray responsible, in whole or in part, for hiring subordinate employees.

37.     Murray interviewed prospective employees.

38.     Upon information and belief, Murray used the hiring process to identify individuals to whom he was sexually attracted.

39.     Upon information and belief, Murray used the hiring process to identify individuals whom he believed he could groom for sexual assault and/or abuse.

40.     Fortier and the other owners of West Alton Marina knew or should have known of Murray's use/misuse of the hiring process as identified.

41.     Many of the individuals that Murray and West Alton Marina hired were young men under the age of 18.

42.     It was Murray who interviewed and hired the Minor Plaintiff.

***Murray Supervised Employees***

43.     Murray directly supervised the employees at West Alton Marina, including the Minor Plaintiff.

44.     Murray assigned subordinate employees, including the Minor Plaintiff, work hours.

45.     Murray assigned subordinate employees, including the Minor Plaintiff, work responsibilities.

46.     Among the responsibilities that Murray assigned to subordinates, including the Minor Plaintiff, was for them to perform manual labor at Murray and Fortier's personal residence.

47.     Fortier and the other West Alton Marina owners were aware that Murray had employees perform work at Murray and Fortier's personal residence and paid for the work through the business.

***Murray Used Supervisory Position to Groom Employees***

48.     Fortier used his position as owner directly or indirectly to allow Murray, his spouse, to groom subordinate employees for sexual activity.

49.     Murray used his position of power and authority to groom the subordinate employees for sexual activity.

50.     Murray used his position of authority to initiate and engage in communications of a graphic sexual nature with subordinate employees.

51.     Murray prevailed upon subordinate employees to confide and trust in him.

52.     The subordinates, including the Minor Plaintiff, did.

### *Forced Touching At Work During Work Hours*

53.     Murray openly, and in the presence of other managers and owners, engaged in conduct strongly suggestive of improper personal employer/employee boundary violations.

54.     Among other things, Murray would touch subordinate employees in body areas and in ways that suggested sexual groping including the slapping of buttocks.

55.     Without requesting consent, he would kiss employees on their heads.

### *Cash for Sexual Images*

56.     Murray also used psychological and financial manipulation to groom the employees, including the Minor Plaintiff.

57.     Murray solicited explicit sexual pictures and/or videos from subordinates, including the Minor Plaintiff, in exchange for cash.

58.     Among other things, Murray sent subordinate employees, including the Minor Plaintiff, graphic videos depicting him and others engaging in sexual activity.

59.     Murray offered to pay subordinate employees money, including the Minor Plaintiff, if they sent him graphic pictures of their sexual genitalia or videos of them engaging in sexual activity such as masturbation.

60.     The subordinate employees, including the Minor Plaintiff, sent Murray sexual pictures and videos and received cash from Murray in return.

### *Unwelcome Sexual Touching, Groping, Abuse*

61.     Murray also directly engaged individual employees, including the Minor Plaintiff, in physical unwelcome, unwanted, and non-consensual sexual groping and touching.

62.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, during work hours.

63.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, in his office or at his workstation at the West Alton Marina location.

64.     Murray used his employment and the facilities to sexually grope and touch employees, including the Minor Plaintiff, at a time when the Minor Plaintiff was working.

65.     Among other things, Murray commanded employees, including the Minor Plaintiff, to his office where Murray made the employees through coercion watch him masturbate.

66.     Murray also commanded employees to his office, including the Minor Plaintiff, where Murray coerced them to allow him to perform sexual activity on them including manual masturbation and fellatio.

### *Company Resources to Assault and Abuse*

67.     West Alton Marina provided Murray resources which he used to commit this harassment, assault, and abuse.

68.     Upon information and belief, Murray used company computers for his conduct.

69.     Upon information and belief, Murray used company email for his conduct.

70.     Upon information and belief, Murray used company issued or reimbursed cellular telephone service for his conduct.

71.     Upon information and belief, Murray used his office for his conduct.

72.     Upon information and belief, Murray used company vehicles and/or equipment and/or personal property for his conduct.

### *Gifts and Use of Personal Property*

73.     Murray also used gifts and his personal property to coerce sexual activity with and from employees including the Minor Plaintiff.

74.     This included allowing employees, including the Minor Plaintiff, to use of his car and/or a car owned by Fortier.

### *Owners Knew of Gifts*

75.     Fortier, and the other West Alton Marina owners, knew or should have known of these gifts and use of personal property.

76.     Despite knowing of them, neither Fortier nor the other owners did anything to stop or address the conduct.

### *Retaliation Against Subordinate Employees*

77.     When employees, including the Minor Plaintiff, resisted Murray's advances, groping, or non-consensual touching, he retaliated by, among other things, exhibiting anger, assigning harder responsibilities, not assigning work hours, and in other ways.

78.     When employees, including the Minor Plaintiff, capitulated to Murray's advances, groping, or non-consensual touching, he rewarded them by, among other things, providing favorable performance reviews, assigning easier responsibilities, assigning more and better work hours, and in other ways.

79.     These actions by Murray forced subordinate employees including the Minor Plaintiff to acquiesce to his conduct.

### *No Written Company Policy*

80.     As an employer, West Alton Marina should have had employment policies addressing sexual harassment and sexual assault in the workplace.

81.     West Alton Marina had a legal duty to identify such a policy to its employees.

82.     West Alton Marina also had a legal duty to train its employees on what constitutes sexual harassment.

83.     West Alton Marina also had a legal duty to train its employees on how to respond to an allegation of sexual harassment and/or abuse.

84.     West Alton Marina had a duty to enforce the law against sexual harassment and sexual assault.

85.     Unfortunately, upon information and belief, West Alton Marina did not have any written sexual harassment policy.

86.     It did not do any sexual harassment training.

87.     It did not educate employees, including Murray, on what constituted sexual harassment.

88.     It did not educate employees on how and to whom they should report sexual harassment.

89.     It did not have an individual who had a written job description identifying as a job responsibility the enforcement of an employment policy against sexual harassment and/or assault.

90.     It did not discipline employees, such as Murray, for engaging in conduct that constituted sexual harassment.

91.     This lack of written policy, training, and enforcement proximately caused Murray's use of his position of authority to engage in unwelcome sexual harassment and abuse upon or toward subordinate employees including the Minor Plaintiff.

92.     This lack of written employment policies proximately caused Murray's ongoing harassment and abuse of employees.

93.     So, too, did the lack of discipline of employees, especially Managers like Murray.

### *Owners Knew or Should Have Known*

94.    Some of this and other conduct like it by Murray happened in the presence of and direct line-of-sight of Fortier and, upon information and belief, other owners, managers, and supervisors.

95.    It put Fortier, other owners, other supervisors, and other managers on notice of Murray's boundary violations with subordinate employees, including the Minor Plaintiff.

96.    Fortier, the other owners, managers, and supervisors, however, did nothing, or far too little, to stop Murray's conduct.

97.    To the contrary, in addition to making West Alton facilities, equipment, and resources available to Murray for abusing employees, Fortier made his personal property and real estate available to Murray *and*  knew that Murray used it to continue his abuse.

98.    The other owners and managers also were aware of Fortier doing this, but did nothing, or far too little, to stop it.

### *Lack of Intervention = Condonation*

99.    The lack of intervention by Fortier, other owners, other supervisors, and other managers emboldened Murray.

100.    The lack of written policy, training, discipline, and enforcement by West Alton Marina tacitly condoned Murray's conduct.

101.    Through its inaction and omissions, the Company ratified and/or consented to the abuse and assault.

102.    It is a proximate and direct reason why Murray's conduct occurred and continued.

*Ended Employment*

103.    The harassment and abuse continued, in some form, throughout the time of John Doe's employment.

104.    In or about mid-August 2021 the Minor Plaintiff was emotionally and physically unable to return to work.

105.    He resigned his position.

106.    This was proximately and directly because objectively the work environment was so hostile and abusive and became so intolerable that resignation from employment was the only fitting response.

*Murray Arrested*

107.    Police arrested Murray.

108.    He was incarcerated.

109.    Police have charged him with numerous crimes including aggravated felonious sexual assault for his conduct toward and upon the Minor Plaintiff.

*Fortier Arrested*

110.    Police arrested Fortier.

111.    Police charged him, too, with crimes including, upon information and belief, aggravated felonious sexual assault.

*Exhaustion Administrative Remedies*

112.    On April 6, 2022 Plaintiffs filed a Charge with the Equal Employment Opportunity Commission that was dually filed with the New Hampshire Human Rights Commission.

113.    The EEOC provided a Notice of Right to Sue on April 7, 2022.

*Respondeat Superior*

114.    The defendant West Alton Marina is liable through the principle of Respondeat

Superior for the acts and omissions by its owner(s), agent(s), staff, administration, and

employees as these were either within the course and scope of employment and duties owed by

the defendant and/or directly resulted from the opportunit(ies) and resource(s) that West Alton

Marina made available to defendant Murray and defendant Fortier despite its knowledge of

Murray and Fortier's conduct and that Murray utilized West Alton Marina property and

resources and Fortier's property and resources to engage in sexual assault and/or abuse.

*Conduct Extreme and Outrageous*

115.    West Alton Marina's conduct was extreme and outrageous in that West Alton

Marina through its owner(s), managers, employees, and agent(s) knew that Murray and/or Fortier

assaulted and abused other minors and/or subordinate employees and used the hiring process to

find minors/subordinates to whom he was sexually attracted and/or whom he could groom and

kept him in this position despite this knowledge.  Despite this, West Alton Marina also (a)

allowed Murray to supervise subordinate employees after he hired them including minors; (b)

tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray

despite its owners' knowledge of his conduct; (d) provided him access and use of property and

resources to further his abuse and assaults; (e) allowed him to personally direct company

employees to engage in work at his personal residence; (f) allowed all of this to continue despite

it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a

policy in place addressing sexual harassment and assault; (h) failed to train its employees

regarding such a policy; (i) failed to train employees on how to investigate sexual

harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter/abuser who was the spouse of an owner.

### *Proximate and Direct Injury*

116.    As a direct and proximate result of the foregoing, the Minor Plaintiff suffered severe physical injury and damage as well as emotional trauma.  He suffered and continues to suffer injury including, but not limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, and/or severe despair. The Minor Plaintiff has required therapy, counseling, and medical care and treatment that is reasonably expected to continue for the remainder of his life.

### <u>LEGAL CLAIMS</u>

The plaintiffs identify and allege the following claims: (A) Wrongful Termination, (B) Intentional Tort – Assault, (C) Intentional Tort – Intentional Infliction Emotional Distress, (D) Sexual Harassment Claims.

### A.    WRONGFUL TERMINATION

### COUNT I -    Wrongful Termination/Constructive Discharge
### (Against West Alton Marina)

117.    Plaintiffs repeat and incorporate by reference the allegations contained in all paragraphs to this complaint.

118.    Over the course of the Minor Plaintiff's employment with West Alton Marina, Murray repeatedly harassed and made sexual and other demands upon the Minor Plaintiff including demands of unwelcome and non-consented to sexual groping and touching.

119.    Murray used his position of authority to compel the Minor Plaintiff's compliance with harassment and his sexual demands.

14

120.    Murray also used gifts and retaliation to coerce compliance.

121.    West Alton Marina's failure to have a written sexual harassment policy, to train its employees regarding sexual harassment, to educate subordinate employees about what constitutes sexual harassment and how and where to report it, and to have a person responsible for investigating sexual harassment all proximately caused Murray's ongoing harassment and abuse.

122.    West Alton Marina's failure to discipline Murray for prior conduct similarly emboldened him and tacitly condoned his conduct.

123.    The harassment and abuse were ongoing, repetitive, pervasive, and severe such that it created an abusive work environment.

124.    The harassment and abuse the Minor Plaintiff endured made his working conditions so difficult and intolerable that an objective reasonable person subjected to it would have felt forced to resign.

125.    The Minor Plaintiff ended his employment with West Alton Marina because the working conditions were so intolerable and the abuse so pervasive and severe.

126.    He was constructively terminated from employment.

127.    As a result of the foregoing, the Minor Plaintiff suffered and continues to suffer severe physical and emotional harm as a proximate and direct result of defendant's actions.  This includes, but is not limited to, stress, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair and/or public humiliation.  As a direct and proximate result of the foregoing, the plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

128.    Plaintiffs are entitled to and hereby demand all available tort damages for wrongful termination including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which the Plaintiffs are entitled including all interest and fees which are within the jurisdictional limit of this Court.

**B.    INTENTIONAL TORT – ASSAULT**

**COUNT II -  Aggravated Sexual Assault**
**(Against Murray)**

129.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

130.    At all times pertinent hereto the Minor Plaintiff  was under the age of eighteen.

131.    At all times pertinent hereto Murray was acting in a position of authority over the Minor Plaintiff as his Manager and supervisor.

132.    At all times pertinent hereto Murray used his position of authority to coerce the Minor Plaintiff to submit to sexual activity.  Murray used his position of authority to unduly influence the Minor Plaintiff so that he engaged in conduct in which he did not want to engage and for which he did not knowingly, voluntarily and/or legally consent.

133.    As a direct and proximate result of Murray's tortious conduct the Minor Plaintiff has suffered severe and grievous injury, including but not limited to, prolonged depression, anxiety, insomnia, and physical illness.

134.    As a direct and proximate result of Murray's tortious conduct, the Minor Plaintiff has incurred expenses, including but not limited to, counseling and medical and medication expenses, and reasonably anticipates incurring future medical expenses and treatment.

135.    Plaintiffs demand judgment against Defendant Murray in the form of

compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT III - Intentional Tort - Assault and Battery
### (Against Murray)

136.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

137.    Defendant Murray's assault, battery, and/or abuse of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

138.    In perpetuating the ongoing intentional assault, battery, and/or abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

139.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes an assault and battery that did, in fact, cause injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

140.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### C.    INTENTIONAL TORT -  INTENTIONAL INFLICTION EMOTIONAL DISTRESS

### COUNT IV - Intentional Infliction of Emotional Distress (Against Murray)

141.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set

forth herein.

142.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes intentional and reckless conduct that inflicted serious emotional distress upon the Plaintiffs.

143.    Defendant Murray, or any other actor, would have been substantially certain at the time he perpetrated the sexual harassment and abuse that it would inflict serious emotional distress upon the victims.

144.    Defendant Murray's conduct of abuse was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Murray's abuse as atrocious and utterly intolerable.

145.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

146.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT V - Intentional Infliction of Emotional Distress (Against Fortier/Tibbetts/Shea)**

147.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

148.    Defendants Fortier, Tibbetts, and Shea knew or should have known of Murray's sexual assault and abuse of the Minor Plaintiff but made and continued to make resources and property available to Murray for him to inflict his assault and abuse **_and_** failed to stop and/or

address it which constitutes intentional and reckless conduct that inflicted serious physical and emotional distress upon the Minor Plaintiff.

149.     Defendant Fortier, Tibbetts, and Shea, or any other actor, would have been substantially certain at the time they knew or should have known of Murray's conduct that it would inflict serious emotional distress upon the Minor Plaintiff.

150.     Defendant Fortier, Tibbetts, and Shea's conduct was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Fortier, Tibbetts and Shea's conduct as atrocious and utterly intolerable.

151.     The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse tolerated and condoned by Fortier, Tibbetts and Shea and perpetrated by Murray. The serious emotional distress condoned by Fortier, Tibbetts and Shea was something that no reasonable person could be expected to endure.

152.     Plaintiffs demand judgment against defendant Fortier, Tibbetts and Shea in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT VI -  Intentional Infliction of Emotional Distress
### (Against West Alton Marina)

153.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

154.     Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and

resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual abuse and sexual assault of the Minor Plaintiff.

155.    Defendant West Alton Marina, or any other actor, would and should have been substantially certain at the time it engaged in the acts and omissions identified that sexual abuse and sexual assault by its employees and/or agents would inflict serious emotional distress upon the victims.

156.    Defendant West Alton Marina's conduct was so extreme and outrageous that it exceeded all possible bounds of decency.  Our society regards such conduct as atrocious and utterly intolerable because, as alleged, West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge. Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter who was the spouse of an owner.

157.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

158.    Plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**D.    SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT, QUID PRO QUO, AIDING AND ABETTING**

**COUNT VII - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**
**TITLE VII and RSA 354-A**
**(West Alton Marina)**

159.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

160.    The Minor Plaintiff was a subordinate employee.

161.    As identified herein, he was subjected to unwelcome sexual harassment from an individual, Murray, who supervised him directly and indirectly.  West Alton Marina is vicariously liable for the sexual harassment to which Murray subjected the Minor Plaintiff.

162.    The harassment to which he was subjected was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

163.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

164.    The company, by failing to address Murray's conduct without protecting company employees like the Minor Plaintiff created and allowed to exist this oppressive, hostile,

intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

165.    Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

166.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

167.    West Alton Marina was aware of the offensive conduct and actions and could have and should have implemented prompt and appropriate remedies, but failed to do or chose not to do so, and thus ratified and empowered Murray and Fortier--the offending individuals' wrongful conduct—which is, in part, why it occurred and continued to occur.

168.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

**COUNT VIII - SEXUAL HARASSMENT/QUID PRO QUO**
**TITLE VII and RSA 354-A**
**(West Alton Marina)**

169.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

170.    As identified herein, the Minor Plaintiff was subjected to unwelcome quid pro quo sexual harassment from an individual, Murray, who supervised him directly and indirectly. West Alton Marina is vicariously liable for the sexual harassment to which he subjected the Minor Plaintiff.

171.    Murray made submission to his conduct explicitly or implicitly a term or condition of the Minor Plaintiff's employment.  He made submission to his conduct a basis for decisions regarding his employment.  Murray also punished the Minor Plaintiff for refusing to comply with his conduct.  These actions unreasonably interfered with the Minor Plaintiff's work performance by creating an intimidating, hostile, and offensive work environment.

172.    West Alton Marina is liable for the conduct of Murray and Fortier because the entity and its owners knew of and/or allowed to this oppressive conduct to exist and continue.

173.    The harassment was sufficiently severe and pervasive as to materially alter the Minor Plaintiff's conditions of employment and to create a hostile and abusive working environment such that resignation from employment was a fitting response.

174.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of West Alton Marina's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

175.    As a direct and proximate result of the foregoing, the Minor Plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

176.     West Alton Marina was aware of *prior* offensive conduct by Fortier and Murray **and** the offensive conduct herein referenced and that otherwise occurred to the Minor Plaintiff during his employment and could have and should have implemented prompt and appropriate remedies, but chose not to, thus ratifying and empowering the offending individuals' wrongful conduct which is, in part, why it occurred and continued to occur.

177.     Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

178.     The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which he is entitled including all interest.

### COUNT IX -  SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT RSA 354-A (Murray Individual/Supervisor Liability)

179.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

180.     The Minor Plaintiff was a subordinate employee.

181.     As identified herein, Murray was his supervisor and subjected the Minor Plaintiff to unwelcome sexual harassment.

182.     The harassment to which Murray subjected the Minor Plaintiff was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

183.     The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

24

184.    Murray created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

185.    Moreover, Murray subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

186.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

187.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

### COUNT X -   SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT RSA 354-A (Fortier/Tibbetts/Shea Individual/Supervisor Liability)

188.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

189.    The Minor Plaintiff was a subordinate employee.

190.    As identified herein, Fortier, Tibbetts, and Shea were owners who supervised Murray who was the Minor Plaintiff's supervisor.

191.    Murray subjected the Minor Plaintiff to unwelcome sexual harassment and Fortier, Tibbetts, and Shea aided and abetted the unwelcome sexual harassment and abuse as identified herein and otherwise.

192.    The harassment to which the Minor Plaintiff was subjected because Fortier, Tibbetts, and Shea aided and abetted it was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

193.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

194.    Because Fortier, Tibbetts, and Shea aided and abetted the conduct, they allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

195.    Moreover, Fortier, Tibbetts, and Shea subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

196.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

197.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

## **JURY DEMAND**

198.    Plaintiffs demand a jury trial on all claims so triable.

Respectfully submitted,

Father and Mother Doe, Individually and as
Parent and Next Friend of John Doe

By and through their attorneys,

Date:   04/15/2022                              /s/ John P. Sherman
                                                John P. Sherman, Esq.
                                                Bar No. 12536
                                                Sherman Law PLLC
                                                111 Bow Street, Unit #2
                                                Portsmouth, NH 03801
                                                (603) 570-4837
                                                jsherman@johnshermanlaw.com

Filed
File Date: 4/15/2022 2:47 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                              SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray, Brian Fortier,  Dierdre Tibbetts, and Allyson Shea

Case Number: 211-2022-CV-00049

**True Copy Attest**

Abigail Albee, Clerk of Court
June 3, 2022

**MOTION TO ATTACH WITH NOTICE**

NOW COMES, the plaintiffs Father and Mother Doe and John Doe by and through their

attorneys, Sherman Law, PLLC and move to attach property of the defendants with notice and in

support of which state as follows:

1.      As identified in the accompanying First Amended Complaint, the defendants

owned and operated West Alton Marina, LLC.

2.      Police arrested defendant Murray following a report by John Doe of the sexual

harassment and abuse he was subjected to while working at the West Alton Marina from May

2021 through mid-August 2021.

3.      State and Federal authorities executed a search warrant, seized property, seized

evidence, and arrested defendant John Murray.

4.      Upon information and belief, the scope of the defendant's horrific conduct is

large.  It may encompass use of the Marina to harass and abuse many employees over many

years.

5.      Upon information and belief, because of this Murray has been incarcerated since

his arrest in August 2021 (i.e., eight months).  Due to the nature of his alleged conduct and, upon

information and belief, the amount of evidence seized he may ***never*** be released.

6.      Police also arrested Fortier who, it is alleged, also sexually harassed and/or abused Marina employee(s).

7.      Because Federal authorities were involved in the warrant, Federal charges also may be filed.  This necessarily means that there is some inter-state conduct.  It is reasonable to assume, therefore, that there may be ***many*** other victims of these defendants.

8.      Attachment is warranted because review of County property records suggests that at least one of the defendants transferred interests in real estate ***after*** being arrested and incarcerated.

9.      It is not known whether these defendants have insurance.  The types of claims alleged, however, are generally not the type to which insurance applies.  As a result, the defendants' property and assets are the most likely source of their ability to satisfy any judgment.

10.     It does not appear as though Murray now has any assets in his name.

11.     The amount requested is $1,000,000 against the Marina and $500,000 as to each individual defendant.

12.     The Court denied an initial motion to attach on an *ex parte* basis.

13.     This Motion requests attachment ***with*** notice.

14.     Attached hereto as Exhibit 1 is the Court's Motion to Attach form NHJB-2714-Se.

15.     No memorandum of law accompanies this Motion. To the extent it relies upon legal authority, it is herein cited.

WHEREFORE, the plaintiffs respectfully request that the Court enter an Order:

A.     Granting this Motion to Attach with Notice; and

B.     Granting them such other and further relief as the Court deems just and equitable

Respectfully submitted,

Father and Mother Doe, Individually and as
Parent and Next Friend of John Doe

By and through their attorneys,

Date:  04/15/2022          /s/ John P. Sherman
                           John P. Sherman, Esq.
                           Bar No. 12536
                           Sherman Law PLLC
                           111 Bow Street, Unit #2
                           Portsmouth, NH 03801
                           (603) 570-4837
                           jsherman@johnshermanlaw.com

3

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

| Court Name: | **Belknap Superior Court** |
|---|---|
| Case Name: | **Father and Mother Doe v. West Alton Marina, et al** |
| Case Number:<br>(If known) | **211-2022-CV-00049** |

## MOTION TO ATTACH WITH NOTICE

The Plaintiff requests permission to make the following attachments in the above-referenced civil action.

| Category of Property to be attached | | | | |
|---|---|---|---|---|
| Name of Defendant | Real Estate | Other | Description | Amount of Attachment |
| **West Alton Marina LLC**<br><br>West Alton Marina, LLC | ☑ | ☐<br>X | **See Attachment to Court's Form NHJB-2714-Se**<br>See Attachment to Form | $ **1,000,000.00**<br>$ 1,000,000 |
| **Brian Fortier** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **500,000.00** |
| **Deirdre Tibbetts** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **500,000.00** |
| *Allyson Shea* | | X | *See Attachment to Court's Form NHJB-2714-Se* | $500,000 |

In support of this Motion, the Plaintiff certifies that:
*Please See accompanying Motion and First Amended Complaint*

The plaintiff believes there is reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in the amount of $ **1,000,000.00** .

| **John P. Sherman** | | |
|---|---|---|
| Name of Filer | | |
| | Signature | Date 4/14/22 |
| | *as Attorney for Father Doe and John Doe* | |
| | To be Signed by the Plaintiff (or Affiant) (In case of a corporation or partnership, a duly authorized officer or partner shall sign.) | |

| **Sherman Law, PLLC** | 12536 | **(603) 570-4837** |
|---|---|---|
| Law Firm, if applicable | Bar ID # of attorney | Telephone |
| **111 Bow Street, Unit #2** | | **jsherman@johnshermanlaw.com** |
| Address | | E-mail |
| **Portsmouth** | **NH** | **03801** | |
| City | State | Zip code | |

State of **NH** , County of **ROCKINGHAM**

This instrument was acknowledged before me on **4/14/22** by **JOHN P. Sherman**

My Commission Expires:

Affix Seal, if any

Signature of Notarial Officer / Title

True Copy Attest

Abigail Albee, Clerk of Court
June 3, 2022

Case Name: **Father and Mother Doe v. West Alton Marina, et al**

Case Number: **211-2022-CV-00049**

**MOTION TO ATTACH WITH NOTICE**

## NOTICE TO THE DEFENDANT

THE PLAINTIFF INTENDS TO ATTACH YOUR PROPERTY, AS SET FORTH IN THE ABOVE MOTION FOR PERMISSION TO DO SO, TO SECURE ANY JUDGMENT OR DECREE THE PLAINTIFF MAY OBTAIN IN THIS ACTION. YOU HAVE THE RIGHT TO OBJECT TO THE ATTACHMENT, AND TO HAVE A HEARING AS TO WHETHER IT SHOULD BE MADE. IF YOU DO WISH TO OBJECT AND HAVE A HEARING, YOU SHOULD FILE A WRITTEN OBJECTION DETAILING THE REASONS THEREFOR, TOGETHER WITH A REQUEST FOR A HEARING, WITH THE CLERK OF COURT NOT LATER THAN 30 DAYS AFTER YOU HAVE BEEN SERVED WITH THE MOTION TO ATTACH.

IF YOU FAIL TO OBJECT BY THAT DATE, YOU WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION.

IF YOU TRANSFER ANY PROPERTY AFTER RECEIVING THIS NOTICE, AND BEFORE THE ATTACHMENT, IF ALLOWED, IS MADE, YOU WILL BE SUBJECT TO THE PROVISIONS OF RSA 511-A: 6.

EVEN IF YOU DO NOT OBJECT TO THE ATTACHMENT, YOU SHOULD FILE AN APPEARANCE AND ANSWER WITH THE CLERK OF COURT BY 30 DAYS AFTER YOU HAVE BEEN SERVED UNLESS YOU ARE WILLING THAT THE PLAINTIFF HAVE JUDGMENT BY DEFAULT.

Plaintiff or Plaintiff's Lawyer

**FOR COURT USE ONLY**

## ORDER

☐ The motion to attach is denied.

☐ The Plaintiff is granted permission to make the above attachment(s) within _____ days.

_____          _____
Date                                    Presiding Justice

STATE OF NEW HAMSPIRE

BELKNAP COUNTY                                            SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe
v.

West Alton Marina, LLC, John Murray, Brian Fortier

Case Number: 211-2022-CV-00049

**ATTACHMENT TO COURT'S FORM NHJB-2714-Se**

Category of Property
To be attached (check one)

| Name of Defendant | Real Estate | Other | Amount |
|---|---|---|---|
| West Alton Marina, LLC | 35 West Alton Marina Road Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 54 West Alton Marina Road Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 58 West Alton Marina Road Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | | **Accounts Inventory** | **$1,000,000** |
| Brian Fortier | 104 Timber Ridge Road Alton, NH | | $500,000 |
| Brian Fortier Deidre Tibbetts Allyson Shea | 281 Cherry Valley Road Alton, NH | | $500,000 |
| Brian Fortier Deidre Tibbetts Allyson Shea | Cherry Valley Road Lot 16/21/0/0; 16/22/1/0 Alton, NH | | $500,000 |
| Brian Fortier Deidre Tibbetts Allyson Shea | Mount Major Highway Lot 62/38/0/0; 17/31/0/0 Alton, NH | | $500,000 |

1

Brian Fortier                        1430 Mount Major Highway                      $500,000
Deidre Tibbetts                      Alton, NH
Allyson Shea

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH  03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

True Copy Attest



Abigail Albee, Clerk of Court
June 3, 2022



## SUMMONS IN A CIVIL ACTION

Case Name:     **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number:   **211-2022-CV-00049**

Date Complaint Filed: April 06, 2022
A Complaint has been filed against Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| June 04, 2022 | Father Doe; Mother Doe shall have this Summons and the attached Complaint served upon Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| June 25, 2022 | Father Doe; Mother Doe shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| John P. Sherman, ESQ | Sherman Law PLLC 111 Bow St Unit 2 Portsmouth NH  03801 |
| West Alton Marina, LLC | 35 West Alton Marina Road Alton Bay NH  03810 |
| John Murray | 104 Timber Ridge Road Alton NH  03809 |
| Brian Fortier | 104 Timber Ridge Road Alton NH  03809 |
| Diedre Tibbetts | 7 David Drive  Belmont NH  03220 |
| Allyson Shea | 1430 Mount Major Highway Alton Bay NH  03810 |

BY ORDER OF THE COURT

April 20, 2022

Abigail Albee
Clerk of Court

(1082)

NHJB-2678-Se (07/01/2018)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH  03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## FATHER DOE; MOTHER DOE
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:      **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number:    **211-2022-CV-00049**

**Instructions for:** **Father Doe; Mother Doe**

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **June 04, 2022**.
**Further action is required by you**
**You must:**
- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
  - **One Summons**
  - **Once Notice for Defendant**
  - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

**Sheriff Departments in New Hampshire:**

Belknap County Sheriff's Department:            Hillsborough County Sheriff's Department:
Carroll County Sheriff's Department:            Merrimack County Sheriff's Department:
Cheshire County Sheriff's Department:           Rockingham County Sheriff's Department:
Coos County Sheriff's Department:               Strafford County Sheriff's Department:
Grafton County Sheriff's Department:            Sullivan County Sheriff's Department:

**\*If one or more of the parties resides out of state, please click here for the requirements\***
Service must be made upon the defendant before **June 04, 2022**.

If the Sheriff is unable to complete service by **June 04, 2022** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by June 25, 2022.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

# Important Service Information for Sheriff

## Do not file this with the court
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
### PLEASE PRINT CLEARLY

Date: _____          Case #: _____

## Who are you requesting to be served?
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____          APT #: _____

_____

Home phone #: _____          Cell phone #: _____

Sex: ☐ Male   ☐ Female          Race: _____

Last 4 digits of SS#: xxx-xx- _____ _____ _____ _____          D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

## Your Information:
Name (please print): _____

Residential address:                    Mailing address:

_____          _____

_____          _____

Phone number to contact you during business hours:

_____ Alternate #: _____


_____
Signature


♦IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL♦

## SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)

| | | |
|---|---|---|
| Fees Paid: $_____ Cash #: _____ Check#: _____ | | |
| Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____ | | |
| Sheriff File # _____ Authorization #: _____ | | |

<u>Instructions for filing the Return of Service</u>:

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case".  Enter 211-2022-CV-00049 and click Next.

2. When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3. Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.


**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**


<u>April 20, 2022</u>                               <u>Abigail Albee                                              </u>
Date                                              Clerk of Court

You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH  03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number:    **211-2022-CV-00049**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Belknap Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Belknap Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **211-2022-CV-00049** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 4/21/2022 11:51 AM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                              SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray, Brian Fortier, Dierdre Tibbetts, Allyson Shea

Case Number: 211-2022-CV-00049

True Copy Attest

Abigail Albee, Clerk of Court
June 3, 2022

## ACCEPTANCE OF SERVICE

Please take notice that Robin D. Melone, Wadleigh, Starr & Peters, PLLC, attorney for

defendant John Murray has been authorized to accept service on behalf of John Murray of the

Summons and Complaint in the above-entitled action for and on behalf of the above-named

defendant with like effect as in hand service upon said defendant.

Date: __4/21/2022_____        By:___/s/ Robin D. Melone_____
                                          Robin D. Melone, Bar #16475
                                          Wadleigh, Starr & Peters, PLLC
                                          95 Market Street
                                          Manchester, NH 03101
                                          (603) 669-4140
                                          rmelone@wadleighlaw.com

Filed
File Date: 5/10/2022 10:02 AM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                    SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray, Brian Fortier, Dierdre Tibbetts, Allyson Shea

Case Number: 211-2022-CV-00049



True Copy Attest

Abigail Albee, Clerk of Court
June 3, 2022

## ACCEPTANCE OF SERVICE

Please take notice that William E. Christie, Shaheen & Gordon, P.A., attorney for

defendants West Alton Marina, LLC and Brian Fortier has been authorized to accept service on

behalf of West Alton Marina, LLC and Brian Fortier of the Summons and Complaint in the

above-entitled action for and on behalf of the above-named defendants with like effect as in hand

service upon said defendants.

Date: May 10, 2022                     /s/ William E. Christie
                                       William E. Christie, Bar No. 11255
                                       Shaheen & Gordon, P.A.
                                       107 Storrs Street
                                       P.O. Box 2703
                                       Concord, NH 03302
                                       (603) 225-7262
                                       wchristie@shaheengordon.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been filed with the Court using

the Court's filing system and served on all counsel of record.

Date:  May 10, 2022                    /s/ William E. Christie
                                       William E. Christie

Filed
File Date: 5/11/2022 1:58 PM
Belknap Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: _____

Case Name: _____

Case Number: _____
(if known)

## APPEARANCE/WITHDRAWAL

True Copy Attest

Abigail Albee, Clerk of Court
June 3, 2022

### APPEARANCE

Type of appearance (Select One)

☐ Appearance          ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

_____

_____

_____

Select One:

☐ As Counsel for:

| | | |
|---|---|---|
| _____ | _____ | _____ |
| (Name) | (Address) | (Telephone Number) |
| _____ | _____ | _____ |
| (Name) | (Address) | (Telephone Number) |
| _____ | _____ | _____ |
| (Name) | (Address) | (Telephone Number) |
| _____ | _____ | _____ |
| (Name) | (Address) | (Telephone Number) |
| _____ | _____ | _____ |
| (Name) | (Address) | (Telephone Number) |

☐ I will represent myself (*self-represented*)

### WITHDRAWAL

As Counsel for _____  _____  _____

Type of Representation: (Select one)

☐ Appearance:

    ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

    _____

    ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)

    ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

    ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

**Case Name:** _____

**Case Number:** _____

**APPEARANCE/WITHDRAWAL** _____

---

*For non e-filed cases:*

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____       _____
Other party                                              Other party's attorney

---

**OR**

---

*For e-filed cases:*

☐    I state that on this date I am sending a copy of this document as required by the rules of the court.  I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case.  I am mailing or hand-delivering copies to all other interested parties.

---

_____
Name of Filer

_____
Law Firm, if applicable          Bar ID # of attorney

_____
Address

_____
City                    State          Zip code


_____
Name of Filer

_____
Law Firm, if applicable          Bar ID # of attorney

_____
Address

_____
City                    State          Zip code


_____
Signature of Filer                              Date

_____
Telephone

_____
E-mail


_____
Signature of Filer                              Date

_____
Telephone

_____
E-mail

Filed
File Date: 5/12/2022 12:19 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                    SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray and Brian Fortier

Case Number: 211-2022-CV-00049

**True Copy Attest**

Abigail Albee, Clerk of Court
June 3, 2022

**Granted**

Honorable Elizabeth M. Leonard

May 27, 2022

Clerk's Notice of Decision
Document Sent to Parties
on   06/01/2022

**SECOND MOTION TO AMEND COMPLAINT**

NOW COME the plaintiffs, by and through counsel Sherman Law, PLLC and move for leave pursuant to Sup. Ct. R. 12 to Amend the Complaint and in support of which state as follows:

1.      Since the filing of suit, additional victims have come forward.

2.      Additional facts have been discovered that are directly relevant to these plaintiffs' claims.

3.      The plaintiffs are in the process of completing service.  Two defendants (Murray and Fortier) accepted service through counsel.

4.      No responsive pleadings, however, have been filed.

5.      Counsel that has appeared for Murray and Fortier have been consulted regarding this Second Motion to Amend.

6.      Counsel for Murray, Robin Melone, has advised that Mr. Murray does not assent to the motion.

7.      Counsel for West Alton Marina and Fortier, Attorney Christie, received a copy of these filings in advance but as of the time of this filing has not advised if his clients assent or not.

8.      A copy of the Second Amended Complaint is attached hereto.

1

9.      No memorandum of law accompanies this Motion.

WHEREFORE, Plaintiffs request an Order:

A.      Granting this Second Motion to Amend;

B.      Adopting the attached Second Amended Complaint as the germane pleading in this action; and

C.      Granting the plaintiffs such other and further relief as the Court deems just and equitable.

Respectfully submitted

FATHER AND MOTHER DOES,
INDIVIDUALLY AND AS PARENT AND
NEXT FRIEND OF JOHN DOE

By and through their attorneys,

Date:   05/12/2022                       /s/ *John P. Sherman*
                                         John P. Sherman, Esq.
                                         Bar No. 12536
                                         Sherman Law PLLC
                                         111 Bow Street, Unit #2
                                         Portsmouth, NH 03801
                                         (603) 570-4837
                                         jsherman@johnshermanlaw.com

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a copy of the foregoing Answer was served through the court's electronic filing system upon all counsel of record.

Date:   05/12/2022                       /s/ *John P. Sherman*
                                         John P. Sherman, Esq.

Filed
File Date: 5/12/2022 12:19 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                        SUPERIOR COURT

Father and Mother Doe, Individually and as Parent
and Next Friend of John Doe
123 Main Street
Anytown, USA

v.

West Alton Marina, LLC
35 West Alton Marina Road
Alton Bay, NH 03810

And

John Murray
104 Timber Ridge Road
Alton, NH 03809

And

Brian Fortier
104 Timber Ridge Road
Alton, NH 03809

And

Dierdre Tibbetts
7 David Drive
Belmont, NH 03220

And

Allyson Shea
1430 Mount Major Highway
Alton Bay, NH 03810

Case Number: 211-2022-CV-00049

**<u>SECOND AMENDED
COMPLAINT WITH JURY DEMAND</u>**



True Copy Attest

Abigail Albee, Clerk of Court
June 3, 2022

1

## Summary of Case

Over a period of many years, the defendants used the West Alton Marina to groom minors for sexual activity.  John Murray, married to owner Brian Fortier, sexually exploited minors including prostituting employees to customers.

There was almost daily evidence of this.  Employees and even some customers reported Murray's conduct to the Marina owners.  Yet, the owners did nothing.

So brazen did Murray become that his outrageous sexual conduct included activity with the Gilford Police Chief.  He then used this association to confuse, intimidate, and groom.

This action seeks accountability for the physical harm and emotional confusion these defendants inflicted on so many children and young adults.

## PARTIES

1.     Plaintiffs Father and Mother Doe (hereinafter "Plaintiffs") are individuals residing at 123 Main Street, Anytown, USA and are the parents of John Doe (hereinafter "Minor Plaintiff" or "John Doe"), a minor at the time of his employment and the time of this filing.

2.     Defendant West Alton Marina, LLC (hereinafter "West Alton Marina") is a Delaware limited liability company, registered to do business in the State of New Hampshire with a principal office at 35 West Alton Marina Road, Alton Bay, New Hampshire.

3.     Defendant John Murray (hereinafter "Murray") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief Murray is currently being held at the Belknap County House of Corrections, 74 County Drive, Belknap, New Hampshire.

4.      Defendant Brian Fortier (hereinafter "Fortier") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief, Fortier is a part owner of West Alton Marina, LLC and Murray's spouse.

5.      Defendant Deirdre Tibbetts (hereinafter "Tibbets") is an individual residing at 7 David Drive, Belmont, New Hampshire.  Upon information and belief, Tibbets is a part owner of West Alton Marina, LLC and Fortier's sister.

6.      Defendant Allyson Shea (hereinafter "Shea") is an individual residing at 1430 Mount Major Highway, Alton Bay, New Hampshire.  Upon information and belief, Shea is a part owner of West Alton Marina, LLC and Fortier's sister.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this matter pursuant to RSA 491:7.

8.      Venue is proper pursuant to RSA 507:9.

## FACTUAL ALLEGATIONS

9.      Unless otherwise identified herein, the following facts pertain to events that occurred in 2021.

### *Business with Employees*

10.      At all relevant times, Defendant West Alton Marina was a business operating in Alton New Hampshire.

### *Owner = Position of Power and Authority*

11.      Several individuals had an ownership interest in West Alton Marina.

12.      Fortier was one of the owners.

13.      Fortier's older sister, Tibbetts, and younger sister, Shea, also were part owners.

14.      Tibbetts and Shea also worked directly at the West Alton Marina.

3

15.      Tibbetts was, inter alia, responsible for employee hours and wages.

16.      Shea was the full-time Manager at the docks and/or market.

17.      As owners, Fortier and his two sisters saw, or should have seen, at least some of the following conduct.

18.      As owners, Fortier and his two sisters, supervised and/or managed the employees.

19.      As owners, Fortier and his two sisters were in positions of power and authority over West Alton Marina employees, including the Minor Plaintiff, pursuant to RSA 632-A:2(I)(K).

### *Manager = Position of Power and Authority*

20.      At all relevant times, Fortier was married to Murray.

21.      Murray was a West Alton Marina employee.

22.      Murray was a Manager.

23.      Fortier and the other owners managed and/or supervised Murray.

24.      As a Manager, Murray was a position of power and authority over subordinate employees pursuant to RSA 632-A:2(I)(K).

25.      Murray was approximately fifty-four (54) years old.

### *John Doe Hired May 2021*

26.      In May 2021, the Minor Plaintiff was seventeen (17) years old.

27.      He applied for employment with West Alton Marina.

28.      Murray interviewed and hired him as a West Alton Marina employee.

4

### *Knowledge of Murray's Prior Sexual Assaults/Abuse?*

29.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Murray had a history of sexually harassing, assaulting, and/or abusing subordinate employees who worked at West Alton Marina.

30.     Upon information and belief, Fortier and the other owners had knowledge of allegations regarding Murray's harassment, abuse, and/or assault of prior subordinate employees.

31.     Murray's history put Fortier, the other owners, and West Alton Marina on notice that Murray should not be in a position of power and authority over subordinate employees, including minors.

32.     Upon information and belief, despite Fortier and West Alton Marina's knowledge or Murray's conduct, Fortier and West Alton put and kept Murray in the Manager position which they knew was a position of power and authority over subordinates, including minors.

33.     Murray then used this position to harass and abuse subordinate employees, including the Minor Plaintiff.

### *Fortier's Assistance of Murray?*

34.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Fortier had a history of assisting, aiding, and abetting Murray's sexual harassment, assaults, and/or abuse on subordinate employees.

35.     Fortier used his ownership interest in West Alton Marina to assist, aid, and abet Murray's conduct which Fortier knew was, upon information and belief, criminal and/or in violation of employment laws against sexual harassment in the workplace.

***Murray Hired Employees***

36.     Despite West Alton Marina and Fortier's knowledge of Murray's prior conduct, West Alton Marina and Fortier made Murray responsible, in whole or in part, for hiring subordinate employees.

37.     Murray interviewed prospective employees.

38.     Upon information and belief, Murray used the hiring process to identify individuals to whom he was sexually attracted.

39.     Upon information and belief, Murray used the hiring process to identify individuals whom he believed he could groom for sexual assault and/or abuse.

40.     Fortier and the other owners of West Alton Marina knew or should have known of Murray's use/misuse of the hiring process as identified.

41.     Many of the individuals that Murray and West Alton Marina hired were young men under the age of 18.

42.     It was Murray who interviewed and hired the Minor Plaintiff.

***Murray Supervised Employees***

43.     Murray directly supervised the employees at West Alton Marina, including the Minor Plaintiff.

44.     Murray assigned subordinate employees, including the Minor Plaintiff, work hours.

45.     Murray assigned subordinate employees, including the Minor Plaintiff, work responsibilities.

46.     Among the responsibilities that Murray assigned to subordinates, including the Minor Plaintiff, was for them to perform manual labor at Murray and Fortier's personal residence.

47.     Fortier and the other West Alton Marina owners were aware that Murray had employees perform work at Murray and Fortier's personal residence and paid for the work through the business.

### *Murray Used Supervisory Position to Groom Employees*

48.     Fortier used his position as owner directly or indirectly to allow Murray, his spouse, to groom subordinate employees for sexual activity.

49.     Murray used his position of power and authority to groom the subordinate employees for sexual activity.

50.     Murray used his position of authority to initiate and engage in communications of a graphic sexual nature with subordinate employees.

51.     Murray prevailed upon subordinate employees to confide and trust in him.

52.     The subordinates, including the Minor Plaintiff, did.

### *Forced Touching At Work During Work Hours*

53.     Murray openly, and in the presence of other managers and owners, engaged in conduct strongly suggestive of improper personal employer/employee boundary violations.

54.     Among other things, Murray would touch subordinate employees in body areas and in ways that suggested sexual groping including the slapping of buttocks.

55.     Without requesting consent, he would kiss employees on their heads.

***Cash for Sexual Images***

56.     Murray also used psychological and financial manipulation to groom the employees, including the Minor Plaintiff.

57.     Murray solicited explicit sexual pictures and/or videos from subordinates, including the Minor Plaintiff, in exchange for cash.

58.     Among other things, Murray sent subordinate employees, including the Minor Plaintiff, graphic videos depicting him and others engaging in sexual activity.

59.     Murray offered to pay subordinate employees money, including the Minor Plaintiff, if they sent him graphic pictures of their sexual genitalia or videos of them engaging in sexual activity such as masturbation.

60.     The subordinate employees, including the Minor Plaintiff, sent Murray sexual pictures and videos and received cash from Murray in return.

***Unwelcome Sexual Touching, Groping, Abuse***

61.     Murray also directly engaged individual employees, including the Minor Plaintiff, in physical unwelcome, unwanted, and non-consensual sexual groping and touching.

62.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, during work hours.

63.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, in his office or at his workstation at the West Alton Marina location.

64.     Murray used his employment and the facilities to sexually grope and touch employees, including the Minor Plaintiff, at a time when the Minor Plaintiff was working.

65.     Among other things, Murray commanded employees, including the Minor Plaintiff, to his office where Murray made the employees through coercion watch him masturbate.

66.     Murray also commanded employees to his office, including the Minor Plaintiff, where Murray coerced them to allow him to perform sexual activity on them including manual masturbation and fellatio.

### *Company Resources to Assault and Abuse*

67.     West Alton Marina provided Murray resources which he used to commit this harassment, assault, and abuse.

68.     Upon information and belief, Murray used company computers for his conduct.

69.     Upon information and belief, Murray used company email for his conduct.

70.     Upon information and belief, Murray used company issued or reimbursed cellular telephone service for his conduct.

71.     Upon information and belief, Murray used his office for his conduct.

72.     Upon information and belief, Murray used company vehicles and/or equipment and/or personal property for his conduct.

### *Gifts and Use of Personal Property*

73.     Murray also used gifts and his personal property to coerce sexual activity with and from employees including the Minor Plaintiff.

74.     This included allowing employees, including the Minor Plaintiff, to use of his car and/or a car owned by Fortier.

*Owners Knew of Gifts*

75.     Fortier, and the other West Alton Marina owners, knew or should have known of these gifts and use of personal property.

76.     Despite knowing of them, neither Fortier nor the other owners did anything to stop or address the conduct.

*Gilford Police Chief Involved In Conduct*

77.     Murray also confused and intimidated employees by using the power of the police.

78.     Specifically, he advised the employees, including John Doe, that he was involved in a sexual relationship with the Gilford Chief of Police who he would meet with for sex.

79.     Claiming it was a joke, Murray would comment that he was going to get John Doe involved in sex with the Chief.

80.     Upon information and belief, Murray used this to intimidate employees and to try to convince them, including John Doe, that his sexual conduct during work hours was not improper.

81.     Murray also specifically targeted John Doe with the information about his sexual activity with the Police Chief, to prevent John Doe from reporting what was happening to the police.

*Shirts With Sexual Images and Jokes*

82.     Murray also sometimes provided employees shirts that he required them to wear while working at the Marina.

83.     These shirts had sexual images and sexual jokes on them.

84.     On one, by way of example, it said: "The guest always comes first (I'll take care of myself later)" with an image of large white blotch obviously intended to represent semen.

### *Retaliation Against Subordinate Employees*

85.     When employees, including the Minor Plaintiff, resisted Murray's advances, groping, or non-consensual touching, he retaliated by, among other things, exhibiting anger, assigning harder responsibilities, not assigning work hours, and in other ways.

86.     When employees, including the Minor Plaintiff, capitulated to Murray's advances, groping, or non-consensual touching, he rewarded them by, among other things, providing favorable performance reviews, assigning easier responsibilities, assigning more and better work hours, and in other ways.

87.     These actions by Murray forced subordinate employees including the Minor Plaintiff to acquiesce to his conduct.

### *No Written Company Policy*

88.     As an employer, West Alton Marina should have had employment policies addressing sexual harassment and sexual assault in the workplace.

89.     West Alton Marina had a legal duty to identify such a policy to its employees.

90.     West Alton Marina also had a legal duty to train its employees on what constitutes sexual harassment.

91.      West Alton Marina also had a legal duty to train its employees on how to respond to an allegation of sexual harassment and/or abuse.

92.     West Alton Marina had a duty to enforce the law against sexual harassment and sexual assault.

93.     Unfortunately, upon information and belief, West Alton Marina did not have any written sexual harassment policy.

94.     It did not do any sexual harassment training.

95.     It did not educate employees, including Murray, on what constituted sexual harassment.

96.     It did not educate employees on how and to whom they should report sexual harassment.

97.     It did not have an individual who had a written job description identifying as a job responsibility the enforcement of an employment policy against sexual harassment and/or assault.

98.     It did not discipline employees, such as Murray, for engaging in conduct that constituted sexual harassment.

99.     This lack of written policy, training, and enforcement proximately caused Murray's use of his position of authority to engage in unwelcome sexual harassment and abuse upon or toward subordinate employees including the Minor Plaintiff.

100.    This lack of written employment policies proximately caused Murray's ongoing harassment and abuse of employees.

101.     So, too, did the lack of discipline of employees, especially Managers like Murray.

### *Owners Knew or Should Have Known*

102.    Some of this and other conduct like it by Murray happened in the presence of and direct line-of-sight of Fortier and, upon information and belief, other owners, managers, and supervisors.

103.    It put Fortier, other owners, other supervisors, and other managers on notice of Murray's boundary violations with subordinate employees, including the Minor Plaintiff.

104.    Moreover, upon information and belief, adult employees of the Marina specifically advised the owners, including the defendants' named herein, of Murray's abuse, harassment, and assaults of subordinate employees and Murray's sexual activity with Marina customers.

105.    These owners/defendants, however, did nothing, or far too little, to stop Murray's conduct.

106.    To the contrary, in addition to making West Alton facilities, equipment, and resources available to Murray for abusing employees, Fortier made his personal property and real estate available to Murray *and* knew that Murray used it to continue his abuse.

107.    The other owners and managers also were aware of Fortier doing this, but did nothing, or far too little, to stop it.

### *Lack of Intervention = Condonation*

108.    The lack of intervention by Fortier, other owners, other supervisors, and other managers emboldened Murray.

109.    The lack of written policy, training, discipline, and enforcement by West Alton Marina tacitly condoned Murray's conduct.

110.    Through its inaction and omissions, the Company ratified and/or consented to the abuse and assault.

111.    It is a proximate and direct reason why Murray's conduct occurred and continued.

### Ended Employment

112.    The harassment and abuse continued, in some form, throughout the time of John Doe's employment.

113.    In or about mid-August 2021 the Minor Plaintiff was emotionally and physically unable to return to work.

114.    He resigned his position.

115.    This was proximately and directly because objectively the work environment was so hostile and abusive and became so intolerable that resignation from employment was the only fitting response.

### Murray Arrested

116.    Police arrested Murray.

117.    He was incarcerated.

118.    Police have charged him with numerous crimes including aggravated felonious sexual assault for his conduct toward and upon the Minor Plaintiff.

### Fortier Arrested

119.    Police arrested Fortier.

120.    Police charged him, too, with crimes including, upon information and belief, aggravated felonious sexual assault.

### Exhaustion Administrative Remedies

121.    On April 6, 2022 Plaintiffs filed a Charge with the Equal Employment Opportunity Commission that was dually filed with the New Hampshire Human Rights Commission.

122.    The EEOC provided a Notice of Right to Sue on April 7, 2022.

***Respondeat Superior***

123.    The defendant West Alton Marina is liable through the principle of Respondeat Superior for the acts and omissions by its owner(s), agent(s), staff, administration, and employees as these were either within the course and scope of employment and duties owed by the defendant and/or directly resulted from the opportunit(ies) and resource(s) that West Alton Marina made available to defendant Murray and defendant Fortier despite its knowledge of Murray and Fortier's conduct and that Murray utilized West Alton Marina property and resources and Fortier's property and resources to engage in sexual assault and/or abuse.

***Conduct Extreme and Outrageous***

124.    West Alton Marina's conduct was extreme and outrageous in that West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray and/or Fortier assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge.  Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual

harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter/abuser who was the spouse of an owner.

### *Proximate and Direct Injury*

125.    As a direct and proximate result of the foregoing, the Minor Plaintiff suffered severe physical injury and damage as well as emotional trauma.  He suffered and continues to suffer injury including, but not limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, and/or severe despair. The Minor Plaintiff has required therapy, counseling, and medical care and treatment that is reasonably expected to continue for the remainder of his life.

## <u>LEGAL CLAIMS</u>

The plaintiffs identify and allege the following claims: (A) Wrongful Termination, (B) Intentional Tort – Assault, (C) Intentional Tort – Intentional Infliction Emotional Distress, (D) Sexual Harassment Claims.

## A.    WRONGFUL TERMINATION

### COUNT I -    Wrongful Termination/Constructive Discharge
### (Against West Alton Marina)

126.    Plaintiffs repeat and incorporate by reference the allegations contained in all paragraphs to this complaint.

127.    Over the course of the Minor Plaintiff's employment with West Alton Marina, Murray repeatedly harassed and made sexual and other demands upon the Minor Plaintiff including demands of unwelcome and non-consented to sexual groping and touching.

128.    Murray used his position of authority to compel the Minor Plaintiff's compliance with harassment and his sexual demands.

129.    Murray also used gifts and retaliation to coerce compliance.

130.    West Alton Marina's failure to have a written sexual harassment policy, to train its employees regarding sexual harassment, to educate subordinate employees about what constitutes sexual harassment and how and where to report it, and to have a person responsible for investigating sexual harassment all proximately caused Murray's ongoing harassment and abuse.

131.    West Alton Marina's failure to discipline Murray for prior conduct similarly emboldened him and tacitly condoned his conduct.

132.    The harassment and abuse were ongoing, repetitive, pervasive, and severe such that it created an abusive work environment.

133.    The harassment and abuse the Minor Plaintiff endured made his working conditions so difficult and intolerable that an objective reasonable person subjected to it would have felt forced to resign.

134.    The Minor Plaintiff ended his employment with West Alton Marina because the working conditions were so intolerable and the abuse so pervasive and severe.

135.    He was constructively terminated from employment.

136.    As a result of the foregoing, the Minor Plaintiff suffered and continues to suffer severe physical and emotional harm as a proximate and direct result of defendant's actions.  This includes, but is not limited to, stress, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair and/or public humiliation.  As a direct and proximate result of the foregoing, the plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

137.    Plaintiffs are entitled to and hereby demand all available tort damages for wrongful termination including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which the Plaintiffs are entitled including all interest and fees which are within the jurisdictional limit of this Court.

**B.    INTENTIONAL TORT – ASSAULT**

**COUNT II -   Aggravated Sexual Assault
                (Against Murray)**

138.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

139.    At all times pertinent hereto the Minor Plaintiff  was under the age of eighteen.

140.    At all times pertinent hereto Murray was acting in a position of authority over the Minor Plaintiff as his Manager and supervisor.

141.    At all times pertinent hereto Murray used his position of authority to coerce the Minor Plaintiff to submit to sexual activity including sexual penetration and contact as identified within RSA 632-A.  Murray used his position of authority to unduly influence the Minor Plaintiff so that he engaged in conduct in which he did not want to engage and for which he did not knowingly, voluntarily and/or legally consent.

142.    Defendant Murray acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by its act and the plaintiff was put into such an imminent apprehension and subjected to physical sexual penetration and contact.

143.     Moreover, defendant Murray acted with the intention of affecting and/or

subjecting a third person(s) to assault but caused an imminent fear of offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though it intended it to affect the plaintiff.

144.    Throughout the time of his employment, and at the times herein identified, the plaintiff was in apprehension of impending physical contact because he believed that the defendants' acts would result in imminent contact of him unless prevented by his own self-defensive action or his flight or intervention by some outside force.

145.    As a direct and proximate result of Murray's tortious conduct the Minor Plaintiff has suffered severe and grievous injury, including but not limited to, prolonged depression, anxiety, insomnia, and physical illness.

146.    As a direct and proximate result of Murray's tortious conduct, the Minor Plaintiff has incurred expenses, including but not limited to, counseling and medical and medication expenses, and reasonably anticipates incurring future medical expenses and treatment.

147.    Plaintiffs demand judgment against Defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT III - Intentional Tort - Assault
### (Against Murray)

148.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

149.    Defendant Murray's assault, battery, and/or abuse of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

150.     In perpetuating the ongoing intentional assault and/or abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

151.     Defendant Murray acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by its act and the plaintiff was put into such an imminent apprehension.

152.     Moreover, defendant Murray acted with the intention of affecting and/or subjecting a third person(s) to assault but caused an imminent fear of offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though it intended it to affect the plaintiff.

153.     Throughout the time of his employment, and at the times herein identified, the plaintiff was in apprehension of impending physical contact because he believed that the defendants' acts would result in imminent contact of him unless prevented by his own self-defensive action or his flight or intervention by some outside force.

154.     Defendant Murray's assaulted the Minor Plaintiff and,  in fact, caused injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

155.     Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT IV -  Intentional Tort - Battery
### (Against Murray)

156.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set

forth herein.

157.   Defendant Murray's battery of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

158.   Defendant Murray acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by his/her act and an offensive contact with plaintiff directly or indirectly resulted.

159.    Moreover, the defendants acted with the intention of affecting and/or subjecting a third person(s) to battery but caused an offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though he/she intended to so affect him.

160.   In perpetuating the ongoing intentional assault and abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

161.   Defendant Murray's sexual abuse of the Minor Plaintiff constitutes an assault and battery that did, in fact, cause injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

162.   Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

## C.   INTENTIONAL TORT -  INTENTIONAL INFLICTION EMOTIONAL DISTRESS

### COUNT V - Intentional Infliction of Emotional Distress (Against Murray)

163.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

164.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes intentional and reckless conduct that inflicted serious emotional distress upon the Plaintiffs.

165.    Defendant Murray, or any other actor, would have been substantially certain at the time he perpetrated the sexual harassment and abuse that it would inflict serious emotional distress upon the victims.

166.    Defendant Murray's conduct of abuse was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Murray's abuse as atrocious and utterly intolerable.

167.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

168.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT VI - Intentional Infliction of Emotional Distress (Against Fortier/Tibbetts/Shea)**

169.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

170.    Defendants Fortier, Tibbetts, and Shea knew or should have known of Murray's

sexual assault and abuse of the Minor Plaintiff but made and continued to make resources and property available to Murray for him to inflict his assault and abuse ***and*** failed to stop and/or address it which constitutes intentional and reckless conduct that inflicted serious physical and emotional distress upon the Minor Plaintiff.

171.    Defendant Fortier, Tibbetts, and Shea, or any other actor, would have been substantially certain at the time they knew or should have known of Murray's conduct that it would inflict serious emotional distress upon the Minor Plaintiff.

172.    Defendant Fortier, Tibbetts, and Shea's conduct was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Fortier, Tibbetts and Shea's conduct as atrocious and utterly intolerable.

173.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse tolerated and condoned by Fortier, Tibbetts and Shea and perpetrated by Murray. The serious emotional distress condoned by Fortier, Tibbetts and Shea was something that no reasonable person could be expected to endure.

174.    Plaintiffs demand judgment against defendant Fortier, Tibbetts and Shea in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT VII - Intentional Infliction of Emotional Distress
### (Against West Alton Marina)

175.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

176.    Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, other owners, other managers, and other employees

and agents whose conduct, as identified herein and otherwise, was within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual abuse and sexual assault of the Minor Plaintiff.

177.    Defendant West Alton Marina, or any other actor, would and should have been substantially certain at the time it engaged in the acts and omissions identified that sexual abuse and sexual assault by its employees and/or agents would inflict serious emotional distress upon the victims.

178.    Defendant West Alton Marina's conduct was so extreme and outrageous that it exceeded all possible bounds of decency.  Our society regards such conduct as atrocious and utterly intolerable because, as alleged, West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge. Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault

and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter who was the spouse of an owner.

179.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

180.    Plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT VIII – INTENTIONAL TORT ASSAULT**
**(WEST ALTON MARINA)**

181.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

182.    Defendant West Alton Marina is liable for the intentional tort(s) of its employee Defendant Murray through the principle of Respondeat superior.  Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, Tibbetts, Shea, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was either within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual harassment and sexual assault of John Doe.

183.    Defendant West Alton Marina is liable for the intentional tort(s) of its employee Defendant Murray through the principles of ratification.  West Alton Marina ratified Murray's

conduct by its own acts, conduct, and affirmative acquiescence.  Specifically, West Alton Marina failed to repudiate Murray's tortious acts despite its knowledge of, or possession of facts sufficient for the knowledge of, Murray's extreme and outrageous conduct.

184.     Defendant and the defendants for whose conduct defendant West Alton Marina is liable acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by its act and the plaintiff was put into such an imminent apprehension.

185.      Moreover, the defendants acted with the intention of affecting and/or subjecting a third person(s) to assault but caused an imminent fear of offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though it intended it to affect John Doe.

186.     Throughout the time of his employment, and at the times herein identified, John Doe was in apprehension of impending physical contact because he believed that the defendants' acts would result in imminent contact of him unless prevented by his own self-defensive action or his flight or intervention by some outside force.

187.     In perpetuating the ongoing intentional assault of John Doe, defendant placed John Doe in continued fear for his safety and well-being.

188.     Defendants' conduct did, in fact, cause physical injuries, damages and losses to John Doe including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

189.     The plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems

just and equitable.

## COUNT IX – INTENTIONAL TORT – BATTERY
### (WEST ALTON MARINA)

190.   Plaintiff incorporates herein all allegations within this Complaint as if fully set forth herein.

191.   Defendant West Alton Marina employed and was and is responsible through the principle of Respondeat Superior for the acts and omissions of defendants Murray, Fortier, Tibbetts, Shea, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was either within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual harassment and sexual assault of John Doe.

192.   West Alton Marina also ratified Murray's conduct by its own acts, conduct, and affirmative acquiescence.  Specifically, West Alton Marina failed to repudiate Murray's tortious acts despite its knowledge of, or possession of facts sufficient for the knowledge of, Murray's extreme and outrageous conduct.

193.   Defendant West Alton Marina, or any other actor, would and should have been substantially certain at the time it engaged in the acts and omissions identified that battery by its employees and/or agents would inflict serious emotional distress upon the victims.

194.   By failing to have written employment policies in place and to train employees about the sexual harassment and abuse and battery, the West Alton Marina was complicit in, if not directly caused, the egregious conduct of its owners and/or managers as described herein.

195.   Defendant and the defendants for whose conduct defendant West Alton Marina is liable acted with the intention of causing harmful or offensive contact with the plaintiff or with

the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by his/her act and an offensive contact with plaintiff directly or indirectly resulted.

196.     Moreover, the defendants acted with the intention of affecting and/or subjecting a third person(s) to battery but caused an offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though he/she intended to so affect him.

197.     John Doe did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray and ratified by and/or caused by West Alton Marina. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

198.     The plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**D.      SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT, QUID PRO QUO, AIDING AND ABETTING**

**COUNT X - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**
**TITLE VII and RSA 354-A**
**(West Alton Marina)**

199.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

200.     The Minor Plaintiff was a subordinate employee.

201.    As identified herein, he was subjected to unwelcome sexual harassment from an individual, Murray, who supervised him directly and indirectly.  West Alton Marina is vicariously liable for the sexual harassment to which Murray subjected the Minor Plaintiff.

202.    The harassment to which he was subjected was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

203.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

204.    The company, by failing to address Murray's conduct without protecting company employees like the Minor Plaintiff created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

205.    Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

206.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

207.    West Alton Marina was aware of the offensive conduct and actions and could have and should have implemented prompt and appropriate remedies, but failed to do or chose not to do so, and thus ratified and empowered Murray and Fortier--the offending individuals' wrongful conduct—which is, in part, why it occurred and continued to occur.

208.     The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

**COUNT XI    SEXUAL HARASSMENT/QUID PRO QUO**
**TITLE VII and RSA 354-A**
**(West Alton Marina)**

209.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

210.     As identified herein, the Minor Plaintiff was subjected to unwelcome quid pro quo sexual harassment from an individual, Murray, who supervised him directly and indirectly. West Alton Marina is vicariously liable for the sexual harassment to which he subjected the Minor Plaintiff.

211.     Murray made submission to his conduct explicitly or implicitly a term or condition of the Minor Plaintiff's employment.  He made submission to his conduct a basis for decisions regarding his employment.  Murray also punished the Minor Plaintiff for refusing to comply with his conduct.  These actions unreasonably interfered with the Minor Plaintiff's work performance by creating an intimidating, hostile, and offensive work environment.

212.     West Alton Marina is liable for the conduct of Murray and Fortier because the entity and its owners knew of and/or allowed to this oppressive conduct to exist and continue.

213.     The harassment was sufficiently severe and pervasive as to materially alter the Minor Plaintiff's conditions of employment and to create a hostile and abusive working environment such that resignation from employment was a fitting response.

214.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of West Alton Marina's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

215.    As a direct and proximate result of the foregoing, the Minor Plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

216.    West Alton Marina was aware of *prior* offensive conduct by Fortier and Murray ***and*** the offensive conduct herein referenced and that otherwise occurred to the Minor Plaintiff during his employment and could have and should have implemented prompt and appropriate remedies, but chose not to, thus ratifying and empowering the offending individuals' wrongful conduct which is, in part, why it occurred and continued to occur.

217.    Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

218.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which he is entitled including all interest.

### COUNT XII - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
### RSA 354-A
### (Murray Individual/Supervisor Liability)

219.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

220.     The Minor Plaintiff was a subordinate employee.

221.     As identified herein, Murray was his supervisor and subjected the Minor Plaintiff to unwelcome sexual harassment.

222.     The harassment to which Murray subjected the Minor Plaintiff was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

223.     The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

224.     Murray created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

225.     Moreover, Murray subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

226.     As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

227.     The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

## COUNT XIII SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
### RSA 354-A
### (Fortier/Tibbetts/Shea Individual/Supervisor Liability)

228.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

229.    The Minor Plaintiff was a subordinate employee.

230.    As identified herein, Fortier, Tibbetts, and Shea were owners who supervised Murray who was the Minor Plaintiff's supervisor.

231.    Murray subjected the Minor Plaintiff to unwelcome sexual harassment and Fortier, Tibbetts, and Shea aided and abetted the unwelcome sexual harassment and abuse as identified herein and otherwise.

232.    The harassment to which the Minor Plaintiff was subjected because Fortier, Tibbetts, and Shea aided and abetted it was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

233.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

234.    Because Fortier, Tibbetts, and Shea aided and abetted the conduct, they allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

235.    Moreover, Fortier, Tibbetts, and Shea subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

236.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe

distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

237.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

## JURY DEMAND

238.    Plaintiffs demand a jury trial on all claims so triable.

Respectfully submitted,

Father and Mother Doe, Individually and as
Parent and Next Friend of John Doe

By and through their attorneys,


Date:   05/11/2022                    /s/ John P. Sherman
                                      John P. Sherman, Esq.
                                      Bar No. 12536
                                      Sherman Law PLLC
                                      111 Bow Street, Unit #2
                                      Portsmouth, NH 03801
                                      (603) 570-4837
                                      jsherman@johnshermanlaw.com

35

Filed
File Date: 5/23/2022 11:44 AM
Belknap Superior Court
E-Filed Document

BELKNAP COUNTY SHERIFF'S DEPARTMENT
RETURN OF SERVICE

BELKNAP, SS                                    04/28/2022

I have this day served the within named DEIRDRE TIBBETTS a copy of a
Summons and Complaint by delivering to her in the following manner:  IN
HAND, at 7 DAVID DR, BELMONT, NH, at 09:50am.


                        Deputy Sheriff Jeff Cain
                        Deputy Sheriff
                        Belknap County Sheriff's Department

Service          120.00
Post & Hand        1.00
Travel            78.30                         211-2022-CV-00049
Prepayment         0.00

Total            199.30



True Copy Attest

Abigail Albee, Clerk of Court
June 3, 2022

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH  03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:     **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number:   **211-2022-CV-00049**

Date Complaint Filed: April 06, 2022
A Complaint has been filed against Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| June 04, 2022 | Father Doe; Mother Doe shall have this Summons and the attached Complaint served upon Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| June 25, 2022 | Father Doe; Mother Doe shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
John P. Sherman, ESQ        Sherman Law PLLC 111 Bow St Unit 2 Portsmouth NH  03801
West Alton Marina, LLC      35 West Alton Marina Road Alton Bay NH  03810
John Murray                 104 Timber Ridge Road Alton NH  03809
Brian Fortier               104 Timber Ridge Road Alton NH  03809
Diedre Tibbetts             7 David Drive  Belmont NH  03220
Allyson Shea                1430 Mount Major Highway Alton Bay NH  03810

BY ORDER OF THE COURT

April 20, 2022

Abigail Albee
Clerk of Court

(1082)

NHJB-2678-Se (07/01/2018)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH  03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number:    **211-2022-CV-00049**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Belknap Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Belknap Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **211-2022-CV-00049** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 4/15/2022 2:47 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                        SUPERIOR COURT

Father and Mother Doe, Individually and as Parent
and Next Friend of John Doe
123 Main Street
Anytown, USA

v.

West Alton Marina, LLC
35 West Alton Marina Road
Alton Bay, NH 03810

And

John Murray
104 Timber Ridge Road
Alton, NH 03809

And

Brian Fortier
104 Timber Ridge Road
Alton, NH 03809

And

Dierdre Tibbetts
7 David Drive
Belmont, NH 03220

And

Allyson Shea
1430 Mount Major Highway
Alton Bay, NH 03810

Case Number: 211-2022-CV-00049

**<ins>FIRST AMENDED
COMPLAINT WITH JURY DEMAND</ins>**

1

## PARTIES

1.      Plaintiffs Father and Mother Doe (hereinafter "Plaintiffs") are individuals residing at 123 Main Street, Anytown, USA and are the parents of John Doe (hereinafter "Minor Plaintiff" or "John Doe"), a minor at the time of his employment and the time of this filing.

2.      Defendant West Alton Marina, LLC (hereinafter "West Alton Marina") is a Delaware limited liability company, registered to do business in the State of New Hampshire with a principal office at 35 West Alton Marina Road, Alton Bay, New Hampshire.

3.      Defendant John Murray (hereinafter "Murray") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief Murray is currently being held at the Belknap County House of Corrections, 74 County Drive, Belknap, New Hampshire.

4.      Defendant Brian Fortier (hereinafter "Fortier") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief, Fortier is a part owner of West Alton Marina, LLC and Murray's spouse.

5.      Defendant Deirdre Tibbetts (hereinafter "Tibbets") is an individual residing at 7 David Drive, Belmont, New Hampshire.  Upon information and belief, Tibbets is a part owner of West Alton Marina, LLC and Fortier's sister.

6.      Defendant Allyson Shea (hereinafter "Shea") is an individual residing at 1430 Mount Major Highway, Alton Bay, New Hampshire.  Upon information and belief, Shea is a part owner of West Alton Marina, LLC and Fortier's sister.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this matter pursuant to RSA 491:7.

8.      Venue is proper pursuant to RSA 507:9.

**FACTUAL ALLEGATIONS**

9.     Unless otherwise identified herein, the following facts pertain to events that occurred in 2021.

*Business with Employees*

10.     At all relevant times, Defendant West Alton Marina was a business operating in Alton New Hampshire.

*Owner = Position of Power and Authority*

11.     Several individuals had an ownership interest in West Alton Marina.

12.     Fortier was one of the owners.

13.     Fortier's older sister, Tibbetts, and younger sister, Shea, also were part owners.

14.     Tibbetts and Shea also worked directly at the West Alton Marina.

15.     Tibbetts was, inter alia, responsible for employee hours and wages.

16.     Shea was the full-time Manager at the docks and/or market.

17.     As owners, Fortier and his two sisters saw, or should have seen, at least some of the following conduct.

18.     As owners, Fortier and his two sisters, supervised and/or managed the employees.

19.     As owners, Fortier and his two sisters were in positions of power and authority over West Alton Marina employees, including the Minor Plaintiff, pursuant to RSA 632-A:2(I)(K).

*Manager = Position of Power and Authority*

20.     At all relevant times, Fortier was married to Murray.

21.     Murray was a West Alton Marina employee.

22.    Murray was a Manager.

23.    Fortier and the other owners managed and/or supervised Murray.

24.    As a Manager, Murray was a position of power and authority over subordinate employees pursuant to RSA 632-A:2(I)(K).

25.    Murray was approximately fifty-four (54) years old.

### *John Doe Hired May 2021*

26.    In May 2021, the Minor Plaintiff was seventeen (17) years old.

27.    He applied for employment with West Alton Marina.

28.    Murray interviewed and hired him as a West Alton Marina employee.

### *Knowledge of Murray's Prior Sexual Assaults/Abuse?*

29.    Upon information and belief, *prior to* 2021 and *prior to* the Minor Plaintiff becoming a West Alton Marina employee, Murray had a history of sexually harassing, assaulting, and/or abusing subordinate employees who worked at West Alton Marina.

30.    Upon information and belief, Fortier and the other owners had knowledge of allegations regarding Murray's harassment, abuse, and/or assault of prior subordinate employees.

31.    Murray's history put Fortier, the other owners, and West Alton Marina on notice that Murray should not be in a position of power and authority over subordinate employees, including minors.

32.    Upon information and belief, despite Fortier and West Alton Marina's knowledge or Murray's conduct, Fortier and West Alton put and kept Murray in the Manager position which they knew was a position of power and authority over subordinates, including minors.

33.    Murray then used this position to harass and abuse subordinate employees, including the Minor Plaintiff.

*Fortier's Assistance of Murray?*

34.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Fortier had a history of assisting, aiding, and abetting Murray's sexual harassment, assaults, and/or abuse on subordinate employees.

35.     Fortier used his ownership interest in West Alton Marina to assist, aid, and abet Murray's conduct which Fortier knew was, upon information and belief, criminal and/or in violation of employment laws against sexual harassment in the workplace.

*Murray Hired Employees*

36.     Despite West Alton Marina and Fortier's knowledge of Murray's prior conduct, West Alton Marina and Fortier made Murray responsible, in whole or in part, for hiring subordinate employees.

37.     Murray interviewed prospective employees.

38.     Upon information and belief, Murray used the hiring process to identify individuals to whom he was sexually attracted.

39.     Upon information and belief, Murray used the hiring process to identify individuals whom he believed he could groom for sexual assault and/or abuse.

40.     Fortier and the other owners of West Alton Marina knew or should have known of Murray's use/misuse of the hiring process as identified.

41.     Many of the individuals that Murray and West Alton Marina hired were young men under the age of 18.

42.     It was Murray who interviewed and hired the Minor Plaintiff.

### *Murray Supervised Employees*

43.     Murray directly supervised the employees at West Alton Marina, including the Minor Plaintiff.

44.     Murray assigned subordinate employees, including the Minor Plaintiff, work hours.

45.     Murray assigned subordinate employees, including the Minor Plaintiff, work responsibilities.

46.     Among the responsibilities that Murray assigned to subordinates, including the Minor Plaintiff, was for them to perform manual labor at Murray and Fortier's personal residence.

47.     Fortier and the other West Alton Marina owners were aware that Murray had employees perform work at Murray and Fortier's personal residence and paid for the work through the business.

### *Murray Used Supervisory Position to Groom Employees*

48.     Fortier used his position as owner directly or indirectly to allow Murray, his spouse, to groom subordinate employees for sexual activity.

49.     Murray used his position of power and authority to groom the subordinate employees for sexual activity.

50.     Murray used his position of authority to initiate and engage in communications of a graphic sexual nature with subordinate employees.

51.     Murray prevailed upon subordinate employees to confide and trust in him.

52.     The subordinates, including the Minor Plaintiff, did.

*Forced Touching At Work During Work Hours*

53.     Murray openly, and in the presence of other managers and owners, engaged in conduct strongly suggestive of improper personal employer/employee boundary violations.

54.     Among other things, Murray would touch subordinate employees in body areas and in ways that suggested sexual groping including the slapping of buttocks.

55.     Without requesting consent, he would kiss employees on their heads.

*Cash for Sexual Images*

56.     Murray also used psychological and financial manipulation to groom the employees, including the Minor Plaintiff.

57.     Murray solicited explicit sexual pictures and/or videos from subordinates, including the Minor Plaintiff, in exchange for cash.

58.     Among other things, Murray sent subordinate employees, including the Minor Plaintiff, graphic videos depicting him and others engaging in sexual activity.

59.     Murray offered to pay subordinate employees money, including the Minor Plaintiff, if they sent him graphic pictures of their sexual genitalia or videos of them engaging in sexual activity such as masturbation.

60.     The subordinate employees, including the Minor Plaintiff, sent Murray sexual pictures and videos and received cash from Murray in return.

*Unwelcome Sexual Touching, Groping, Abuse*

61.     Murray also directly engaged individual employees, including the Minor Plaintiff, in physical unwelcome, unwanted, and non-consensual sexual groping and touching.

62.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, during work hours.

7

63.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, in his office or at his workstation at the West Alton Marina location.

64.     Murray used his employment and the facilities to sexually grope and touch employees, including the Minor Plaintiff, at a time when the Minor Plaintiff was working.

65.     Among other things, Murray commanded employees, including the Minor Plaintiff, to his office where Murray made the employees through coercion watch him masturbate.

66.     Murray also commanded employees to his office, including the Minor Plaintiff, where Murray coerced them to allow him to perform sexual activity on them including manual masturbation and fellatio.

### *Company Resources to Assault and Abuse*

67.     West Alton Marina provided Murray resources which he used to commit this harassment, assault, and abuse.

68.     Upon information and belief, Murray used company computers for his conduct.

69.     Upon information and belief, Murray used company email for his conduct.

70.     Upon information and belief, Murray used company issued or reimbursed cellular telephone service for his conduct.

71.     Upon information and belief, Murray used his office for his conduct.

72.     Upon information and belief, Murray used company vehicles and/or equipment and/or personal property for his conduct.

### *Gifts and Use of Personal Property*

73.     Murray also used gifts and his personal property to coerce sexual activity with and from employees including the Minor Plaintiff.

74.     This included allowing employees, including the Minor Plaintiff, to use of his car and/or a car owned by Fortier.

### Owners Knew of Gifts

75.     Fortier, and the other West Alton Marina owners, knew or should have known of these gifts and use of personal property.

76.     Despite knowing of them, neither Fortier nor the other owners did anything to stop or address the conduct.

### Retaliation Against Subordinate Employees

77.     When employees, including the Minor Plaintiff, resisted Murray's advances, groping, or non-consensual touching, he retaliated by, among other things, exhibiting anger, assigning harder responsibilities, not assigning work hours, and in other ways.

78.     When employees, including the Minor Plaintiff, capitulated to Murray's advances, groping, or non-consensual touching, he rewarded them by, among other things, providing favorable performance reviews, assigning easier responsibilities, assigning more and better work hours, and in other ways.

79.     These actions by Murray forced subordinate employees including the Minor Plaintiff to acquiesce to his conduct.

### No Written Company Policy

80.     As an employer, West Alton Marina should have had employment policies addressing sexual harassment and sexual assault in the workplace.

81.     West Alton Marina had a legal duty to identify such a policy to its employees.

82.     West Alton Marina also had a legal duty to train its employees on what constitutes sexual harassment.

83.     West Alton Marina also had a legal duty to train its employees on how to respond to an allegation of sexual harassment and/or abuse.

84.     West Alton Marina had a duty to enforce the law against sexual harassment and sexual assault.

85.     Unfortunately, upon information and belief, West Alton Marina did not have any written sexual harassment policy.

86.     It did not do any sexual harassment training.

87.     It did not educate employees, including Murray, on what constituted sexual harassment.

88.     It did not educate employees on how and to whom they should report sexual harassment.

89.     It did not have an individual who had a written job description identifying as a job responsibility the enforcement of an employment policy against sexual harassment and/or assault.

90.     It did not discipline employees, such as Murray, for engaging in conduct that constituted sexual harassment.

91.     This lack of written policy, training, and enforcement proximately caused Murray's use of his position of authority to engage in unwelcome sexual harassment and abuse upon or toward subordinate employees including the Minor Plaintiff.

92.     This lack of written employment policies proximately caused Murray's ongoing harassment and abuse of employees.

93.     So, too, did the lack of discipline of employees, especially Managers like Murray.

### *Owners Knew or Should Have Known*

94.     Some of this and other conduct like it by Murray happened in the presence of and direct line-of-sight of Fortier and, upon information and belief, other owners, managers, and supervisors.

95.     It put Fortier, other owners, other supervisors, and other managers on notice of Murray's boundary violations with subordinate employees, including the Minor Plaintiff.

96.     Fortier, the other owners, managers, and supervisors, however, did nothing, or far too little, to stop Murray's conduct.

97.     To the contrary, in addition to making West Alton facilities, equipment, and resources available to Murray for abusing employees, Fortier made his personal property and real estate available to Murray *and*  knew that Murray used it to continue his abuse.

98.     The other owners and managers also were aware of Fortier doing this, but did nothing, or far too little, to stop it.

### *Lack of Intervention = Condonation*

99.     The lack of intervention by Fortier, other owners, other supervisors, and other managers emboldened Murray.

100.     The lack of written policy, training, discipline, and enforcement by West Alton Marina tacitly condoned Murray's conduct.

101.     Through its inaction and omissions, the Company ratified and/or consented to the abuse and assault.

102.     It is a proximate and direct reason why Murray's conduct occurred and continued.

*Ended Employment*

103.    The harassment and abuse continued, in some form, throughout the time of John

Doe's employment.

104.    In or about mid-August 2021 the Minor Plaintiff was emotionally and physically

unable to return to work.

105.    He resigned his position.

106.    This was proximately and directly because objectively the work environment was

so hostile and abusive and became so intolerable that resignation from employment was the only

fitting response.

*Murray Arrested*

107.    Police arrested Murray.

108.    He was incarcerated.

109.    Police have charged him with numerous crimes including aggravated felonious

sexual assault for his conduct toward and upon the Minor Plaintiff.

*Fortier Arrested*

110.    Police arrested Fortier.

111.    Police charged him, too, with crimes including, upon information and belief,

aggravated felonious sexual assault.

*Exhaustion Administrative Remedies*

112.    On April 6, 2022 Plaintiffs filed a Charge with the Equal Employment

Opportunity Commission that was dually filed with the New Hampshire Human Rights

Commission.

113.    The EEOC provided a Notice of Right to Sue on April 7, 2022.

*Respondeat Superior*

114.    The defendant West Alton Marina is liable through the principle of Respondeat Superior for the acts and omissions by its owner(s), agent(s), staff, administration, and employees as these were either within the course and scope of employment and duties owed by the defendant and/or directly resulted from the opportunit(ies) and resource(s) that West Alton Marina made available to defendant Murray and defendant Fortier despite its knowledge of Murray and Fortier's conduct and that Murray utilized West Alton Marina property and resources and Fortier's property and resources to engage in sexual assault and/or abuse.

*Conduct Extreme and Outrageous*

115.    West Alton Marina's conduct was extreme and outrageous in that West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray and/or Fortier assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge.  Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual

harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter/abuser who was the spouse of an owner.

### *Proximate and Direct Injury*

116.     As a direct and proximate result of the foregoing, the Minor Plaintiff suffered severe physical injury and damage as well as emotional trauma.  He suffered and continues to suffer injury including, but not limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, and/or severe despair. The Minor Plaintiff has required therapy, counseling, and medical care and treatment that is reasonably expected to continue for the remainder of his life.

### LEGAL CLAIMS

The plaintiffs identify and allege the following claims: (A) Wrongful Termination, (B) Intentional Tort – Assault, (C) Intentional Tort – Intentional Infliction Emotional Distress, (D) Sexual Harassment Claims.

**A.     WRONGFUL TERMINATION**

**COUNT I -     Wrongful Termination/Constructive Discharge
(Against West Alton Marina)**

117.     Plaintiffs repeat and incorporate by reference the allegations contained in all paragraphs to this complaint.

118.     Over the course of the Minor Plaintiff's employment with West Alton Marina, Murray repeatedly harassed and made sexual and other demands upon the Minor Plaintiff including demands of unwelcome and non-consented to sexual groping and touching.

119.     Murray used his position of authority to compel the Minor Plaintiff's compliance with harassment and his sexual demands.

120.    Murray also used gifts and retaliation to coerce compliance.

121.    West Alton Marina's failure to have a written sexual harassment policy, to train its employees regarding sexual harassment, to educate subordinate employees about what constitutes sexual harassment and how and where to report it, and to have a person responsible for investigating sexual harassment all proximately caused Murray's ongoing harassment and abuse.

122.    West Alton Marina's failure to discipline Murray for prior conduct similarly emboldened him and tacitly condoned his conduct.

123.    The harassment and abuse were ongoing, repetitive, pervasive, and severe such that it created an abusive work environment.

124.    The harassment and abuse the Minor Plaintiff endured made his working conditions so difficult and intolerable that an objective reasonable person subjected to it would have felt forced to resign.

125.    The Minor Plaintiff ended his employment with West Alton Marina because the working conditions were so intolerable and the abuse so pervasive and severe.

126.    He was constructively terminated from employment.

127.    As a result of the foregoing, the Minor Plaintiff suffered and continues to suffer severe physical and emotional harm as a proximate and direct result of defendant's actions.  This includes, but is not limited to, stress, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair and/or public humiliation.  As a direct and proximate result of the foregoing, the plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

128.     Plaintiffs are entitled to and hereby demand all available tort damages for wrongful termination including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which the Plaintiffs are entitled including all interest and fees which are within the jurisdictional limit of this Court.

**B.      INTENTIONAL TORT – ASSAULT**

**COUNT II -   Aggravated Sexual Assault**
**(Against Murray)**

129.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

130.     At all times pertinent hereto the Minor Plaintiff  was under the age of eighteen.

131.     At all times pertinent hereto Murray was acting in a position of authority over the Minor Plaintiff as his Manager and supervisor.

132.     At all times pertinent hereto Murray used his position of authority to coerce the Minor Plaintiff to submit to sexual activity.  Murray used his position of authority to unduly influence the Minor Plaintiff so that he engaged in conduct in which he did not want to engage and for which he did not knowingly, voluntarily and/or legally consent.

133.     As a direct and proximate result of Murray's tortious conduct the Minor Plaintiff has suffered severe and grievous injury, including but not limited to, prolonged depression, anxiety, insomnia, and physical illness.

134.     As a direct and proximate result of Murray's tortious conduct, the Minor Plaintiff has incurred expenses, including but not limited to, counseling and medical and medication expenses, and reasonably anticipates incurring future medical expenses and treatment.

135.     Plaintiffs demand judgment against Defendant Murray in the form of

compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT III - Intentional Tort - Assault and Battery
### (Against Murray)

136.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

137.    Defendant Murray's assault, battery, and/or abuse of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

138.    In perpetuating the ongoing intentional assault, battery, and/or abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

139.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes an assault and battery that did, in fact, cause injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

140.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### C.    INTENTIONAL TORT -  INTENTIONAL INFLICTION EMOTIONAL DISTRESS

### COUNT IV - Intentional Infliction of Emotional Distress (Against Murray)

141.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set

forth herein.

142.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes intentional and reckless conduct that inflicted serious emotional distress upon the Plaintiffs.

143.    Defendant Murray, or any other actor, would have been substantially certain at the time he perpetrated the sexual harassment and abuse that it would inflict serious emotional distress upon the victims.

144.    Defendant Murray's conduct of abuse was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Murray's abuse as atrocious and utterly intolerable.

145.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

146.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT V - Intentional Infliction of Emotional Distress (Against Fortier/Tibbetts/Shea)

147.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

148.    Defendants Fortier, Tibbetts, and Shea knew or should have known of Murray's sexual assault and abuse of the Minor Plaintiff but made and continued to make resources and property available to Murray for him to inflict his assault and abuse *and* failed to stop and/or

18

address it which constitutes intentional and reckless conduct that inflicted serious physical and emotional distress upon the Minor Plaintiff.

149.    Defendant Fortier, Tibbetts, and Shea, or any other actor, would have been substantially certain at the time they knew or should have known of Murray's conduct that it would inflict serious emotional distress upon the Minor Plaintiff.

150.    Defendant Fortier, Tibbetts, and Shea's conduct was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Fortier, Tibbetts and Shea's conduct as atrocious and utterly intolerable.

151.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse tolerated and condoned by Fortier, Tibbetts and Shea and perpetrated by Murray. The serious emotional distress condoned by Fortier, Tibbetts and Shea was something that no reasonable person could be expected to endure.

152.    Plaintiffs demand judgment against defendant Fortier, Tibbetts and Shea in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT VI -  Intentional Infliction of Emotional Distress
### (Against West Alton Marina)

153.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

154.    Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and

resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual abuse and sexual assault of the Minor Plaintiff.

155.    Defendant West Alton Marina, or any other actor, would and should have been substantially certain at the time it engaged in the acts and omissions identified that sexual abuse and sexual assault by its employees and/or agents would inflict serious emotional distress upon the victims.

156.    Defendant West Alton Marina's conduct was so extreme and outrageous that it exceeded all possible bounds of decency.  Our society regards such conduct as atrocious and utterly intolerable because, as alleged, West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge. Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter who was the spouse of an owner.

157.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

158.    Plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**D.    SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT, QUID PRO QUO, AIDING AND ABETTING**

**COUNT VII - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
TITLE VII and RSA 354-A
(West Alton Marina)**

159.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

160.    The Minor Plaintiff was a subordinate employee.

161.    As identified herein, he was subjected to unwelcome sexual harassment from an individual, Murray, who supervised him directly and indirectly.  West Alton Marina is vicariously liable for the sexual harassment to which Murray subjected the Minor Plaintiff.

162.    The harassment to which he was subjected was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

163.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

164.    The company, by failing to address Murray's conduct without protecting company employees like the Minor Plaintiff created and allowed to exist this oppressive, hostile,

21

intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

165.    Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

166.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

167.    West Alton Marina was aware of the offensive conduct and actions and could have and should have implemented prompt and appropriate remedies, but failed to do or chose not to do so, and thus ratified and empowered Murray and Fortier--the offending individuals' wrongful conduct—which is, in part, why it occurred and continued to occur.

168.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

**COUNT VIII - SEXUAL HARASSMENT/QUID PRO QUO**
**TITLE VII and RSA 354-A**
**(West Alton Marina)**

169.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

170.     As identified herein, the Minor Plaintiff was subjected to unwelcome quid pro quo sexual harassment from an individual, Murray, who supervised him directly and indirectly. West Alton Marina is vicariously liable for the sexual harassment to which he subjected the Minor Plaintiff.

171.     Murray made submission to his conduct explicitly or implicitly a term or condition of the Minor Plaintiff's employment.  He made submission to his conduct a basis for decisions regarding his employment.  Murray also punished the Minor Plaintiff for refusing to comply with his conduct.  These actions unreasonably interfered with the Minor Plaintiff's work performance by creating an intimidating, hostile, and offensive work environment.

172.     West Alton Marina is liable for the conduct of Murray and Fortier because the entity and its owners knew of and/or allowed to this oppressive conduct to exist and continue.

173.     The harassment was sufficiently severe and pervasive as to materially alter the Minor Plaintiff's conditions of employment and to create a hostile and abusive working environment such that resignation from employment was a fitting response.

174.     As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of West Alton Marina's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

175.     As a direct and proximate result of the foregoing, the Minor Plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

176.     West Alton Marina was aware of *prior* offensive conduct by Fortier and Murray **and** the offensive conduct herein referenced and that otherwise occurred to the Minor Plaintiff during his employment and could have and should have implemented prompt and appropriate remedies, but chose not to, thus ratifying and empowering the offending individuals' wrongful conduct which is, in part, why it occurred and continued to occur.

177.     Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

178.     The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which he is entitled including all interest.

### COUNT IX -  SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT RSA 354-A (Murray Individual/Supervisor Liability)

179.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

180.     The Minor Plaintiff was a subordinate employee.

181.     As identified herein, Murray was his supervisor and subjected the Minor Plaintiff to unwelcome sexual harassment.

182.     The harassment to which Murray subjected the Minor Plaintiff was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

183.     The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

184.    Murray created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

185.    Moreover, Murray subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

186.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

187.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

### COUNT X -   SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT RSA 354-A (Fortier/Tibbetts/Shea Individual/Supervisor Liability)

188.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

189.    The Minor Plaintiff was a subordinate employee.

190.    As identified herein, Fortier, Tibbetts, and Shea were owners who supervised Murray who was the Minor Plaintiff's supervisor.

25

191.    Murray subjected the Minor Plaintiff to unwelcome sexual harassment and Fortier, Tibbetts, and Shea aided and abetted the unwelcome sexual harassment and abuse as identified herein and otherwise.

192.    The harassment to which the Minor Plaintiff was subjected because Fortier, Tibbetts, and Shea aided and abetted it was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

193.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

194.    Because Fortier, Tibbetts, and Shea aided and abetted the conduct, they allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

195.    Moreover, Fortier, Tibbetts, and Shea subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

196.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

197.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

## **JURY DEMAND**

198.    Plaintiffs demand a jury trial on all claims so triable.

Respectfully submitted,

Father and Mother Doe, Individually and as
Parent and Next Friend of John Doe

By and through their attorneys,

Date:   04/15/2022                              /s/ John P. Sherman
                                               John P. Sherman, Esq.
                                               Bar No. 12536
                                               Sherman Law PLLC
                                               111 Bow Street, Unit #2
                                               Portsmouth, NH 03801
                                               (603) 570-4837
                                               jsherman@johnshermanlaw.com

27

Filed
File Date: 4/15/2022 2:47 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                           SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray, Brian Fortier,  Dierdre Tibbetts, and Allyson Shea

Case Number: 211-2022-CV-00049

## **MOTION TO ATTACH WITH NOTICE**

NOW COMES, the plaintiffs Father and Mother Doe and John Doe by and through their

attorneys, Sherman Law, PLLC and move to attach property of the defendants with notice and in

support of which state as follows:

1.      As identified in the accompanying First Amended Complaint, the defendants

owned and operated West Alton Marina, LLC.

2.      Police arrested defendant Murray following a report by John Doe of the sexual

harassment and abuse he was subjected to while working at the West Alton Marina from May

2021 through mid-August 2021.

3.      State and Federal authorities executed a search warrant, seized property, seized

evidence, and arrested defendant John Murray.

4.      Upon information and belief, the scope of the defendant's horrific conduct is

large.  It may encompass use of the Marina to harass and abuse many employees over many

years.

5.      Upon information and belief, because of this Murray has been incarcerated since

his arrest in August 2021 (i.e., eight months).  Due to the nature of his alleged conduct and, upon

information and belief, the amount of evidence seized he may *never* be released.

6.      Police also arrested Fortier who, it is alleged, also sexually harassed and/or abused Marina employee(s).

7.      Because Federal authorities were involved in the warrant, Federal charges also may be filed.  This necessarily means that there is some inter-state conduct.  It is reasonable to assume, therefore, that there may be ***many*** other victims of these defendants.

8.      Attachment is warranted because review of County property records suggests that at least one of the defendants transferred interests in real estate ***after*** being arrested and incarcerated.

9.      It is not known whether these defendants have insurance.  The types of claims alleged, however, are generally not the type to which insurance applies.  As a result, the defendants' property and assets are the most likely source of their ability to satisfy any judgment.

10.     It does not appear as though Murray now has any assets in his name.

11.     The amount requested is $1,000,000 against the Marina and $500,000 as to each individual defendant.

12.     The Court denied an initial motion to attach on an *ex parte* basis.

13.     This Motion requests attachment ***with*** notice.

14.     Attached hereto as Exhibit 1 is the Court's Motion to Attach form NHJB-2714-Se.

15.     No memorandum of law accompanies this Motion. To the extent it relies upon legal authority, it is herein cited.

WHEREFORE, the plaintiffs respectfully request that the Court enter an Order:

A.      Granting this Motion to Attach with Notice; and

B.      Granting them such other and further relief as the Court deems just and equitable

Respectfully submitted,

Father and Mother Doe, Individually and as
Parent and Next Friend of John Doe

By and through their attorneys,

Date:   04/15/2022                   /s/ John P. Sherman
                                     John P. Sherman, Esq.
                                     Bar No. 12536
                                     Sherman Law PLLC
                                     111 Bow Street, Unit #2
                                     Portsmouth, NH 03801
                                     (603) 570-4837
                                     jsherman@johnshermanlaw.com

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

| | |
|---|---|
| Court Name: | **Belknap Superior Court** |
| Case Name: | **Father and Mother Doe v. West Alton Marina, et al** |
| Case Number:<br>(If known) | **211-2022-CV-00049** |

## MOTION TO ATTACH WITH NOTICE

The Plaintiff requests permission to make the following attachments in the above-referenced civil action.

| Category of Property to be attached | | | | |
|---|---|---|---|---|
| Name of Defendant | Real Estate | Other | Description | Amount of Attachment |
| **West Alton Marina LLC**<br><br>West Alton Marina, LLC | ☑ | ☐<br><br>X | **See Attachment to Court's Form NHJB-2714-Se**<br><br>See Attachment to Form | $ **1,000,000.00**<br><br>$ 1,000,000 |
| **Brian Fortier** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **500,000.00** |
| **Deirdre Tibbetts** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **500,000.00** |
| *Allyson Shea* | X | | *See Attachment to Court's Form NHJB-2714-Se* | *$500,000* |

In support of this Motion, the Plaintiff certifies that:
*Please See accompanying Motion and First Amended Complaint*

The plaintiff believes there is reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in the amount of $ **1,000,000.00** .

| | |
|---|---|
| **John P. Sherman**<br>Name of Filer | Signature       *as Attorney for Father Doe*       Date 4/14/22<br>To be Signed by the Plaintiff (or Affiant)<br>(In case of a corporation or partnership, a duly authorized *and*<br>officer or partner shall sign.)       *John Doe* |
| **Sherman Law, PLLC**       **12536**<br>Law Firm, if applicable       Bar ID # of attorney | **(603) 570-4837**<br>Telephone |
| **111 Bow Street, Unit #2**<br>Address | **jsherman@johnshermanlaw.com**<br>E-mail |
| **Portsmouth**       **NH**       **03801**<br>City              State       Zip code | |

State of ___NH___ , County of __ROCKINGHAM__

This instrument was acknowledged before me on __4/14/22__ by __JOHN P. SHERMAN__

My Commission Expires _____

Affix Seal, if any

_____
Signature of Notarial Officer / Title

Case Name: **Father and Mother Doe v. West Alton Marina, et al**

Case Number: **211-2022-CV-00049**

**MOTION TO ATTACH WITH NOTICE**

## NOTICE TO THE DEFENDANT

THE PLAINTIFF INTENDS TO ATTACH YOUR PROPERTY, AS SET FORTH IN THE ABOVE MOTION FOR PERMISSION TO DO SO, TO SECURE ANY JUDGMENT OR DECREE THE PLAINTIFF MAY OBTAIN IN THIS ACTION. YOU HAVE THE RIGHT TO OBJECT TO THE ATTACHMENT, AND TO HAVE A HEARING AS TO WHETHER IT SHOULD BE MADE. IF YOU DO WISH TO OBJECT AND HAVE A HEARING, YOU SHOULD FILE A WRITTEN OBJECTION DETAILING THE REASONS THEREFOR, TOGETHER WITH A REQUEST FOR A HEARING, WITH THE CLERK OF COURT NOT LATER THAN 30 DAYS AFTER YOU HAVE BEEN SERVED WITH THE MOTION TO ATTACH.

IF YOU FAIL TO OBJECT BY THAT DATE, YOU WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION.

IF YOU TRANSFER ANY PROPERTY AFTER RECEIVING THIS NOTICE, AND BEFORE THE ATTACHMENT, IF ALLOWED, IS MADE, YOU WILL BE SUBJECT TO THE PROVISIONS OF RSA 511-A: 6.

EVEN IF YOU DO NOT OBJECT TO THE ATTACHMENT, YOU SHOULD FILE AN APPEARANCE AND ANSWER WITH THE CLERK OF COURT BY 30 DAYS AFTER YOU HAVE BEEN SERVED UNLESS YOU ARE WILLING THAT THE PLAINTIFF HAVE JUDGMENT BY DEFAULT.

Plaintiff or Plaintiff's Lawyer

**FOR COURT USE ONLY**

## ORDER

☐ The motion to attach is denied.

☐ The Plaintiff is granted permission to make the above attachment(s) within _____ days.

_____          _____
Date                                                              Presiding Justice

STATE OF NEW HAMSPIRE

BELKNAP COUNTY                                              SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe
v.

West Alton Marina, LLC, John Murray, Brian Fortier

Case Number: 211-2022-CV-00049

**ATTACHMENT TO COURT'S FORM NHJB-2714-Se**

Category of Property
To be attached (check one)

| Name of Defendant | Real Estate | Other | Amount |
|---|---|---|---|
| West Alton Marina, LLC | 35 West Alton Marina Road<br>Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 54 West Alton Marina Road<br>Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 58 West Alton Marina Road<br>Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | | **Accounts<br>Inventory** | **$1,000,000** |
| Brian Fortier | 104 Timber Ridge Road<br>Alton, NH | | $500,000 |
| Brian Fortier<br>Deidre Tibbetts<br>Allyson Shea | 281 Cherry Valley Road<br>Alton, NH | | $500,000 |
| Brian Fortier<br>Deidre Tibbetts<br>Allyson Shea | Cherry Valley Road<br>Lot 16/21/0/0; 16/22/1/0<br>Alton, NH | | $500,000 |
| Brian Fortier<br>Deidre Tibbetts<br>Allyson Shea | Mount Major Highway<br>Lot 62/38/0/0; 17/31/0/0<br>Alton, NH | | $500,000 |

1

Brian Fortier             1430 Mount Major Highway                    $500,000
Deidre Tibbetts           Alton, NH
Allyson Shea

Filed
File Date: 4/6/2022 12:42 PM
Belknap Superior Court
E-Filed Document

Clerk's Notice of Decision
Document Sent to Parties
on 04/07/2022

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                           SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe
v.

**Granted, subject to reconsideration at any time upon motion of the defendants.**

West Alton Marina, LLC, John Murray and Brian Fortier

Case Number: 211-2022-CV-00049

*Steven M. Houran*

Honorable Steven M. Houran
April 6, 2022

## **MOTION TO PROCEED UNDER PSEUDONYM**

NOW COME the plaintiffs, Father Doe and Mother Doe and move for an Order allowing

that they be permitted to proceed anonymously and in support of which state as follows:

1.  Father Doe and Mother Doe are the parents of the minor plaintiff John Doe.

2.  As is fully detailed in the Complaint, this case involves sexual abuse of the minor

plaintiff by his employer.

3.  As further detailed in the Complaint, the defendants' conduct has caused the minor

plaintiff severe emotional distress.  He suffered and continues to suffer injury including, but not

limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe

disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe

indignation, severe shame, and/or severe despair.

4.  The Plaintiff has required therapy, counseling, and medical care and treatment that is

reasonably expected to continue for the remainder of his life.

5.  Public exposure would likely exacerbate the minor plaintiff's injuries.

6.  Permitting plaintiffs to proceed using pseudonyms will protect the minor plaintiff's

privacy and guard against further damage resulting from unnecessary public disclosure.

7.   Upon information and belief, the defendants who engaged in the alleged conduct that forms the basis of the claims are fully aware of the identities of the plaintiffs and will not be prejudiced in any way by plaintiffs' use of pseudonyms in public filings.

WHEREFORE, plaintiffs request an Order:

A.      Allowing them to proceed anonymously in order to maintain the privacy of the minor plaintiff, and

B.      For such other and further relief as justice may require.

Respectfully submitted

Father Doe and Mother Doe as Parents and Next Friends of their Minor Child John Doe

By and through their attorneys,

Date:  04/06/2022                     /s/ John P. Sherman
                                     John P. Sherman, Esq.
                                     Bar No. 12536
                                     Sherman Law PLLC
                                     111 Bow Street, Unit #2
                                     Portsmouth, NH 03801
                                     (603) 570-4837
                                     jsherman@johnshermanlaw.com

2

Filed
File Date: 5/23/2022 11:44 AM
Belknap Superior Court
E-Filed Document

BELKNAP COUNTY SHERIFF'S DEPARTMENT
RETURN OF SERVICE

BELKNAP, SS                                    05/09/2022

I have this day served the within named ALLYSON SHEA a copy of a Summons
and Complaint by delivering to her in the following manner:  ABODE, at 1430
MT MAJOR HWY, ALTON, NH, at 02:25pm.

                        _____
                        Deputy Stephen M Colcord
                        Deputy Sheriff
                        Belknap County Sheriff's Department

Service          120.00
Post & Hand        1.00
Travel            78.30                        211-2022-CV-00049
Prepayment         0.00
                 _____
Total            199.30



True Copy Attest

Abigail Albee, Clerk of Court

June 3, 2022

211-2022-CV-00049

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH  03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:      **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number:    **211-2022-CV-00049**

Date Complaint Filed: April 06, 2022
A Complaint has been filed against Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| June 04, 2022 | Father Doe; Mother Doe shall have this Summons and the attached Complaint served upon Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| June 25, 2022 | Father Doe; Mother Doe shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
| | |
|---|---|
| John P. Sherman, ESQ | Sherman Law PLLC 111 Bow St Unit 2 Portsmouth NH  03801 |
| West Alton Marina, LLC | 35 West Alton Marina Road Alton Bay NH  03810 |
| John Murray | 104 Timber Ridge Road Alton NH  03809 |
| Brian Fortier | 104 Timber Ridge Road Alton NH  03809 |
| Diedre Tibbetts | 7 David Drive  Belmont NH  03220 |
| Allyson Shea | 1430 Mount Major Highway Alton Bay NH  03810 |

BY ORDER OF THE COURT

April 20, 2022

Abigail Albee
Clerk of Court

(1082)

NHJB-2678-Se (07/01/2018)

This is a Service Document For Case: 211-2022-CV-00049
Belknap Superior Court
4/20/2022 1:21 PM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH  03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:     **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number:   **211-2022-CV-00049**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Belknap Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Belknap Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **211-2022-CV-00049** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                    SUPERIOR COURT

Father and Mother Doe, Individually and as Parent
and Next Friend of John Doe
123 Main Street
Anytown, USA

v.

West Alton Marina, LLC
35 West Alton Marina Road
Alton Bay, NH 03810

And

John Murray
104 Timber Ridge Road
Alton, NH 03809

And

Brian Fortier
104 Timber Ridge Road
Alton, NH 03809

And

Dierdre Tibbetts
7 David Drive
Belmont, NH 03220

And

Allyson Shea
1430 Mount Major Highway
Alton Bay, NH 03810

Case Number: 211-2022-CV-00049

**FIRST AMENDED
COMPLAINT WITH JURY DEMAND**

1

**PARTIES**

1.      Plaintiffs Father and Mother Doe (hereinafter "Plaintiffs") are individuals residing at 123 Main Street, Anytown, USA and are the parents of John Doe (hereinafter "Minor Plaintiff" or "John Doe"), a minor at the time of his employment and the time of this filing.

2.      Defendant West Alton Marina, LLC (hereinafter "West Alton Marina") is a Delaware limited liability company, registered to do business in the State of New Hampshire with a principal office at 35 West Alton Marina Road, Alton Bay, New Hampshire.

3.      Defendant John Murray (hereinafter "Murray") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief Murray is currently being held at the Belknap County House of Corrections, 74 County Drive, Belknap, New Hampshire.

4.      Defendant Brian Fortier (hereinafter "Fortier") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief, Fortier is a part owner of West Alton Marina, LLC and Murray's spouse.

5.      Defendant Deirdre Tibbetts (hereinafter "Tibbets") is an individual residing at 7 David Drive, Belmont, New Hampshire.  Upon information and belief, Tibbets is a part owner of West Alton Marina, LLC and Fortier's sister.

6.      Defendant Allyson Shea (hereinafter "Shea") is an individual residing at 1430 Mount Major Highway, Alton Bay, New Hampshire.  Upon information and belief, Shea is a part owner of West Alton Marina, LLC and Fortier's sister.

**JURISDICTION AND VENUE**

7.      The Court has jurisdiction over this matter pursuant to RSA 491:7.

8.      Venue is proper pursuant to RSA 507:9.

## **FACTUAL ALLEGATIONS**

9.      Unless otherwise identified herein, the following facts pertain to events that occurred in 2021.

### *Business with Employees*

10.      At all relevant times, Defendant West Alton Marina was a business operating in Alton New Hampshire.

### *Owner = Position of Power and Authority*

11.      Several individuals had an ownership interest in West Alton Marina.

12.      Fortier was one of the owners.

13.      Fortier's older sister, Tibbetts, and younger sister, Shea, also were part owners.

14.      Tibbetts and Shea also worked directly at the West Alton Marina.

15.      Tibbetts was, inter alia, responsible for employee hours and wages.

16.      Shea was the full-time Manager at the docks and/or market.

17.      As owners, Fortier and his two sisters saw, or should have seen, at least some of the following conduct.

18.      As owners, Fortier and his two sisters, supervised and/or managed the employees.

19.      As owners, Fortier and his two sisters were in positions of power and authority over West Alton Marina employees, including the Minor Plaintiff, pursuant to RSA 632-A:2(I)(K).

### *Manager = Position of Power and Authority*

20.      At all relevant times, Fortier was married to Murray.

21.      Murray was a West Alton Marina employee.

22.     Murray was a Manager.

23.     Fortier and the other owners managed and/or supervised Murray.

24.     As a Manager, Murray was a position of power and authority over subordinate employees pursuant to RSA 632-A:2(I)(K).

25.     Murray was approximately fifty-four (54) years old.

### *John Doe Hired May 2021*

26.     In May 2021, the Minor Plaintiff was seventeen (17) years old.

27.     He applied for employment with West Alton Marina.

28.     Murray interviewed and hired him as a West Alton Marina employee.

### *Knowledge of Murray's Prior Sexual Assaults/Abuse?*

29.     Upon information and belief, *prior to* 2021 and *prior to* the Minor Plaintiff becoming a West Alton Marina employee, Murray had a history of sexually harassing, assaulting, and/or abusing subordinate employees who worked at West Alton Marina.

30.     Upon information and belief, Fortier and the other owners had knowledge of allegations regarding Murray's harassment, abuse, and/or assault of prior subordinate employees.

31.     Murray's history put Fortier, the other owners, and West Alton Marina on notice that Murray should not be in a position of power and authority over subordinate employees, including minors.

32.     Upon information and belief, despite Fortier and West Alton Marina's knowledge or Murray's conduct, Fortier and West Alton put and kept Murray in the Manager position which they knew was a position of power and authority over subordinates, including minors.

33.     Murray then used this position to harass and abuse subordinate employees, including the Minor Plaintiff.

*Fortier's Assistance of Murray?*

34.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Fortier had a history of assisting, aiding, and abetting Murray's sexual harassment, assaults, and/or abuse on subordinate employees.

35.     Fortier used his ownership interest in West Alton Marina to assist, aid, and abet Murray's conduct which Fortier knew was, upon information and belief, criminal and/or in violation of employment laws against sexual harassment in the workplace.

*Murray Hired Employees*

36.     Despite West Alton Marina and Fortier's knowledge of Murray's prior conduct, West Alton Marina and Fortier made Murray responsible, in whole or in part, for hiring subordinate employees.

37.     Murray interviewed prospective employees.

38.     Upon information and belief, Murray used the hiring process to identify individuals to whom he was sexually attracted.

39.     Upon information and belief, Murray used the hiring process to identify individuals whom he believed he could groom for sexual assault and/or abuse.

40.     Fortier and the other owners of West Alton Marina knew or should have known of Murray's use/misuse of the hiring process as identified.

41.     Many of the individuals that Murray and West Alton Marina hired were young men under the age of 18.

42.     It was Murray who interviewed and hired the Minor Plaintiff.

*Murray Supervised Employees*

43.     Murray directly supervised the employees at West Alton Marina, including the Minor Plaintiff.

44.     Murray assigned subordinate employees, including the Minor Plaintiff, work hours.

45.     Murray assigned subordinate employees, including the Minor Plaintiff, work responsibilities.

46.     Among the responsibilities that Murray assigned to subordinates, including the Minor Plaintiff, was for them to perform manual labor at Murray and Fortier's personal residence.

47.     Fortier and the other West Alton Marina owners were aware that Murray had employees perform work at Murray and Fortier's personal residence and paid for the work through the business.

*Murray Used Supervisory Position to Groom Employees*

48.     Fortier used his position as owner directly or indirectly to allow Murray, his spouse, to groom subordinate employees for sexual activity.

49.     Murray used his position of power and authority to groom the subordinate employees for sexual activity.

50.     Murray used his position of authority to initiate and engage in communications of a graphic sexual nature with subordinate employees.

51.     Murray prevailed upon subordinate employees to confide and trust in him.

52.     The subordinates, including the Minor Plaintiff, did.

### *Forced Touching At Work During Work Hours*

53.     Murray openly, and in the presence of other managers and owners, engaged in conduct strongly suggestive of improper personal employer/employee boundary violations.

54.     Among other things, Murray would touch subordinate employees in body areas and in ways that suggested sexual groping including the slapping of buttocks.

55.     Without requesting consent, he would kiss employees on their heads.

### *Cash for Sexual Images*

56.     Murray also used psychological and financial manipulation to groom the employees, including the Minor Plaintiff.

57.     Murray solicited explicit sexual pictures and/or videos from subordinates, including the Minor Plaintiff, in exchange for cash.

58.     Among other things, Murray sent subordinate employees, including the Minor Plaintiff, graphic videos depicting him and others engaging in sexual activity.

59.     Murray offered to pay subordinate employees money, including the Minor Plaintiff, if they sent him graphic pictures of their sexual genitalia or videos of them engaging in sexual activity such as masturbation.

60.     The subordinate employees, including the Minor Plaintiff, sent Murray sexual pictures and videos and received cash from Murray in return.

### *Unwelcome Sexual Touching, Groping, Abuse*

61.     Murray also directly engaged individual employees, including the Minor Plaintiff, in physical unwelcome, unwanted, and non-consensual sexual groping and touching.

62.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, during work hours.

63.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, in his office or at his workstation at the West Alton Marina location.

64.     Murray used his employment and the facilities to sexually grope and touch employees, including the Minor Plaintiff, at a time when the Minor Plaintiff was working.

65.     Among other things, Murray commanded employees, including the Minor Plaintiff, to his office where Murray made the employees through coercion watch him masturbate.

66.     Murray also commanded employees to his office, including the Minor Plaintiff, where Murray coerced them to allow him to perform sexual activity on them including manual masturbation and fellatio.

### *Company Resources to Assault and Abuse*

67.     West Alton Marina provided Murray resources which he used to commit this harassment, assault, and abuse.

68.     Upon information and belief, Murray used company computers for his conduct.

69.     Upon information and belief, Murray used company email for his conduct.

70.     Upon information and belief, Murray used company issued or reimbursed cellular telephone service for his conduct.

71.     Upon information and belief, Murray used his office for his conduct.

72.     Upon information and belief, Murray used company vehicles and/or equipment and/or personal property for his conduct.

### *Gifts and Use of Personal Property*

73.     Murray also used gifts and his personal property to coerce sexual activity with and from employees including the Minor Plaintiff.

8

74.    This included allowing employees, including the Minor Plaintiff, to use of his car and/or a car owned by Fortier.

### Owners Knew of Gifts

75.    Fortier, and the other West Alton Marina owners, knew or should have known of these gifts and use of personal property.

76.    Despite knowing of them, neither Fortier nor the other owners did anything to stop or address the conduct.

### Retaliation Against Subordinate Employees

77.    When employees, including the Minor Plaintiff, resisted Murray's advances, groping, or non-consensual touching, he retaliated by, among other things, exhibiting anger, assigning harder responsibilities, not assigning work hours, and in other ways.

78.    When employees, including the Minor Plaintiff, capitulated to Murray's advances, groping, or non-consensual touching, he rewarded them by, among other things, providing favorable performance reviews, assigning easier responsibilities, assigning more and better work hours, and in other ways.

79.    These actions by Murray forced subordinate employees including the Minor Plaintiff to acquiesce to his conduct.

### No Written Company Policy

80.    As an employer, West Alton Marina should have had employment policies addressing sexual harassment and sexual assault in the workplace.

81.    West Alton Marina had a legal duty to identify such a policy to its employees.

82.    West Alton Marina also had a legal duty to train its employees on what constitutes sexual harassment.

9

83.    West Alton Marina also had a legal duty to train its employees on how to respond to an allegation of sexual harassment and/or abuse.

84.    West Alton Marina had a duty to enforce the law against sexual harassment and sexual assault.

85.    Unfortunately, upon information and belief, West Alton Marina did not have any written sexual harassment policy.

86.    It did not do any sexual harassment training.

87.    It did not educate employees, including Murray, on what constituted sexual harassment.

88.    It did not educate employees on how and to whom they should report sexual harassment.

89.    It did not have an individual who had a written job description identifying as a job responsibility the enforcement of an employment policy against sexual harassment and/or assault.

90.    It did not discipline employees, such as Murray, for engaging in conduct that constituted sexual harassment.

91.    This lack of written policy, training, and enforcement proximately caused Murray's use of his position of authority to engage in unwelcome sexual harassment and abuse upon or toward subordinate employees including the Minor Plaintiff.

92.    This lack of written employment policies proximately caused Murray's ongoing harassment and abuse of employees.

93.    So, too, did the lack of discipline of employees, especially Managers like Murray.

***Owners Knew or Should Have Known***

94.     Some of this and other conduct like it by Murray happened in the presence of and direct line-of-sight of Fortier and, upon information and belief, other owners, managers, and supervisors.

95.     It put Fortier, other owners, other supervisors, and other managers on notice of Murray's boundary violations with subordinate employees, including the Minor Plaintiff.

96.     Fortier, the other owners, managers, and supervisors, however, did nothing, or far too little, to stop Murray's conduct.

97.     To the contrary, in addition to making West Alton facilities, equipment, and resources available to Murray for abusing employees, Fortier made his personal property and real estate available to Murray ***and*** knew that Murray used it to continue his abuse.

98.     The other owners and managers also were aware of Fortier doing this, but did nothing, or far too little, to stop it.

***Lack of Intervention = Condonation***

99.     The lack of intervention by Fortier, other owners, other supervisors, and other managers emboldened Murray.

100.     The lack of written policy, training, discipline, and enforcement by West Alton Marina tacitly condoned Murray's conduct.

101.     Through its inaction and omissions, the Company ratified and/or consented to the abuse and assault.

102.     It is a proximate and direct reason why Murray's conduct occurred and continued.

*Ended Employment*

103.     The harassment and abuse continued, in some form, throughout the time of John Doe's employment.

104.     In or about mid-August 2021 the Minor Plaintiff was emotionally and physically unable to return to work.

105.     He resigned his position.

106.     This was proximately and directly because objectively the work environment was so hostile and abusive and became so intolerable that resignation from employment was the only fitting response.

*Murray Arrested*

107.     Police arrested Murray.

108.     He was incarcerated.

109.     Police have charged him with numerous crimes including aggravated felonious sexual assault for his conduct toward and upon the Minor Plaintiff.

*Fortier Arrested*

110.     Police arrested Fortier.

111.     Police charged him, too, with crimes including, upon information and belief, aggravated felonious sexual assault.

*Exhaustion Administrative Remedies*

112.     On April 6, 2022 Plaintiffs filed a Charge with the Equal Employment Opportunity Commission that was dually filed with the New Hampshire Human Rights Commission.

113.     The EEOC provided a Notice of Right to Sue on April 7, 2022.

12

*Respondeat Superior*

114.    The defendant West Alton Marina is liable through the principle of Respondeat Superior for the acts and omissions by its owner(s), agent(s), staff, administration, and employees as these were either within the course and scope of employment and duties owed by the defendant and/or directly resulted from the opportunit(ies) and resource(s) that West Alton Marina made available to defendant Murray and defendant Fortier despite its knowledge of Murray and Fortier's conduct and that Murray utilized West Alton Marina property and resources and Fortier's property and resources to engage in sexual assault and/or abuse.

*Conduct Extreme and Outrageous*

115.    West Alton Marina's conduct was extreme and outrageous in that West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray and/or Fortier assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge.  Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual

harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter/abuser who was the spouse of an owner.

### *Proximate and Direct Injury*

116.    As a direct and proximate result of the foregoing, the Minor Plaintiff suffered severe physical injury and damage as well as emotional trauma.  He suffered and continues to suffer injury including, but not limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, and/or severe despair. The Minor Plaintiff has required therapy, counseling, and medical care and treatment that is reasonably expected to continue for the remainder of his life.

### <u>LEGAL CLAIMS</u>

The plaintiffs identify and allege the following claims: (A) Wrongful Termination, (B) Intentional Tort – Assault, (C) Intentional Tort – Intentional Infliction Emotional Distress, (D) Sexual Harassment Claims.

**A.    WRONGFUL TERMINATION**

**COUNT I -    Wrongful Termination/Constructive Discharge
(Against West Alton Marina)**

117.    Plaintiffs repeat and incorporate by reference the allegations contained in all paragraphs to this complaint.

118.    Over the course of the Minor Plaintiff's employment with West Alton Marina, Murray repeatedly harassed and made sexual and other demands upon the Minor Plaintiff including demands of unwelcome and non-consented to sexual groping and touching.

119.    Murray used his position of authority to compel the Minor Plaintiff's compliance with harassment and his sexual demands.

120.    Murray also used gifts and retaliation to coerce compliance.

121.    West Alton Marina's failure to have a written sexual harassment policy, to train its employees regarding sexual harassment, to educate subordinate employees about what constitutes sexual harassment and how and where to report it, and to have a person responsible for investigating sexual harassment all proximately caused Murray's ongoing harassment and abuse.

122.    West Alton Marina's failure to discipline Murray for prior conduct similarly emboldened him and tacitly condoned his conduct.

123.    The harassment and abuse were ongoing, repetitive, pervasive, and severe such that it created an abusive work environment.

124.    The harassment and abuse the Minor Plaintiff endured made his working conditions so difficult and intolerable that an objective reasonable person subjected to it would have felt forced to resign.

125.    The Minor Plaintiff ended his employment with West Alton Marina because the working conditions were so intolerable and the abuse so pervasive and severe.

126.    He was constructively terminated from employment.

127.    As a result of the foregoing, the Minor Plaintiff suffered and continues to suffer severe physical and emotional harm as a proximate and direct result of defendant's actions.  This includes, but is not limited to, stress, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair and/or public humiliation.  As a direct and proximate result of the foregoing, the plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

128.     Plaintiffs are entitled to and hereby demand all available tort damages for wrongful termination including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which the Plaintiffs are entitled including all interest and fees which are within the jurisdictional limit of this Court.

**B.     INTENTIONAL TORT – ASSAULT**

   **COUNT II -   Aggravated Sexual Assault**
   **(Against Murray)**

129.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

130.     At all times pertinent hereto the Minor Plaintiff  was under the age of eighteen.

131.     At all times pertinent hereto Murray was acting in a position of authority over the Minor Plaintiff as his Manager and supervisor.

132.     At all times pertinent hereto Murray used his position of authority to coerce the Minor Plaintiff to submit to sexual activity.  Murray used his position of authority to unduly influence the Minor Plaintiff so that he engaged in conduct in which he did not want to engage and for which he did not knowingly, voluntarily and/or legally consent.

133.     As a direct and proximate result of Murray's tortious conduct the Minor Plaintiff has suffered severe and grievous injury, including but not limited to, prolonged depression, anxiety, insomnia, and physical illness.

134.     As a direct and proximate result of Murray's tortious conduct, the Minor Plaintiff has incurred expenses, including but not limited to, counseling and medical and medication expenses, and reasonably anticipates incurring future medical expenses and treatment.

135.     Plaintiffs demand judgment against Defendant Murray in the form of

compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT III - Intentional Tort - Assault and Battery**
**(Against Murray)**

136.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

137.    Defendant Murray's assault, battery, and/or abuse of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

138.    In perpetuating the ongoing intentional assault, battery, and/or abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

139.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes an assault and battery that did, in fact, cause injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

140.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**C.    INTENTIONAL TORT -  INTENTIONAL INFLICTION EMOTIONAL DISTRESS**

**COUNT IV - Intentional Infliction of Emotional Distress (Against Murray)**

141.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set

forth herein.

142.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes intentional and reckless conduct that inflicted serious emotional distress upon the Plaintiffs.

143.    Defendant Murray, or any other actor, would have been substantially certain at the time he perpetrated the sexual harassment and abuse that it would inflict serious emotional distress upon the victims.

144.    Defendant Murray's conduct of abuse was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Murray's abuse as atrocious and utterly intolerable.

145.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

146.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT V - Intentional Infliction of Emotional Distress (Against Fortier/Tibbetts/Shea)**

147.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

148.    Defendants Fortier, Tibbetts, and Shea knew or should have known of Murray's sexual assault and abuse of the Minor Plaintiff but made and continued to make resources and property available to Murray for him to inflict his assault and abuse ***and*** failed to stop and/or

address it which constitutes intentional and reckless conduct that inflicted serious physical and emotional distress upon the Minor Plaintiff.

149.    Defendant Fortier, Tibbetts, and Shea, or any other actor, would have been substantially certain at the time they knew or should have known of Murray's conduct that it would inflict serious emotional distress upon the Minor Plaintiff.

150.    Defendant Fortier, Tibbetts, and Shea's conduct was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Fortier, Tibbetts and Shea's conduct as atrocious and utterly intolerable.

151.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse tolerated and condoned by Fortier, Tibbetts and Shea and perpetrated by Murray. The serious emotional distress condoned by Fortier, Tibbetts and Shea was something that no reasonable person could be expected to endure.

152.    Plaintiffs demand judgment against defendant Fortier, Tibbetts and Shea in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT VI - Intentional Infliction of Emotional Distress**
**(Against West Alton Marina)**

153.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

154.    Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and

resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual abuse and sexual assault of the Minor Plaintiff.

155.     Defendant West Alton Marina, or any other actor, would and should have been substantially certain at the time it engaged in the acts and omissions identified that sexual abuse and sexual assault by its employees and/or agents would inflict serious emotional distress upon the victims.

156.     Defendant West Alton Marina's conduct was so extreme and outrageous that it exceeded all possible bounds of decency.  Our society regards such conduct as atrocious and utterly intolerable because, as alleged, West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge. Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter who was the spouse of an owner.

157.     The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

158.     Plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**D.     SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT, QUID PRO QUO, AIDING AND ABETTING**

       **COUNT VII - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**
                    **TITLE VII and RSA 354-A**
                    **(West Alton Marina)**

159.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

160.     The Minor Plaintiff was a subordinate employee.

161.     As identified herein, he was subjected to unwelcome sexual harassment from an individual, Murray, who supervised him directly and indirectly.  West Alton Marina is vicariously liable for the sexual harassment to which Murray subjected the Minor Plaintiff.

162.     The harassment to which he was subjected was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

163.     The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

164.     The company, by failing to address Murray's conduct without protecting company employees like the Minor Plaintiff created and allowed to exist this oppressive, hostile,

21

intimidating and/or offensive work environment that interfered with the Minor Plaintiff's

physical and emotional well-being and ability to perform his job.

165.    Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and

adverse employment action through constructive termination.

166.    As a result of the hostile work environment, the Minor Plaintiff suffered and

continues to suffer physical and emotional harm as a proximate and direct result of defendant's

action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe

distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe

grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical

conditions arising from stress, and exacerbation of physical ailments and conditions.

167.    West Alton Marina was aware of the offensive conduct and actions and could

have and should have implemented prompt and appropriate remedies, but failed to do or chose

not to do so, and thus ratified and empowered Murray and Fortier--the offending individuals'

wrongful conduct—which is, in part, why it occurred and continued to occur.

168.    The Plaintiffs are entitled to and hereby demand all damages available by statute

and otherwise for this claim including, but not limited to, compensatory and enhanced

compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other

damages to which she is entitled including all interest.

### COUNT VIII - SEXUAL HARASSMENT/QUID PRO QUO
### TITLE VII and RSA 354-A
### (West Alton Marina)

169.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set

forth herein.

170.    As identified herein, the Minor Plaintiff was subjected to unwelcome quid pro quo sexual harassment from an individual, Murray, who supervised him directly and indirectly. West Alton Marina is vicariously liable for the sexual harassment to which he subjected the Minor Plaintiff.

171.    Murray made submission to his conduct explicitly or implicitly a term or condition of the Minor Plaintiff's employment.  He made submission to his conduct a basis for decisions regarding his employment.  Murray also punished the Minor Plaintiff for refusing to comply with his conduct.  These actions unreasonably interfered with the Minor Plaintiff's work performance by creating an intimidating, hostile, and offensive work environment.

172.    West Alton Marina is liable for the conduct of Murray and Fortier because the entity and its owners knew of and/or allowed to this oppressive conduct to exist and continue.

173.    The harassment was sufficiently severe and pervasive as to materially alter the Minor Plaintiff's conditions of employment and to create a hostile and abusive working environment such that resignation from employment was a fitting response.

174.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of West Alton Marina's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

175.    As a direct and proximate result of the foregoing, the Minor Plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

176.     West Alton Marina was aware of *prior* offensive conduct by Fortier and Murray **and** the offensive conduct herein referenced and that otherwise occurred to the Minor Plaintiff during his employment and could have and should have implemented prompt and appropriate remedies, but chose not to, thus ratifying and empowering the offending individuals' wrongful conduct which is, in part, why it occurred and continued to occur.

177.     Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

178.     The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which he is entitled including all interest.

### COUNT IX -  SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT RSA 354-A (Murray Individual/Supervisor Liability)

179.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

180.     The Minor Plaintiff was a subordinate employee.

181.     As identified herein, Murray was his supervisor and subjected the Minor Plaintiff to unwelcome sexual harassment.

182.     The harassment to which Murray subjected the Minor Plaintiff was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

183.     The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

184.     Murray created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

185.     Moreover, Murray subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

186.     As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

187.     The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

**COUNT X -   SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT RSA 354-A (Fortier/Tibbetts/Shea Individual/Supervisor Liability)**

188.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

189.     The Minor Plaintiff was a subordinate employee.

190.     As identified herein, Fortier, Tibbetts, and Shea were owners who supervised Murray who was the Minor Plaintiff's supervisor.

191.    Murray subjected the Minor Plaintiff to unwelcome sexual harassment and Fortier, Tibbetts, and Shea aided and abetted the unwelcome sexual harassment and abuse as identified herein and otherwise.

192.    The harassment to which the Minor Plaintiff was subjected because Fortier, Tibbetts, and Shea aided and abetted it was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

193.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

194.    Because Fortier, Tibbetts, and Shea aided and abetted the conduct, they allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

195.    Moreover, Fortier, Tibbetts, and Shea subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

196.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

197.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

## **JURY DEMAND**

198.     Plaintiffs demand a jury trial on all claims so triable.

                                    Respectfully submitted,

                                    Father and Mother Doe, Individually and as
                                    Parent and Next Friend of John Doe

                                    By and through their attorneys,


Date:   04/15/2022                  /s/ John P. Sherman
                                    John P. Sherman, Esq.
                                    Bar No. 12536
                                    Sherman Law PLLC
                                    111 Bow Street, Unit #2
                                    Portsmouth, NH 03801
                                    (603) 570-4837
                                    jsherman@johnshermanlaw.com

Filed
File Date: 4/15/2022 2:47 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                         SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray, Brian Fortier,  Dierdre Tibbetts, and Allyson Shea

Case Number: 211-2022-CV-00049

**<u>MOTION TO ATTACH WITH NOTICE</u>**

NOW COMES, the plaintiffs Father and Mother Doe and John Doe by and through their

attorneys, Sherman Law, PLLC and move to attach property of the defendants with notice and in

support of which state as follows:

1.      As identified in the accompanying First Amended Complaint, the defendants

owned and operated West Alton Marina, LLC.

2.      Police arrested defendant Murray following a report by John Doe of the sexual

harassment and abuse he was subjected to while working at the West Alton Marina from May

2021 through mid-August 2021.

3.      State and Federal authorities executed a search warrant, seized property, seized

evidence, and arrested defendant John Murray.

4.      Upon information and belief, the scope of the defendant's horrific conduct is

large.  It may encompass use of the Marina to harass and abuse many employees over many

years.

5.      Upon information and belief, because of this Murray has been incarcerated since

his arrest in August 2021 (i.e., eight months).  Due to the nature of his alleged conduct and, upon

information and belief, the amount of evidence seized he may *never* be released.

6.       Police also arrested Fortier who, it is alleged, also sexually harassed and/or abused Marina employee(s).

7.       Because Federal authorities were involved in the warrant, Federal charges also may be filed.  This necessarily means that there is some inter-state conduct.  It is reasonable to assume, therefore, that there may be ***many*** other victims of these defendants.

8.       Attachment is warranted because review of County property records suggests that at least one of the defendants transferred interests in real estate ***after*** being arrested and incarcerated.

9.       It is not known whether these defendants have insurance.  The types of claims alleged, however, are generally not the type to which insurance applies.  As a result, the defendants' property and assets are the most likely source of their ability to satisfy any judgment.

10.       It does not appear as though Murray now has any assets in his name.

11.       The amount requested is $1,000,000 against the Marina and $500,000 as to each individual defendant.

12.       The Court denied an initial motion to attach on an *ex parte* basis.

13.       This Motion requests attachment ***with*** notice.

14.       Attached hereto as Exhibit 1 is the Court's Motion to Attach form NHJB-2714-Se.

15.       No memorandum of law accompanies this Motion. To the extent it relies upon legal authority, it is herein cited.

WHEREFORE, the plaintiffs respectfully request that the Court enter an Order:

A.      Granting this Motion to Attach with Notice; and

B.      Granting them such other and further relief as the Court deems just and equitable

                Respectfully submitted,

                Father and Mother Doe, Individually and as
                Parent and Next Friend of John Doe

                By and through their attorneys,

Date:  04/15/2022         /s/ John P. Sherman
                John P. Sherman, Esq.
                Bar No. 12536
                Sherman Law PLLC
                111 Bow Street, Unit #2
                Portsmouth, NH 03801
                (603) 570-4837
                jsherman@johnshermanlaw.com

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name: **Belknap Superior Court**

Case Name: **Father and Mother Doe v. West Alton Marina, et al**

Case Number: **211-2022-CV-00049**
(If known)

## MOTION TO ATTACH WITH NOTICE

The Plaintiff requests permission to make the following attachments in the above-referenced civil action.

| Category of Property to be attached | | | | |
|---|---|---|---|---|
| Name of Defendant | Real Estate | Other | Description | Amount of Attachment |
| **West Alton Marina LLC** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **1,000,000.00** |
| West Alton Marina, LLC | | X | See Attachment to Form | $ 1,000,000 |
| **Brian Fortier** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **500,000.00** |
| **Deirdre Tibbetts** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **500,000.00** |
| *Allyson Shea* | X | | See Attachment to Court's Form NHJB-2714-Se | $500,000 |

In support of this Motion, the Plaintiff certifies that:
*Please See accompanying Motion and First Amended Complaint*

The plaintiff believes there is reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in the amount of $ **1,000,000.00** .

**John P. Sherman**
Name of Filer

Signature _Joh P Sherman_ → 4/14/22   Date
_as Attorney for Father Doe_
To be Signed by the Plaintiff (or Affiant)
(In case of a corporation or partnership, a duly authorized _Mother Doe  and_
officer or partner shall sign.)  _John Doe_

**Sherman Law, PLLC**   **12536**
Law Firm, if applicable   Bar ID # of attorney

**111 Bow Street, Unit #2**
Address

**Portsmouth**   **NH**   **03801**
City   State   Zip code

**(603) 570-4837**
Telephone

**jsherman@johnshermanlaw.com**
E-mail

State of ___NH___ , County of ___ROCKINGHAM___

This instrument was acknowledged before me on ___4/14/22___ by ___JOHN P. Sherman___

My Commission Expires __October 17, 2023__

Affix Seal, if any

Signature of Notarial Officer / Title

Case Name: **Father and Mother Doe v. West Alton Marina, et al**

Case Number: **211-2022-CV-00049**

**MOTION TO ATTACH WITH NOTICE**

## NOTICE TO THE DEFENDANT

THE PLAINTIFF INTENDS TO ATTACH YOUR PROPERTY, AS SET FORTH IN THE ABOVE MOTION FOR PERMISSION TO DO SO, TO SECURE ANY JUDGMENT OR DECREE THE PLAINTIFF MAY OBTAIN IN THIS ACTION. YOU HAVE THE RIGHT TO OBJECT TO THE ATTACHMENT, AND TO HAVE A HEARING AS TO WHETHER IT SHOULD BE MADE. IF YOU DO WISH TO OBJECT AND HAVE A HEARING, YOU SHOULD FILE A WRITTEN OBJECTION DETAILING THE REASONS THEREFOR, TOGETHER WITH A REQUEST FOR A HEARING, WITH THE CLERK OF COURT NOT LATER THAN 30 DAYS AFTER YOU HAVE BEEN SERVED WITH THE MOTION TO ATTACH.

IF YOU FAIL TO OBJECT BY THAT DATE, YOU WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION.

IF YOU TRANSFER ANY PROPERTY AFTER RECEIVING THIS NOTICE, AND BEFORE THE ATTACHMENT, IF ALLOWED, IS MADE, YOU WILL BE SUBJECT TO THE PROVISIONS OF RSA 511-A: 6.

EVEN IF YOU DO NOT OBJECT TO THE ATTACHMENT, YOU SHOULD FILE AN APPEARANCE AND ANSWER WITH THE CLERK OF COURT BY 30 DAYS AFTER YOU HAVE BEEN SERVED UNLESS YOU ARE WILLING THAT THE PLAINTIFF HAVE JUDGMENT BY DEFAULT.

_____
Plaintiff or Plaintiff's Lawyer

**FOR COURT USE ONLY**

## ORDER

☐ The motion to attach is denied.

☐ The Plaintiff is granted permission to make the above attachment(s) within _____ days.

_____          _____
Date                                                          Presiding Justice

STATE OF NEW HAMSPIRE

BELKNAP COUNTY                                              SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe
v.

West Alton Marina, LLC, John Murray, Brian Fortier

Case Number: 211-2022-CV-00049

**ATTACHMENT TO COURT'S FORM NHJB-2714-Se**

Category of Property
To be attached (check one)

| Name of Defendant | Real Estate | Other | Amount |
|---|---|---|---|
| West Alton Marina, LLC | 35 West Alton Marina Road Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 54 West Alton Marina Road Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 58 West Alton Marina Road Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | | **Accounts Inventory** | **$1,000,000** |
| Brian Fortier | 104 Timber Ridge Road Alton, NH | | $500,000 |
| Brian Fortier Deidre Tibbetts Allyson Shea | 281 Cherry Valley Road Alton, NH | | $500,000 |
| Brian Fortier Deidre Tibbetts Allyson Shea | Cherry Valley Road Lot 16/21/0/0; 16/22/1/0 Alton, NH | | $500,000 |
| Brian Fortier Deidre Tibbetts Allyson Shea | Mount Major Highway Lot 62/38/0/0; 17/31/0/0 Alton, NH | | $500,000 |

1

Brian Fortier                  1430 Mount Major Highway                    $500,000
Deidre Tibbetts                Alton, NH
Allyson Shea

Filed
File Date: 4/6/2022 12:42 PM
Belknap Superior Court
E-Filed Document

Clerk's Notice of Decision
Document Sent to Parties
on   04/07/2022

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                                          SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe

v.

**Granted, subject to
reconsideration at
any time upon
motion of the defendants.**

West Alton Marina, LLC, John Murray and Brian Fortier

*Steven M. Houran*

Honorable Steven M. Houran
April 6, 2022

Case Number: 211-2022-CV-00049

**MOTION TO PROCEED UNDER PSEUDONYM**

NOW COME the plaintiffs, Father Doe and Mother Doe and move for an Order allowing

that they be permitted to proceed anonymously and in support of which state as follows:

1.   Father Doe and Mother Doe are the parents of the minor plaintiff John Doe.

2.   As is fully detailed in the Complaint, this case involves sexual abuse of the minor

plaintiff by his employer.

3.   As further detailed in the Complaint, the defendants' conduct has caused the minor

plaintiff severe emotional distress.  He suffered and continues to suffer injury including, but not

limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe

disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe

indignation, severe shame, and/or severe despair.

4.   The Plaintiff has required therapy, counseling, and medical care and treatment that is

reasonably expected to continue for the remainder of his life.

5.   Public exposure would likely exacerbate the minor plaintiff's injuries.

6.   Permitting plaintiffs to proceed using pseudonyms will protect the minor plaintiff's

privacy and guard against further damage resulting from unnecessary public disclosure.

1

7.   Upon information and belief, the defendants who engaged in the alleged conduct that forms the basis of the claims are fully aware of the identities of the plaintiffs and will not be prejudiced in any way by plaintiffs' use of pseudonyms in public filings.

WHEREFORE, plaintiffs request an Order:

A.     Allowing them to proceed anonymously in order to maintain the privacy of the minor plaintiff, and

B.     For such other and further relief as justice may require.

Respectfully submitted

Father Doe and Mother Doe as Parents and Next Friends of their Minor Child John Doe

By and through their attorneys,

Date:  04/06/2022           /s/ John P. Sherman
John P. Sherman, Esq.
Bar No. 12536
Sherman Law PLLC
111 Bow Street, Unit #2
Portsmouth, NH 03801
(603) 570-4837
jsherman@johnshermanlaw.com

Filed
File Date: 5/25/2022 10:19 AM
Belknap Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: _____

Case Name: _____

Case Number: _____
(if known)

## APPEARANCE/WITHDRAWAL

**APPEARANCE**

Type of appearance (Select One)

☐ Appearance                    ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

_____

_____

_____

True Copy Attest

Abigail Albee, Clerk of Court
June 3, 2022

Select One:

☐ As Counsel for:

_____
(Name)                    (Address)                    (Telephone Number)

_____
(Name)                    (Address)                    (Telephone Number)

_____
(Name)                    (Address)                    (Telephone Number)

☐ I will represent myself (*self-represented*)

**WITHDRAWAL**

As Counsel for _____   _____   _____

Type of Representation: (Select one)

☐ Appearance:

　　☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

_____

　　☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)

　　☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

　　☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

**Case Name:** _____

**Case Number:** _____

**APPEARANCE/WITHDRAWAL** _____

---

*For non e-filed cases:*

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____          _____
Other party                                                    Other party's attorney

---

**OR**

---

*For e-filed cases:*

☐   I state that on this date I am sending a copy of this document as required by the rules of the court.  I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case.  I am mailing or hand-delivering copies to all other interested parties.

---

_____          _____
Name of Filer                                               Signature of Filer                                Date

_____          _____
Law Firm, if applicable        Bar ID # of attorney     Telephone

_____          _____
Address                                                        E-mail

_____
City                                State        Zip code

Filed
File Date: 5/30/2022 1:11 PM
Belknap Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

**BELKNAP, SS**                                       **SUPERIOR COURT**

**Father Doe**

**v.**

**West Alton Marina, LLC, et al**
**DOCKET NO.  211-2022-CV-00049**



True Copy Attest

Abigail Albee, Clerk of Court
June 3, 2022

## SPECIAL APPEARANCE

Please enter my special appearance for the Defendant, Deirdre Tibbetts.

Respectfully submitted,
**Deirdre Tibbetts;**
By and through her attorney

Dated: 5/30/2022            /s/Olivier Sakellarios
Olivier Sakellarios, Esquire
NHBA No. 14928
Sakellarios & Associates, L.L.C.
195 Elm Street
Manchester, NH 03101
(603) 669-1663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day served on all parties via the Court's efile system.

Dated: 5/30/2022            /s/Olivier Sakellarios

1

Filed
File Date: 5/30/2022 1:11 PM
Belknap Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

**BELKNAP, SS**                                      **SUPERIOR COURT**



**Father Doe**

**v.**

**West Alton Marina, LLC, et al**
**DOCKET NO.  211-2022-CV-00049**

---

**ASSENTED TO MOTION TO ENLARGE**
**ANSWER AND OBJECTION DEADLINE**

---

Granted

*[signature]*

Honorable Elizabeth M. Leonard

May 31, 2022

Clerk's Notice of Decision
Document Sent to Parties
on   06/01/2022

 **NOW COMES**, the Defendant, Deirdre Tibbetts, by and through counsel and presents this assented to motion to enlarge the time frame for answering/objecting to the instant action. Please enter my appearance for the Defendant, Deirdre Tibbetts.

1. Undersigned has just been retained by Deirdre Tibbets, individually, to defend this action.
2. Plaintiff has filed a Complaint and a Motion to Attach with Notice.
3. Undersigned requires additional time to respond to the instant matter given the length of the complaint and the number of Plaintiff's in related actions against Defendant.
4. Defendant requires an additional 30 days to respond to these actions.
5. Undersigned has communicated with Attorney John Sherman who has expressed his assent to this request.

 **WHEREFORE**, the Plaintiff moves this Honorable Court of the following relief:

A. That this Court grant this motion and allow the Defendant an additional 30 days to file a responsive pleading and or Objection in this matter.

1

B. That this Court grant such other and varied relief as it deems just and meet.

Respectfully submitted,
**Deirdre Tibbetts;**
By and through her attorney

Dated: 5/30/2022

/s/Olivier Sakellarios
Olivier Sakellarios, Esquire
NHBA No. 14928
Sakellarios & Associates, L.L.C.
195 Elm Street
Manchester, NH 03101
(603) 669-1663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day served on all parties via the Court's efile system.

Dated: 5/30/2022

/s/Olivier Sakellarios

Filed
File Date: 6/3/2022 10:23 AM
Belknap Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

BELKNAP, SS.                                          SUPERIOR COURT

Father Doe, et al.

v.

West Alton Marina, LLC, et al.

Case No.:  211-2022-CV-00049

## NOTICE OF FILING NOTICE OF REMOVAL

NOW COME Defendants West Alton Marina, LLC and Brian Fortier, by and through

counsel, hereby providing notice to this Court that, pursuant to 28 U.S.C. §§ 1441 and 1446, a

Notice of Removal of the above-captioned action has been filed in the United States District

Court for the District of New Hampshire.  The Notice of Removal (with attachments) is attached

hereto as Exhibit A.

Respectfully submitted,

West Alton Marina
Brian Fortier
By Their Attorneys:
SHAHEEN & GORDON, P.A.

Dated:  June 3, 2022                    /s/ William E. Christie
William E. Christie, #11255
107 Storrs Street
P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262
wchristie@shaheengordon.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has this day been filed with the Court using the Court's filing system and served on all counsel of record.


Dated:  June 3, 2022                                    /s/ William E. Christie
                                                        William E. Christie

EXHIBIT

A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Father and Mother Doe,

            Plaintiffs,

v.

West Alton Marina, LLC; John Murray; Brian
Fortier; Dierdre Tibbetts; and Allyson Shea,

            Defendants.

Civil Action No.:

## NOTICE OF REMOVAL

NOW COME Defendants West Alton Marina, LLC and Brian Fortier ("Defendants"), with

consent of Co-Defendants John Murray, Dierdre Tibbetts and Allyson Shea, hereby file this Notice

of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and, in support thereof, state as follows:

1.      On April 20, 2022, Plaintiffs Father and Mother Doe ("Plaintiffs") filed a

Complaint and Jury Demand against Defendants in Belknap County New Hampshire Superior

Court.  The action is entitled *Father Doe, et al. v. West Alton Marina, LLC, et al.*, Civil Action

No. 211-2022-CV-00049.

2.      The complaint includes claims of sexual harassment and hostile work environment

sex-based discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et*

*seq.* (1964) ("Title VII").

3.      This Court has original jurisdiction over those claims pursuant to 28 U.S.C. § 1331.

4.      The remaining claims arise out of the same facts and this Court has supplemental

jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

5.      Accordingly, this claim is removable under 28 U.S.C. § 1441(c) because this Court

has original federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

6. Defendants are timely removing this action in accordance with 28 U.S.C. § 1446(b). Defendants first received a copy of the First Amended Complaint upon being served with process on or about May 6, 2022. The thirtieth day following service of the First Amended Complaint on Defendants is June 5, 2022. *See* 28 U.S.C. § 1446(b)(2)(B). By operation of Fed. R. Civ. P. 6(a)(1)(C) and Local Rule 6.1, the deadline for timely removal is June 6, 2022.

7. Venue is appropriate in the District of New Hampshire, pursuant to 28 U.S.C. § 1441(a) because Belknap County, the place where the action is pending, is located in the District of New Hampshire. *See* 28 U.S.C. § 109.

8. A copy of the Second Amended Complaint is attached as Exhibit 1.

9. A copy of all process, pleadings, and orders served upon Defendants is attached as Exhibit 2.

10. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give notice of this filing to Plaintiffs and Co-Defendants and will file a copy of this Notice of Removal with the clerk of the New Hampshire Superior Court of Belknap County.

11. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Co-Defendants John Murray, Dierdre Tibbetts and Allyson Shea, through their respective counsel, consent to the removal of this matter.

12. Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants respectfully request that this Second Amended Complaint be removed to the United States District Court for the District of New Hampshire.

2

Respectfully submitted,

West Alton Marina, LLC
Brian Fortier
By Their Attorneys:
Dated: June 3, 2022                    SHAHEEN & GORDON, P.A.


By: /s/ William E. Christie
William E. Christie (N.H. Bar No. 11255)
Shaheen & Gordon, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH 03302
(603) 225-7262
wchristie@shaheengordon.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June, 2022, I conventionally served the foregoing on all counsel of record via electronic mail and first-class mail:


/s/ William E. Christie
William E. Christie

3

**EXHIBIT**

1

exhibitsticker.com

Filed
File Date: 5/12/2022 12:19 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                    SUPERIOR COURT

Father and Mother Doe, Individually and as Parent
and Next Friend of John Doe
123 Main Street
Anytown, USA

v.

West Alton Marina, LLC
35 West Alton Marina Road
Alton Bay, NH 03810

And

John Murray
104 Timber Ridge Road
Alton, NH 03809

And

Brian Fortier
104 Timber Ridge Road
Alton, NH 03809

And

Dierdre Tibbetts
7 David Drive
Belmont, NH 03220

And

Allyson Shea
1430 Mount Major Highway
Alton Bay, NH 03810

Case Number: 211-2022-CV-00049

## SECOND AMENDED
## COMPLAINT WITH JURY DEMAND

1

### Summary of Case

Over a period of many years, the defendants used the West Alton Marina to groom minors for sexual activity. John Murray, married to owner Brian Fortier, sexually exploited minors including prostituting employees to customers.

There was almost daily evidence of this. Employees and even some customers reported Murray's conduct to the Marina owners. Yet, the owners did nothing.

So brazen did Murray become that his outrageous sexual conduct included activity with the Gilford Police Chief. He then used this association to confuse, intimidate, and groom.

This action seeks accountability for the physical harm and emotional confusion these defendants inflicted on so many children and young adults.

### PARTIES

1.      Plaintiffs Father and Mother Doe (hereinafter "Plaintiffs") are individuals residing at 123 Main Street, Anytown, USA and are the parents of John Doe (hereinafter "Minor Plaintiff" or "John Doe"), a minor at the time of his employment and the time of this filing.

2.      Defendant West Alton Marina, LLC (hereinafter "West Alton Marina") is a Delaware limited liability company, registered to do business in the State of New Hampshire with a principal office at 35 West Alton Marina Road, Alton Bay, New Hampshire.

3.      Defendant John Murray (hereinafter "Murray") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire. Upon information and belief Murray is currently being held at the Belknap County House of Corrections, 74 County Drive, Belknap, New Hampshire.

4.     Defendant Brian Fortier (hereinafter "Fortier") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief, Fortier is a part owner of West Alton Marina, LLC and Murray's spouse.

5.     Defendant Deirdre Tibbetts (hereinafter "Tibbets") is an individual residing at 7 David Drive, Belmont, New Hampshire.  Upon information and belief, Tibbets is a part owner of West Alton Marina, LLC and Fortier's sister.

6.     Defendant Allyson Shea (hereinafter "Shea") is an individual residing at 1430 Mount Major Highway, Alton Bay, New Hampshire.  Upon information and belief, Shea is a part owner of West Alton Marina, LLC and Fortier's sister.

## JURISDICTION AND VENUE

7.     The Court has jurisdiction over this matter pursuant to RSA 491:7.

8.     Venue is proper pursuant to RSA 507:9.

## FACTUAL ALLEGATIONS

9.     Unless otherwise identified herein, the following facts pertain to events that occurred in 2021.

### *Business with Employees*

10.     At all relevant times, Defendant West Alton Marina was a business operating in Alton New Hampshire.

### *Owner = Position of Power and Authority*

11.     Several individuals had an ownership interest in West Alton Marina.

12.     Fortier was one of the owners.

13.     Fortier's older sister, Tibbetts, and younger sister, Shea, also were part owners.

14.     Tibbetts and Shea also worked directly at the West Alton Marina.

15. Tibbetts was, inter alia, responsible for employee hours and wages.

16. Shea was the full-time Manager at the docks and/or market.

17. As owners, Fortier and his two sisters saw, or should have seen, at least some of the following conduct.

18. As owners, Fortier and his two sisters, supervised and/or managed the employees.

19. As owners, Fortier and his two sisters were in positions of power and authority over West Alton Marina employees, including the Minor Plaintiff, pursuant to RSA 632-A:2(I)(K).

### *Manager = Position of Power and Authority*

20. At all relevant times, Fortier was married to Murray.

21. Murray was a West Alton Marina employee.

22. Murray was a Manager.

23. Fortier and the other owners managed and/or supervised Murray.

24. As a Manager, Murray was a position of power and authority over subordinate employees pursuant to RSA 632-A:2(I)(K).

25. Murray was approximately fifty-four (54) years old.

### *John Doe Hired May 2021*

26. In May 2021, the Minor Plaintiff was seventeen (17) years old.

27. He applied for employment with West Alton Marina.

28. Murray interviewed and hired him as a West Alton Marina employee.

### *Knowledge of Murray's Prior Sexual Assaults/Abuse?*

29.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Murray had a history of sexually harassing, assaulting, and/or abusing subordinate employees who worked at West Alton Marina.

30.     Upon information and belief, Fortier and the other owners had knowledge of allegations regarding Murray's harassment, abuse, and/or assault of prior subordinate employees.

31.     Murray's history put Fortier, the other owners, and West Alton Marina on notice that Murray should not be in a position of power and authority over subordinate employees, including minors.

32.     Upon information and belief, despite Fortier and West Alton Marina's knowledge or Murray's conduct, Fortier and West Alton put and kept Murray in the Manager position which they knew was a position of power and authority over subordinates, including minors.

33.     Murray then used this position to harass and abuse subordinate employees, including the Minor Plaintiff.

### *Fortier's Assistance of Murray?*

34.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Fortier had a history of assisting, aiding, and abetting Murray's sexual harassment, assaults, and/or abuse on subordinate employees.

35.     Fortier used his ownership interest in West Alton Marina to assist, aid, and abet Murray's conduct which Fortier knew was, upon information and belief, criminal and/or in violation of employment laws against sexual harassment in the workplace.

5

*Murray Hired Employees*

36.     Despite West Alton Marina and Fortier's knowledge of Murray's prior conduct, West Alton Marina and Fortier made Murray responsible, in whole or in part, for hiring subordinate employees.

37.     Murray interviewed prospective employees.

38.     Upon information and belief, Murray used the hiring process to identify individuals to whom he was sexually attracted.

39.     Upon information and belief, Murray used the hiring process to identify individuals whom he believed he could groom for sexual assault and/or abuse.

40.     Fortier and the other owners of West Alton Marina knew or should have known of Murray's use/misuse of the hiring process as identified.

41.     Many of the individuals that Murray and West Alton Marina hired were young men under the age of 18.

42.     It was Murray who interviewed and hired the Minor Plaintiff.

*Murray Supervised Employees*

43.     Murray directly supervised the employees at West Alton Marina, including the Minor Plaintiff.

44.     Murray assigned subordinate employees, including the Minor Plaintiff, work hours.

45.     Murray assigned subordinate employees, including the Minor Plaintiff, work responsibilities.

46.     Among the responsibilities that Murray assigned to subordinates, including the Minor Plaintiff, was for them to perform manual labor at Murray and Fortier's personal residence.

47.     Fortier and the other West Alton Marina owners were aware that Murray had employees perform work at Murray and Fortier's personal residence and paid for the work through the business.

### *Murray Used Supervisory Position to Groom Employees*

48.     Fortier used his position as owner directly or indirectly to allow Murray, his spouse, to groom subordinate employees for sexual activity.

49.     Murray used his position of power and authority to groom the subordinate employees for sexual activity.

50.     Murray used his position of authority to initiate and engage in communications of a graphic sexual nature with subordinate employees.

51.     Murray prevailed upon subordinate employees to confide and trust in him.

52.     The subordinates, including the Minor Plaintiff, did.

### *Forced Touching At Work During Work Hours*

53.     Murray openly, and in the presence of other managers and owners, engaged in conduct strongly suggestive of improper personal employer/employee boundary violations.

54.     Among other things, Murray would touch subordinate employees in body areas and in ways that suggested sexual groping including the slapping of buttocks.

55.     Without requesting consent, he would kiss employees on their heads.

***Cash for Sexual Images***

56.　　Murray also used psychological and financial manipulation to groom the employees, including the Minor Plaintiff.

57.　　Murray solicited explicit sexual pictures and/or videos from subordinates, including the Minor Plaintiff, in exchange for cash.

58.　　Among other things, Murray sent subordinate employees, including the Minor Plaintiff, graphic videos depicting him and others engaging in sexual activity.

59.　　Murray offered to pay subordinate employees money, including the Minor Plaintiff, if they sent him graphic pictures of their sexual genitalia or videos of them engaging in sexual activity such as masturbation.

60.　　The subordinate employees, including the Minor Plaintiff, sent Murray sexual pictures and videos and received cash from Murray in return.

***Unwelcome Sexual Touching, Groping, Abuse***

61.　　Murray also directly engaged individual employees, including the Minor Plaintiff, in physical unwelcome, unwanted, and non-consensual sexual groping and touching.

62.　　Murray sexually groped and improperly touched employees, including the Minor Plaintiff, during work hours.

63.　　Murray sexually groped and improperly touched employees, including the Minor Plaintiff, in his office or at his workstation at the West Alton Marina location.

64.　　Murray used his employment and the facilities to sexually grope and touch employees, including the Minor Plaintiff, at a time when the Minor Plaintiff was working.

65.     Among other things, Murray commanded employees, including the Minor Plaintiff, to his office where Murray made the employees through coercion watch him masturbate.

66.     Murray also commanded employees to his office, including the Minor Plaintiff, where Murray coerced them to allow him to perform sexual activity on them including manual masturbation and fellatio.

### *Company Resources to Assault and Abuse*

67.     West Alton Marina provided Murray resources which he used to commit this harassment, assault, and abuse.

68.     Upon information and belief, Murray used company computers for his conduct.

69.     Upon information and belief, Murray used company email for his conduct.

70.     Upon information and belief, Murray used company issued or reimbursed cellular telephone service for his conduct.

71.     Upon information and belief, Murray used his office for his conduct.

72.     Upon information and belief, Murray used company vehicles and/or equipment and/or personal property for his conduct.

### *Gifts and Use of Personal Property*

73.     Murray also used gifts and his personal property to coerce sexual activity with and from employees including the Minor Plaintiff.

74.     This included allowing employees, including the Minor Plaintiff, to use of his car and/or a car owned by Fortier.

### *Owners Knew of Gifts*

75.      Fortier, and the other West Alton Marina owners, knew or should have known of these gifts and use of personal property.

76.      Despite knowing of them, neither Fortier nor the other owners did anything to stop or address the conduct.

### *Gilford Police Chief Involved In Conduct*

77.      Murray also confused and intimidated employees by using the power of the police.

78.      Specifically, he advised the employees, including John Doe, that he was involved in a sexual relationship with the Gilford Chief of Police who he would meet with for sex.

79.      Claiming it was a joke, Murray would comment that he was going to get John Doe involved in sex with the Chief.

80.      Upon information and belief, Murray used this to intimidate employees and to try to convince them, including John Doe, that his sexual conduct during work hours was not improper.

81.      Murray also specifically targeted John Doe with the information about his sexual activity with the Police Chief, to prevent John Doe from reporting what was happening to the police.

### *Shirts With Sexual Images and Jokes*

82.      Murray also sometimes provided employees shirts that he required them to wear while working at the Marina.

83.      These shirts had sexual images and sexual jokes on them.

84.     On one, by way of example, it said: "The guest always comes first (I'll take care of myself later)" with an image of large white blotch obviously intended to represent semen.

### *Retaliation Against Subordinate Employees*

85.     When employees, including the Minor Plaintiff, resisted Murray's advances, groping, or non-consensual touching, he retaliated by, among other things, exhibiting anger, assigning harder responsibilities, not assigning work hours, and in other ways.

86.     When employees, including the Minor Plaintiff, capitulated to Murray's advances, groping, or non-consensual touching, he rewarded them by, among other things, providing favorable performance reviews, assigning easier responsibilities, assigning more and better work hours, and in other ways.

87.     These actions by Murray forced subordinate employees including the Minor Plaintiff to acquiesce to his conduct.

### *No Written Company Policy*

88.     As an employer, West Alton Marina should have had employment policies addressing sexual harassment and sexual assault in the workplace.

89.     West Alton Marina had a legal duty to identify such a policy to its employees.

90.     West Alton Marina also had a legal duty to train its employees on what constitutes sexual harassment.

91.      West Alton Marina also had a legal duty to train its employees on how to respond to an allegation of sexual harassment and/or abuse.

92.     West Alton Marina had a duty to enforce the law against sexual harassment and sexual assault.

93.     Unfortunately, upon information and belief, West Alton Marina did not have any written sexual harassment policy.

94.     It did not do any sexual harassment training.

95.     It did not educate employees, including Murray, on what constituted sexual harassment.

96.     It did not educate employees on how and to whom they should report sexual harassment.

97.     It did not have an individual who had a written job description identifying as a job responsibility the enforcement of an employment policy against sexual harassment and/or assault.

98.     It did not discipline employees, such as Murray, for engaging in conduct that constituted sexual harassment.

99.     This lack of written policy, training, and enforcement proximately caused Murray's use of his position of authority to engage in unwelcome sexual harassment and abuse upon or toward subordinate employees including the Minor Plaintiff.

100.    This lack of written employment policies proximately caused Murray's ongoing harassment and abuse of employees.

101.    So, too, did the lack of discipline of employees, especially Managers like Murray.

### Owners Knew or Should Have Known

102.    Some of this and other conduct like it by Murray happened in the presence of and direct line-of-sight of Fortier and, upon information and belief, other owners, managers, and supervisors.

103.     It put Fortier, other owners, other supervisors, and other managers on notice of Murray's boundary violations with subordinate employees, including the Minor Plaintiff.

104.     Moreover, upon information and belief, adult employees of the Marina specifically advised the owners, including the defendants' named herein, of Murray's abuse, harassment, and assaults of subordinate employees and Murray's sexual activity with Marina customers.

105.     These owners/defendants, however, did nothing, or far too little, to stop Murray's conduct.

106.     To the contrary, in addition to making West Alton facilities, equipment, and resources available to Murray for abusing employees, Fortier made his personal property and real estate available to Murray *and* knew that Murray used it to continue his abuse.

107.     The other owners and managers also were aware of Fortier doing this, but did nothing, or far too little, to stop it.

### *Lack of Intervention = Condonation*

108.     The lack of intervention by Fortier, other owners, other supervisors, and other managers emboldened Murray.

109.     The lack of written policy, training, discipline, and enforcement by West Alton Marina tacitly condoned Murray's conduct.

110.     Through its inaction and omissions, the Company ratified and/or consented to the abuse and assault.

111.     It is a proximate and direct reason why Murray's conduct occurred and continued.

### Ended Employment

112.     The harassment and abuse continued, in some form, throughout the time of John

Doe's employment.

113.     In or about mid-August 2021 the Minor Plaintiff was emotionally and physically

unable to return to work.

114.     He resigned his position.

115.     This was proximately and directly because objectively the work environment was

so hostile and abusive and became so intolerable that resignation from employment was the only

fitting response.

### Murray Arrested

116.     Police arrested Murray.

117.     He was incarcerated.

118.     Police have charged him with numerous crimes including aggravated felonious

sexual assault for his conduct toward and upon the Minor Plaintiff.

### Fortier Arrested

119.     Police arrested Fortier.

120.     Police charged him, too, with crimes including, upon information and belief,

aggravated felonious sexual assault.

### Exhaustion Administrative Remedies

121.     On April 6, 2022 Plaintiffs filed a Charge with the Equal Employment

Opportunity Commission that was dually filed with the New Hampshire Human Rights

Commission.

122.     The EEOC provided a Notice of Right to Sue on April 7, 2022.

### *Respondeat Superior*

123.    The defendant West Alton Marina is liable through the principle of Respondeat Superior for the acts and omissions by its owner(s), agent(s), staff, administration, and employees as these were either within the course and scope of employment and duties owed by the defendant and/or directly resulted from the opportunit(ies) and resource(s) that West Alton Marina made available to defendant Murray and defendant Fortier despite its knowledge of Murray and Fortier's conduct and that Murray utilized West Alton Marina property and resources and Fortier's property and resources to engage in sexual assault and/or abuse.

### *Conduct Extreme and Outrageous*

124.    West Alton Marina's conduct was extreme and outrageous in that West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray and/or Fortier assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge.  Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual

harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed

to investigate; and (l) failed to discipline the assaulter/abuser who was the spouse of an owner.

### *Proximate and Direct Injury*

125.     As a direct and proximate result of the foregoing, the Minor Plaintiff suffered

severe physical injury and damage as well as emotional trauma.  He suffered and continues to

suffer injury including, but not limited to, severe anxiety, depression, insomnia, mental anguish,

severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment,

severe grief, severe indignation, severe shame, and/or severe despair. The Minor Plaintiff has

required therapy, counseling, and medical care and treatment that is reasonably expected to

continue for the remainder of his life.

### <u>LEGAL CLAIMS</u>

The plaintiffs identify and allege the following claims: (A) Wrongful Termination, (B)

Intentional Tort – Assault, (C) Intentional Tort – Intentional Infliction Emotional Distress, (D)

Sexual Harassment Claims.

**A.     WRONGFUL TERMINATION**

**COUNT I -    Wrongful Termination/Constructive Discharge**
**                    (Against West Alton Marina)**

126.     Plaintiffs repeat and incorporate by reference the allegations contained in all

paragraphs to this complaint.

127.     Over the course of the Minor Plaintiff's employment with West Alton Marina,

Murray repeatedly harassed and made sexual and other demands upon the Minor Plaintiff

including demands of unwelcome and non-consented to sexual groping and touching.

128.     Murray used his position of authority to compel the Minor Plaintiff's compliance

with harassment and his sexual demands.

129.     Murray also used gifts and retaliation to coerce compliance.

130.     West Alton Marina's failure to have a written sexual harassment policy, to train its employees regarding sexual harassment, to educate subordinate employees about what constitutes sexual harassment and how and where to report it, and to have a person responsible for investigating sexual harassment all proximately caused Murray's ongoing harassment and abuse.

131.     West Alton Marina's failure to discipline Murray for prior conduct similarly emboldened him and tacitly condoned his conduct.

132.     The harassment and abuse were ongoing, repetitive, pervasive, and severe such that it created an abusive work environment.

133.     The harassment and abuse the Minor Plaintiff endured made his working conditions so difficult and intolerable that an objective reasonable person subjected to it would have felt forced to resign.

134.     The Minor Plaintiff ended his employment with West Alton Marina because the working conditions were so intolerable and the abuse so pervasive and severe.

135.     He was constructively terminated from employment.

136.     As a result of the foregoing, the Minor Plaintiff suffered and continues to suffer severe physical and emotional harm as a proximate and direct result of defendant's actions.  This includes, but is not limited to, stress, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair and/or public humiliation.  As a direct and proximate result of the foregoing, the plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

137.     Plaintiffs are entitled to and hereby demand all available tort damages for wrongful termination including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which the Plaintiffs are entitled including all interest and fees which are within the jurisdictional limit of this Court.

**B.     INTENTIONAL TORT – ASSAULT**

**COUNT II -  Aggravated Sexual Assault
                (Against Murray)**

138.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

139.     At all times pertinent hereto the Minor Plaintiff  was under the age of eighteen.

140.     At all times pertinent hereto Murray was acting in a position of authority over the Minor Plaintiff as his Manager and supervisor.

141.     At all times pertinent hereto Murray used his position of authority to coerce the Minor Plaintiff to submit to sexual activity including sexual penetration and contact as identified within RSA 632-A.  Murray used his position of authority to unduly influence the Minor Plaintiff so that he engaged in conduct in which he did not want to engage and for which he did not knowingly, voluntarily and/or legally consent.

142.     Defendant Murray acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by its act and the plaintiff was put into such an imminent apprehension and subjected to physical sexual penetration and contact.

143.      Moreover, defendant Murray acted with the intention of affecting and/or

subjecting a third person(s) to assault but caused an imminent fear of offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though it intended it to affect the plaintiff.

144.    Throughout the time of his employment, and at the times herein identified, the plaintiff was in apprehension of impending physical contact because he believed that the defendants' acts would result in imminent contact of him unless prevented by his own self-defensive action or his flight or intervention by some outside force.

145.    As a direct and proximate result of Murray's tortious conduct the Minor Plaintiff has suffered severe and grievous injury, including but not limited to, prolonged depression, anxiety, insomnia, and physical illness.

146.    As a direct and proximate result of Murray's tortious conduct, the Minor Plaintiff has incurred expenses, including but not limited to, counseling and medical and medication expenses, and reasonably anticipates incurring future medical expenses and treatment.

147.    Plaintiffs demand judgment against Defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT III - Intentional Tort - Assault
### (Against Murray)

148.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

149.    Defendant Murray's assault, battery, and/or abuse of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

150.    In perpetuating the ongoing intentional assault and/or abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

151.    Defendant Murray acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by its act and the plaintiff was put into such an imminent apprehension.

152.    Moreover, defendant Murray acted with the intention of affecting and/or subjecting a third person(s) to assault but caused an imminent fear of offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though it intended it to affect the plaintiff.

153.    Throughout the time of his employment, and at the times herein identified, the plaintiff was in apprehension of impending physical contact because he believed that the defendants' acts would result in imminent contact of him unless prevented by his own self-defensive action or his flight or intervention by some outside force.

154.    Defendant Murray's assaulted the Minor Plaintiff and,  in fact, caused injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

155.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT IV -  Intentional Tort - Battery
### (Against Murray)

156.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set

forth herein.

157. Defendant Murray's battery of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

158. Defendant Murray acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by his/her act and an offensive contact with plaintiff directly or indirectly resulted.

159. Moreover, the defendants acted with the intention of affecting and/or subjecting a third person(s) to battery but caused an offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though he/she intended to so affect him.

160. In perpetuating the ongoing intentional assault and abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

161. Defendant Murray's sexual abuse of the Minor Plaintiff constitutes an assault and battery that did, in fact, cause injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

162. Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

## C. INTENTIONAL TORT - INTENTIONAL INFLICTION EMOTIONAL DISTRESS

### COUNT V - Intentional Infliction of Emotional Distress (Against Murray)

163.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

164.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes intentional and reckless conduct that inflicted serious emotional distress upon the Plaintiffs.

165.    Defendant Murray, or any other actor, would have been substantially certain at the time he perpetrated the sexual harassment and abuse that it would inflict serious emotional distress upon the victims.

166.    Defendant Murray's conduct of abuse was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Murray's abuse as atrocious and utterly intolerable.

167.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

168.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT VI - Intentional Infliction of Emotional Distress (Against Fortier/Tibbetts/Shea)**

169.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

170.    Defendants Fortier, Tibbetts, and Shea knew or should have known of Murray's

sexual assault and abuse of the Minor Plaintiff but made and continued to make resources and property available to Murray for him to inflict his assault and abuse *and* failed to stop and/or address it which constitutes intentional and reckless conduct that inflicted serious physical and emotional distress upon the Minor Plaintiff.

171.    Defendant Fortier, Tibbetts, and Shea, or any other actor, would have been substantially certain at the time they knew or should have known of Murray's conduct that it would inflict serious emotional distress upon the Minor Plaintiff.

172.    Defendant Fortier, Tibbetts, and Shea's conduct was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Fortier, Tibbetts and Shea's conduct as atrocious and utterly intolerable.

173.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse tolerated and condoned by Fortier, Tibbetts and Shea and perpetrated by Murray. The serious emotional distress condoned by Fortier, Tibbetts and Shea was something that no reasonable person could be expected to endure.

174.    Plaintiffs demand judgment against defendant Fortier, Tibbetts and Shea in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT VII - Intentional Infliction of Emotional Distress
### (Against West Alton Marina)

175.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

176.    Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, other owners, other managers, and other employees

and agents whose conduct, as identified herein and otherwise, was within the course and/or scope

of employment and duties or directly and proximately resulted from the opportunit(ies) and

resource(s) that West Alton Marina knowingly made available to defendant Murray and that he

utilized and relied upon to engage in sexual abuse and sexual assault of the Minor Plaintiff.

177.    Defendant West Alton Marina, or any other actor, would and should have been

substantially certain at the time it engaged in the acts and omissions identified that sexual abuse

and sexual assault by its employees and/or agents would inflict serious emotional distress upon

the victims.

178.    Defendant West Alton Marina's conduct was so extreme and outrageous that it

exceeded all possible bounds of decency.  Our society regards such conduct as atrocious and

utterly intolerable because, as alleged, West Alton Marina through its owner(s), managers,

employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate

employees and used the hiring process to find minors/subordinates to whom he was sexually

attracted and/or whom he could groom and kept him in this position despite this knowledge.

Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees

after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting

subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d)

provided him access and use of property and resources to further his abuse and assaults; (e)

allowed him to personally direct company employees to engage in work at his personal

residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of

managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual

harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train

employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault

and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter who was the spouse of an owner.

179.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

180.    Plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

## COUNT VIII – INTENTIONAL TORT ASSAULT
## (WEST ALTON MARINA)

181.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

182.    Defendant West Alton Marina is liable for the intentional tort(s) of its employee Defendant Murray through the principle of Respondeat superior.  Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, Tibbetts, Shea, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was either within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual harassment and sexual assault of John Doe.

183.    Defendant West Alton Marina is liable for the intentional tort(s) of its employee Defendant Murray through the principles of ratification.  West Alton Marina ratified Murray's

conduct by its own acts, conduct, and affirmative acquiescence. Specifically, West Alton Marina failed to repudiate Murray's tortious acts despite its knowledge of, or possession of facts sufficient for the knowledge of, Murray's extreme and outrageous conduct.

184. Defendant and the defendants for whose conduct defendant West Alton Marina is liable acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by its act and the plaintiff was put into such an imminent apprehension.

185. Moreover, the defendants acted with the intention of affecting and/or subjecting a third person(s) to assault but caused an imminent fear of offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though it intended it to affect John Doe.

186. Throughout the time of his employment, and at the times herein identified, John Doe was in apprehension of impending physical contact because he believed that the defendants' acts would result in imminent contact of him unless prevented by his own self-defensive action or his flight or intervention by some outside force.

187. In perpetuating the ongoing intentional assault of John Doe, defendant placed John Doe in continued fear for his safety and well-being.

188. Defendants' conduct did, in fact, cause physical injuries, damages and losses to John Doe including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

189. The plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems

just and equitable.

## COUNT IX – INTENTIONAL TORT – BATTERY
### (WEST ALTON MARINA)

190.    Plaintiff incorporates herein all allegations within this Complaint as if fully set forth herein.

191.    Defendant West Alton Marina employed and was and is responsible through the principle of Respondeat Superior for the acts and omissions of defendants Murray, Fortier, Tibbetts, Shea, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was either within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual harassment and sexual assault of John Doe.

192.    West Alton Marina also ratified Murray's conduct by its own acts, conduct, and affirmative acquiescence.  Specifically, West Alton Marina failed to repudiate Murray's tortious acts despite its knowledge of, or possession of facts sufficient for the knowledge of, Murray's extreme and outrageous conduct.

193.    Defendant West Alton Marina, or any other actor, would and should have been substantially certain at the time it engaged in the acts and omissions identified that battery by its employees and/or agents would inflict serious emotional distress upon the victims.

194.    By failing to have written employment policies in place and to train employees about the sexual harassment and abuse and battery, the West Alton Marina was complicit in, if not directly caused, the egregious conduct of its owners and/or managers as described herein.

195.    Defendant and the defendants for whose conduct defendant West Alton Marina is liable acted with the intention of causing harmful or offensive contact with the plaintiff or with

the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by his/her act and an offensive contact with plaintiff directly or indirectly resulted.

196.    Moreover, the defendants acted with the intention of affecting and/or subjecting a third person(s) to battery but caused an offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though he/she intended to so affect him.

197.    John Doe did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray and ratified by and/or caused by West Alton Marina. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

198.    The plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**D.    SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT, QUID PRO QUO, AIDING AND ABETTING**

**COUNT X - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**
**TITLE VII and RSA 354-A**
**(West Alton Marina)**

199.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

200.    The Minor Plaintiff was a subordinate employee.

201. As identified herein, he was subjected to unwelcome sexual harassment from an individual, Murray, who supervised him directly and indirectly. West Alton Marina is vicariously liable for the sexual harassment to which Murray subjected the Minor Plaintiff.

202. The harassment to which he was subjected was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

203. The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

204. The company, by failing to address Murray's conduct without protecting company employees like the Minor Plaintiff created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

205. Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

206. As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction. This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

207. West Alton Marina was aware of the offensive conduct and actions and could have and should have implemented prompt and appropriate remedies, but failed to do or chose not to do so, and thus ratified and empowered Murray and Fortier--the offending individuals' wrongful conduct—which is, in part, why it occurred and continued to occur.

208.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

**COUNT XI    SEXUAL HARASSMENT/QUID PRO QUO**
**TITLE VII and RSA 354-A**
**(West Alton Marina)**

209.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

210.    As identified herein, the Minor Plaintiff was subjected to unwelcome quid pro quo sexual harassment from an individual, Murray, who supervised him directly and indirectly. West Alton Marina is vicariously liable for the sexual harassment to which he subjected the Minor Plaintiff.

211.    Murray made submission to his conduct explicitly or implicitly a term or condition of the Minor Plaintiff's employment.  He made submission to his conduct a basis for decisions regarding his employment.  Murray also punished the Minor Plaintiff for refusing to comply with his conduct.  These actions unreasonably interfered with the Minor Plaintiff's work performance by creating an intimidating, hostile, and offensive work environment.

212.    West Alton Marina is liable for the conduct of Murray and Fortier because the entity and its owners knew of and/or allowed to this oppressive conduct to exist and continue.

213.    The harassment was sufficiently severe and pervasive as to materially alter the Minor Plaintiff's conditions of employment and to create a hostile and abusive working environment such that resignation from employment was a fitting response.

214.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of West Alton Marina's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

215.    As a direct and proximate result of the foregoing, the Minor Plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

216.    West Alton Marina was aware of *prior* offensive conduct by Fortier and Murray *and* the offensive conduct herein referenced and that otherwise occurred to the Minor Plaintiff during his employment and could have and should have implemented prompt and appropriate remedies, but chose not to, thus ratifying and empowering the offending individuals' wrongful conduct which is, in part, why it occurred and continued to occur.

217.    Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

218.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which he is entitled including all interest.

### COUNT XII - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT RSA 354-A (Murray Individual/Supervisor Liability)

219.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

220.     The Minor Plaintiff was a subordinate employee.

221.     As identified herein, Murray was his supervisor and subjected the Minor Plaintiff to unwelcome sexual harassment.

222.     The harassment to which Murray subjected the Minor Plaintiff was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

223.     The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

224.     Murray created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

225.     Moreover, Murray subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

226.     As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

227.     The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

## COUNT XIII SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
## RSA 354-A
### (Fortier/Tibbetts/Shea Individual/Supervisor Liability)

228.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

229.    The Minor Plaintiff was a subordinate employee.

230.    As identified herein, Fortier, Tibbetts, and Shea were owners who supervised Murray who was the Minor Plaintiff's supervisor.

231.    Murray subjected the Minor Plaintiff to unwelcome sexual harassment and Fortier, Tibbetts, and Shea aided and abetted the unwelcome sexual harassment and abuse as identified herein and otherwise.

232.    The harassment to which the Minor Plaintiff was subjected because Fortier, Tibbetts, and Shea aided and abetted it was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

233.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

234.    Because Fortier, Tibbetts, and Shea aided and abetted the conduct, they allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

235.    Moreover, Fortier, Tibbetts, and Shea subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

236.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe

distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

237.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

## JURY DEMAND

238.    Plaintiffs demand a jury trial on all claims so triable.

Respectfully submitted,

Father and Mother Doe, Individually and as
Parent and Next Friend of John Doe

By and through their attorneys,


Date:  05/11/2022                      /s/ John P. Sherman
                                       John P. Sherman, Esq.
                                       Bar No. 12536
                                       Sherman Law PLLC
                                       111 Bow Street, Unit #2
                                       Portsmouth, NH 03801
                                       (603) 570-4837
                                       jsherman@johnshermanlaw.com

Filed
File Date: 4/6/2022 12:42 PM
Belknap Superior Court
E-Filed Document

EXHIBIT

**2**

## STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                           SUPERIOR COURT

Father and Mother Doe, Individually and as Parent
and Next Friend of John Doe
123 Main Street
Anytown, USA

v.

West Alton Marina, LLC
35 W Alton Marina Road
Alton Bay, NH 03810

And

John Murray
104 Timber Ridge Road
Alton, NH 03809

And

Brian Fortier
104 Timber Ridge Road
Alton, NH 03809

Case Number: 211-2022-CV-00049

## **COMPLAINT WITH JURY DEMAND**

### **PARTIES**

1.      Plaintiffs Father and Mother Doe (hereinafter "Plaintiffs") are individuals residing

at 123 Main Street, Anytown, USA and are the parents of John Doe (hereinafter "Minor

Plaintiff"), a minor at the time of his employment and the time of this filing.

2.      Defendant West Alton Marina, LLC (hereinafter "West Alton Marina") is a

Delaware limited liability company, registered to do business in the State of New Hampshire

with a principal office at 35 W Alton Marina Road, Alton Bay, New Hampshire.

3.       Defendant John Murray (hereinafter "Murray") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief Murray is currently being held at the Belknap County House of Corrections, 74 County Drive, Belknap, New Hampshire.

4.       Defendant Brian Fortier (hereinafter "Fortier") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief, Fortier is a part owner of West Alton Marina, LLC and Murray's spouse.

## JURISDICTION AND VENUE

5.       The Court has jurisdiction over this matter pursuant to RSA 491:7.

6.       Venue is proper pursuant to RSA 507:9.

## FACTUAL ALLEGATIONS

7.       Unless otherwise identified herein, the following facts pertain to events that occurred in 2021.

### *Business with Employees*

8.       At all relevant times, Defendant West Alton Marina was a business operating in Alton New Hampshire.

### *Owner = Position of Power and Authority*

9.       Several individuals had an ownership interest in West Alton Marina.

10.      Fortier was one of the owners.

11.      Fortier's older sister, Deirdre, and younger sister, Allison, also were part owners.

12.      Deirdre and Allison also worked directly at the West Alton Marina.

13.      Deirdre was, inter alia, responsible for employee hours and wages.

14.      Allison was the full-time Manager at the docks and/or market.

15.     As owners, Fortier and his two sisters saw, or should have seen, at least some of the following conduct.

16.     As owners, Fortier and his two sisters, supervised and/or managed the employees.

17.     As owners, Fortier and his two sisters were in positions of power and authority over West Alton Marina employees, including the Minor Plaintiff, pursuant to RSA 632-A:2(I)(K).

### *Manager = Position of Power and Authority*

18.     At all relevant times, Fortier was married to Murray.

19.     Murray was a West Alton Marina employee.

20.     Murray was a Manager.

21.     Fortier and the other owners managed and/or supervised Murray.

22.     As a Manager, Murray was a position of power and authority over subordinate employees pursuant to RSA 632-A:2(I)(K).

23.     Murray was approximately fifty-four (54) years old.

### *John Doe Hired May 2021*

24.     In May 2021, the Minor Plaintiff was seventeen (17) years old.

25.     He applied for employment with West Alton Marina.

26.     Murray interviewed and hired him as a West Alton Marina employee.

### *Knowledge of Murray's Prior Sexual Assaults/Abuse?*

27.     Upon information and belief, *prior to* 2021 and *prior to* the Minor Plaintiff becoming a West Alton Marina employee, Murray had a history of sexually harassing, assaulting, or abusing subordinate employees who worked at West Alton Marina.

28.     Upon information and belief, Fortier and the other owners had knowledge of allegations regarding Murray's harassment, abuse, or assault of prior subordinate employees.

29.     Murray's history put Fortier, the other owners, and West Alton Marina on notice that Murray should not be in a position of power and authority over subordinate employees, including minors.

30.     Upon information and belief, despite Fortier and West Alton Marina's knowledge or Murray's conduct, Fortier and West Alton put and kept Murray in the Manager position which they knew was a position of power and authority over subordinates, including minors.

31.     Murray then used this position to harass and abuse subordinate employees, including the Minor Plaintiff.

### *Fortier's Assistance of Murray?*

32.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Fortier had a history of assisting, aiding, and abetting Murray's sexual harassment, assaults, and abuse on subordinate employees.

33.     Fortier used his ownership interest in West Alton Marina to assist, aid, and abet Murray's conduct which Fortier knew was, upon information and belief, criminal and/or in violation of employment laws against sexual harassment in the workplace.

### *Murray Hired Employees*

34.     Despite West Alton Marina and Fortier's knowledge of Murray's prior conduct, West Alton Marina and Fortier made Murray responsible, in whole or in part, for hiring subordinate employees.

35.     Murray interviewed prospective employees.

36.     Upon information and belief, Murray used the hiring process to identify individuals to whom he was sexually attracted.

37.     Upon information and belief, Murray used the hiring process to identify individuals whom he believed he could groom for sexual assault and/or abuse.

38.     Fortier and the other owners of West Alton Marina knew or should have known of Murray's use/misuse of the hiring process as identified.

39.     Many of the individuals that Murray and West Alton Marina hired were young men under the age of 18.

40.     It was Murray who interviewed and hired the Minor Plaintiff.

### *Murray Supervised Employees*

41.     Murray directly supervised the employees at West Alton Marina, including the Minor Plaintiff.

42.     Murray assigned subordinate employees, including the Minor Plaintiff, work hours.

43.     Murray assigned subordinate employees, including the Minor Plaintiff, work responsibilities.

44.     Among the responsibilities that Murray assigned to subordinates, including the Minor Plaintiff, was for them to perform manual labor at Murray and Fortier's personal residence.

45.     Fortier and the other West Alton Marina owners were aware that Murray had employees perform work at Murray and Fortier's personal residence and paid for the work through the business.

### *Murray Used Supervisory Position to Groom Employees*

46.     Fortier used his position as owner directly or indirectly to allow Murray, his spouse, to groom subordinate employees for sexual activity.

47.     Murray used his position of power and authority to groom the subordinate employees for sexual activity.

48.     Murray used his position of authority to initiate and engage in communications of a graphic sexual nature with subordinate employees.

49.     Murray prevailed upon subordinate employees to confide and trust in him.

50.     The subordinates, including the Minor Plaintiff, did.

### *Forced Touching At Work During Work Hours*

51.     Murray openly, and in the presence of other managers and owners, engaged in conduct strongly suggestive of improper personal employer/employee boundary violations.

52.     Among other things, Murray would touch subordinate employees in body areas and in ways that suggested sexual groping including the slapping of buttocks.

53.     Without requesting consent, he would kiss employees on their heads.

### *Cash for Sexual Images*

54.     Murray also used psychological and financial manipulation to groom the employees, including the Minor Plaintiff.

55.     Murray solicited explicit sexual pictures and/or videos from subordinates, including the Minor Plaintiff, in exchange for cash.

56.     Among other things, Murray sent subordinate employees, including the Minor Plaintiff, graphic videos depicting him and others engaging in sexual activity.

57.     Murray offered to pay subordinate employees, including the Minor Plaintiff, money if they sent him graphic pictures of their sexual genitalia or videos of them engaging in sexual activity such as masturbation.

58.     The subordinate employees, including the Minor Plaintiff, sent Murray sexual pictures and videos and received cash from Murray in return.

### *Unwelcome Sexual Touching, Groping, Abuse*

59.     Murray also directly engaged individual employees, including the Minor Plaintiff, in physical unwelcome, unwanted, and non-consensual sexual groping and touching.

60.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, during work hours.

61.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, in his office or at his workstation at the West Alton Marina location.

62.     Murray used his employment and the facilities to sexually grope and touch employees, including the Minor Plaintiff, at a time when the Minor Plaintiff was working.

63.     Among other things, Murray commanded employees, including the Minor Plaintiff, to his office where Murray made the employees through coercion watch him masturbate.

64.     Murray also commanded employees to his office, including the Minor Plaintiff, where Murray coerced them to allow him to engage in sexual activity on them including manual masturbation and fellatio.

### *Company Resources to Assault and Abuse*

65.     West Alton Marina provided Murray resources which he used to commit this harassment, assault, and abuse.

7

66.     Upon information and belief, Murray used company computers for his conduct.

67.     Upon information and belief, Murray used company email for his conduct.

68.     Upon information and belief, Murray used company issued or reimbursed cellular telephone service for his conduct.

69.     Upon information and belief, Murray used his office for his conduct.

70.     Upon information and belief, Murray used company vehicles and/or equipment and/or personal property for his conduct.

### *Gifts and Use of Personal Property*

71.     Murray also used gifts and his personal property to coerce sexual activity with and from employees including the Minor Plaintiff.

72.     This included allowing employees, including the Minor Plaintiff, to use of his car and/or a car owned by Fortier.

### *Fortier Knew of Gifts*

73.     Fortier, and the other West Alton Marina owners, knew or should have known of these gifts and use of personal property.

74.     Despite knowing of them, neither Fortier nor the other owners did anything to stop or address the conduct.

### *Retaliation Against Subordinate Employees*

75.     When employees, including the Minor Plaintiff, resisted Murray's advances, groping, or non-consensual touching, he retaliated by, among other things, exhibiting anger, assigning harder responsibilities, not assigning work hours, and in other ways.

76.     When employees, including the Minor Plaintiff, capitulated to Murray's advances, groping, or non-consensual touching, he rewarded them by, among other things, providing

favorable performance reviews, assigning easier responsibilities, assigning more and better work hours, and in other ways.

77.     These actions by Murray forced subordinate employees including the Minor Plaintiff to acquiesce to his conduct.

*No Written Company Policy*

78.     As an employer, West Alton Marina should have had employment policies addressing sexual harassment and sexual assault in the workplace.

79.     West Alton Marina had a legal duty to identify such a policy to its employees.

80.     West Alton Marina also had a legal duty to train its employees on what constitutes sexual harassment.

81.      West Alton Marina also had a legal duty to train its employees on how to respond to an allegation of sexual harassment and/or abuse.

82.     West Alton Marina had a duty to enforce the law against sexual harassment and sexual assault.

83.     Unfortunately, upon information and belief, West Alton Marina did not have any written sexual harassment policy.

84.     It did not do any sexual harassment training.

85.     It did not educate employees, including Murray, on what constituted sexual harassment.

86.     It did not educate employees on how and to whom they should report sexual harassment.

87.     It did not have an individual who had a written job description identifying as a job responsibility the enforcement of an employment policy against sexual harassment and/or assault.

88.     It did not discipline employees, such as Murray, for engaging in conduct that constituted sexual harassment.

89.     This lack of written policy, training, and enforcement proximately caused Murray's use of his position of authority to engage in unwelcome sexual harassment and abuse upon or toward subordinate employees including the Minor Plaintiff.

90.     This lack of written employment policies proximately caused Murray's ongoing harassment and abuse of employees.

91.     So, too, did the lack of discipline of employees, especially Managers like Murray.

### *Owners Knew or Should Have Known*

92.     Some of this and other conduct like it by Murray happened in the presence of and direct line-of-sight of Fortier and, upon information and belief, other owners, managers, and supervisors.

93.     It put Fortier, other owners, other supervisors, and other managers on notice of Murray's boundary violations with subordinate employees, including the Minor Plaintiff.

94.     Fortier, the other owners, managers, and supervisors, however, did nothing, or far too little, to stop Murray's conduct.

95.     To the contrary, in addition to making West Alton facilities, equipment, and resources available to Murray for abusing employees, Fortier made his personal property and real estate available to Murray *and* then knew that Murray used it to continue his abuse.

96.     The other owners and managers also were aware of Fortier doing this, but did nothing, or far too little, to stop it.

### *Lack of Intervention = Condonation*

97.     The lack of intervention by Fortier, other owners, other supervisors, and other managers emboldened Murray.

98.     The lack of written policy, training, discipline, and enforcement by West Alton Marina tacitly condoned Murray's conduct.

99.     Through its inaction and omissions, the Company ratified and/or consented to the abuse and assault.

100.    They are a proximate and direct reason why Murray's conduct occurred and continued.

### *Ended Employment*

101.    The harassment and abuse continued, in some form, throughout the time of John Doe's employment.

102.    In or about mid-August 2021 the Minor Plaintiff was emotionally and physically unable to return to work.

103.    He resigned his position.

104.    This was proximately and directly because objectively the work environment was so hostile and abusive and became so intolerable that resignation from employment was a fitting response.

### *Murray Arrested*

105.    Police arrested Murray.

106.    He was incarcerated.

107.  Police have charged him with numerous crimes including aggravated felonious sexual assault for his conduct toward and upon the Minor Plaintiff.

### *Fortier Arrested*

108.  Police arrested Fortier.

109.  Police charged him, too, with numerous crimes including, upon information and belief, aggravated felonious sexual assault.

### *Respondeat Superior*

110.  The defendant West Alton Marina is liable through the principle of Respondeat Superior for the facts and omissions by its owner(s), agent(s), staff, administration, and employees as these were either within the course and scope of employment and duties owed by the defendant and/or directly resulted from the opportunit(ies) and resource(s) that West Alton Marina made available to defendant Murray and defendant Fortier despite its knowledge of Murray and Fortier's conduct and that Murray utilized West Alton Marina property and resources and Fortier's property and resources to engage in sexual assault and abuse.

### *Conduct Extreme and Outrageous*

111.  West Alton Marina's conduct was extreme and outrageous in that West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge.  Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to

further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring open and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter who was the spouse of an owner.

### *Proximate and Direct Injury*

112.    As a direct and proximate result of the foregoing, the Minor Plaintiff suffered severe physical injury and damage as well as emotional trauma.  He suffered and continues to suffer injury including, but not limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, and/or severe despair. The Minor Plaintiff has required therapy, counseling, and medical care and treatment that is reasonably expected to continue for the remainder of his life.

### <u>LEGAL CLAIMS</u>

The plaintiffs identify and allege the following claims: (A) Wrongful Termination, (B) Intentional Tort – Assault, (C) Intentional Tort – Intentional Infliction Emotional Distress.

### A.    <u>WRONGFUL TERMINATION</u>

### COUNT I
### Wrongful Termination/Constructive Discharge
### (Against West Alton Marina)

113.    Plaintiffs repeat and incorporate by reference the allegations contained in all paragraphs to this complaint.

114. Over the course of the Minor Plaintiff's employment with West Alton Marina, Murray repeatedly harassed and made sexual and other demands upon the Minor Plaintiff including demands of unwelcome and non-consented to sexual groping and touching.

115. Murray used his position of authority to compel the Minor Plaintiff's compliance with harassment and his sexual demands.

116. Murray also used gifts and retaliation to coerce compliance.

117. West Alton Marina's failure to have a written sexual harassment policy, to train its employees regarding sexual harassment, to educate subordinate employees about what constitutes sexual harassment and how and where to report it, and to have a person responsible for investigating sexual harassment all proximately caused Murray's ongoing harassment and abuse.

118. West Alton Marina's failure to discipline Murray for prior conduct similarly emboldened him and tacitly condoned his conduct.

119. The harassment and abuse were ongoing, repetitive, pervasive, and severe such that it created an abusive work environment.

120. The harassment and abuse the Minor Plaintiff endured made his working conditions so difficult and intolerable that an objective reasonable person subjected to it would have felt forced to resign.

121. The Minor Plaintiff ended his employment with West Alton Marina because the working conditions were so intolerable and the abuse so pervasive and severe.

122. He was constructively terminated from employment.

123. As a result of the foregoing, the Minor Plaintiff suffered and continues to suffer severe physical and emotional harm as a proximate and direct result of defendant's actions. This

includes, but is not limited to, stress, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair and/or public humiliation. As a direct and proximate result of the foregoing, the plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

124.    Plaintiffs are entitled to and hereby demand all available tort damages for wrongful termination including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which the Plaintiffs are entitled including all interest and fees which are within the jurisdictional limit of this Court.

### B.    INTENTIONAL TORT – ASSAULT

### COUNT II
### Aggravated Sexual Assault
### (Against Murray)

125.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

126.    At all times pertinent hereto the Minor Plaintiff  was under the age of eighteen.

127.    At all times pertinent hereto Murray was acting in a position of authority over the Minor Plaintiff as his Manager and supervisor.

128.    At all times pertinent hereto Murray used his position of authority to coerce the Minor Plaintiff to submit to sexual activity.  Murray used his position of authority to unduly influence the Minor Plaintiff so that he engaged in conduct in which he did not want to engage and for which he did not knowingly, voluntarily and/or legally consent.

129.    As a direct and proximate result of Murray's tortious conduct the Minor Plaintiff

has suffered severe and grievous injury, including but not limited to, prolonged depression, anxiety, insomnia, and physical illness.

130. As a direct and proximate result of Murray's tortious conduct, the Minor Plaintiff has incurred expenses, including but not limited to, counseling and medical and medication expenses, and reasonably anticipates incurring future medical expenses and treatment.

131. Plaintiffs demand judgment against Defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

## COUNT III
### Intentional Tort - Assault and Battery
### (Against Murray)

132. Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

133. Defendant Murray's assault, battery, and abuse of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

134. In perpetuating the ongoing intentional assault, battery, and abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

135. Defendant Murray's sexual abuse of the Minor Plaintiff constitutes an assault and battery that did, in fact, cause injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

136. Plaintiffs demand judgment against defendant Murray in the form of

compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### C.  INTENTIONAL TORT -  INTENTIONAL INFLICTION EMOTIONAL DISTRESS

#### COUNT IV - Intentional Infliction of Emotional Distress (Against Murray)

137.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

138.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes intentional and reckless conduct that inflicted serious emotional distress upon the Plaintiffs.

139.    Defendant Murray, or any other actor, would have been substantially certain at the time he perpetrated the sexual harassment and abuse that it would inflict serious emotional distress upon the victims.

140.    Defendant Murray's conduct of abuse was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Murray's abuse as atrocious and utterly intolerable.

141.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

142.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems

just and equitable.

### COUNT V - Intentional Infliction of Emotional Distress
### (Against Fortier)

143.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

144.     Defendant Fortier knew or should have known of Murray's sexual assault and abuse of the Minor Plaintiff but made and continued to make resources and property available to Murray for him to inflict his assault and abuse *and* failed to stop and/or address it which constitutes intentional and reckless conduct that inflicted serious physical and emotional distress upon the Plaintiff.

145.     Defendant Fortier, or any other actor, would have been substantially certain at the time he knew or should have known of Murray's conduct that it would inflict serious emotional distress upon the Minor Plaintiff.

146.     Defendant Fortier's conduct was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Fortier's conduct as atrocious and utterly intolerable.

147.     The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse tolerated and condoned by Fortier and perpetrated by Murray. The serious emotional distress condoned by Fortier was something that no reasonable person could be expected to endure.

148.     Plaintiffs demand judgment against defendant Fortier in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

## COUNT VI - Intentional Infliction of Emotional Distress
### (Against West Alton Marina)

149.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

150.    Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual abuse and sexual assault of the Minor Plaintiff.

151.    Defendant West Alton Marina, or any other actor, would and should have been substantially certain at the time it engaged in the acts and omissions identified that sexual abuse and sexual assault by its employees and/or agents would inflict serious emotional distress upon the victims.

152.    Defendant West Alton Marina's conduct was so extreme and outrageous that it exceeded all possible bounds of decency.  Our society regards such conduct as atrocious and utterly intolerable because, as alleged, West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge. Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e)

allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring open and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter who was the spouse of an owner.

153.     The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

154.     Plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

## JURY DEMAND

155.    Plaintiffs demand a jury trial on all claims so triable.

                                        Respectfully submitted,

                                        Father and Mother Doe, Individually and as
                                        Parent and Next Friend of John Doe


                                        By and through their attorneys,


Date:   04/06/2022                      /s/ John P. Sherman
                                        John P. Sherman, Esq.
                                        Bar No. 12536
                                        Sherman Law PLLC
                                        11 Bow Street, Unit #2
                                        Portsmouth, NH 03801
                                        (603) 570-4837
                                        jsherman@johnshermanlaw.com

Filed
File Date: 4/6/2022 12:42 PM
Belknap Superior Court
E-Filed Document

Clerk's Notice of Decision
Document Sent to Parties
on 04/07/2022

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                              SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe

v.

West Alton Marina, LLC, John Murray and Brian Fortier

**Granted, subject to
reconsideration at
any time upon
motion of the defendants.**

*Steven M. Houran*

Honorable Steven M. Houran
April 6, 2022

Case Number: 211-2022-CV-00049

## MOTION TO PROCEED UNDER PSEUDONYM

NOW COME the plaintiffs, Father Doe and Mother Doe and move for an Order allowing

that they be permitted to proceed anonymously and in support of which state as follows:

1.  Father Doe and Mother Doe are the parents of the minor plaintiff John Doe.

2.  As is fully detailed in the Complaint, this case involves sexual abuse of the minor

plaintiff by his employer.

3.  As further detailed in the Complaint, the defendants' conduct has caused the minor

plaintiff severe emotional distress.  He suffered and continues to suffer injury including, but not

limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe

disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe

indignation, severe shame, and/or severe despair.

4.  The Plaintiff has required therapy, counseling, and medical care and treatment that is

reasonably expected to continue for the remainder of his life.

5.  Public exposure would likely exacerbate the minor plaintiff's injuries.

6.  Permitting plaintiffs to proceed using pseudonyms will protect the minor plaintiff's

privacy and guard against further damage resulting from unnecessary public disclosure.

1

7.  Upon information and belief, the defendants who engaged in the alleged conduct that forms the basis of the claims are fully aware of the identities of the plaintiffs and will not be prejudiced in any way by plaintiffs' use of pseudonyms in public filings.

WHEREFORE, plaintiffs request an Order:

A.    Allowing them to proceed anonymously in order to maintain the privacy of the minor plaintiff, and

B.    For such other and further relief as justice may require.

<div style="text-align:center">

Respectfully submitted

Father Doe and Mother Doe as Parents and Next Friends of their Minor Child John Doe

By and through their attorneys,

</div>

Date:  04/06/2022

    /s/ John P. Sherman
John P. Sherman, Esq.
Bar No. 12536
Sherman Law PLLC
111 Bow Street, Unit #2
Portsmouth, NH 03801
(603) 570-4837
jsherman@johnshermanlaw.com

<div style="text-align:center">2</div>

Filed
File Date: 4/6/2022 12:42 PM
Belknap Superior Court
E-Filed Document

Case: 211-2022-CV-00049    Document 1521    Filed 06/03/22    Page 255 of 428

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

| Court Name: | **Belknap Superior Court** | |
|---|---|---|
| Case Name: | **Father and Mother Doe** | v. **West Alton Marina, LLC, et als** |
| | Plaintiff | Defendant |
| Case Number: (if known) | 211-2022-CV-00049 | |

## MOTION FOR *EX PARTE* ATTACHMENT

The Plaintiff requests permission to make the following attachments without prior notice to the Defendant:

| Name of Defendant | Category of Property to be attached (check one) | | Amount of attachment |
|---|---|---|---|
| | Real Estate Provide address or book & page reference. Attach additional pages if necessary. | Other | |
| **West Alton Marina, LLC** | See attached | | $ **1,000,000.00** |
| **Brian Fortier** | See attached | | $ **1,000,000.00** |
| | | | $ |

A. The Plaintiff certifies the following facts to establish a reasonable likelihood that he/she will recover the amount stated above. (Specify facts in detail. Attach additional pages if necessary).
**See Complaint filed herewith. Defendant Murray and defendant Fortier are married. Defendant Fortier is a part owner of defendant West Alton Marina with, inter alia, his two sisters. It is alleged that Murray and Fortier sexually abused minor employees of West Alton Marina over a period of years, including the minor plaintiff in 2021. It appears the entity knew of and allowed this to occur.**

B. The Plaintiff asserts that such an attachment is justified on the following grounds:
(Specify which of the statutory grounds for making an *ex parte* attachment applies and detail the facts warranting the application of those grounds. Attach additional pages if necessary).

☐ There is substantial danger the property sought to be attached will be damaged, destroyed, concealed, or removed from the state and placed beyond the attachment jurisdiction of the court.

☐ There is imminent danger of transfer to a bona fide third party.

☑ Other:
**NH has charged defendants Murray and Fortier with, inter alia, sexual assault. Federal charges are also possible. Attachment helps prevent asset dissipation or transfer prior to judgment.**

| **John P. Sherman** | | Signature _(signed)_ | 4/6/2022 |
|---|---|---|---|
| Name of Filer | | (If plaintiff is a corporation or partnership, a duly authorized officer or partner shall sign.) | Date |

| **Sherman Law, PLLC** | **12536** | **(603) 570-4837** |
|---|---|---|
| Law Firm, if applicable | Bar ID # of attorney | Telephone |
| **111 Bow Street, Unit #2** | | **jsherman@johnshermanlaw.com** |
| Address | | E-mail |

| **Portsmouth** | **NH** | **03801** |
|---|---|---|
| City | State | Zip code |

**Case Name: Father and Mother Doe**                    **V. West Alton Marina, LLC, et als**

**Case Number:** _____

<u>**MOTION FOR *EX PARTE* ATTACHMENT**</u>

State of _____, County of ROCKINGHAM

This instrument was acknowledged before me on 4/6/22 by JOHN SHERMAN

My Commission Expires _____

Affix Seal, if any _____        Signature of Notarial Officer / Title

## ORDER

[X]  Motion to attach is denied on an ex parte basis as none of the exceptional circumstances set out in
RSA 511-A:8 appear to be present. Denial is without prejudice to the filing of an attachment request

[ ]  Motion to attach is [ ] granted [ ] granted subject to the following modifications:    with notice.

The Plaintiff is granted permission to make the above attachment(s) and shall complete
service on the Defendant within _____ days.

So ordered.

_Steven M. Houran_

Honorable Steven M. Houran
April 6, 2022

### Clerk's Notice of Decision
### Document Sent to Parties
on  04/07/2022

## NOTICE TO DEFENDANT

The court has authorized the above attachment to secure any judgment or decree that the Plaintiff
may obtain. You have the right to object in writing, ask for a hearing and request that the attachment
be removed. Any objection to this attachment shall be filed in writing within 14 days after service of
this notice on you. If you fail to file such a request within the time specified in the order, you will be
deemed to have waived your right to a hearing with reference to the attachment, but not with
reference to the merits of the Plaintiff's claim.

_____          _____
Date                                            Presiding Justice

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                        SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe
v.

West Alton Marina, LLC, John Murray and Brian Fortier

Case Number 211-2022-CV-00049

**MOTION FOR EX PARTE ATTACHMENT**

Category of Property
To be attached (check one)

| Name of Defendant | Real Estate | Other | Amount |
|---|---|---|---|
| West Alton Marina, LLC | 35 West Alton Marina Road Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 54 West Alton Marina Road Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 58 West Alton Marina Road Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | | Accounts Inventory | $1,000,000 |
| Brian Fortier | 104 Timber Ridge Road Alton, NH | | $1,000,000 |
| Brian Fortier | 281 Cherry Valley Road Alton, NH | | $1,000,000 |
| Brian Fortier | Cherry Valley Road Lot 16/21/0/0; 16/22/1/0 Alton, NH | | $1,000,000 |
| Brian Fortier | Mount Major Highway Lot 62/38/0/0 Alton, NH | | $1,000,000 |

1

Filed
File Date: 4/15/2022 2:47 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                                  SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray and Brian Fortier

Case Number: 211-2022-CV-00049

**MOTION TO AMEND COMPLAINT**

NOW COME the plaintiffs, by and through counsel Sherman Law, PLLC and move for leave pursuant to Sup. Ct. R. 12 to Amend the Complaint and in support of which state as follows:

1.      The plaintiffs have not yet received a summons from the Court.

2.      No service has occurred.

3.      Plaintiffs have identified additional facts, parties and claims for relief.

4.      This is, in part, because the plaintiffs recently received a Notice of Right to Sue from the EEOC which is a predicate to proceeding with additional employment claims.

5.      The two additional defendants are each part-owners of defendant West Alton Marina.

6.      Because there has not yet been any service or responsive pleadings, there is no prejudice to any party.

7.      A copy of the First Amended Complaint is attached hereto.

8.      No memorandum of law accompanies this Motion.

WHEREFORE, Plaintiffs request an Order:

A.      Granting this Motion to Amend;

1

    B.      Adopting the attached First Amended Complaint as the germane pleading in this action; and

    C.      Granting the plaintiffs such other and further relief as the Court deems just and equitable.

Respectfully submitted

FATHER AND MOTHER DOES,
INDIVIDUALLY AND AS PARENT AND
NEXT FRIEND OF JOHN DOE

By and through their attorneys,

Date:   04/15/2022

/s/ *John P. Sherman*
John P. Sherman, Esq.
Bar No. 12536
Sherman Law PLLC
111 Bow Street, Unit #2
Portsmouth, NH 03801
(603) 570-4837
jsherman@johnshermanlaw.com

Approved.
Acting Pursuant to Superior Court
Administrative Rule 1-6.

Abigail Albee, Clerk of Court
April 19, 2022

Clerk's Notice of Decision
Document Sent to Parties
on  04/20/2022

Filed
File Date: 4/15/2022 2:47 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                    SUPERIOR COURT

Father and Mother Doe, Individually and as Parent
and Next Friend of John Doe
123 Main Street
Anytown, USA

v.

West Alton Marina, LLC
35 West Alton Marina Road
Alton Bay, NH 03810

And

John Murray
104 Timber Ridge Road
Alton, NH 03809

And

Brian Fortier
104 Timber Ridge Road
Alton, NH 03809

And

Dierdre Tibbetts
7 David Drive
Belmont, NH 03220

And

Allyson Shea
1430 Mount Major Highway
Alton Bay, NH 03810

Case Number: 211-2022-CV-00049

**<u>FIRST AMENDED
COMPLAINT WITH JURY DEMAND</u>**

1

## PARTIES

1.      Plaintiffs Father and Mother Doe (hereinafter "Plaintiffs") are individuals residing at 123 Main Street, Anytown, USA and are the parents of John Doe (hereinafter "Minor Plaintiff" or "John Doe"), a minor at the time of his employment and the time of this filing.

2.      Defendant West Alton Marina, LLC (hereinafter "West Alton Marina") is a Delaware limited liability company, registered to do business in the State of New Hampshire with a principal office at 35 West Alton Marina Road, Alton Bay, New Hampshire.

3.      Defendant John Murray (hereinafter "Murray") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief Murray is currently being held at the Belknap County House of Corrections, 74 County Drive, Belknap, New Hampshire.

4.      Defendant Brian Fortier (hereinafter "Fortier") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief, Fortier is a part owner of West Alton Marina, LLC and Murray's spouse.

5.      Defendant Deirdre Tibbetts (hereinafter "Tibbets") is an individual residing at 7 David Drive, Belmont, New Hampshire.  Upon information and belief, Tibbets is a part owner of West Alton Marina, LLC and Fortier's sister.

6.      Defendant Allyson Shea (hereinafter "Shea") is an individual residing at 1430 Mount Major Highway, Alton Bay, New Hampshire.  Upon information and belief, Shea is a part owner of West Alton Marina, LLC and Fortier's sister.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this matter pursuant to RSA 491:7.

8.      Venue is proper pursuant to RSA 507:9.

## **FACTUAL ALLEGATIONS**

9.    Unless otherwise identified herein, the following facts pertain to events that
occurred in 2021.

### *Business with Employees*

10.    At all relevant times, Defendant West Alton Marina was a business operating in
Alton New Hampshire.

### *Owner = Position of Power and Authority*

11.    Several individuals had an ownership interest in West Alton Marina.

12.    Fortier was one of the owners.

13.    Fortier's older sister, Tibbetts, and younger sister, Shea, also were part owners.

14.    Tibbetts and Shea also worked directly at the West Alton Marina.

15.    Tibbetts was, inter alia, responsible for employee hours and wages.

16.    Shea was the full-time Manager at the docks and/or market.

17.    As owners, Fortier and his two sisters saw, or should have seen, at least some of
the following conduct.

18.    As owners, Fortier and his two sisters, supervised and/or managed the employees.

19.    As owners, Fortier and his two sisters were in positions of power and authority
over West Alton Marina employees, including the Minor Plaintiff, pursuant to RSA 632-
A:2(I)(K).

### *Manager = Position of Power and Authority*

20.    At all relevant times, Fortier was married to Murray.

21.    Murray was a West Alton Marina employee.

22.     Murray was a Manager.

23.     Fortier and the other owners managed and/or supervised Murray.

24.     As a Manager, Murray was a position of power and authority over subordinate employees pursuant to RSA 632-A:2(I)(K).

25.     Murray was approximately fifty-four (54) years old.

### *John Doe Hired May 2021*

26.     In May 2021, the Minor Plaintiff was seventeen (17) years old.

27.     He applied for employment with West Alton Marina.

28.     Murray interviewed and hired him as a West Alton Marina employee.

### *Knowledge of Murray's Prior Sexual Assaults/Abuse?*

29.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Murray had a history of sexually harassing, assaulting, and/or abusing subordinate employees who worked at West Alton Marina.

30.     Upon information and belief, Fortier and the other owners had knowledge of allegations regarding Murray's harassment, abuse, and/or assault of prior subordinate employees.

31.     Murray's history put Fortier, the other owners, and West Alton Marina on notice that Murray should not be in a position of power and authority over subordinate employees, including minors.

32.     Upon information and belief, despite Fortier and West Alton Marina's knowledge or Murray's conduct, Fortier and West Alton put and kept Murray in the Manager position which they knew was a position of power and authority over subordinates, including minors.

33.     Murray then used this position to harass and abuse subordinate employees, including the Minor Plaintiff.

### *Fortier's Assistance of Murray?*

34.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Fortier had a history of assisting, aiding, and abetting Murray's sexual harassment, assaults, and/or abuse on subordinate employees.

35.     Fortier used his ownership interest in West Alton Marina to assist, aid, and abet Murray's conduct which Fortier knew was, upon information and belief, criminal and/or in violation of employment laws against sexual harassment in the workplace.

### *Murray Hired Employees*

36.     Despite West Alton Marina and Fortier's knowledge of Murray's prior conduct, West Alton Marina and Fortier made Murray responsible, in whole or in part, for hiring subordinate employees.

37.     Murray interviewed prospective employees.

38.     Upon information and belief, Murray used the hiring process to identify individuals to whom he was sexually attracted.

39.     Upon information and belief, Murray used the hiring process to identify individuals whom he believed he could groom for sexual assault and/or abuse.

40.     Fortier and the other owners of West Alton Marina knew or should have known of Murray's use/misuse of the hiring process as identified.

41.     Many of the individuals that Murray and West Alton Marina hired were young men under the age of 18.

42.     It was Murray who interviewed and hired the Minor Plaintiff.

### *Murray Supervised Employees*

43.     Murray directly supervised the employees at West Alton Marina, including the Minor Plaintiff.

44.     Murray assigned subordinate employees, including the Minor Plaintiff, work hours.

45.     Murray assigned subordinate employees, including the Minor Plaintiff, work responsibilities.

46.     Among the responsibilities that Murray assigned to subordinates, including the Minor Plaintiff, was for them to perform manual labor at Murray and Fortier's personal residence.

47.     Fortier and the other West Alton Marina owners were aware that Murray had employees perform work at Murray and Fortier's personal residence and paid for the work through the business.

### *Murray Used Supervisory Position to Groom Employees*

48.     Fortier used his position as owner directly or indirectly to allow Murray, his spouse, to groom subordinate employees for sexual activity.

49.     Murray used his position of power and authority to groom the subordinate employees for sexual activity.

50.     Murray used his position of authority to initiate and engage in communications of a graphic sexual nature with subordinate employees.

51.     Murray prevailed upon subordinate employees to confide and trust in him.

52.     The subordinates, including the Minor Plaintiff, did.

### *Forced Touching At Work During Work Hours*

53.     Murray openly, and in the presence of other managers and owners, engaged in conduct strongly suggestive of improper personal employer/employee boundary violations.

54.     Among other things, Murray would touch subordinate employees in body areas and in ways that suggested sexual groping including the slapping of buttocks.

55.     Without requesting consent, he would kiss employees on their heads.

### *Cash for Sexual Images*

56.     Murray also used psychological and financial manipulation to groom the employees, including the Minor Plaintiff.

57.     Murray solicited explicit sexual pictures and/or videos from subordinates, including the Minor Plaintiff, in exchange for cash.

58.     Among other things, Murray sent subordinate employees, including the Minor Plaintiff, graphic videos depicting him and others engaging in sexual activity.

59.     Murray offered to pay subordinate employees money, including the Minor Plaintiff, if they sent him graphic pictures of their sexual genitalia or videos of them engaging in sexual activity such as masturbation.

60.     The subordinate employees, including the Minor Plaintiff, sent Murray sexual pictures and videos and received cash from Murray in return.

### *Unwelcome Sexual Touching, Groping, Abuse*

61.     Murray also directly engaged individual employees, including the Minor Plaintiff, in physical unwelcome, unwanted, and non-consensual sexual groping and touching.

62.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, during work hours.

7

63.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, in his office or at his workstation at the West Alton Marina location.

64.     Murray used his employment and the facilities to sexually grope and touch employees, including the Minor Plaintiff, at a time when the Minor Plaintiff was working.

65.     Among other things, Murray commanded employees, including the Minor Plaintiff, to his office where Murray made the employees through coercion watch him masturbate.

66.     Murray also commanded employees to his office, including the Minor Plaintiff, where Murray coerced them to allow him to perform sexual activity on them including manual masturbation and fellatio.

### *Company Resources to Assault and Abuse*

67.     West Alton Marina provided Murray resources which he used to commit this harassment, assault, and abuse.

68.     Upon information and belief, Murray used company computers for his conduct.

69.     Upon information and belief, Murray used company email for his conduct.

70.     Upon information and belief, Murray used company issued or reimbursed cellular telephone service for his conduct.

71.     Upon information and belief, Murray used his office for his conduct.

72.     Upon information and belief, Murray used company vehicles and/or equipment and/or personal property for his conduct.

### *Gifts and Use of Personal Property*

73.     Murray also used gifts and his personal property to coerce sexual activity with and from employees including the Minor Plaintiff.

74. This included allowing employees, including the Minor Plaintiff, to use of his car and/or a car owned by Fortier.

### *Owners Knew of Gifts*

75. Fortier, and the other West Alton Marina owners, knew or should have known of these gifts and use of personal property.

76. Despite knowing of them, neither Fortier nor the other owners did anything to stop or address the conduct.

### *Retaliation Against Subordinate Employees*

77. When employees, including the Minor Plaintiff, resisted Murray's advances, groping, or non-consensual touching, he retaliated by, among other things, exhibiting anger, assigning harder responsibilities, not assigning work hours, and in other ways.

78. When employees, including the Minor Plaintiff, capitulated to Murray's advances, groping, or non-consensual touching, he rewarded them by, among other things, providing favorable performance reviews, assigning easier responsibilities, assigning more and better work hours, and in other ways.

79. These actions by Murray forced subordinate employees including the Minor Plaintiff to acquiesce to his conduct.

### *No Written Company Policy*

80. As an employer, West Alton Marina should have had employment policies addressing sexual harassment and sexual assault in the workplace.

81. West Alton Marina had a legal duty to identify such a policy to its employees.

82. West Alton Marina also had a legal duty to train its employees on what constitutes sexual harassment.

83.     West Alton Marina also had a legal duty to train its employees on how to respond to an allegation of sexual harassment and/or abuse.

84.     West Alton Marina had a duty to enforce the law against sexual harassment and sexual assault.

85.     Unfortunately, upon information and belief, West Alton Marina did not have any written sexual harassment policy.

86.     It did not do any sexual harassment training.

87.     It did not educate employees, including Murray, on what constituted sexual harassment.

88.     It did not educate employees on how and to whom they should report sexual harassment.

89.     It did not have an individual who had a written job description identifying as a job responsibility the enforcement of an employment policy against sexual harassment and/or assault.

90.     It did not discipline employees, such as Murray, for engaging in conduct that constituted sexual harassment.

91.     This lack of written policy, training, and enforcement proximately caused Murray's use of his position of authority to engage in unwelcome sexual harassment and abuse upon or toward subordinate employees including the Minor Plaintiff.

92.     This lack of written employment policies proximately caused Murray's ongoing harassment and abuse of employees.

93.     So, too, did the lack of discipline of employees, especially Managers like Murray.

### *Owners Knew or Should Have Known*

94.     Some of this and other conduct like it by Murray happened in the presence of and direct line-of-sight of Fortier and, upon information and belief, other owners, managers, and supervisors.

95.     It put Fortier, other owners, other supervisors, and other managers on notice of Murray's boundary violations with subordinate employees, including the Minor Plaintiff.

96.     Fortier, the other owners, managers, and supervisors, however, did nothing, or far too little, to stop Murray's conduct.

97.     To the contrary, in addition to making West Alton facilities, equipment, and resources available to Murray for abusing employees, Fortier made his personal property and real estate available to Murray *and*  knew that Murray used it to continue his abuse.

98.     The other owners and managers also were aware of Fortier doing this, but did nothing, or far too little, to stop it.

### *Lack of Intervention = Condonation*

99.     The lack of intervention by Fortier, other owners, other supervisors, and other managers emboldened Murray.

100.     The lack of written policy, training, discipline, and enforcement by West Alton Marina tacitly condoned Murray's conduct.

101.     Through its inaction and omissions, the Company ratified and/or consented to the abuse and assault.

102.     It is a proximate and direct reason why Murray's conduct occurred and continued.

*Ended Employment*

103.    The harassment and abuse continued, in some form, throughout the time of John Doe's employment.

104.    In or about mid-August 2021 the Minor Plaintiff was emotionally and physically unable to return to work.

105.    He resigned his position.

106.    This was proximately and directly because objectively the work environment was so hostile and abusive and became so intolerable that resignation from employment was the only fitting response.

*Murray Arrested*

107.    Police arrested Murray.

108.    He was incarcerated.

109.    Police have charged him with numerous crimes including aggravated felonious sexual assault for his conduct toward and upon the Minor Plaintiff.

*Fortier Arrested*

110.    Police arrested Fortier.

111.    Police charged him, too, with crimes including, upon information and belief, aggravated felonious sexual assault.

*Exhaustion Administrative Remedies*

112.    On April 6, 2022 Plaintiffs filed a Charge with the Equal Employment Opportunity Commission that was dually filed with the New Hampshire Human Rights Commission.

113.    The EEOC provided a Notice of Right to Sue on April 7, 2022.

### *Respondeat Superior*

114.    The defendant West Alton Marina is liable through the principle of Respondeat Superior for the acts and omissions by its owner(s), agent(s), staff, administration, and employees as these were either within the course and scope of employment and duties owed by the defendant and/or directly resulted from the opportunit(ies) and resource(s) that West Alton Marina made available to defendant Murray and defendant Fortier despite its knowledge of Murray and Fortier's conduct and that Murray utilized West Alton Marina property and resources and Fortier's property and resources to engage in sexual assault and/or abuse.

### *Conduct Extreme and Outrageous*

115.    West Alton Marina's conduct was extreme and outrageous in that West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray and/or Fortier assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge.  Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual

harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter/abuser who was the spouse of an owner.

### *Proximate and Direct Injury*

116.     As a direct and proximate result of the foregoing, the Minor Plaintiff suffered severe physical injury and damage as well as emotional trauma.  He suffered and continues to suffer injury including, but not limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, and/or severe despair. The Minor Plaintiff has required therapy, counseling, and medical care and treatment that is reasonably expected to continue for the remainder of his life.

## <u>LEGAL CLAIMS</u>

The plaintiffs identify and allege the following claims: (A) Wrongful Termination, (B) Intentional Tort – Assault, (C) Intentional Tort – Intentional Infliction Emotional Distress, (D) Sexual Harassment Claims.

**A.     WRONGFUL TERMINATION**

**COUNT I -     Wrongful Termination/Constructive Discharge**
**                       (Against West Alton Marina)**

117.     Plaintiffs repeat and incorporate by reference the allegations contained in all paragraphs to this complaint.

118.     Over the course of the Minor Plaintiff's employment with West Alton Marina, Murray repeatedly harassed and made sexual and other demands upon the Minor Plaintiff including demands of unwelcome and non-consented to sexual groping and touching.

119.     Murray used his position of authority to compel the Minor Plaintiff's compliance with harassment and his sexual demands.

120.     Murray also used gifts and retaliation to coerce compliance.

121.     West Alton Marina's failure to have a written sexual harassment policy, to train its employees regarding sexual harassment, to educate subordinate employees about what constitutes sexual harassment and how and where to report it, and to have a person responsible for investigating sexual harassment all proximately caused Murray's ongoing harassment and abuse.

122.     West Alton Marina's failure to discipline Murray for prior conduct similarly emboldened him and tacitly condoned his conduct.

123.     The harassment and abuse were ongoing, repetitive, pervasive, and severe such that it created an abusive work environment.

124.     The harassment and abuse the Minor Plaintiff endured made his working conditions so difficult and intolerable that an objective reasonable person subjected to it would have felt forced to resign.

125.     The Minor Plaintiff ended his employment with West Alton Marina because the working conditions were so intolerable and the abuse so pervasive and severe.

126.     He was constructively terminated from employment.

127.     As a result of the foregoing, the Minor Plaintiff suffered and continues to suffer severe physical and emotional harm as a proximate and direct result of defendant's actions.  This includes, but is not limited to, stress, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair and/or public humiliation.  As a direct and proximate result of the foregoing, the plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

128.     Plaintiffs are entitled to and hereby demand all available tort damages for wrongful termination including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which the Plaintiffs are entitled including all interest and fees which are within the jurisdictional limit of this Court.

## B.     INTENTIONAL TORT – ASSAULT

### COUNT II -  Aggravated Sexual Assault
### (Against Murray)

129.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

130.     At all times pertinent hereto the Minor Plaintiff  was under the age of eighteen.

131.     At all times pertinent hereto Murray was acting in a position of authority over the Minor Plaintiff as his Manager and supervisor.

132.     At all times pertinent hereto Murray used his position of authority to coerce the Minor Plaintiff to submit to sexual activity.  Murray used his position of authority to unduly influence the Minor Plaintiff so that he engaged in conduct in which he did not want to engage and for which he did not knowingly, voluntarily and/or legally consent.

133.     As a direct and proximate result of Murray's tortious conduct the Minor Plaintiff has suffered severe and grievous injury, including but not limited to, prolonged depression, anxiety, insomnia, and physical illness.

134.     As a direct and proximate result of Murray's tortious conduct, the Minor Plaintiff has incurred expenses, including but not limited to, counseling and medical and medication expenses, and reasonably anticipates incurring future medical expenses and treatment.

135.     Plaintiffs demand judgment against Defendant Murray in the form of

compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT III - Intentional Tort - Assault and Battery**
**(Against Murray)**

136.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

137.    Defendant Murray's assault, battery, and/or abuse of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

138.    In perpetuating the ongoing intentional assault, battery, and/or abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

139.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes an assault and battery that did, in fact, cause injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

140.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**C.    INTENTIONAL TORT -  INTENTIONAL INFLICTION EMOTIONAL DISTRESS**

**COUNT IV - Intentional Infliction of Emotional Distress (Against Murray)**

141.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set

forth herein.

142.     Defendant Murray's sexual abuse of the Minor Plaintiff constitutes intentional and reckless conduct that inflicted serious emotional distress upon the Plaintiffs.

143.     Defendant Murray, or any other actor, would have been substantially certain at the time he perpetrated the sexual harassment and abuse that it would inflict serious emotional distress upon the victims.

144.     Defendant Murray's conduct of abuse was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Murray's abuse as atrocious and utterly intolerable.

145.     The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

146.     Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT V - Intentional Infliction of Emotional Distress (Against Fortier/Tibbetts/Shea)**

147.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

148.     Defendants Fortier, Tibbetts, and Shea knew or should have known of Murray's sexual assault and abuse of the Minor Plaintiff but made and continued to make resources and property available to Murray for him to inflict his assault and abuse ***and*** failed to stop and/or

18

address it which constitutes intentional and reckless conduct that inflicted serious physical and emotional distress upon the Minor Plaintiff.

149.    Defendant Fortier, Tibbetts, and Shea, or any other actor, would have been substantially certain at the time they knew or should have known of Murray's conduct that it would inflict serious emotional distress upon the Minor Plaintiff.

150.    Defendant Fortier, Tibbetts, and Shea's conduct was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Fortier, Tibbetts and Shea's conduct as atrocious and utterly intolerable.

151.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse tolerated and condoned by Fortier, Tibbetts and Shea and perpetrated by Murray. The serious emotional distress condoned by Fortier, Tibbetts and Shea was something that no reasonable person could be expected to endure.

152.    Plaintiffs demand judgment against defendant Fortier, Tibbetts and Shea in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT VI -  Intentional Infliction of Emotional Distress**
**(Against West Alton Marina)**

153.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

154.    Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and

resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual abuse and sexual assault of the Minor Plaintiff.

155.    Defendant West Alton Marina, or any other actor, would and should have been substantially certain at the time it engaged in the acts and omissions identified that sexual abuse and sexual assault by its employees and/or agents would inflict serious emotional distress upon the victims.

156.    Defendant West Alton Marina's conduct was so extreme and outrageous that it exceeded all possible bounds of decency.  Our society regards such conduct as atrocious and utterly intolerable because, as alleged, West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge. Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter who was the spouse of an owner.

157.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

158.    Plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

## D.    SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT, QUID PRO QUO, AIDING AND ABETTING

### COUNT VII - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
### TITLE VII and RSA 354-A
### (West Alton Marina)

159.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

160.    The Minor Plaintiff was a subordinate employee.

161.    As identified herein, he was subjected to unwelcome sexual harassment from an individual, Murray, who supervised him directly and indirectly.  West Alton Marina is vicariously liable for the sexual harassment to which Murray subjected the Minor Plaintiff.

162.    The harassment to which he was subjected was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

163.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

164.    The company, by failing to address Murray's conduct without protecting company employees like the Minor Plaintiff created and allowed to exist this oppressive, hostile,

21

intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

165.   Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

166.   As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

167.   West Alton Marina was aware of the offensive conduct and actions and could have and should have implemented prompt and appropriate remedies, but failed to do or chose not to do so, and thus ratified and empowered Murray and Fortier--the offending individuals' wrongful conduct—which is, in part, why it occurred and continued to occur.

168.   The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

### COUNT VIII - SEXUAL HARASSMENT/QUID PRO QUO
### TITLE VII and RSA 354-A
### (West Alton Marina)

169.   Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

170.     As identified herein, the Minor Plaintiff was subjected to unwelcome quid pro quo sexual harassment from an individual, Murray, who supervised him directly and indirectly. West Alton Marina is vicariously liable for the sexual harassment to which he subjected the Minor Plaintiff.

171.     Murray made submission to his conduct explicitly or implicitly a term or condition of the Minor Plaintiff's employment.  He made submission to his conduct a basis for decisions regarding his employment.  Murray also punished the Minor Plaintiff for refusing to comply with his conduct.  These actions unreasonably interfered with the Minor Plaintiff's work performance by creating an intimidating, hostile, and offensive work environment.

172.     West Alton Marina is liable for the conduct of Murray and Fortier because the entity and its owners knew of and/or allowed to this oppressive conduct to exist and continue.

173.     The harassment was sufficiently severe and pervasive as to materially alter the Minor Plaintiff's conditions of employment and to create a hostile and abusive working environment such that resignation from employment was a fitting response.

174.     As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of West Alton Marina's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

175.     As a direct and proximate result of the foregoing, the Minor Plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

176.     West Alton Marina was aware of *prior* offensive conduct by Fortier and Murray **and** the offensive conduct herein referenced and that otherwise occurred to the Minor Plaintiff during his employment and could have and should have implemented prompt and appropriate remedies, but chose not to, thus ratifying and empowering the offending individuals' wrongful conduct which is, in part, why it occurred and continued to occur.

177.     Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

178.     The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which he is entitled including all interest.

### COUNT IX - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
### RSA 354-A
### (Murray Individual/Supervisor Liability)

179.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

180.     The Minor Plaintiff was a subordinate employee.

181.     As identified herein, Murray was his supervisor and subjected the Minor Plaintiff to unwelcome sexual harassment.

182.     The harassment to which Murray subjected the Minor Plaintiff was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

183.     The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

184.    Murray created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

185.    Moreover, Murray subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

186.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

187.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

**COUNT X -   SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**
**RSA 354-A**
**(Fortier/Tibbetts/Shea Individual/Supervisor Liability)**

188.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

189.    The Minor Plaintiff was a subordinate employee.

190.    As identified herein, Fortier, Tibbetts, and Shea were owners who supervised Murray who was the Minor Plaintiff's supervisor.

191.    Murray subjected the Minor Plaintiff to unwelcome sexual harassment and Fortier, Tibbetts, and Shea aided and abetted the unwelcome sexual harassment and abuse as identified herein and otherwise.

192.    The harassment to which the Minor Plaintiff was subjected because Fortier, Tibbetts, and Shea aided and abetted it was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

193.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

194.    Because Fortier, Tibbetts, and Shea aided and abetted the conduct, they allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

195.    Moreover, Fortier, Tibbetts, and Shea subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

196.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

197.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

## JURY DEMAND

198.     Plaintiffs demand a jury trial on all claims so triable.

Respectfully submitted,

Father and Mother Doe, Individually and as
Parent and Next Friend of John Doe

By and through their attorneys,

Date:   04/15/2022                      /s/ John P. Sherman
                                        John P. Sherman, Esq.
                                        Bar No. 12536
                                        Sherman Law PLLC
                                        111 Bow Street, Unit #2
                                        Portsmouth, NH 03801
                                        (603) 570-4837
                                        jsherman@johnshermanlaw.com

Filed
File Date: 4/15/2022 2:47 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                              SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray, Brian Fortier,  Dierdre Tibbetts, and Allyson Shea

Case Number: 211-2022-CV-00049

**<u>MOTION TO ATTACH WITH NOTICE</u>**

NOW COMES, the plaintiffs Father and Mother Doe and John Doe by and through their attorneys, Sherman Law, PLLC and move to attach property of the defendants with notice and in support of which state as follows:

1.       As identified in the accompanying First Amended Complaint, the defendants owned and operated West Alton Marina, LLC.

2.       Police arrested defendant Murray following a report by John Doe of the sexual harassment and abuse he was subjected to while working at the West Alton Marina from May 2021 through mid-August 2021.

3.       State and Federal authorities executed a search warrant, seized property, seized evidence, and arrested defendant John Murray.

4.       Upon information and belief, the scope of the defendant's horrific conduct is large.  It may encompass use of the Marina to harass and abuse many employees over many years.

5.       Upon information and belief, because of this Murray has been incarcerated since his arrest in August 2021 (i.e., eight months).  Due to the nature of his alleged conduct and, upon information and belief, the amount of evidence seized he may *never* be released.

6.      Police also arrested Fortier who, it is alleged, also sexually harassed and/or abused Marina employee(s).

7.      Because Federal authorities were involved in the warrant, Federal charges also may be filed.  This necessarily means that there is some inter-state conduct.  It is reasonable to assume, therefore, that there may be ***many*** other victims of these defendants.

8.      Attachment is warranted because review of County property records suggests that at least one of the defendants transferred interests in real estate ***after*** being arrested and incarcerated.

9.      It is not known whether these defendants have insurance.  The types of claims alleged, however, are generally not the type to which insurance applies.  As a result, the defendants' property and assets are the most likely source of their ability to satisfy any judgment.

10.      It does not appear as though Murray now has any assets in his name.

11.      The amount requested is $1,000,000 against the Marina and $500,000 as to each individual defendant.

12.      The Court denied an initial motion to attach on an *ex parte* basis.

13.      This Motion requests attachment ***with*** notice.

14.      Attached hereto as Exhibit 1 is the Court's Motion to Attach form NHJB-2714-Se.

15.      No memorandum of law accompanies this Motion. To the extent it relies upon legal authority, it is herein cited.

WHEREFORE, the plaintiffs respectfully request that the Court enter an Order:

A.      Granting this Motion to Attach with Notice; and

B.      Granting them such other and further relief as the Court deems just and equitable

                                Respectfully submitted,

                                Father and Mother Doe, Individually and as
                                Parent and Next Friend of John Doe

                                By and through their attorneys,

Date:   04/15/2022             /s/ John P. Sherman
                                John P. Sherman, Esq.
                                Bar No. 12536
                                Sherman Law PLLC
                                111 Bow Street, Unit #2
                                Portsmouth, NH 03801
                                (603) 570-4837
                                jsherman@johnshermanlaw.com

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: **Belknap Superior Court**

Case Name: **Father and Mother Doe v. West Alton Marina, et al**

Case Number: **211-2022-CV-00049**
(If known)

## MOTION TO ATTACH WITH NOTICE

The Plaintiff requests permission to make the following attachments in the above-referenced civil action.

| Category of Property to be attached | | | | |
|---|---|---|---|---|
| Name of Defendant | Real Estate | Other | Description | Amount of Attachment |
| **West Alton Marina LLC** <br> West Alton Marina, LLC | ☑ | ☐ <br> X | **See Attachment to Court's Form NHJB-2714-Se** <br> See Attachment to Form | $ **1,000,000.00** <br> $ 1,000,000 |
| **Brian Fortier** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **500,000.00** |
| **Deirdre Tibbetts** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **500,000.00** |
| *Allyson Shea* | X | | *See Attachment to Court's Form NHJB-2714-Se* | $500,000 |

In support of this Motion, the Plaintiff certifies that:
*Please See accompanying Motion and First Amended Complaint*

The plaintiff believes there is reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in the amount of $ **1,000,000.00** .

**John P. Sherman**
Name of Filer

Signature *as Attorney for Father Doe* 4/14/22
To be Signed by the Plaintiff (or Affiant) (In case of a corporation or partnership, a duly authorized officer or partner shall sign.) *and John Doe* Date

**Sherman Law, PLLC** — **12536**
Law Firm, if applicable — Bar ID # of attorney

**111 Bow Street, Unit #2**
Address

**Portsmouth** — **NH** — **03801**
City — State — Zip code

**(603) 570-4837**
Telephone

**jsherman@johnshermanlaw.com**
E-mail

State of **NH** , County of **ROCKINGHAM**

This instrument was acknowledged before me on **4/14/22** by **JOHN P. SHERMAN**

My Commission Expires **OCTOBER 2023**
Affix Seal, if any

Signature of Notarial Officer / Title

NHJB-2714-Se (07/01/2018) — Page 1 of 2

Case Name: **Father and Mother Doe v. West Alton Marina, et al**

Case Number: **211-2022-CV-00049**

**MOTION TO ATTACH WITH NOTICE**

## NOTICE TO THE DEFENDANT

THE PLAINTIFF INTENDS TO ATTACH YOUR PROPERTY, AS SET FORTH IN THE ABOVE MOTION FOR PERMISSION TO DO SO, TO SECURE ANY JUDGMENT OR DECREE THE PLAINTIFF MAY OBTAIN IN THIS ACTION. YOU HAVE THE RIGHT TO OBJECT TO THE ATTACHMENT, AND TO HAVE A HEARING AS TO WHETHER IT SHOULD BE MADE. IF YOU DO WISH TO OBJECT AND HAVE A HEARING, YOU SHOULD FILE A WRITTEN OBJECTION DETAILING THE REASONS THEREFOR, TOGETHER WITH A REQUEST FOR A HEARING, WITH THE CLERK OF COURT NOT LATER THAN 30 DAYS AFTER YOU HAVE BEEN SERVED WITH THE MOTION TO ATTACH.

IF YOU FAIL TO OBJECT BY THAT DATE, YOU WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION.

IF YOU TRANSFER ANY PROPERTY AFTER RECEIVING THIS NOTICE, AND BEFORE THE ATTACHMENT, IF ALLOWED, IS MADE, YOU WILL BE SUBJECT TO THE PROVISIONS OF RSA 511-A: 6.

EVEN IF YOU DO NOT OBJECT TO THE ATTACHMENT, YOU SHOULD FILE AN APPEARANCE AND ANSWER WITH THE CLERK OF COURT BY 30 DAYS AFTER YOU HAVE BEEN SERVED UNLESS YOU ARE WILLING THAT THE PLAINTIFF HAVE JUDGMENT BY DEFAULT.

Plaintiff or Plaintiff's Lawyer

**FOR COURT USE ONLY**

**ORDER**

☐ The motion to attach is denied.

☐ The Plaintiff is granted permission to make the above attachment(s) within _____ days.

_____          _____
Date          Presiding Justice

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                        SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe
v.

West Alton Marina, LLC, John Murray, Brian Fortier

Case Number: 211-2022-CV-00049

**ATTACHMENT TO COURT'S FORM NHJB-2714-Se**

Category of Property
To be attached (check one)

| Name of Defendant | Real Estate | Other | Amount |
|---|---|---|---|
| West Alton Marina, LLC | 35 West Alton Marina Road Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 54 West Alton Marina Road Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 58 West Alton Marina Road Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | | **Accounts Inventory** | **$1,000,000** |
| Brian Fortier | 104 Timber Ridge Road Alton, NH | | $500,000 |
| Brian Fortier Deidre Tibbetts Allyson Shea | 281 Cherry Valley Road Alton, NH | | $500,000 |
| Brian Fortier Deidre Tibbetts Allyson Shea | Cherry Valley Road Lot 16/21/0/0; 16/22/1/0 Alton, NH | | $500,000 |
| Brian Fortier Deidre Tibbetts Allyson Shea | Mount Major Highway Lot 62/38/0/0; 17/31/0/0 Alton, NH | | $500,000 |

Brian Fortier                    1430 Mount Major Highway                    $500,000
Deidre Tibbetts                  Alton, NH
Allyson Shea

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH 03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name: **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number: **211-2022-CV-00049**

Date Complaint Filed: April 06, 2022
A Complaint has been filed against Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| June 04, 2022 | Father Doe; Mother Doe shall have this Summons and the attached Complaint served upon Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| June 25, 2022 | Father Doe; Mother Doe shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
John P. Sherman, ESQ — Sherman Law PLLC 111 Bow St Unit 2 Portsmouth NH 03801
West Alton Marina, LLC — 35 West Alton Marina Road Alton Bay NH 03810
John Murray — 104 Timber Ridge Road Alton NH 03809
Brian Fortier — 104 Timber Ridge Road Alton NH 03809
Diedre Tibbetts — 7 David Drive Belmont NH 03220
Allyson Shea — 1430 Mount Major Highway Alton Bay NH 03810

BY ORDER OF THE COURT

April 20, 2022

Abigail Albee
Clerk of Court

(1082)
NHJB-2678-Se (07/01/2018)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH  03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## FATHER DOE; MOTHER DOE
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:   **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number:   **211-2022-CV-00049**

<u>**Instructions for:**</u> **Father Doe; Mother Doe**

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **June 04, 2022**.
<u>**Further action is required by you**</u>
**You must:**
- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
  - **One Summons**
  - **Once Notice for Defendant**
  - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

**Sheriff Departments in New Hampshire:**

Belknap County Sheriff's Department:
Carroll County Sheriff's Department:
Cheshire County Sheriff's Department:
Coos County Sheriff's Department:
Grafton County Sheriff's Department:

Hillsborough County Sheriff's Department:
Merrimack County Sheriff's Department:
Rockingham County Sheriff's Department:
Strafford County Sheriff's Department:
Sullivan County Sheriff's Department:

**\*If one or more of the parties resides out of state, please click here for the requirements\***
Service must be made upon the defendant before **June 04, 2022**.

If the Sheriff is unable to complete service by **June 04, 2022** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by June 25, 2022.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

# Important Service Information for Sheriff
## Do not file this with the court
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
**PLEASE PRINT CLEARLY**

Date: _____ Case #: _____

**Who are you requesting to be served?**
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____ APT #: _____

_____

Home phone #: _____ Cell phone #: _____

Sex: ☐ Male ☐ Female Race: _____

Last 4 digits of SS#: xxx-xx- ____ ____ ____ ____ D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

**Your Information:**
Name (please print): _____

Residential address: Mailing address:

_____ _____

_____ _____

Phone number to contact you during business hours:

_____ Alternate #: _____

_____
Signature

♦IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL♦

**SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)**

Fees Paid: $_____ Cash #: _____ Check#: _____
Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____
Sheriff File # _____ Authorization #: _____

NHJB-2678-Se (07/01/2018)

<u>Instructions for filing the Return of Service</u>:

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: <u>www.courts.state.nh.us</u>, select the Electronic Services icon and then select the option for a self-represented party.

1.  Select "I am filing into an existing case".  Enter 211-2022-CV-00049 and click Next.

2.  When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3.  Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4.  If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.


**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**


April 20, 2022                                              Abigail Albee
Date                                                            Clerk of Court

You can access documents electronically filed through our Case Access Portal by going to <u>https://odypa.nhecourt.us/portal</u> and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH 03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:     **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number:   **211-2022-CV-00049**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Belknap Superior Court.** Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer. For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process. Click Register and follow the prompts.

2. After you register, click Start Now. Select **Belknap Superior Court** as the location.

3. Select "I am filing into an existing case". Enter **211-2022-CV-00049** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen. On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 4/21/2022 11:51 AM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                                SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray, Brian Fortier, Dierdre Tibbetts, Allyson Shea

Case Number: 211-2022-CV-00049

**<u>ACCEPTANCE OF SERVICE</u>**

Please take notice that Robin D. Melone, Wadleigh, Starr & Peters, PLLC, attorney for

defendant John Murray has been authorized to accept service on behalf of John Murray of the

Summons and Complaint in the above-entitled action for and on behalf of the above-named

defendant with like effect as in hand service upon said defendant.


Date:  4/21/2022            By:  /s/ Robin D. Melone
                                 Robin D. Melone, Bar #16475
                                 Wadleigh, Starr & Peters, PLLC
                                 95 Market Street
                                 Manchester, NH 03101
                                 (603) 669-4140
                                 rmelone@wadleighlaw.com

Filed
File Date: 5/10/2022 10:02 AM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                              SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray, Brian Fortier, Dierdre Tibbetts, Allyson Shea

Case Number: 211-2022-CV-00049

## ACCEPTANCE OF SERVICE

Please take notice that William E. Christie, Shaheen & Gordon, P.A., attorney for
defendants West Alton Marina, LLC and Brian Fortier has been authorized to accept service on
behalf of West Alton Marina, LLC and Brian Fortier of the Summons and Complaint in the
above-entitled action for and on behalf of the above-named defendants with like effect as in hand
service upon said defendants.

Date: May 10, 2022                              /s/ William E. Christie
                                                William E. Christie, Bar No. 11255
                                                Shaheen & Gordon, P.A.
                                                107 Storrs Street
                                                P.O. Box 2703
                                                Concord, NH 03302
                                                (603) 225-7262
                                                wchristie@shaheengordon.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been filed with the Court using
the Court's filing system and served on all counsel of record.

Date:  May 10, 2022                             /s/ William E. Christie
                                                William E. Christie

**Filed**
**File Date: 5/11/2022 1:58 PM**
**Belknap Superior Court**
**E-Filed Document**

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: _____

Case Name: _____

Case Number: _____
(if known)

## APPEARANCE/WITHDRAWAL

**APPEARANCE**

Type of appearance (Select One)

☐ Appearance          ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

_____

_____

_____

Select One:

☐ As Counsel for:

_____
(Name)                    (Address)                  (Telephone Number)

_____
(Name)                    (Address)                  (Telephone Number)

_____
(Name)                    (Address)                  (Telephone Number)

_____
(Name)                    (Address)                  (Telephone Number)

_____
(Name)                    (Address)                  (Telephone Number)

☐ I will represent myself (*self-represented*)

**WITHDRAWAL**

As Counsel for _____  _____  _____

Type of Representation: (Select one)

☐ Appearance:

    ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

_____

    ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)

    ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

    ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

**Case Name:** _____

**Case Number:** _____

**APPEARANCE/WITHDRAWAL** _____

---

*For non e-filed cases:*

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____          _____
Other party                                                          Other party's attorney

---

**OR**

---

*For e-filed cases:*

☐   I state that on this date I am sending a copy of this document as required by the rules of the court.  I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case.  I am mailing or hand-delivering copies to all other interested parties.

---

_____
Name of Filer

_____
Law Firm, if applicable          Bar ID # of attorney

_____
Address

_____
City                    State        Zip code

_____
Signature of Filer                              Date

_____
Telephone

_____
E-mail

_____
Name of Filer

_____
Law Firm, if applicable          Bar ID # of attorney

_____
Address

_____
City                    State        Zip code

_____
Signature of Filer                              Date

_____
Telephone

_____
E-mail

Filed
File Date: 5/12/2022 12:19 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                                    SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray and Brian Fortier

Case Number: 211-2022-CV-00049

## SECOND MOTION TO AMEND COMPLAINT

NOW COME the plaintiffs, by and through counsel Sherman Law, PLLC and move for

leave pursuant to Sup. Ct. R. 12 to Amend the Complaint and in support of which state as

follows:

1.        Since the filing of suit, additional victims have come forward.

2.        Additional facts have been discovered that are directly relevant to these plaintiffs'

claims.

3.        The plaintiffs are in the process of completing service.  Two defendants (Murray

and Fortier) accepted service through counsel.

4.        No responsive pleadings, however, have been filed.

5.        Counsel that has appeared for Murray and Fortier have been consulted regarding

this Second Motion to Amend.

6.        Counsel for Murray, Robin Melone, has advised that Mr. Murray does not assent

to the motion.

7.        Counsel for West Alton Marina and Fortier, Attorney Christie, received a copy of

these filings in advance but as of the time of this filing has not advised if his clients assent or not.

8.        A copy of the Second Amended Complaint is attached hereto.

1

9.      No memorandum of law accompanies this Motion.

WHEREFORE, Plaintiffs request an Order:

A.      Granting this Second Motion to Amend;

B.      Adopting the attached Second Amended Complaint as the germane pleading in this action; and

C.      Granting the plaintiffs such other and further relief as the Court deems just and equitable.

Respectfully submitted

FATHER AND MOTHER DOES,
INDIVIDUALLY AND AS PARENT AND
NEXT FRIEND OF JOHN DOE

By and through their attorneys,

Date:   05/12/2022                              /s/ John P. Sherman
                                                John P. Sherman, Esq.
                                                Bar No. 12536
                                                Sherman Law PLLC
                                                111 Bow Street, Unit #2
                                                Portsmouth, NH 03801
                                                (603) 570-4837
                                                jsherman@johnshermanlaw.com


## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Answer was served through the court's electronic filing system upon all counsel of record.

Date:   05/12/2022                              /s/ John P. Sherman
                                                John P. Sherman, Esq.

Filed
File Date: 5/12/2022 12:19 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                        SUPERIOR COURT

Father and Mother Doe, Individually and as Parent
and Next Friend of John Doe
123 Main Street
Anytown, USA

v.

West Alton Marina, LLC
35 West Alton Marina Road
Alton Bay, NH 03810

And

John Murray
104 Timber Ridge Road
Alton, NH 03809

And

Brian Fortier
104 Timber Ridge Road
Alton, NH 03809

And

Dierdre Tibbetts
7 David Drive
Belmont, NH 03220

And

Allyson Shea
1430 Mount Major Highway
Alton Bay, NH 03810

Case Number: 211-2022-CV-00049

**<u>SECOND AMENDED
COMPLAINT WITH JURY DEMAND</u>**

1

## Summary of Case

Over a period of many years, the defendants used the West Alton Marina to groom minors for sexual activity.  John Murray, married to owner Brian Fortier, sexually exploited minors including prostituting employees to customers.

There was almost daily evidence of this.  Employees and even some customers reported Murray's conduct to the Marina owners.  Yet, the owners did nothing.

So brazen did Murray become that his outrageous sexual conduct included activity with the Gilford Police Chief.  He then used this association to confuse, intimidate, and groom.

This action seeks accountability for the physical harm and emotional confusion these defendants inflicted on so many children and young adults.

## PARTIES

1.     Plaintiffs Father and Mother Doe (hereinafter "Plaintiffs") are individuals residing at 123 Main Street, Anytown, USA and are the parents of John Doe (hereinafter "Minor Plaintiff" or "John Doe"), a minor at the time of his employment and the time of this filing.

2.     Defendant West Alton Marina, LLC (hereinafter "West Alton Marina") is a Delaware limited liability company, registered to do business in the State of New Hampshire with a principal office at 35 West Alton Marina Road, Alton Bay, New Hampshire.

3.     Defendant John Murray (hereinafter "Murray") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief Murray is currently being held at the Belknap County House of Corrections, 74 County Drive, Belknap, New Hampshire.

4.     Defendant Brian Fortier (hereinafter "Fortier") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief, Fortier is a part owner of West Alton Marina, LLC and Murray's spouse.

5.     Defendant Deirdre Tibbetts (hereinafter "Tibbets") is an individual residing at 7 David Drive, Belmont, New Hampshire.  Upon information and belief, Tibbets is a part owner of West Alton Marina, LLC and Fortier's sister.

6.     Defendant Allyson Shea (hereinafter "Shea") is an individual residing at 1430 Mount Major Highway, Alton Bay, New Hampshire.  Upon information and belief, Shea is a part owner of West Alton Marina, LLC and Fortier's sister.

## JURISDICTION AND VENUE

7.     The Court has jurisdiction over this matter pursuant to RSA 491:7.

8.     Venue is proper pursuant to RSA 507:9.

## FACTUAL ALLEGATIONS

9.     Unless otherwise identified herein, the following facts pertain to events that occurred in 2021.

### *Business with Employees*

10.     At all relevant times, Defendant West Alton Marina was a business operating in Alton New Hampshire.

### *Owner = Position of Power and Authority*

11.     Several individuals had an ownership interest in West Alton Marina.

12.     Fortier was one of the owners.

13.     Fortier's older sister, Tibbetts, and younger sister, Shea, also were part owners.

14.     Tibbetts and Shea also worked directly at the West Alton Marina.

15.     Tibbetts was, inter alia, responsible for employee hours and wages.

16.     Shea was the full-time Manager at the docks and/or market.

17.     As owners, Fortier and his two sisters saw, or should have seen, at least some of the following conduct.

18.     As owners, Fortier and his two sisters, supervised and/or managed the employees.

19.     As owners, Fortier and his two sisters were in positions of power and authority over West Alton Marina employees, including the Minor Plaintiff, pursuant to RSA 632-A:2(I)(K).

### *Manager = Position of Power and Authority*

20.     At all relevant times, Fortier was married to Murray.

21.     Murray was a West Alton Marina employee.

22.     Murray was a Manager.

23.     Fortier and the other owners managed and/or supervised Murray.

24.     As a Manager, Murray was a position of power and authority over subordinate employees pursuant to RSA 632-A:2(I)(K).

25.     Murray was approximately fifty-four (54) years old.

### *John Doe Hired May 2021*

26.     In May 2021, the Minor Plaintiff was seventeen (17) years old.

27.     He applied for employment with West Alton Marina.

28.     Murray interviewed and hired him as a West Alton Marina employee.

### *Knowledge of Murray's Prior Sexual Assaults/Abuse?*

29.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Murray had a history of sexually harassing, assaulting, and/or abusing subordinate employees who worked at West Alton Marina.

30.     Upon information and belief, Fortier and the other owners had knowledge of allegations regarding Murray's harassment, abuse, and/or assault of prior subordinate employees.

31.     Murray's history put Fortier, the other owners, and West Alton Marina on notice that Murray should not be in a position of power and authority over subordinate employees, including minors.

32.     Upon information and belief, despite Fortier and West Alton Marina's knowledge or Murray's conduct, Fortier and West Alton put and kept Murray in the Manager position which they knew was a position of power and authority over subordinates, including minors.

33.     Murray then used this position to harass and abuse subordinate employees, including the Minor Plaintiff.

### *Fortier's Assistance of Murray?*

34.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Fortier had a history of assisting, aiding, and abetting Murray's sexual harassment, assaults, and/or abuse on subordinate employees.

35.     Fortier used his ownership interest in West Alton Marina to assist, aid, and abet Murray's conduct which Fortier knew was, upon information and belief, criminal and/or in violation of employment laws against sexual harassment in the workplace.

### *Murray Hired Employees*

36.      Despite West Alton Marina and Fortier's knowledge of Murray's prior conduct, West Alton Marina and Fortier made Murray responsible, in whole or in part, for hiring subordinate employees.

37.      Murray interviewed prospective employees.

38.      Upon information and belief, Murray used the hiring process to identify individuals to whom he was sexually attracted.

39.      Upon information and belief, Murray used the hiring process to identify individuals whom he believed he could groom for sexual assault and/or abuse.

40.      Fortier and the other owners of West Alton Marina knew or should have known of Murray's use/misuse of the hiring process as identified.

41.      Many of the individuals that Murray and West Alton Marina hired were young men under the age of 18.

42.      It was Murray who interviewed and hired the Minor Plaintiff.

### *Murray Supervised Employees*

43.      Murray directly supervised the employees at West Alton Marina, including the Minor Plaintiff.

44.      Murray assigned subordinate employees, including the Minor Plaintiff, work hours.

45.      Murray assigned subordinate employees, including the Minor Plaintiff, work responsibilities.

46.     Among the responsibilities that Murray assigned to subordinates, including the Minor Plaintiff, was for them to perform manual labor at Murray and Fortier's personal residence.

47.     Fortier and the other West Alton Marina owners were aware that Murray had employees perform work at Murray and Fortier's personal residence and paid for the work through the business.

### *Murray Used Supervisory Position to Groom Employees*

48.     Fortier used his position as owner directly or indirectly to allow Murray, his spouse, to groom subordinate employees for sexual activity.

49.     Murray used his position of power and authority to groom the subordinate employees for sexual activity.

50.     Murray used his position of authority to initiate and engage in communications of a graphic sexual nature with subordinate employees.

51.     Murray prevailed upon subordinate employees to confide and trust in him.

52.     The subordinates, including the Minor Plaintiff, did.

### *Forced Touching At Work During Work Hours*

53.     Murray openly, and in the presence of other managers and owners, engaged in conduct strongly suggestive of improper personal employer/employee boundary violations.

54.     Among other things, Murray would touch subordinate employees in body areas and in ways that suggested sexual groping including the slapping of buttocks.

55.     Without requesting consent, he would kiss employees on their heads.

### *Cash for Sexual Images*

56.      Murray also used psychological and financial manipulation to groom the employees, including the Minor Plaintiff.

57.      Murray solicited explicit sexual pictures and/or videos from subordinates, including the Minor Plaintiff, in exchange for cash.

58.      Among other things, Murray sent subordinate employees, including the Minor Plaintiff, graphic videos depicting him and others engaging in sexual activity.

59.      Murray offered to pay subordinate employees money, including the Minor Plaintiff, if they sent him graphic pictures of their sexual genitalia or videos of them engaging in sexual activity such as masturbation.

60.      The subordinate employees, including the Minor Plaintiff, sent Murray sexual pictures and videos and received cash from Murray in return.

### *Unwelcome Sexual Touching, Groping, Abuse*

61.      Murray also directly engaged individual employees, including the Minor Plaintiff, in physical unwelcome, unwanted, and non-consensual sexual groping and touching.

62.      Murray sexually groped and improperly touched employees, including the Minor Plaintiff, during work hours.

63.      Murray sexually groped and improperly touched employees, including the Minor Plaintiff, in his office or at his workstation at the West Alton Marina location.

64.      Murray used his employment and the facilities to sexually grope and touch employees, including the Minor Plaintiff, at a time when the Minor Plaintiff was working.

65.     Among other things, Murray commanded employees, including the Minor Plaintiff, to his office where Murray made the employees through coercion watch him masturbate.

66.     Murray also commanded employees to his office, including the Minor Plaintiff, where Murray coerced them to allow him to perform sexual activity on them including manual masturbation and fellatio.

### *Company Resources to Assault and Abuse*

67.     West Alton Marina provided Murray resources which he used to commit this harassment, assault, and abuse.

68.     Upon information and belief, Murray used company computers for his conduct.

69.     Upon information and belief, Murray used company email for his conduct.

70.     Upon information and belief, Murray used company issued or reimbursed cellular telephone service for his conduct.

71.     Upon information and belief, Murray used his office for his conduct.

72.     Upon information and belief, Murray used company vehicles and/or equipment and/or personal property for his conduct.

### *Gifts and Use of Personal Property*

73.     Murray also used gifts and his personal property to coerce sexual activity with and from employees including the Minor Plaintiff.

74.     This included allowing employees, including the Minor Plaintiff, to use of his car and/or a car owned by Fortier.

*Owners Knew of Gifts*

75.     Fortier, and the other West Alton Marina owners, knew or should have known of these gifts and use of personal property.

76.     Despite knowing of them, neither Fortier nor the other owners did anything to stop or address the conduct.

*Gilford Police Chief Involved In Conduct*

77.     Murray also confused and intimidated employees by using the power of the police.

78.     Specifically, he advised the employees, including John Doe, that he was involved in a sexual relationship with the Gilford Chief of Police who he would meet with for sex.

79.     Claiming it was a joke, Murray would comment that he was going to get John Doe involved in sex with the Chief.

80.     Upon information and belief, Murray used this to intimidate employees and to try to convince them, including John Doe, that his sexual conduct during work hours was not improper.

81.     Murray also specifically targeted John Doe with the information about his sexual activity with the Police Chief, to prevent John Doe from reporting what was happening to the police.

*Shirts With Sexual Images and Jokes*

82.     Murray also sometimes provided employees shirts that he required them to wear while working at the Marina.

83.     These shirts had sexual images and sexual jokes on them.

84.     On one, by way of example, it said: "The guest always comes first (I'll take care of myself later)" with an image of large white blotch obviously intended to represent semen.

### *Retaliation Against Subordinate Employees*

85.     When employees, including the Minor Plaintiff, resisted Murray's advances, groping, or non-consensual touching, he retaliated by, among other things, exhibiting anger, assigning harder responsibilities, not assigning work hours, and in other ways.

86.     When employees, including the Minor Plaintiff, capitulated to Murray's advances, groping, or non-consensual touching, he rewarded them by, among other things, providing favorable performance reviews, assigning easier responsibilities, assigning more and better work hours, and in other ways.

87.     These actions by Murray forced subordinate employees including the Minor Plaintiff to acquiesce to his conduct.

### *No Written Company Policy*

88.     As an employer, West Alton Marina should have had employment policies addressing sexual harassment and sexual assault in the workplace.

89.     West Alton Marina had a legal duty to identify such a policy to its employees.

90.     West Alton Marina also had a legal duty to train its employees on what constitutes sexual harassment.

91.     West Alton Marina also had a legal duty to train its employees on how to respond to an allegation of sexual harassment and/or abuse.

92.     West Alton Marina had a duty to enforce the law against sexual harassment and sexual assault.

93.    Unfortunately, upon information and belief, West Alton Marina did not have any written sexual harassment policy.

94.    It did not do any sexual harassment training.

95.    It did not educate employees, including Murray, on what constituted sexual harassment.

96.    It did not educate employees on how and to whom they should report sexual harassment.

97.    It did not have an individual who had a written job description identifying as a job responsibility the enforcement of an employment policy against sexual harassment and/or assault.

98.    It did not discipline employees, such as Murray, for engaging in conduct that constituted sexual harassment.

99.    This lack of written policy, training, and enforcement proximately caused Murray's use of his position of authority to engage in unwelcome sexual harassment and abuse upon or toward subordinate employees including the Minor Plaintiff.

100.    This lack of written employment policies proximately caused Murray's ongoing harassment and abuse of employees.

101.    So, too, did the lack of discipline of employees, especially Managers like Murray.

### *Owners Knew or Should Have Known*

102.    Some of this and other conduct like it by Murray happened in the presence of and direct line-of-sight of Fortier and, upon information and belief, other owners, managers, and supervisors.

103.    It put Fortier, other owners, other supervisors, and other managers on notice of Murray's boundary violations with subordinate employees, including the Minor Plaintiff.

104.    Moreover, upon information and belief, adult employees of the Marina specifically advised the owners, including the defendants' named herein, of Murray's abuse, harassment, and assaults of subordinate employees and Murray's sexual activity with Marina customers.

105.    These owners/defendants, however, did nothing, or far too little, to stop Murray's conduct.

106.    To the contrary, in addition to making West Alton facilities, equipment, and resources available to Murray for abusing employees, Fortier made his personal property and real estate available to Murray *and* knew that Murray used it to continue his abuse.

107.    The other owners and managers also were aware of Fortier doing this, but did nothing, or far too little, to stop it.

### *Lack of Intervention = Condonation*

108.    The lack of intervention by Fortier, other owners, other supervisors, and other managers emboldened Murray.

109.    The lack of written policy, training, discipline, and enforcement by West Alton Marina tacitly condoned Murray's conduct.

110.    Through its inaction and omissions, the Company ratified and/or consented to the abuse and assault.

111.    It is a proximate and direct reason why Murray's conduct occurred and continued.

### *Ended Employment*

112.    The harassment and abuse continued, in some form, throughout the time of John Doe's employment.

113.    In or about mid-August 2021 the Minor Plaintiff was emotionally and physically unable to return to work.

114.    He resigned his position.

115.    This was proximately and directly because objectively the work environment was so hostile and abusive and became so intolerable that resignation from employment was the only fitting response.

### *Murray Arrested*

116.    Police arrested Murray.

117.    He was incarcerated.

118.    Police have charged him with numerous crimes including aggravated felonious sexual assault for his conduct toward and upon the Minor Plaintiff.

### *Fortier Arrested*

119.    Police arrested Fortier.

120.    Police charged him, too, with crimes including, upon information and belief, aggravated felonious sexual assault.

### *Exhaustion Administrative Remedies*

121.    On April 6, 2022 Plaintiffs filed a Charge with the Equal Employment Opportunity Commission that was dually filed with the New Hampshire Human Rights Commission.

122.    The EEOC provided a Notice of Right to Sue on April 7, 2022.

### *Respondeat Superior*

123.    The defendant West Alton Marina is liable through the principle of Respondeat Superior for the acts and omissions by its owner(s), agent(s), staff, administration, and employees as these were either within the course and scope of employment and duties owed by the defendant and/or directly resulted from the opportunit(ies) and resource(s) that West Alton Marina made available to defendant Murray and defendant Fortier despite its knowledge of Murray and Fortier's conduct and that Murray utilized West Alton Marina property and resources and Fortier's property and resources to engage in sexual assault and/or abuse.

### *Conduct Extreme and Outrageous*

124.    West Alton Marina's conduct was extreme and outrageous in that West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray and/or Fortier assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge.  Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual

harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter/abuser who was the spouse of an owner.

### *Proximate and Direct Injury*

125.    As a direct and proximate result of the foregoing, the Minor Plaintiff suffered severe physical injury and damage as well as emotional trauma.  He suffered and continues to suffer injury including, but not limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, and/or severe despair. The Minor Plaintiff has required therapy, counseling, and medical care and treatment that is reasonably expected to continue for the remainder of his life.

## LEGAL CLAIMS

The plaintiffs identify and allege the following claims: (A) Wrongful Termination, (B) Intentional Tort – Assault, (C) Intentional Tort – Intentional Infliction Emotional Distress, (D) Sexual Harassment Claims.

### A.    WRONGFUL TERMINATION

#### COUNT I -    Wrongful Termination/Constructive Discharge
(Against West Alton Marina)

126.    Plaintiffs repeat and incorporate by reference the allegations contained in all paragraphs to this complaint.

127.    Over the course of the Minor Plaintiff's employment with West Alton Marina, Murray repeatedly harassed and made sexual and other demands upon the Minor Plaintiff including demands of unwelcome and non-consented to sexual groping and touching.

128.    Murray used his position of authority to compel the Minor Plaintiff's compliance with harassment and his sexual demands.

129.    Murray also used gifts and retaliation to coerce compliance.

130.    West Alton Marina's failure to have a written sexual harassment policy, to train its employees regarding sexual harassment, to educate subordinate employees about what constitutes sexual harassment and how and where to report it, and to have a person responsible for investigating sexual harassment all proximately caused Murray's ongoing harassment and abuse.

131.    West Alton Marina's failure to discipline Murray for prior conduct similarly emboldened him and tacitly condoned his conduct.

132.    The harassment and abuse were ongoing, repetitive, pervasive, and severe such that it created an abusive work environment.

133.    The harassment and abuse the Minor Plaintiff endured made his working conditions so difficult and intolerable that an objective reasonable person subjected to it would have felt forced to resign.

134.    The Minor Plaintiff ended his employment with West Alton Marina because the working conditions were so intolerable and the abuse so pervasive and severe.

135.    He was constructively terminated from employment.

136.    As a result of the foregoing, the Minor Plaintiff suffered and continues to suffer severe physical and emotional harm as a proximate and direct result of defendant's actions.  This includes, but is not limited to, stress, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair and/or public humiliation.  As a direct and proximate result of the foregoing, the plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

137.    Plaintiffs are entitled to and hereby demand all available tort damages for wrongful termination including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which the Plaintiffs are entitled including all interest and fees which are within the jurisdictional limit of this Court.

**B.    INTENTIONAL TORT – ASSAULT**

**COUNT II -  Aggravated Sexual Assault**
**(Against Murray)**

138.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

139.    At all times pertinent hereto the Minor Plaintiff  was under the age of eighteen.

140.    At all times pertinent hereto Murray was acting in a position of authority over the Minor Plaintiff as his Manager and supervisor.

141.    At all times pertinent hereto Murray used his position of authority to coerce the Minor Plaintiff to submit to sexual activity including sexual penetration and contact as identified within RSA 632-A.  Murray used his position of authority to unduly influence the Minor Plaintiff so that he engaged in conduct in which he did not want to engage and for which he did not knowingly, voluntarily and/or legally consent.

142.    Defendant Murray acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by its act and the plaintiff was put into such an imminent apprehension and subjected to physical sexual penetration and contact.

143.    Moreover, defendant Murray acted with the intention of affecting and/or

subjecting a third person(s) to assault but caused an imminent fear of offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though it intended it to affect the plaintiff.

144.    Throughout the time of his employment, and at the times herein identified, the plaintiff was in apprehension of impending physical contact because he believed that the defendants' acts would result in imminent contact of him unless prevented by his own self-defensive action or his flight or intervention by some outside force.

145.    As a direct and proximate result of Murray's tortious conduct the Minor Plaintiff has suffered severe and grievous injury, including but not limited to, prolonged depression, anxiety, insomnia, and physical illness.

146.    As a direct and proximate result of Murray's tortious conduct, the Minor Plaintiff has incurred expenses, including but not limited to, counseling and medical and medication expenses, and reasonably anticipates incurring future medical expenses and treatment.

147.    Plaintiffs demand judgment against Defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT III - Intentional Tort - Assault
### (Against Murray)

148.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

149.    Defendant Murray's assault, battery, and/or abuse of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

150.    In perpetuating the ongoing intentional assault and/or abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

151.    Defendant Murray acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by its act and the plaintiff was put into such an imminent apprehension.

152.    Moreover, defendant Murray acted with the intention of affecting and/or subjecting a third person(s) to assault but caused an imminent fear of offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though it intended it to affect the plaintiff.

153.    Throughout the time of his employment, and at the times herein identified, the plaintiff was in apprehension of impending physical contact because he believed that the defendants' acts would result in imminent contact of him unless prevented by his own self-defensive action or his flight or intervention by some outside force.

154.    Defendant Murray's assaulted the Minor Plaintiff and,  in fact, caused injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

155.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT IV -  Intentional Tort - Battery
### (Against Murray)

156.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set

forth herein.

157.     Defendant Murray's battery of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

158.     Defendant Murray acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by his/her act and an offensive contact with plaintiff directly or indirectly resulted.

159.      Moreover, the defendants acted with the intention of affecting and/or subjecting a third person(s) to battery but caused an offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though he/she intended to so affect him.

160.     In perpetuating the ongoing intentional assault and abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

161.     Defendant Murray's sexual abuse of the Minor Plaintiff constitutes an assault and battery that did, in fact, cause injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

162.     Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

## C.     INTENTIONAL TORT -  INTENTIONAL INFLICTION EMOTIONAL DISTRESS

### COUNT V - Intentional Infliction of Emotional Distress (Against Murray)

163.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

164.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes intentional and reckless conduct that inflicted serious emotional distress upon the Plaintiffs.

165.    Defendant Murray, or any other actor, would have been substantially certain at the time he perpetrated the sexual harassment and abuse that it would inflict serious emotional distress upon the victims.

166.    Defendant Murray's conduct of abuse was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Murray's abuse as atrocious and utterly intolerable.

167.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

168.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT VI - Intentional Infliction of Emotional Distress (Against Fortier/Tibbetts/Shea)**

169.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

170.    Defendants Fortier, Tibbetts, and Shea knew or should have known of Murray's

sexual assault and abuse of the Minor Plaintiff but made and continued to make resources and property available to Murray for him to inflict his assault and abuse **and** failed to stop and/or address it which constitutes intentional and reckless conduct that inflicted serious physical and emotional distress upon the Minor Plaintiff.

171.    Defendant Fortier, Tibbetts, and Shea, or any other actor, would have been substantially certain at the time they knew or should have known of Murray's conduct that it would inflict serious emotional distress upon the Minor Plaintiff.

172.    Defendant Fortier, Tibbetts, and Shea's conduct was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Fortier, Tibbetts and Shea's conduct as atrocious and utterly intolerable.

173.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse tolerated and condoned by Fortier, Tibbetts and Shea and perpetrated by Murray. The serious emotional distress condoned by Fortier, Tibbetts and Shea was something that no reasonable person could be expected to endure.

174.    Plaintiffs demand judgment against defendant Fortier, Tibbetts and Shea in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT VII - Intentional Infliction of Emotional Distress
### (Against West Alton Marina)

175.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

176.    Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, other owners, other managers, and other employees

and agents whose conduct, as identified herein and otherwise, was within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual abuse and sexual assault of the Minor Plaintiff.

177.    Defendant West Alton Marina, or any other actor, would and should have been substantially certain at the time it engaged in the acts and omissions identified that sexual abuse and sexual assault by its employees and/or agents would inflict serious emotional distress upon the victims.

178.    Defendant West Alton Marina's conduct was so extreme and outrageous that it exceeded all possible bounds of decency.  Our society regards such conduct as atrocious and utterly intolerable because, as alleged, West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge. Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault

and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter who was the spouse of an owner.

179.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

180.    Plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT VIII – INTENTIONAL TORT ASSAULT (WEST ALTON MARINA)

181.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

182.    Defendant West Alton Marina is liable for the intentional tort(s) of its employee Defendant Murray through the principle of Respondeat superior.  Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, Tibbetts, Shea, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was either within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual harassment and sexual assault of John Doe.

183.    Defendant West Alton Marina is liable for the intentional tort(s) of its employee Defendant Murray through the principles of ratification.  West Alton Marina ratified Murray's

conduct by its own acts, conduct, and affirmative acquiescence. Specifically, West Alton Marina failed to repudiate Murray's tortious acts despite its knowledge of, or possession of facts sufficient for the knowledge of, Murray's extreme and outrageous conduct.

184. Defendant and the defendants for whose conduct defendant West Alton Marina is liable acted with the intention of causing harmful or offensive contact with the plaintiff or with the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by its act and the plaintiff was put into such an imminent apprehension.

185. Moreover, the defendants acted with the intention of affecting and/or subjecting a third person(s) to assault but caused an imminent fear of offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though it intended it to affect John Doe.

186. Throughout the time of his employment, and at the times herein identified, John Doe was in apprehension of impending physical contact because he believed that the defendants' acts would result in imminent contact of him unless prevented by his own self-defensive action or his flight or intervention by some outside force.

187. In perpetuating the ongoing intentional assault of John Doe, defendant placed John Doe in continued fear for his safety and well-being.

188. Defendants' conduct did, in fact, cause physical injuries, damages and losses to John Doe including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

189. The plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems

just and equitable.

## COUNT IX – INTENTIONAL TORT – BATTERY
### (WEST ALTON MARINA)

190.     Plaintiff incorporates herein all allegations within this Complaint as if fully set forth herein.

191.     Defendant West Alton Marina employed and was and is responsible through the principle of Respondeat Superior for the acts and omissions of defendants Murray, Fortier, Tibbetts, Shea, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was either within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual harassment and sexual assault of John Doe.

192.     West Alton Marina also ratified Murray's conduct by its own acts, conduct, and affirmative acquiescence.  Specifically, West Alton Marina failed to repudiate Murray's tortious acts despite its knowledge of, or possession of facts sufficient for the knowledge of, Murray's extreme and outrageous conduct.

193.     Defendant West Alton Marina, or any other actor, would and should have been substantially certain at the time it engaged in the acts and omissions identified that battery by its employees and/or agents would inflict serious emotional distress upon the victims.

194.     By failing to have written employment policies in place and to train employees about the sexual harassment and abuse and battery, the West Alton Marina was complicit in, if not directly caused, the egregious conduct of its owners and/or managers as described herein.

195.     Defendant and the defendants for whose conduct defendant West Alton Marina is liable acted with the intention of causing harmful or offensive contact with the plaintiff or with

the intention of causing imminent apprehension of such contact or with knowledge that such a result would to a substantial certainty be produced by his/her act and an offensive contact with plaintiff directly or indirectly resulted.

196.     Moreover, the defendants acted with the intention of affecting and/or subjecting a third person(s) to battery but caused an offensive bodily contact to plaintiff so the defendant is subject to liability to plaintiff as fully as though he/she intended to so affect him.

197.     John Doe did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray and ratified by and/or caused by West Alton Marina. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

198.     The plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**D.      SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT, QUID PRO QUO, AIDING AND ABETTING**

**COUNT X - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**
**TITLE VII and RSA 354-A**
**(West Alton Marina)**

199.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

200.     The Minor Plaintiff was a subordinate employee.

201.    As identified herein, he was subjected to unwelcome sexual harassment from an individual, Murray, who supervised him directly and indirectly.  West Alton Marina is vicariously liable for the sexual harassment to which Murray subjected the Minor Plaintiff.

202.    The harassment to which he was subjected was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

203.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

204.    The company, by failing to address Murray's conduct without protecting company employees like the Minor Plaintiff created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

205.    Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

206.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

207.    West Alton Marina was aware of the offensive conduct and actions and could have and should have implemented prompt and appropriate remedies, but failed to do or chose not to do so, and thus ratified and empowered Murray and Fortier--the offending individuals' wrongful conduct—which is, in part, why it occurred and continued to occur.

208.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

### COUNT XI    SEXUAL HARASSMENT/QUID PRO QUO
### TITLE VII and RSA 354-A
### (West Alton Marina)

209.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

210.    As identified herein, the Minor Plaintiff was subjected to unwelcome quid pro quo sexual harassment from an individual, Murray, who supervised him directly and indirectly. West Alton Marina is vicariously liable for the sexual harassment to which he subjected the Minor Plaintiff.

211.    Murray made submission to his conduct explicitly or implicitly a term or condition of the Minor Plaintiff's employment.  He made submission to his conduct a basis for decisions regarding his employment.  Murray also punished the Minor Plaintiff for refusing to comply with his conduct.  These actions unreasonably interfered with the Minor Plaintiff's work performance by creating an intimidating, hostile, and offensive work environment.

212.    West Alton Marina is liable for the conduct of Murray and Fortier because the entity and its owners knew of and/or allowed to this oppressive conduct to exist and continue.

213.    The harassment was sufficiently severe and pervasive as to materially alter the Minor Plaintiff's conditions of employment and to create a hostile and abusive working environment such that resignation from employment was a fitting response.

214.    As a result of the hostile work environment, the Minor Plaintiff suffered and

continues to suffer physical and emotional harm as a proximate and direct result of West Alton

Marina's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish,

severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment,

severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation,

physical conditions arising from stress, and exacerbation of physical ailments and conditions.

215.    As a direct and proximate result of the foregoing, the Minor Plaintiff has suffered,

continues to suffer, and will suffer into the future direct and consequential damages.

216.    West Alton Marina was aware of *prior* offensive conduct by Fortier and Murray

***and*** the offensive conduct herein referenced and that otherwise occurred to the Minor Plaintiff

during his employment and could have and should have implemented prompt and appropriate

remedies, but chose not to, thus ratifying and empowering the offending individuals' wrongful

conduct which is, in part, why it occurred and continued to occur.

217.    Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and

adverse employment action through constructive termination.

218.    The Plaintiffs are entitled to and hereby demand all damages available by statute

and otherwise for this claim including, but not limited to, compensatory and enhanced

compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other

damages to which he is entitled including all interest.

### COUNT XII - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
### RSA 354-A
### (Murray Individual/Supervisor Liability)

219.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set

forth herein.

31

220.     The Minor Plaintiff was a subordinate employee.

221.     As identified herein, Murray was his supervisor and subjected the Minor Plaintiff to unwelcome sexual harassment.

222.     The harassment to which Murray subjected the Minor Plaintiff was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

223.     The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

224.     Murray created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

225.     Moreover, Murray subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

226.     As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

227.     The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

## COUNT XIII SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
## RSA 354-A
### (Fortier/Tibbetts/Shea Individual/Supervisor Liability)

228.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

229.     The Minor Plaintiff was a subordinate employee.

230.     As identified herein, Fortier, Tibbetts, and Shea were owners who supervised Murray who was the Minor Plaintiff's supervisor.

231.     Murray subjected the Minor Plaintiff to unwelcome sexual harassment and Fortier, Tibbetts, and Shea aided and abetted the unwelcome sexual harassment and abuse as identified herein and otherwise.

232.     The harassment to which the Minor Plaintiff was subjected because Fortier, Tibbetts, and Shea aided and abetted it was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

233.     The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

234.     Because Fortier, Tibbetts, and Shea aided and abetted the conduct, they allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

235.     Moreover, Fortier, Tibbetts, and Shea subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

236.     As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe

distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

237.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

**JURY DEMAND**

238.    Plaintiffs demand a jury trial on all claims so triable.

Respectfully submitted,

Father and Mother Doe, Individually and as
Parent and Next Friend of John Doe

By and through their attorneys,

Date:   05/11/2022                          /s/ John P. Sherman
                                            John P. Sherman, Esq.
                                            Bar No. 12536
                                            Sherman Law PLLC
                                            111 Bow Street, Unit #2
                                            Portsmouth, NH 03801
                                            (603) 570-4837
                                            jsherman@johnshermanlaw.com

**Filed**
**File Date: 5/23/2022 11:44 AM**
**Belknap Superior Court**
**E-Filed Document**

BELKNAP COUNTY SHERIFF'S DEPARTMENT
RETURN OF SERVICE

BELKNAP, SS                                          04/28/2022

I have this day served the within named DEIRDRE TIBBETTS a copy of a
Summons and Complaint by delivering to her in the following manner:  IN
HAND, at 7 DAVID DR, BELMONT, NH, at 09:50am.


                        _____
                        Deputy Sheriff Jeff Cain
                        Deputy Sheriff
                        Belknap County Sheriff's Department

Service        120.00
Post & Hand      1.00
Travel          78.30                        211-2022-CV-00049
Prepayment       0.00
              _____
Total          199.30

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH 03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:      **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number:    **211-2022-CV-00049**

Date Complaint Filed: April 06, 2022
A Complaint has been filed against Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| June 04, 2022 | Father Doe; Mother Doe shall have this Summons and the attached Complaint served upon Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| June 25, 2022 | Father Doe; Mother Doe shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| John P. Sherman, ESQ | Sherman Law PLLC 111 Bow St Unit 2 Portsmouth NH 03801 |
| West Alton Marina, LLC | 35 West Alton Marina Road Alton Bay NH 03810 |
| John Murray | 104 Timber Ridge Road Alton NH 03809 |
| Brian Fortier | 104 Timber Ridge Road Alton NH 03809 |
| Diedre Tibbetts | 7 David Drive Belmont NH 03220 |
| Allyson Shea | 1430 Mount Major Highway Alton Bay NH 03810 |

BY ORDER OF THE COURT

April 20, 2022

Abigail Albee
Clerk of Court

(1082)

NHJB-2678-Se (07/01/2018)

This is a Service Document For Case: 211-2022-CV-00049
Belknap Superior Court
4/20/2022 1:21 PM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH  03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:          **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number:       **211-2022-CV-00049**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Belknap Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Belknap Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **211-2022-CV-00049** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 4/15/2022 2:47 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                SUPERIOR COURT

Father and Mother Doe, Individually and as Parent
and Next Friend of John Doe
123 Main Street
Anytown, USA

v.

West Alton Marina, LLC
35 West Alton Marina Road
Alton Bay, NH 03810

And

John Murray
104 Timber Ridge Road
Alton, NH 03809

And

Brian Fortier
104 Timber Ridge Road
Alton, NH 03809

And

Dierdre Tibbetts
7 David Drive
Belmont, NH 03220

And

Allyson Shea
1430 Mount Major Highway
Alton Bay, NH 03810

Case Number: 211-2022-CV-00049

**<u>FIRST AMENDED
COMPLAINT WITH JURY DEMAND</u>**

1

**PARTIES**

1.     Plaintiffs Father and Mother Doe (hereinafter "Plaintiffs") are individuals residing at 123 Main Street, Anytown, USA and are the parents of John Doe (hereinafter "Minor Plaintiff" or "John Doe"), a minor at the time of his employment and the time of this filing.

2.     Defendant West Alton Marina, LLC (hereinafter "West Alton Marina") is a Delaware limited liability company, registered to do business in the State of New Hampshire with a principal office at 35 West Alton Marina Road, Alton Bay, New Hampshire.

3.     Defendant John Murray (hereinafter "Murray") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief Murray is currently being held at the Belknap County House of Corrections, 74 County Drive, Belknap, New Hampshire.

4.     Defendant Brian Fortier (hereinafter "Fortier") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief, Fortier is a part owner of West Alton Marina, LLC and Murray's spouse.

5.     Defendant Deirdre Tibbetts (hereinafter "Tibbets") is an individual residing at 7 David Drive, Belmont, New Hampshire.  Upon information and belief, Tibbets is a part owner of West Alton Marina, LLC and Fortier's sister.

6.     Defendant Allyson Shea (hereinafter "Shea") is an individual residing at 1430 Mount Major Highway, Alton Bay, New Hampshire.  Upon information and belief, Shea is a part owner of West Alton Marina, LLC and Fortier's sister.

**JURISDICTION AND VENUE**

7.     The Court has jurisdiction over this matter pursuant to RSA 491:7.

8.     Venue is proper pursuant to RSA 507:9.

## **FACTUAL ALLEGATIONS**

9.     Unless otherwise identified herein, the following facts pertain to events that

occurred in 2021.

### *Business with Employees*

10.     At all relevant times, Defendant West Alton Marina was a business operating in

Alton New Hampshire.

### *Owner = Position of Power and Authority*

11.     Several individuals had an ownership interest in West Alton Marina.

12.     Fortier was one of the owners.

13.     Fortier's older sister, Tibbetts, and younger sister, Shea, also were part owners.

14.     Tibbetts and Shea also worked directly at the West Alton Marina.

15.     Tibbetts was, inter alia, responsible for employee hours and wages.

16.     Shea was the full-time Manager at the docks and/or market.

17.     As owners, Fortier and his two sisters saw, or should have seen, at least some of

the following conduct.

18.     As owners, Fortier and his two sisters, supervised and/or managed the employees.

19.     As owners, Fortier and his two sisters were in positions of power and authority

over West Alton Marina employees, including the Minor Plaintiff, pursuant to RSA 632-

A:2(I)(K).

### *Manager = Position of Power and Authority*

20.     At all relevant times, Fortier was married to Murray.

21.     Murray was a West Alton Marina employee.

22.    Murray was a Manager.

23.    Fortier and the other owners managed and/or supervised Murray.

24.    As a Manager, Murray was a position of power and authority over subordinate employees pursuant to RSA 632-A:2(I)(K).

25.    Murray was approximately fifty-four (54) years old.

### *John Doe Hired May 2021*

26.    In May 2021, the Minor Plaintiff was seventeen (17) years old.

27.    He applied for employment with West Alton Marina.

28.    Murray interviewed and hired him as a West Alton Marina employee.

### *Knowledge of Murray's Prior Sexual Assaults/Abuse?*

29.    Upon information and belief, *prior to* 2021 and *prior to* the Minor Plaintiff becoming a West Alton Marina employee, Murray had a history of sexually harassing, assaulting, and/or abusing subordinate employees who worked at West Alton Marina.

30.    Upon information and belief, Fortier and the other owners had knowledge of allegations regarding Murray's harassment, abuse, and/or assault of prior subordinate employees.

31.    Murray's history put Fortier, the other owners, and West Alton Marina on notice that Murray should not be in a position of power and authority over subordinate employees, including minors.

32.    Upon information and belief, despite Fortier and West Alton Marina's knowledge or Murray's conduct, Fortier and West Alton put and kept Murray in the Manager position which they knew was a position of power and authority over subordinates, including minors.

33.    Murray then used this position to harass and abuse subordinate employees, including the Minor Plaintiff.

4

*Fortier's Assistance of Murray?*

34.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Fortier had a history of assisting, aiding, and abetting Murray's sexual harassment, assaults, and/or abuse on subordinate employees.

35.     Fortier used his ownership interest in West Alton Marina to assist, aid, and abet Murray's conduct which Fortier knew was, upon information and belief, criminal and/or in violation of employment laws against sexual harassment in the workplace.

*Murray Hired Employees*

36.     Despite West Alton Marina and Fortier's knowledge of Murray's prior conduct, West Alton Marina and Fortier made Murray responsible, in whole or in part, for hiring subordinate employees.

37.     Murray interviewed prospective employees.

38.     Upon information and belief, Murray used the hiring process to identify individuals to whom he was sexually attracted.

39.     Upon information and belief, Murray used the hiring process to identify individuals whom he believed he could groom for sexual assault and/or abuse.

40.     Fortier and the other owners of West Alton Marina knew or should have known of Murray's use/misuse of the hiring process as identified.

41.     Many of the individuals that Murray and West Alton Marina hired were young men under the age of 18.

42.     It was Murray who interviewed and hired the Minor Plaintiff.

*Murray Supervised Employees*

43.     Murray directly supervised the employees at West Alton Marina, including the Minor Plaintiff.

44.     Murray assigned subordinate employees, including the Minor Plaintiff, work hours.

45.     Murray assigned subordinate employees, including the Minor Plaintiff, work responsibilities.

46.     Among the responsibilities that Murray assigned to subordinates, including the Minor Plaintiff, was for them to perform manual labor at Murray and Fortier's personal residence.

47.     Fortier and the other West Alton Marina owners were aware that Murray had employees perform work at Murray and Fortier's personal residence and paid for the work through the business.

*Murray Used Supervisory Position to Groom Employees*

48.     Fortier used his position as owner directly or indirectly to allow Murray, his spouse, to groom subordinate employees for sexual activity.

49.     Murray used his position of power and authority to groom the subordinate employees for sexual activity.

50.     Murray used his position of authority to initiate and engage in communications of a graphic sexual nature with subordinate employees.

51.     Murray prevailed upon subordinate employees to confide and trust in him.

52.     The subordinates, including the Minor Plaintiff, did.

6

### *Forced Touching At Work During Work Hours*

53.     Murray openly, and in the presence of other managers and owners, engaged in conduct strongly suggestive of improper personal employer/employee boundary violations.

54.     Among other things, Murray would touch subordinate employees in body areas and in ways that suggested sexual groping including the slapping of buttocks.

55.     Without requesting consent, he would kiss employees on their heads.

### *Cash for Sexual Images*

56.     Murray also used psychological and financial manipulation to groom the employees, including the Minor Plaintiff.

57.     Murray solicited explicit sexual pictures and/or videos from subordinates, including the Minor Plaintiff, in exchange for cash.

58.     Among other things, Murray sent subordinate employees, including the Minor Plaintiff, graphic videos depicting him and others engaging in sexual activity.

59.     Murray offered to pay subordinate employees money, including the Minor Plaintiff, if they sent him graphic pictures of their sexual genitalia or videos of them engaging in sexual activity such as masturbation.

60.     The subordinate employees, including the Minor Plaintiff, sent Murray sexual pictures and videos and received cash from Murray in return.

### *Unwelcome Sexual Touching, Groping, Abuse*

61.     Murray also directly engaged individual employees, including the Minor Plaintiff, in physical unwelcome, unwanted, and non-consensual sexual groping and touching.

62.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, during work hours.

7

63.    Murray sexually groped and improperly touched employees, including the Minor Plaintiff, in his office or at his workstation at the West Alton Marina location.

64.    Murray used his employment and the facilities to sexually grope and touch employees, including the Minor Plaintiff, at a time when the Minor Plaintiff was working.

65.    Among other things, Murray commanded employees, including the Minor Plaintiff, to his office where Murray made the employees through coercion watch him masturbate.

66.    Murray also commanded employees to his office, including the Minor Plaintiff, where Murray coerced them to allow him to perform sexual activity on them including manual masturbation and fellatio.

### *Company Resources to Assault and Abuse*

67.    West Alton Marina provided Murray resources which he used to commit this harassment, assault, and abuse.

68.    Upon information and belief, Murray used company computers for his conduct.

69.    Upon information and belief, Murray used company email for his conduct.

70.    Upon information and belief, Murray used company issued or reimbursed cellular telephone service for his conduct.

71.    Upon information and belief, Murray used his office for his conduct.

72.    Upon information and belief, Murray used company vehicles and/or equipment and/or personal property for his conduct.

### *Gifts and Use of Personal Property*

73.    Murray also used gifts and his personal property to coerce sexual activity with and from employees including the Minor Plaintiff.

74.     This included allowing employees, including the Minor Plaintiff, to use of his car and/or a car owned by Fortier.

### Owners Knew of Gifts

75.     Fortier, and the other West Alton Marina owners, knew or should have known of these gifts and use of personal property.

76.     Despite knowing of them, neither Fortier nor the other owners did anything to stop or address the conduct.

### Retaliation Against Subordinate Employees

77.     When employees, including the Minor Plaintiff, resisted Murray's advances, groping, or non-consensual touching, he retaliated by, among other things, exhibiting anger, assigning harder responsibilities, not assigning work hours, and in other ways.

78.     When employees, including the Minor Plaintiff, capitulated to Murray's advances, groping, or non-consensual touching, he rewarded them by, among other things, providing favorable performance reviews, assigning easier responsibilities, assigning more and better work hours, and in other ways.

79.     These actions by Murray forced subordinate employees including the Minor Plaintiff to acquiesce to his conduct.

### No Written Company Policy

80.     As an employer, West Alton Marina should have had employment policies addressing sexual harassment and sexual assault in the workplace.

81.     West Alton Marina had a legal duty to identify such a policy to its employees.

82.     West Alton Marina also had a legal duty to train its employees on what constitutes sexual harassment.

83.    West Alton Marina also had a legal duty to train its employees on how to respond to an allegation of sexual harassment and/or abuse.

84.    West Alton Marina had a duty to enforce the law against sexual harassment and sexual assault.

85.    Unfortunately, upon information and belief, West Alton Marina did not have any written sexual harassment policy.

86.    It did not do any sexual harassment training.

87.    It did not educate employees, including Murray, on what constituted sexual harassment.

88.    It did not educate employees on how and to whom they should report sexual harassment.

89.    It did not have an individual who had a written job description identifying as a job responsibility the enforcement of an employment policy against sexual harassment and/or assault.

90.    It did not discipline employees, such as Murray, for engaging in conduct that constituted sexual harassment.

91.    This lack of written policy, training, and enforcement proximately caused Murray's use of his position of authority to engage in unwelcome sexual harassment and abuse upon or toward subordinate employees including the Minor Plaintiff.

92.    This lack of written employment policies proximately caused Murray's ongoing harassment and abuse of employees.

93.    So, too, did the lack of discipline of employees, especially Managers like Murray.

### *Owners Knew or Should Have Known*

94.     Some of this and other conduct like it by Murray happened in the presence of and direct line-of-sight of Fortier and, upon information and belief, other owners, managers, and supervisors.

95.     It put Fortier, other owners, other supervisors, and other managers on notice of Murray's boundary violations with subordinate employees, including the Minor Plaintiff.

96.     Fortier, the other owners, managers, and supervisors, however, did nothing, or far too little, to stop Murray's conduct.

97.     To the contrary, in addition to making West Alton facilities, equipment, and resources available to Murray for abusing employees, Fortier made his personal property and real estate available to Murray *and*  knew that Murray used it to continue his abuse.

98.     The other owners and managers also were aware of Fortier doing this, but did nothing, or far too little, to stop it.

### *Lack of Intervention = Condonation*

99.     The lack of intervention by Fortier, other owners, other supervisors, and other managers emboldened Murray.

100.     The lack of written policy, training, discipline, and enforcement by West Alton Marina tacitly condoned Murray's conduct.

101.     Through its inaction and omissions, the Company ratified and/or consented to the abuse and assault.

102.     It is a proximate and direct reason why Murray's conduct occurred and continued.

***Ended Employment***

103.     The harassment and abuse continued, in some form, throughout the time of John Doe's employment.

104.     In or about mid-August 2021 the Minor Plaintiff was emotionally and physically unable to return to work.

105.     He resigned his position.

106.     This was proximately and directly because objectively the work environment was so hostile and abusive and became so intolerable that resignation from employment was the only fitting response.

***Murray Arrested***

107.     Police arrested Murray.

108.     He was incarcerated.

109.     Police have charged him with numerous crimes including aggravated felonious sexual assault for his conduct toward and upon the Minor Plaintiff.

***Fortier Arrested***

110.     Police arrested Fortier.

111.     Police charged him, too, with crimes including, upon information and belief, aggravated felonious sexual assault.

***Exhaustion Administrative Remedies***

112.     On April 6, 2022 Plaintiffs filed a Charge with the Equal Employment Opportunity Commission that was dually filed with the New Hampshire Human Rights Commission.

113.     The EEOC provided a Notice of Right to Sue on April 7, 2022.

### *Respondeat Superior*

114.     The defendant West Alton Marina is liable through the principle of Respondeat Superior for the acts and omissions by its owner(s), agent(s), staff, administration, and employees as these were either within the course and scope of employment and duties owed by the defendant and/or directly resulted from the opportunit(ies) and resource(s) that West Alton Marina made available to defendant Murray and defendant Fortier despite its knowledge of Murray and Fortier's conduct and that Murray utilized West Alton Marina property and resources and Fortier's property and resources to engage in sexual assault and/or abuse.

### *Conduct Extreme and Outrageous*

115.     West Alton Marina's conduct was extreme and outrageous in that West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray and/or Fortier assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge.  Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual

harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter/abuser who was the spouse of an owner.

*Proximate and Direct Injury*

116. As a direct and proximate result of the foregoing, the Minor Plaintiff suffered severe physical injury and damage as well as emotional trauma. He suffered and continues to suffer injury including, but not limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, and/or severe despair. The Minor Plaintiff has required therapy, counseling, and medical care and treatment that is reasonably expected to continue for the remainder of his life.

## LEGAL CLAIMS

The plaintiffs identify and allege the following claims: (A) Wrongful Termination, (B) Intentional Tort – Assault, (C) Intentional Tort – Intentional Infliction Emotional Distress, (D) Sexual Harassment Claims.

**A.    WRONGFUL TERMINATION**

### COUNT I -    Wrongful Termination/Constructive Discharge (Against West Alton Marina)

117. Plaintiffs repeat and incorporate by reference the allegations contained in all paragraphs to this complaint.

118. Over the course of the Minor Plaintiff's employment with West Alton Marina, Murray repeatedly harassed and made sexual and other demands upon the Minor Plaintiff including demands of unwelcome and non-consented to sexual groping and touching.

119. Murray used his position of authority to compel the Minor Plaintiff's compliance with harassment and his sexual demands.

120.     Murray also used gifts and retaliation to coerce compliance.

121.     West Alton Marina's failure to have a written sexual harassment policy, to train its employees regarding sexual harassment, to educate subordinate employees about what constitutes sexual harassment and how and where to report it, and to have a person responsible for investigating sexual harassment all proximately caused Murray's ongoing harassment and abuse.

122.     West Alton Marina's failure to discipline Murray for prior conduct similarly emboldened him and tacitly condoned his conduct.

123.     The harassment and abuse were ongoing, repetitive, pervasive, and severe such that it created an abusive work environment.

124.     The harassment and abuse the Minor Plaintiff endured made his working conditions so difficult and intolerable that an objective reasonable person subjected to it would have felt forced to resign.

125.     The Minor Plaintiff ended his employment with West Alton Marina because the working conditions were so intolerable and the abuse so pervasive and severe.

126.     He was constructively terminated from employment.

127.     As a result of the foregoing, the Minor Plaintiff suffered and continues to suffer severe physical and emotional harm as a proximate and direct result of defendant's actions.  This includes, but is not limited to, stress, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair and/or public humiliation.  As a direct and proximate result of the foregoing, the plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

128.     Plaintiffs are entitled to and hereby demand all available tort damages for wrongful termination including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which the Plaintiffs are entitled including all interest and fees which are within the jurisdictional limit of this Court.

**B.     INTENTIONAL TORT – ASSAULT**

**COUNT II -   Aggravated Sexual Assault
                      (Against Murray)**

129.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

130.     At all times pertinent hereto the Minor Plaintiff  was under the age of eighteen.

131.     At all times pertinent hereto Murray was acting in a position of authority over the Minor Plaintiff as his Manager and supervisor.

132.     At all times pertinent hereto Murray used his position of authority to coerce the Minor Plaintiff to submit to sexual activity.  Murray used his position of authority to unduly influence the Minor Plaintiff so that he engaged in conduct in which he did not want to engage and for which he did not knowingly, voluntarily and/or legally consent.

133.     As a direct and proximate result of Murray's tortious conduct the Minor Plaintiff has suffered severe and grievous injury, including but not limited to, prolonged depression, anxiety, insomnia, and physical illness.

134.     As a direct and proximate result of Murray's tortious conduct, the Minor Plaintiff has incurred expenses, including but not limited to, counseling and medical and medication expenses, and reasonably anticipates incurring future medical expenses and treatment.

135.     Plaintiffs demand judgment against Defendant Murray in the form of

compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT III - Intentional Tort - Assault and Battery
### (Against Murray)

136.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

137.    Defendant Murray's assault, battery, and/or abuse of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

138.    In perpetuating the ongoing intentional assault, battery, and/or abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

139.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes an assault and battery that did, in fact, cause injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

140.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

## C.    INTENTIONAL TORT - INTENTIONAL INFLICTION EMOTIONAL DISTRESS

### COUNT IV - Intentional Infliction of Emotional Distress (Against Murray)

141.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set

forth herein.

142.     Defendant Murray's sexual abuse of the Minor Plaintiff constitutes intentional and reckless conduct that inflicted serious emotional distress upon the Plaintiffs.

143.     Defendant Murray, or any other actor, would have been substantially certain at the time he perpetrated the sexual harassment and abuse that it would inflict serious emotional distress upon the victims.

144.     Defendant Murray's conduct of abuse was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Murray's abuse as atrocious and utterly intolerable.

145.     The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

146.     Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT V - Intentional Infliction of Emotional Distress (Against Fortier/Tibbetts/Shea)**

147.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

148.     Defendants Fortier, Tibbetts, and Shea knew or should have known of Murray's sexual assault and abuse of the Minor Plaintiff but made and continued to make resources and property available to Murray for him to inflict his assault and abuse ***and*** failed to stop and/or

18

address it which constitutes intentional and reckless conduct that inflicted serious physical and emotional distress upon the Minor Plaintiff.

149.    Defendant Fortier, Tibbetts, and Shea, or any other actor, would have been substantially certain at the time they knew or should have known of Murray's conduct that it would inflict serious emotional distress upon the Minor Plaintiff.

150.    Defendant Fortier, Tibbetts, and Shea's conduct was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Fortier, Tibbetts and Shea's conduct as atrocious and utterly intolerable.

151.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse tolerated and condoned by Fortier, Tibbetts and Shea and perpetrated by Murray. The serious emotional distress condoned by Fortier, Tibbetts and Shea was something that no reasonable person could be expected to endure.

152.    Plaintiffs demand judgment against defendant Fortier, Tibbetts and Shea in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT VI - Intentional Infliction of Emotional Distress
### (Against West Alton Marina)

153.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

154.    Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and

resource(s) that West Alton Marina knowingly made available to defendant Murray and that he utilized and relied upon to engage in sexual abuse and sexual assault of the Minor Plaintiff.

155. Defendant West Alton Marina, or any other actor, would and should have been substantially certain at the time it engaged in the acts and omissions identified that sexual abuse and sexual assault by its employees and/or agents would inflict serious emotional distress upon the victims.

156. Defendant West Alton Marina's conduct was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards such conduct as atrocious and utterly intolerable because, as alleged, West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge. Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the assaulter who was the spouse of an owner.

157.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

158.    Plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**D.    SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT, QUID PRO QUO, AIDING AND ABETTING**

**COUNT VII - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**
**TITLE VII and RSA 354-A**
**(West Alton Marina)**

159.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

160.    The Minor Plaintiff was a subordinate employee.

161.    As identified herein, he was subjected to unwelcome sexual harassment from an individual, Murray, who supervised him directly and indirectly.  West Alton Marina is vicariously liable for the sexual harassment to which Murray subjected the Minor Plaintiff.

162.    The harassment to which he was subjected was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

163.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

164.    The company, by failing to address Murray's conduct without protecting company employees like the Minor Plaintiff created and allowed to exist this oppressive, hostile,

intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

165.    Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

166.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

167.    West Alton Marina was aware of the offensive conduct and actions and could have and should have implemented prompt and appropriate remedies, but failed to do or chose not to do so, and thus ratified and empowered Murray and Fortier--the offending individuals' wrongful conduct—which is, in part, why it occurred and continued to occur.

168.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

**COUNT VIII - SEXUAL HARASSMENT/QUID PRO QUO**
**TITLE VII and RSA 354-A**
**(West Alton Marina)**

169.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

170.     As identified herein, the Minor Plaintiff was subjected to unwelcome quid pro quo sexual harassment from an individual, Murray, who supervised him directly and indirectly. West Alton Marina is vicariously liable for the sexual harassment to which he subjected the Minor Plaintiff.

171.     Murray made submission to his conduct explicitly or implicitly a term or condition of the Minor Plaintiff's employment.  He made submission to his conduct a basis for decisions regarding his employment.  Murray also punished the Minor Plaintiff for refusing to comply with his conduct.  These actions unreasonably interfered with the Minor Plaintiff's work performance by creating an intimidating, hostile, and offensive work environment.

172.     West Alton Marina is liable for the conduct of Murray and Fortier because the entity and its owners knew of and/or allowed to this oppressive conduct to exist and continue.

173.     The harassment was sufficiently severe and pervasive as to materially alter the Minor Plaintiff's conditions of employment and to create a hostile and abusive working environment such that resignation from employment was a fitting response.

174.     As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of West Alton Marina's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

175.     As a direct and proximate result of the foregoing, the Minor Plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

176.     West Alton Marina was aware of *prior* offensive conduct by Fortier and Murray **and** the offensive conduct herein referenced and that otherwise occurred to the Minor Plaintiff during his employment and could have and should have implemented prompt and appropriate remedies, but chose not to, thus ratifying and empowering the offending individuals' wrongful conduct which is, in part, why it occurred and continued to occur.

177.     Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

178.     The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which he is entitled including all interest.

### COUNT IX -  SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT RSA 354-A (Murray Individual/Supervisor Liability)

179.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

180.     The Minor Plaintiff was a subordinate employee.

181.     As identified herein, Murray was his supervisor and subjected the Minor Plaintiff to unwelcome sexual harassment.

182.     The harassment to which Murray subjected the Minor Plaintiff was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

183.     The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

184.    Murray created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

185.    Moreover, Murray subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

186.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

187.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

**COUNT X -    SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
RSA 354-A
(Fortier/Tibbetts/Shea Individual/Supervisor Liability)**

188.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

189.    The Minor Plaintiff was a subordinate employee.

190.    As identified herein, Fortier, Tibbetts, and Shea were owners who supervised Murray who was the Minor Plaintiff's supervisor.

191.     Murray subjected the Minor Plaintiff to unwelcome sexual harassment and Fortier, Tibbetts, and Shea aided and abetted the unwelcome sexual harassment and abuse as identified herein and otherwise.

192.     The harassment to which the Minor Plaintiff was subjected because Fortier, Tibbetts, and Shea aided and abetted it was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

193.     The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

194.     Because Fortier, Tibbetts, and Shea aided and abetted the conduct, they allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

195.     Moreover, Fortier, Tibbetts, and Shea subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

196.     As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

197.     The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

## **JURY DEMAND**

198.    Plaintiffs demand a jury trial on all claims so triable.

Respectfully submitted,

Father and Mother Doe, Individually and as
Parent and Next Friend of John Doe

By and through their attorneys,

Date:   04/15/2022                              /s/ John P. Sherman
                                                John P. Sherman, Esq.
                                                Bar No. 12536
                                                Sherman Law PLLC
                                                111 Bow Street, Unit #2
                                                Portsmouth, NH 03801
                                                (603) 570-4837
                                                jsherman@johnshermanlaw.com

Filed
File Date: 4/15/2022 2:47 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                                    SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray, Brian Fortier,  Dierdre Tibbetts, and Allyson Shea

Case Number: 211-2022-CV-00049

## **MOTION TO ATTACH WITH NOTICE**

NOW COMES, the plaintiffs Father and Mother Doe and John Doe by and through their

attorneys, Sherman Law, PLLC and move to attach property of the defendants with notice and in

support of which state as follows:

1.      As identified in the accompanying First Amended Complaint, the defendants

owned and operated West Alton Marina, LLC.

2.      Police arrested defendant Murray following a report by John Doe of the sexual

harassment and abuse he was subjected to while working at the West Alton Marina from May

2021 through mid-August 2021.

3.      State and Federal authorities executed a search warrant, seized property, seized

evidence, and arrested defendant John Murray.

4.      Upon information and belief, the scope of the defendant's horrific conduct is

large.  It may encompass use of the Marina to harass and abuse many employees over many

years.

5.      Upon information and belief, because of this Murray has been incarcerated since

his arrest in August 2021 (i.e., eight months).  Due to the nature of his alleged conduct and, upon

information and belief, the amount of evidence seized he may ***never*** be released.

6.      Police also arrested Fortier who, it is alleged, also sexually harassed and/or abused Marina employee(s).

7.      Because Federal authorities were involved in the warrant, Federal charges also may be filed. This necessarily means that there is some inter-state conduct. It is reasonable to assume, therefore, that there may be ***many*** other victims of these defendants.

8.      Attachment is warranted because review of County property records suggests that at least one of the defendants transferred interests in real estate ***after*** being arrested and incarcerated.

9.      It is not known whether these defendants have insurance. The types of claims alleged, however, are generally not the type to which insurance applies. As a result, the defendants' property and assets are the most likely source of their ability to satisfy any judgment.

10.      It does not appear as though Murray now has any assets in his name.

11.      The amount requested is $1,000,000 against the Marina and $500,000 as to each individual defendant.

12.      The Court denied an initial motion to attach on an *ex parte* basis.

13.      This Motion requests attachment ***with*** notice.

14.      Attached hereto as Exhibit 1 is the Court's Motion to Attach form NHJB-2714-Se.

15.      No memorandum of law accompanies this Motion. To the extent it relies upon legal authority, it is herein cited.

WHEREFORE, the plaintiffs respectfully request that the Court enter an Order:

A.      Granting this Motion to Attach with Notice; and

B.      Granting them such other and further relief as the Court deems just and equitable

Respectfully submitted,

Father and Mother Doe, Individually and as
Parent and Next Friend of John Doe

By and through their attorneys,

Date:  04/15/2022                    /s/ John P. Sherman
                                     John P. Sherman, Esq.
                                     Bar No. 12536
                                     Sherman Law PLLC
                                     111 Bow Street, Unit #2
                                     Portsmouth, NH 03801
                                     (603) 570-4837
                                     jsherman@johnshermanlaw.com

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

| | |
|---|---|
| Court Name: | **Belknap Superior Court** |
| Case Name: | **Father and Mother Doe v. West Alton Marina, et al** |
| Case Number: (If known) | **211-2022-CV-00049** |

## MOTION TO ATTACH WITH NOTICE

The Plaintiff requests permission to make the following attachments in the above-referenced civil action.

| Category of Property to be attached | | | | |
|---|---|---|---|---|
| Name of Defendant | Real Estate | Other | Description | Amount of Attachment |
| **West Alton Marina LLC** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **1,000,000.00** |
| West Alton Marina, LLC | | X | See Attachment to Form | $ 1,000,000 |
| **Brian Fortier** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **500,000.00** |
| **Deirdre Tibbetts** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **500,000.00** |
| *Allyson Shea* | X | | *See Attachment to Court's Form NHJB-2714-Se* | *$500,000* |

In support of this Motion, the Plaintiff certifies that:
*Please See accompanying Motion and First Amended Complaint*

The plaintiff believes there is reasonable likelihood that the plaintiff will recover Judgment, including interest and costs, in the amount of $ **1,000,000.00** .

| | |
|---|---|
| **John P. Sherman** | Signature — *as Attorney for* Father Doe 4/14/22 |
| Name of Filer | To be Signed by the Plaintiff (or Affiant) Date (In case of a corporation or partnership, a duly authorized officer or partner shall sign.) *Mother Doe and John Doe* |
| **Sherman Law, PLLC** **12536** | **(603) 570-4837** |
| Law Firm, if applicable   Bar ID # of attorney | Telephone |
| **111 Bow Street, Unit #2** | **jsherman@johnshermanlaw.com** |
| Address | E-mail |
| **Portsmouth**   **NH**   **03801** | |
| City   State   Zip code | |

State of _____NH_____ , County of __ROCKINGHAM__

This instrument was acknowledged before me on __4/14/22__ by __JOHN P. Sherman__

My Commission Expires __October 17, 2023__

Affix Seal, if any

Signature of Notarial Officer / Title

*[Notary seal: A. BUCKSH... MY COMMISSION EXPIRES OCTOBER 17, 2023 — NEW HAMPSHIRE NOTARY PUBLIC]*

Case Name: **Father and Mother Doe v. West Alton Marina, et al**

Case Number: **211-2022-CV-00049**

**MOTION TO ATTACH WITH NOTICE**

## NOTICE TO THE DEFENDANT

THE PLAINTIFF INTENDS TO ATTACH YOUR PROPERTY, AS SET FORTH IN THE ABOVE MOTION FOR PERMISSION TO DO SO, TO SECURE ANY JUDGMENT OR DECREE THE PLAINTIFF MAY OBTAIN IN THIS ACTION. YOU HAVE THE RIGHT TO OBJECT TO THE ATTACHMENT, AND TO HAVE A HEARING AS TO WHETHER IT SHOULD BE MADE. IF YOU DO WISH TO OBJECT AND HAVE A HEARING, YOU SHOULD FILE A WRITTEN OBJECTION DETAILING THE REASONS THEREFOR, TOGETHER WITH A REQUEST FOR A HEARING, WITH THE CLERK OF COURT NOT LATER THAN 30 DAYS AFTER YOU HAVE BEEN SERVED WITH THE MOTION TO ATTACH.

IF YOU FAIL TO OBJECT BY THAT DATE, YOU WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION.

IF YOU TRANSFER ANY PROPERTY AFTER RECEIVING THIS NOTICE, AND BEFORE THE ATTACHMENT, IF ALLOWED, IS MADE, YOU WILL BE SUBJECT TO THE PROVISIONS OF RSA 511-A: 6.

EVEN IF YOU DO NOT OBJECT TO THE ATTACHMENT, YOU SHOULD FILE AN APPEARANCE AND ANSWER WITH THE CLERK OF COURT BY 30 DAYS AFTER YOU HAVE BEEN SERVED UNLESS YOU ARE WILLING THAT THE PLAINTIFF HAVE JUDGMENT BY DEFAULT.

Plaintiff or Plaintiff's Lawyer

**FOR COURT USE ONLY**

**ORDER**

☐ The motion to attach is denied.

☐ The Plaintiff is granted permission to make the above attachment(s) within _____ days.

_____         _____
Date                                                        Presiding Justice

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                                                SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe
v.

West Alton Marina, LLC, John Murray, Brian Fortier

Case Number: 211-2022-CV-00049

**ATTACHMENT TO COURT'S FORM NHJB-2714-Se**

Category of Property
To be attached (check one)

| Name of Defendant | Real Estate | Other | Amount |
|---|---|---|---|
| West Alton Marina, LLC | 35 West Alton Marina Road<br>Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 54 West Alton Marina Road<br>Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 58 West Alton Marina Road<br>Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | | **Accounts<br>Inventory** | **$1,000,000** |
| Brian Fortier | 104 Timber Ridge Road<br>Alton, NH | | $500,000 |
| Brian Fortier<br>Deidre Tibbetts<br>Allyson Shea | 281 Cherry Valley Road<br>Alton, NH | | $500,000 |
| Brian Fortier<br>Deidre Tibbetts<br>Allyson Shea | Cherry Valley Road<br>Lot 16/21/0/0; 16/22/1/0<br>Alton, NH | | $500,000 |
| Brian Fortier<br>Deidre Tibbetts<br>Allyson Shea | Mount Major Highway<br>Lot 62/38/0/0; 17/31/0/0<br>Alton, NH | | $500,000 |

Brian Fortier                    1430 Mount Major Highway                    $500,000
Deidre Tibbetts                  Alton, NH
Allyson Shea

**Filed**
**File Date: 4/6/2022 12:42 PM**
**Belknap Superior Court**
**E-Filed Document**

Clerk's Notice of Decision
Document Sent to Parties
on 04/07/2022

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                                   SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe
v.

**Granted, subject to reconsideration at any time upon motion of the defendants.**

West Alton Marina, LLC, John Murray and Brian Fortier

*Steven M. Houran*

Honorable Steven M. Houran
April 6, 2022

Case Number: 211-2022-CV-00049

## MOTION TO PROCEED UNDER PSEUDONYM

NOW COME the plaintiffs, Father Doe and Mother Doe and move for an Order allowing

that they be permitted to proceed anonymously and in support of which state as follows:

1.  Father Doe and Mother Doe are the parents of the minor plaintiff John Doe.

2.  As is fully detailed in the Complaint, this case involves sexual abuse of the minor

plaintiff by his employer.

3.  As further detailed in the Complaint, the defendants' conduct has caused the minor

plaintiff severe emotional distress.  He suffered and continues to suffer injury including, but not

limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe

disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe

indignation, severe shame, and/or severe despair.

4.  The Plaintiff has required therapy, counseling, and medical care and treatment that is

reasonably expected to continue for the remainder of his life.

5.  Public exposure would likely exacerbate the minor plaintiff's injuries.

6.  Permitting plaintiffs to proceed using pseudonyms will protect the minor plaintiff's

privacy and guard against further damage resulting from unnecessary public disclosure.

This is a Service Document For Case: 211-2022-CV-00049
Belknap Superior Court
4/7/2022 11:40 AM

7.   Upon information and belief, the defendants who engaged in the alleged conduct that forms the basis of the claims are fully aware of the identities of the plaintiffs and will not be prejudiced in any way by plaintiffs' use of pseudonyms in public filings.

WHEREFORE, plaintiffs request an Order:

A.    Allowing them to proceed anonymously in order to maintain the privacy of the minor plaintiff, and

B.    For such other and further relief as justice may require.

Respectfully submitted

Father Doe and Mother Doe as Parents and Next Friends of their Minor Child John Doe

By and through their attorneys,

Date:  04/06/2022

   /s/ John P. Sherman
John P. Sherman, Esq.
Bar No. 12536
Sherman Law PLLC
111 Bow Street, Unit #2
Portsmouth, NH 03801
(603) 570-4837
jsherman@johnshermanlaw.com

Filed
File Date: 5/23/2022 11:44 AM
Belknap Superior Court
E-Filed Document

BELKNAP COUNTY SHERIFF'S DEPARTMENT
RETURN OF SERVICE

BELKNAP, SS                                    05/09/2022

I have this day served the within named ALLYSON SHEA a copy of a Summons
and Complaint by delivering to her in the following manner:  ABODE, at 1430
MT MAJOR HWY, ALTON, NH, at 02:25pm.

Deputy Stephen M Colcord
Deputy Sheriff
Belknap County Sheriff's Department

| | |
|---|---|
| Service | 120.00 |
| Post & Hand | 1.00 |
| Travel | 78.30 |
| Prepayment | 0.00 |
| Total | 199.30 |

211-2022-CV-00049

211-2022-CV-00049

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH  03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:      **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number:    **211-2022-CV-00049**

Date Complaint Filed: April 06, 2022
A Complaint has been filed against Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| June 04, 2022 | Father Doe; Mother Doe shall have this Summons and the attached Complaint served upon Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| June 25, 2022 | Father Doe; Mother Doe shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Brian Fortier; John Murray; Allyson Shea; Diedre Tibbetts; West Alton Marina, LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| John P. Sherman, ESQ | Sherman Law PLLC 111 Bow St Unit 2 Portsmouth NH  03801 |
| West Alton Marina, LLC | 35 West Alton Marina Road Alton Bay NH  03810 |
| John Murray | 104 Timber Ridge Road Alton NH  03809 |
| Brian Fortier | 104 Timber Ridge Road Alton NH  03809 |
| Diedre Tibbetts | 7 David Drive  Belmont NH  03220 |
| Allyson Shea | 1430 Mount Major Highway Alton Bay NH  03810 |

BY ORDER OF THE COURT

April 20, 2022

Abigail Albee
Clerk of Court

(1082)

NHJB-2678-Se (07/01/2018)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH 03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name: **Father Doe, et al v West Alton Marina, LLC, et al**
Case Number: **211-2022-CV-00049**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Belknap Superior Court.** Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer. For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process. Click Register and follow the prompts.

2. After you register, click Start Now. Select **Belknap Superior Court** as the location.

3. Select "I am filing into an existing case". Enter **211-2022-CV-00049** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen. On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 4/15/2022 2:47 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                    SUPERIOR COURT

Father and Mother Doe, Individually and as Parent
and Next Friend of John Doe
123 Main Street
Anytown, USA

v.

West Alton Marina, LLC
35 West Alton Marina Road
Alton Bay, NH 03810

And

John Murray
104 Timber Ridge Road
Alton, NH 03809

And

Brian Fortier
104 Timber Ridge Road
Alton, NH 03809

And

Dierdre Tibbetts
7 David Drive
Belmont, NH 03220

And

Allyson Shea
1430 Mount Major Highway
Alton Bay, NH 03810

Case Number: 211-2022-CV-00049

**FIRST AMENDED
COMPLAINT WITH JURY DEMAND**

1

## PARTIES

1.      Plaintiffs Father and Mother Doe (hereinafter "Plaintiffs") are individuals residing at 123 Main Street, Anytown, USA and are the parents of John Doe (hereinafter "Minor Plaintiff" or "John Doe"), a minor at the time of his employment and the time of this filing.

2.      Defendant West Alton Marina, LLC (hereinafter "West Alton Marina") is a Delaware limited liability company, registered to do business in the State of New Hampshire with a principal office at 35 West Alton Marina Road, Alton Bay, New Hampshire.

3.      Defendant John Murray (hereinafter "Murray") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief Murray is currently being held at the Belknap County House of Corrections, 74 County Drive, Belknap, New Hampshire.

4.      Defendant Brian Fortier (hereinafter "Fortier") is an individual residing at 104 Timber Ridge Road, Alton, New Hampshire.  Upon information and belief, Fortier is a part owner of West Alton Marina, LLC and Murray's spouse.

5.      Defendant Deirdre Tibbetts (hereinafter "Tibbets") is an individual residing at 7 David Drive, Belmont, New Hampshire.  Upon information and belief, Tibbets is a part owner of West Alton Marina, LLC and Fortier's sister.

6.      Defendant Allyson Shea (hereinafter "Shea") is an individual residing at 1430 Mount Major Highway, Alton Bay, New Hampshire.  Upon information and belief, Shea is a part owner of West Alton Marina, LLC and Fortier's sister.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this matter pursuant to RSA 491:7.

8.      Venue is proper pursuant to RSA 507:9.

## **FACTUAL ALLEGATIONS**

9.      Unless otherwise identified herein, the following facts pertain to events that occurred in 2021.

### *Business with Employees*

10.     At all relevant times, Defendant West Alton Marina was a business operating in Alton New Hampshire.

### *Owner = Position of Power and Authority*

11.     Several individuals had an ownership interest in West Alton Marina.

12.     Fortier was one of the owners.

13.     Fortier's older sister, Tibbetts, and younger sister, Shea, also were part owners.

14.     Tibbetts and Shea also worked directly at the West Alton Marina.

15.     Tibbetts was, inter alia, responsible for employee hours and wages.

16.     Shea was the full-time Manager at the docks and/or market.

17.     As owners, Fortier and his two sisters saw, or should have seen, at least some of the following conduct.

18.     As owners, Fortier and his two sisters, supervised and/or managed the employees.

19.     As owners, Fortier and his two sisters were in positions of power and authority over West Alton Marina employees, including the Minor Plaintiff, pursuant to RSA 632-A:2(I)(K).

### *Manager = Position of Power and Authority*

20.     At all relevant times, Fortier was married to Murray.

21.     Murray was a West Alton Marina employee.

22.     Murray was a Manager.

23.     Fortier and the other owners managed and/or supervised Murray.

24.     As a Manager, Murray was a position of power and authority over subordinate employees pursuant to RSA 632-A:2(I)(K).

25.     Murray was approximately fifty-four (54) years old.

### *John Doe Hired May 2021*

26.     In May 2021, the Minor Plaintiff was seventeen (17) years old.

27.     He applied for employment with West Alton Marina.

28.     Murray interviewed and hired him as a West Alton Marina employee.

### *Knowledge of Murray's Prior Sexual Assaults/Abuse?*

29.     Upon information and belief, ***prior to*** 2021 and ***prior to*** the Minor Plaintiff becoming a West Alton Marina employee, Murray had a history of sexually harassing, assaulting, and/or abusing subordinate employees who worked at West Alton Marina.

30.     Upon information and belief, Fortier and the other owners had knowledge of allegations regarding Murray's harassment, abuse, and/or assault of prior subordinate employees.

31.     Murray's history put Fortier, the other owners, and West Alton Marina on notice that Murray should not be in a position of power and authority over subordinate employees, including minors.

32.     Upon information and belief, despite Fortier and West Alton Marina's knowledge or Murray's conduct, Fortier and West Alton put and kept Murray in the Manager position which they knew was a position of power and authority over subordinates, including minors.

33.     Murray then used this position to harass and abuse subordinate employees, including the Minor Plaintiff.

4

*Fortier's Assistance of Murray?*

34.     Upon information and belief, **prior to** 2021 and **prior to** the Minor Plaintiff becoming a West Alton Marina employee, Fortier had a history of assisting, aiding, and abetting Murray's sexual harassment, assaults, and/or abuse on subordinate employees.

35.     Fortier used his ownership interest in West Alton Marina to assist, aid, and abet Murray's conduct which Fortier knew was, upon information and belief, criminal and/or in violation of employment laws against sexual harassment in the workplace.

*Murray Hired Employees*

36.     Despite West Alton Marina and Fortier's knowledge of Murray's prior conduct, West Alton Marina and Fortier made Murray responsible, in whole or in part, for hiring subordinate employees.

37.     Murray interviewed prospective employees.

38.     Upon information and belief, Murray used the hiring process to identify individuals to whom he was sexually attracted.

39.     Upon information and belief, Murray used the hiring process to identify individuals whom he believed he could groom for sexual assault and/or abuse.

40.     Fortier and the other owners of West Alton Marina knew or should have known of Murray's use/misuse of the hiring process as identified.

41.     Many of the individuals that Murray and West Alton Marina hired were young men under the age of 18.

42.     It was Murray who interviewed and hired the Minor Plaintiff.

***Murray Supervised Employees***

43.     Murray directly supervised the employees at West Alton Marina, including the Minor Plaintiff.

44.     Murray assigned subordinate employees, including the Minor Plaintiff, work hours.

45.     Murray assigned subordinate employees, including the Minor Plaintiff, work responsibilities.

46.     Among the responsibilities that Murray assigned to subordinates, including the Minor Plaintiff, was for them to perform manual labor at Murray and Fortier's personal residence.

47.     Fortier and the other West Alton Marina owners were aware that Murray had employees perform work at Murray and Fortier's personal residence and paid for the work through the business.

***Murray Used Supervisory Position to Groom Employees***

48.     Fortier used his position as owner directly or indirectly to allow Murray, his spouse, to groom subordinate employees for sexual activity.

49.     Murray used his position of power and authority to groom the subordinate employees for sexual activity.

50.     Murray used his position of authority to initiate and engage in communications of a graphic sexual nature with subordinate employees.

51.     Murray prevailed upon subordinate employees to confide and trust in him.

52.     The subordinates, including the Minor Plaintiff, did.

***Forced Touching At Work During Work Hours***

53.     Murray openly, and in the presence of other managers and owners, engaged in conduct strongly suggestive of improper personal employer/employee boundary violations.

54.     Among other things, Murray would touch subordinate employees in body areas and in ways that suggested sexual groping including the slapping of buttocks.

55.     Without requesting consent, he would kiss employees on their heads.

***Cash for Sexual Images***

56.     Murray also used psychological and financial manipulation to groom the employees, including the Minor Plaintiff.

57.     Murray solicited explicit sexual pictures and/or videos from subordinates, including the Minor Plaintiff, in exchange for cash.

58.     Among other things, Murray sent subordinate employees, including the Minor Plaintiff, graphic videos depicting him and others engaging in sexual activity.

59.     Murray offered to pay subordinate employees money, including the Minor Plaintiff, if they sent him graphic pictures of their sexual genitalia or videos of them engaging in sexual activity such as masturbation.

60.     The subordinate employees, including the Minor Plaintiff, sent Murray sexual pictures and videos and received cash from Murray in return.

***Unwelcome Sexual Touching, Groping, Abuse***

61.     Murray also directly engaged individual employees, including the Minor Plaintiff, in physical unwelcome, unwanted, and non-consensual sexual groping and touching.

62.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, during work hours.

7

63.     Murray sexually groped and improperly touched employees, including the Minor Plaintiff, in his office or at his workstation at the West Alton Marina location.

64.     Murray used his employment and the facilities to sexually grope and touch employees, including the Minor Plaintiff, at a time when the Minor Plaintiff was working.

65.     Among other things, Murray commanded employees, including the Minor Plaintiff, to his office where Murray made the employees through coercion watch him masturbate.

66.     Murray also commanded employees to his office, including the Minor Plaintiff, where Murray coerced them to allow him to perform sexual activity on them including manual masturbation and fellatio.

### *Company Resources to Assault and Abuse*

67.     West Alton Marina provided Murray resources which he used to commit this harassment, assault, and abuse.

68.     Upon information and belief, Murray used company computers for his conduct.

69.     Upon information and belief, Murray used company email for his conduct.

70.     Upon information and belief, Murray used company issued or reimbursed cellular telephone service for his conduct.

71.     Upon information and belief, Murray used his office for his conduct.

72.     Upon information and belief, Murray used company vehicles and/or equipment and/or personal property for his conduct.

### *Gifts and Use of Personal Property*

73.     Murray also used gifts and his personal property to coerce sexual activity with and from employees including the Minor Plaintiff.

74.    This included allowing employees, including the Minor Plaintiff, to use of his car and/or a car owned by Fortier.

### *Owners Knew of Gifts*

75.    Fortier, and the other West Alton Marina owners, knew or should have known of these gifts and use of personal property.

76.    Despite knowing of them, neither Fortier nor the other owners did anything to stop or address the conduct.

### *Retaliation Against Subordinate Employees*

77.    When employees, including the Minor Plaintiff, resisted Murray's advances, groping, or non-consensual touching, he retaliated by, among other things, exhibiting anger, assigning harder responsibilities, not assigning work hours, and in other ways.

78.    When employees, including the Minor Plaintiff, capitulated to Murray's advances, groping, or non-consensual touching, he rewarded them by, among other things, providing favorable performance reviews, assigning easier responsibilities, assigning more and better work hours, and in other ways.

79.    These actions by Murray forced subordinate employees including the Minor Plaintiff to acquiesce to his conduct.

### *No Written Company Policy*

80.    As an employer, West Alton Marina should have had employment policies addressing sexual harassment and sexual assault in the workplace.

81.    West Alton Marina had a legal duty to identify such a policy to its employees.

82.    West Alton Marina also had a legal duty to train its employees on what constitutes sexual harassment.

83.     West Alton Marina also had a legal duty to train its employees on how to respond to an allegation of sexual harassment and/or abuse.

84.     West Alton Marina had a duty to enforce the law against sexual harassment and sexual assault.

85.     Unfortunately, upon information and belief, West Alton Marina did not have any written sexual harassment policy.

86.     It did not do any sexual harassment training.

87.     It did not educate employees, including Murray, on what constituted sexual harassment.

88.     It did not educate employees on how and to whom they should report sexual harassment.

89.     It did not have an individual who had a written job description identifying as a job responsibility the enforcement of an employment policy against sexual harassment and/or assault.

90.     It did not discipline employees, such as Murray, for engaging in conduct that constituted sexual harassment.

91.     This lack of written policy, training, and enforcement proximately caused Murray's use of his position of authority to engage in unwelcome sexual harassment and abuse upon or toward subordinate employees including the Minor Plaintiff.

92.     This lack of written employment policies proximately caused Murray's ongoing harassment and abuse of employees.

93.     So, too, did the lack of discipline of employees, especially Managers like Murray.

### *Owners Knew or Should Have Known*

94.     Some of this and other conduct like it by Murray happened in the presence of and direct line-of-sight of Fortier and, upon information and belief, other owners, managers, and supervisors.

95.     It put Fortier, other owners, other supervisors, and other managers on notice of Murray's boundary violations with subordinate employees, including the Minor Plaintiff.

96.     Fortier, the other owners, managers, and supervisors, however, did nothing, or far too little, to stop Murray's conduct.

97.     To the contrary, in addition to making West Alton facilities, equipment, and resources available to Murray for abusing employees, Fortier made his personal property and real estate available to Murray *and* knew that Murray used it to continue his abuse.

98.     The other owners and managers also were aware of Fortier doing this, but did nothing, or far too little, to stop it.

### *Lack of Intervention = Condonation*

99.     The lack of intervention by Fortier, other owners, other supervisors, and other managers emboldened Murray.

100.    The lack of written policy, training, discipline, and enforcement by West Alton Marina tacitly condoned Murray's conduct.

101.    Through its inaction and omissions, the Company ratified and/or consented to the abuse and assault.

102.    It is a proximate and direct reason why Murray's conduct occurred and continued.

***Ended Employment***

103.     The harassment and abuse continued, in some form, throughout the time of John

Doe's employment.

104.     In or about mid-August 2021 the Minor Plaintiff was emotionally and physically

unable to return to work.

105.     He resigned his position.

106.     This was proximately and directly because objectively the work environment was

so hostile and abusive and became so intolerable that resignation from employment was the only

fitting response.

***Murray Arrested***

107.     Police arrested Murray.

108.     He was incarcerated.

109.     Police have charged him with numerous crimes including aggravated felonious

sexual assault for his conduct toward and upon the Minor Plaintiff.

***Fortier Arrested***

110.     Police arrested Fortier.

111.     Police charged him, too, with crimes including, upon information and belief,

aggravated felonious sexual assault.

***Exhaustion Administrative Remedies***

112.     On April 6, 2022 Plaintiffs filed a Charge with the Equal Employment

Opportunity Commission that was dually filed with the New Hampshire Human Rights

Commission.

113.     The EEOC provided a Notice of Right to Sue on April 7, 2022.

***Respondeat Superior***

114.     The defendant West Alton Marina is liable through the principle of Respondeat Superior for the acts and omissions by its owner(s), agent(s), staff, administration, and employees as these were either within the course and scope of employment and duties owed by the defendant and/or directly resulted from the opportunit(ies) and resource(s) that West Alton Marina made available to defendant Murray and defendant Fortier despite its knowledge of Murray and Fortier's conduct and that Murray utilized West Alton Marina property and resources and Fortier's property and resources to engage in sexual assault and/or abuse.

***Conduct Extreme and Outrageous***

115.     West Alton Marina's conduct was extreme and outrageous in that West Alton Marina through its owner(s), managers, employees, and agent(s) knew that Murray and/or Fortier assaulted and abused other minors and/or subordinate employees and used the hiring process to find minors/subordinates to whom he was sexually attracted and/or whom he could groom and kept him in this position despite this knowledge.  Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d) provided him access and use of property and resources to further his abuse and assaults; (e) allowed him to personally direct company employees to engage in work at his personal residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train employees on how to investigate sexual

harassment/assault/abuse; (j) failed to report assault and/or abuse pursuant to state law; (k) failed

to investigate; and (l) failed to discipline the assaulter/abuser who was the spouse of an owner.

*Proximate and Direct Injury*

116.    As a direct and proximate result of the foregoing, the Minor Plaintiff suffered

severe physical injury and damage as well as emotional trauma.  He suffered and continues to

suffer injury including, but not limited to, severe anxiety, depression, insomnia, mental anguish,

severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment,

severe grief, severe indignation, severe shame, and/or severe despair. The Minor Plaintiff has

required therapy, counseling, and medical care and treatment that is reasonably expected to

continue for the remainder of his life.

## LEGAL CLAIMS

The plaintiffs identify and allege the following claims: (A) Wrongful Termination, (B)

Intentional Tort – Assault, (C) Intentional Tort – Intentional Infliction Emotional Distress, (D)

Sexual Harassment Claims.

**A.    WRONGFUL TERMINATION**

### COUNT I -    Wrongful Termination/Constructive Discharge
###                   (Against West Alton Marina)

117.    Plaintiffs repeat and incorporate by reference the allegations contained in all

paragraphs to this complaint.

118.    Over the course of the Minor Plaintiff's employment with West Alton Marina,

Murray repeatedly harassed and made sexual and other demands upon the Minor Plaintiff

including demands of unwelcome and non-consented to sexual groping and touching.

119.    Murray used his position of authority to compel the Minor Plaintiff's compliance

with harassment and his sexual demands.

120.     Murray also used gifts and retaliation to coerce compliance.

121.     West Alton Marina's failure to have a written sexual harassment policy, to train its employees regarding sexual harassment, to educate subordinate employees about what constitutes sexual harassment and how and where to report it, and to have a person responsible for investigating sexual harassment all proximately caused Murray's ongoing harassment and abuse.

122.     West Alton Marina's failure to discipline Murray for prior conduct similarly emboldened him and tacitly condoned his conduct.

123.     The harassment and abuse were ongoing, repetitive, pervasive, and severe such that it created an abusive work environment.

124.     The harassment and abuse the Minor Plaintiff endured made his working conditions so difficult and intolerable that an objective reasonable person subjected to it would have felt forced to resign.

125.     The Minor Plaintiff ended his employment with West Alton Marina because the working conditions were so intolerable and the abuse so pervasive and severe.

126.     He was constructively terminated from employment.

127.     As a result of the foregoing, the Minor Plaintiff suffered and continues to suffer severe physical and emotional harm as a proximate and direct result of defendant's actions. This includes, but is not limited to, stress, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair and/or public humiliation. As a direct and proximate result of the foregoing, the plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

128.     Plaintiffs are entitled to and hereby demand all available tort damages for wrongful termination including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which the Plaintiffs are entitled including all interest and fees which are within the jurisdictional limit of this Court.

**B.     INTENTIONAL TORT – ASSAULT**

**COUNT II -   Aggravated Sexual Assault**
**(Against Murray)**

129.     Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

130.     At all times pertinent hereto the Minor Plaintiff  was under the age of eighteen.

131.     At all times pertinent hereto Murray was acting in a position of authority over the Minor Plaintiff as his Manager and supervisor.

132.     At all times pertinent hereto Murray used his position of authority to coerce the Minor Plaintiff to submit to sexual activity.  Murray used his position of authority to unduly influence the Minor Plaintiff so that he engaged in conduct in which he did not want to engage and for which he did not knowingly, voluntarily and/or legally consent.

133.     As a direct and proximate result of Murray's tortious conduct the Minor Plaintiff has suffered severe and grievous injury, including but not limited to, prolonged depression, anxiety, insomnia, and physical illness.

134.     As a direct and proximate result of Murray's tortious conduct, the Minor Plaintiff has incurred expenses, including but not limited to, counseling and medical and medication expenses, and reasonably anticipates incurring future medical expenses and treatment.

135.     Plaintiffs demand judgment against Defendant Murray in the form of

compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT III - Intentional Tort - Assault and Battery**
**(Against Murray)**

136.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

137.    Defendant Murray's assault, battery, and/or abuse of the Minor Plaintiff constituted a harmful and extremely offensive physical contact to which the Minor Plaintiff did not voluntarily, knowingly, and/or legally consent.

138.    In perpetuating the ongoing intentional assault, battery, and/or abuse of plaintiff, defendant placed the Minor Plaintiff in continued fear for his safety and well-being.

139.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes an assault and battery that did, in fact, cause injuries, damages and losses to the Plaintiffs including, but not limited to, physical, emotional, psychological, and economic distress, medical and medication expenses, and counseling costs.

140.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**C.    INTENTIONAL TORT -  INTENTIONAL INFLICTION EMOTIONAL**
**DISTRESS**

**COUNT IV - Intentional Infliction of Emotional Distress (Against Murray)**

141.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set

forth herein.

142.    Defendant Murray's sexual abuse of the Minor Plaintiff constitutes intentional and reckless conduct that inflicted serious emotional distress upon the Plaintiffs.

143.    Defendant Murray, or any other actor, would have been substantially certain at the time he perpetrated the sexual harassment and abuse that it would inflict serious emotional distress upon the victims.

144.    Defendant Murray's conduct of abuse was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Murray's abuse as atrocious and utterly intolerable.

145.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

146.    Plaintiffs demand judgment against defendant Murray in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

**COUNT V - Intentional Infliction of Emotional Distress (Against Fortier/Tibbetts/Shea)**

147.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

148.    Defendants Fortier, Tibbetts, and Shea knew or should have known of Murray's sexual assault and abuse of the Minor Plaintiff but made and continued to make resources and property available to Murray for him to inflict his assault and abuse ***and*** failed to stop and/or

address it which constitutes intentional and reckless conduct that inflicted serious physical and emotional distress upon the Minor Plaintiff.

149.    Defendant Fortier, Tibbetts, and Shea, or any other actor, would have been substantially certain at the time they knew or should have known of Murray's conduct that it would inflict serious emotional distress upon the Minor Plaintiff.

150.    Defendant Fortier, Tibbetts, and Shea's conduct was so extreme and outrageous that it exceeded all possible bounds of decency. Our society regards defendant Fortier, Tibbetts and Shea's conduct as atrocious and utterly intolerable.

151.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse tolerated and condoned by Fortier, Tibbetts and Shea and perpetrated by Murray. The serious emotional distress condoned by Fortier, Tibbetts and Shea was something that no reasonable person could be expected to endure.

152.    Plaintiffs demand judgment against defendant Fortier, Tibbetts and Shea in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

### COUNT VI - Intentional Infliction of Emotional Distress
### (Against West Alton Marina)

153.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

154.    Defendant West Alton Marina employed and was and is responsible for the acts and omissions of defendants Murray, Fortier, other owners, other managers, and other employees and agents whose conduct, as identified herein and otherwise, was within the course and/or scope of employment and duties or directly and proximately resulted from the opportunit(ies) and

resource(s) that West Alton Marina knowingly made available to defendant Murray and that he
utilized and relied upon to engage in sexual abuse and sexual assault of the Minor Plaintiff.

155.    Defendant West Alton Marina, or any other actor, would and should have been
substantially certain at the time it engaged in the acts and omissions identified that sexual abuse
and sexual assault by its employees and/or agents would inflict serious emotional distress upon
the victims.

156.    Defendant West Alton Marina's conduct was so extreme and outrageous that it
exceeded all possible bounds of decency.  Our society regards such conduct as atrocious and
utterly intolerable because, as alleged, West Alton Marina through its owner(s), managers,
employees, and agent(s) knew that Murray assaulted and abused other minors and/or subordinate
employees and used the hiring process to find minors/subordinates to whom he was sexually
attracted and/or whom he could groom and kept him in this position despite this knowledge.
Despite this, West Alton Marina also (a) allowed Murray to supervise subordinate employees
after he hired them including minors; (b) tolerated him openly harassing, abusing, and assaulting
subordinates; (c) failed to train Murray despite its owners' knowledge of his conduct; (d)
provided him access and use of property and resources to further his abuse and assaults; (e)
allowed him to personally direct company employees to engage in work at his personal
residence; (f) allowed all of this to continue despite it occurring openly and in line-of-sight of
managers, supervisors, and owners; (g) failed to have a policy in place addressing sexual
harassment and assault; (h) failed to train its employees regarding such a policy; (i) failed to train
employees on how to investigate sexual harassment/assault/abuse; (j) failed to report assault
and/or abuse pursuant to state law; (k) failed to investigate; and (l) failed to discipline the
assaulter who was the spouse of an owner.

157.    The Minor Plaintiff did, in fact, suffer serious physical, emotional, psychological, and economic distress as a result of the sexual abuse perpetrated by defendant Murray. That serious emotional distress was emotional distress created by the circumstances of the sexual abuse that no reasonable person could be expected to endure.

158.    Plaintiffs demand judgment against defendant West Alton Marina in the form of compensatory damages, enhanced compensatory damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any other and further relief as this Court deems just and equitable.

## D.    SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT, QUID PRO QUO, AIDING AND ABETTING

### COUNT VII - SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
TITLE VII and RSA 354-A
(West Alton Marina)

159.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

160.    The Minor Plaintiff was a subordinate employee.

161.    As identified herein, he was subjected to unwelcome sexual harassment from an individual, Murray, who supervised him directly and indirectly.  West Alton Marina is vicariously liable for the sexual harassment to which Murray subjected the Minor Plaintiff.

162.    The harassment to which he was subjected was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

163.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

164.    The company, by failing to address Murray's conduct without protecting company employees like the Minor Plaintiff created and allowed to exist this oppressive, hostile,

21

intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

165.    Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

166.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

167.    West Alton Marina was aware of the offensive conduct and actions and could have and should have implemented prompt and appropriate remedies, but failed to do or chose not to do so, and thus ratified and empowered Murray and Fortier--the offending individuals' wrongful conduct—which is, in part, why it occurred and continued to occur.

168.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

**COUNT VIII - SEXUAL HARASSMENT/QUID PRO QUO**
**TITLE VII and RSA 354-A**
**(West Alton Marina)**

169.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

170.     As identified herein, the Minor Plaintiff was subjected to unwelcome quid pro quo sexual harassment from an individual, Murray, who supervised him directly and indirectly. West Alton Marina is vicariously liable for the sexual harassment to which he subjected the Minor Plaintiff.

171.     Murray made submission to his conduct explicitly or implicitly a term or condition of the Minor Plaintiff's employment.  He made submission to his conduct a basis for decisions regarding his employment.  Murray also punished the Minor Plaintiff for refusing to comply with his conduct.  These actions unreasonably interfered with the Minor Plaintiff's work performance by creating an intimidating, hostile, and offensive work environment.

172.     West Alton Marina is liable for the conduct of Murray and Fortier because the entity and its owners knew of and/or allowed to this oppressive conduct to exist and continue.

173.     The harassment was sufficiently severe and pervasive as to materially alter the Minor Plaintiff's conditions of employment and to create a hostile and abusive working environment such that resignation from employment was a fitting response.

174.     As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of West Alton Marina's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

175.     As a direct and proximate result of the foregoing, the Minor Plaintiff has suffered, continues to suffer, and will suffer into the future direct and consequential damages.

176.    West Alton Marina was aware of *prior* offensive conduct by Fortier and Murray **and** the offensive conduct herein referenced and that otherwise occurred to the Minor Plaintiff during his employment and could have and should have implemented prompt and appropriate remedies, but chose not to, thus ratifying and empowering the offending individuals' wrongful conduct which is, in part, why it occurred and continued to occur.

177.    Moreover, West Alton Marina subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

178.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which he is entitled including all interest.

### COUNT IX -  SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT RSA 354-A (Murray Individual/Supervisor Liability)

179.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

180.    The Minor Plaintiff was a subordinate employee.

181.    As identified herein, Murray was his supervisor and subjected the Minor Plaintiff to unwelcome sexual harassment.

182.    The harassment to which Murray subjected the Minor Plaintiff was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

183.    The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

24

184.    Murray created and allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

185.    Moreover, Murray subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

186.    As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction.  This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

187.    The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

**COUNT X -   SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT RSA 354-A (Fortier/Tibbetts/Shea Individual/Supervisor Liability)**

188.    Plaintiffs incorporate herein all allegations within this Complaint as if fully set forth herein.

189.    The Minor Plaintiff was a subordinate employee.

190.    As identified herein, Fortier, Tibbetts, and Shea were owners who supervised Murray who was the Minor Plaintiff's supervisor.

191. Murray subjected the Minor Plaintiff to unwelcome sexual harassment and Fortier, Tibbetts, and Shea aided and abetted the unwelcome sexual harassment and abuse as identified herein and otherwise.

192. The harassment to which the Minor Plaintiff was subjected because Fortier, Tibbetts, and Shea aided and abetted it was sufficiently severe and pervasive to alter the terms and conditions of his employment and created an abusive work environment.

193. The conduct was both subjectively and objectively offensive such that a reasonable person would find it hostile or abusive and the Minor Plaintiff did perceive it to be so.

194. Because Fortier, Tibbetts, and Shea aided and abetted the conduct, they allowed to exist this oppressive, hostile, intimidating and/or offensive work environment that interfered with the Minor Plaintiff's physical and emotional well-being and ability to perform his job.

195. Moreover, Fortier, Tibbetts, and Shea subjected the Minor Plaintiff to a tangible and adverse employment action through constructive termination.

196. As a result of the hostile work environment, the Minor Plaintiff suffered and continues to suffer physical and emotional harm as a proximate and direct result of defendant's action and inaction. This includes, but is not limited to, stress, anxiety, mental anguish, severe distress, severe disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe indignation, severe shame, severe despair, tremendous public humiliation, physical conditions arising from stress, and exacerbation of physical ailments and conditions.

197. The Plaintiffs are entitled to and hereby demand all damages available by statute and otherwise for this claim against Murray including, but not limited to, compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which she is entitled including all interest.

## JURY DEMAND

198.    Plaintiffs demand a jury trial on all claims so triable.

                                        Respectfully submitted,

                                        Father and Mother Doe, Individually and as
                                        Parent and Next Friend of John Doe

                                        By and through their attorneys,


Date:   04/15/2022                      /s/ John P. Sherman
                                        John P. Sherman, Esq.
                                        Bar No. 12536
                                        Sherman Law PLLC
                                        111 Bow Street, Unit #2
                                        Portsmouth, NH 03801
                                        (603) 570-4837
                                        jsherman@johnshermanlaw.com

Filed
File Date: 4/15/2022 2:47 PM
Belknap Superior Court
E-Filed Document

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                              SUPERIOR COURT

Father and Mother Doe, Individually and as Parent and Next Friend of John Doe

v.

West Alton Marina, LLC, John Murray, Brian Fortier,  Dierdre Tibbetts, and Allyson Shea

Case Number: 211-2022-CV-00049

## **MOTION TO ATTACH WITH NOTICE**

NOW COMES, the plaintiffs Father and Mother Doe and John Doe by and through their

attorneys, Sherman Law, PLLC and move to attach property of the defendants with notice and in

support of which state as follows:

1.       As identified in the accompanying First Amended Complaint, the defendants

owned and operated West Alton Marina, LLC.

2.       Police arrested defendant Murray following a report by John Doe of the sexual

harassment and abuse he was subjected to while working at the West Alton Marina from May

2021 through mid-August 2021.

3.       State and Federal authorities executed a search warrant, seized property, seized

evidence, and arrested defendant John Murray.

4.       Upon information and belief, the scope of the defendant's horrific conduct is

large.  It may encompass use of the Marina to harass and abuse many employees over many

years.

5.       Upon information and belief, because of this Murray has been incarcerated since

his arrest in August 2021 (i.e., eight months).  Due to the nature of his alleged conduct and, upon

information and belief, the amount of evidence seized he may *never* be released.

6.      Police also arrested Fortier who, it is alleged, also sexually harassed and/or abuse Marina employee(s).

7.      Because Federal authorities were involved in the warrant, Federal charges also may be filed.  This necessarily means that there is some inter-state conduct.  It is reasonable to assume, therefore, that there may be *many* other victims of these defendants.

8.      Attachment is warranted because review of County property records suggests that at least one of the defendants transferred interests in real estate *after* being arrested and incarcerated.

9.      It is not known whether these defendants have insurance.  The types of claims alleged, however, are generally not the type to which insurance applies.  As a result, the defendants' property and assets are the most likely source of their ability to satisfy any judgment.

10.     It does not appear as though Murray now has any assets in his name.

11.     The amount requested is $1,000,000 against the Marina and $500,000 as to each individual defendant.

12.     The Court denied an initial motion to attach on an *ex parte* basis.

13.     This Motion requests attachment *with* notice.

14.     Attached hereto as Exhibit 1 is the Court's Motion to Attach form NHJB-2714-Se.

15.     No memorandum of law accompanies this Motion. To the extent it relies upon legal authority, it is herein cited.

WHEREFORE, the plaintiffs respectfully request that the Court enter an Order:

A.      Granting this Motion to Attach with Notice; and

B.      Granting them such other and further relief as the Court deems just and equitable

                                            Respectfully submitted,

                                            Father and Mother Doe, Individually and as
                                            Parent and Next Friend of John Doe

                                            By and through their attorneys,

Date:   04/15/2022                          /s/ John P. Sherman
                                            John P. Sherman, Esq.
                                            Bar No. 12536
                                            Sherman Law PLLC
                                            111 Bow Street, Unit #2
                                            Portsmouth, NH 03801
                                            (603) 570-4837
                                            jsherman@johnshermanlaw.com

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: **Belknap Superior Court**

Case Name: **Father and Mother Doe v. West Alton Marina, et al**

Case Number: **211-2022-CV-00049**
(If known)

## MOTION TO ATTACH WITH NOTICE

The Plaintiff requests permission to make the following attachments in the above-referenced civil action.

| Category of Property to be attached | | | | |
|---|---|---|---|---|
| Name of Defendant | Real Estate | Other | Description | Amount of Attachment |
| **West Alton Marina LLC** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **1,000,000.00** |
| West Alton Marina, LLC | | X | See Attachment to Form | $ 1,000,000 |
| **Brian Fortier** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **500,000.00** |
| **Deirdre Tibbetts** | ☑ | ☐ | **See Attachment to Court's Form NHJB-2714-Se** | $ **500,000.00** |
| *Allyson Shea* | X | | *See Attachment to Court's Form NHJB-2714-Se* | *$500,000* |

In support of this Motion, the Plaintiff certifies that:
*Please See accompanying Motion and First Amended Complaint*

The plaintiff believes there is reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in the amount of $ **1,000,000.00** .

**John P. Sherman**
Name of Filer

Signature _Joh P Sherman_ as Attorney for Father Doe   Date 4/14/22
To be Signed by the Plaintiff (or Affiant) (In case of a corporation or partnership, a duly authorized officer or partner shall sign.) *Mother Doe and John Doe*

**Sherman Law, PLLC**          **12536**
Law Firm, if applicable     Bar ID # of attorney

**(603) 570-4837**
Telephone

**111 Bow Street, Unit #2**
Address

jsherman@johnshermanlaw.com
E-mail

**Portsmouth**      **NH**      **03801**
City          State      Zip code

State of _NH_ , County of _ROCKINGHAM_

This instrument was acknowledged before me on _4/14/22_ by _JOHN P. Sherman_

My Commission Expires _OCTOBER 17 2023_

Affix Seal, if any

Signature of Notarial Officer / Title

Case Name: **Father and Mother Doe v. West Alton Marina, et al**

Case Number: **211-2022-CV-00049**

**MOTION TO ATTACH WITH NOTICE**

## NOTICE TO THE DEFENDANT

THE PLAINTIFF INTENDS TO ATTACH YOUR PROPERTY, AS SET FORTH IN THE ABOVE MOTION FOR PERMISSION TO DO SO, TO SECURE ANY JUDGMENT OR DECREE THE PLAINTIFF MAY OBTAIN IN THIS ACTION. YOU HAVE THE RIGHT TO OBJECT TO THE ATTACHMENT, AND TO HAVE A HEARING AS TO WHETHER IT SHOULD BE MADE. IF YOU DO WISH TO OBJECT AND HAVE A HEARING, YOU SHOULD FILE A WRITTEN OBJECTION DETAILING THE REASONS THEREFOR, TOGETHER WITH A REQUEST FOR A HEARING, WITH THE CLERK OF COURT NOT LATER THAN 30 DAYS AFTER YOU HAVE BEEN SERVED WITH THE MOTION TO ATTACH.

IF YOU FAIL TO OBJECT BY THAT DATE, YOU WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION.

IF YOU TRANSFER ANY PROPERTY AFTER RECEIVING THIS NOTICE, AND BEFORE THE ATTACHMENT, IF ALLOWED, IS MADE, YOU WILL BE SUBJECT TO THE PROVISIONS OF RSA 511-A: 6.

EVEN IF YOU DO NOT OBJECT TO THE ATTACHMENT, YOU SHOULD FILE AN APPEARANCE AND ANSWER WITH THE CLERK OF COURT BY 30 DAYS AFTER YOU HAVE BEEN SERVED UNLESS YOU ARE WILLING THAT THE PLAINTIFF HAVE JUDGMENT BY DEFAULT.

Plaintiff or Plaintiff's Lawyer

**FOR COURT USE ONLY**

**ORDER**

☐ The motion to attach is denied.

☐ The Plaintiff is granted permission to make the above attachment(s) within _____ days.

_____     _____
Date                                                               Presiding Justice

STATE OF NEW HAMSPHIRE

BELKNAP COUNTY                                        SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe
v.

West Alton Marina, LLC, John Murray, Brian Fortier

Case Number: 211-2022-CV-00049

**ATTACHMENT TO COURT'S FORM NHJB-2714-Se**

Category of Property
To be attached (check one)

| Name of Defendant | Real Estate | Other | Amount |
|---|---|---|---|
| West Alton Marina, LLC | 35 West Alton Marina Road<br>Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 54 West Alton Marina Road<br>Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | 58 West Alton Marina Road<br>Alton, NH | | $1,000,000 |
| West Alton Marina, LLC | | **Accounts Inventory** | **$1,000,000** |
| Brian Fortier | 104 Timber Ridge Road<br>Alton, NH | | $500,000 |
| Brian Fortier<br>Deidre Tibbetts<br>Allyson Shea | 281 Cherry Valley Road<br>Alton, NH | | $500,000 |
| Brian Fortier<br>Deidre Tibbetts<br>Allyson Shea | Cherry Valley Road<br>Lot 16/21/0/0; 16/22/1/0<br>Alton, NH | | $500,000 |
| Brian Fortier<br>Deidre Tibbetts<br>Allyson Shea | Mount Major Highway<br>Lot 62/38/0/0; 17/31/0/0<br>Alton, NH | | $500,000 |

Brian Fortier                    1430 Mount Major Highway           $500,000
Deidre Tibbetts                 Alton, NH
Allyson Shea

Filed
File Date: 4/6/2022 12:42 PM
Belknap Superior Court
E-Filed Document

Clerk's Notice of Decision
Document Sent to Parties
on 04/07/2022

STATE OF NEW HAMSHIRE

BELKNAP COUNTY                                              SUPERIOR COURT

Father Doe and Mother Doe as Parents and Next Friends of John Doe

v.

**Granted, subject to
reconsideration at
any time upon
motion of the defendants.**

*Steven M. Houran*

Honorable Steven M. Houran
April 6, 2022

West Alton Marina, LLC, John Murray and Brian Fortier

Case Number: 211-2022-CV-00049

## **MOTION TO PROCEED UNDER PSEUDONYM**

NOW COME the plaintiffs, Father Doe and Mother Doe and move for an Order allowing

that they be permitted to proceed anonymously and in support of which state as follows:

1.  Father Doe and Mother Doe are the parents of the minor plaintiff John Doe.

2.  As is fully detailed in the Complaint, this case involves sexual abuse of the minor

plaintiff by his employer.

3.  As further detailed in the Complaint, the defendants' conduct has caused the minor

plaintiff severe emotional distress.  He suffered and continues to suffer injury including, but not

limited to, severe anxiety, depression, insomnia, mental anguish, severe distress, severe

disappointment, severe anger, severe resentment, severe embarrassment, severe grief, severe

indignation, severe shame, and/or severe despair.

4.  The Plaintiff has required therapy, counseling, and medical care and treatment that is

reasonably expected to continue for the remainder of his life.

5.  Public exposure would likely exacerbate the minor plaintiff's injuries.

6.  Permitting plaintiffs to proceed using pseudonyms will protect the minor plaintiff's

privacy and guard against further damage resulting from unnecessary public disclosure.

1

7.   Upon information and belief, the defendants who engaged in the alleged conduct that forms the basis of the claims are fully aware of the identities of the plaintiffs and will not be prejudiced in any way by plaintiffs' use of pseudonyms in public filings.

WHEREFORE, plaintiffs request an Order:

A.   Allowing them to proceed anonymously in order to maintain the privacy of the minor plaintiff, and

B.   For such other and further relief as justice may require.

Respectfully submitted

Father Doe and Mother Doe as Parents and Next Friends of their Minor Child John Doe

By and through their attorneys,

Date:   04/06/2022

     /s/ John P. Sherman
John P. Sherman, Esq.
Bar No. 12536
Sherman Law PLLC
111 Bow Street, Unit #2
Portsmouth, NH 03801
(603) 570-4837
jsherman@johnshermanlaw.com

Filed
File Date: 5/25/2022 10:19 AM
Belknap Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: _____

Case Name: _____

Case Number: _____
(if known)

## APPEARANCE/WITHDRAWAL

**APPEARANCE**

Type of appearance (Select One)

☐ Appearance                 ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

_____

_____

_____

Select One:

☐ As Counsel for:

_____
(Name)                      (Address)                    (Telephone Number)

_____
(Name)                      (Address)                    (Telephone Number)

_____
(Name)                      (Address)                    (Telephone Number)

☐ I will represent myself (*self-represented*)

**WITHDRAWAL**

As Counsel for _____  _____  _____

Type of Representation: (Select one)

☐ Appearance:

    ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

_____

    ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)

    ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

    ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

**Case Name:** _____

**Case Number:** _____

**APPEARANCE/WITHDRAWAL** _____

---

*For non e-filed cases:*

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____      _____
Other party                                         Other party's attorney

---

**OR**

---

*For e-filed cases:*

☐   I state that on this date I am sending a copy of this document as required by the rules of the court. I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case. I am mailing or hand-delivering copies to all other interested parties.

---

_____      _____
Name of Filer                                         Signature of Filer            Date

_____      _____
Law Firm, if applicable         Bar ID # of attorney         Telephone

_____      _____
Address                                             E-mail

_____
City                        State         Zip code

Filed
File Date: 5/30/2022 1:11 PM
Belknap Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

**BELKNAP, SS**                                    **SUPERIOR COURT**

### Father Doe

v.

### West Alton Marina, LLC, et al
#### DOCKET NO.  211-2022-CV-00049

---

### SPECIAL APPEARANCE

---

Please enter my special appearance for the Defendant, Deirdre Tibbetts.

Respectfully submitted,
**Deirdre Tibbetts;**
By and through her attorney

Dated: 5/30/2022                        /s/Olivier Sakellarios
Olivier Sakellarios, Esquire
NHBA No. 14928
Sakellarios & Associates, L.L.C.
195 Elm Street
Manchester, NH 03101
(603) 669-1663

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day served on all parties via the Court's efile system.

Dated: 5/30/2022                        /s/Olivier Sakellarios

Filed
File Date: 5/30/2022 1:11 PM
Belknap Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

**BELKNAP, SS**                         **SUPERIOR COURT**

**Father Doe**

**v.**

**West Alton Marina, LLC, et al**
**DOCKET NO. 211-2022-CV-00049**

**ASSENTED TO MOTION TO ENLARGE**
**ANSWER AND OBJECTION DEADLINE**

> Granted
>
> *[signature]*
>
> Honorable Elizabeth M. Leonard
>
> May 31, 2022
>
> Clerk's Notice of Decision
> Document Sent to Parties
> on 06/01/2022

    **NOW COMES**, the Defendant, Deirdre Tibbetts, by and through counsel and presents this assented to motion to enlarge the time frame for answering/objecting to the instant action. Please enter my appearance for the Defendant, Deirdre Tibbetts.

1. Undersigned has just been retained by Deirdre Tibbets, individually, to defend this action.

2. Plaintiff has filed a Complaint and a Motion to Attach with Notice.

3. Undersigned requires additional time to respond to the instant matter given the length of the complaint and the number of Plaintiff's in related actions against Defendant.

4. Defendant requires an additional 30 days to respond to these actions.

5. Undersigned has communicated with Attorney John Sherman who has expressed his assent to this request.

    **WHEREFORE**, the Plaintiff moves this Honorable Court of the following relief:

A. That this Court grant this motion and allow the Defendant an additional 30 days to file a responsive pleading and or Objection in this matter.

1

B.  That this Court grant such other and varied relief as it deems just and meet.

> Respectfully submitted,
> **Deirdre Tibbetts;**
> By and through her attorney

Dated: 5/30/2022

/s/Olivier Sakellarios
Olivier Sakellarios, Esquire
NHBA No. 14928
Sakellarios & Associates, L.L.C.
195 Elm Street
Manchester, NH 03101
(603) 669-1663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day served on all parties via the Court's efile system.

Dated: 5/30/2022

/s/Olivier Sakellarios



107 Storrs Street      **Office** 603-225-7262
P.O. Box 2703 | Concord, NH 03302      **Fax** 603-225-5112

William E. Christie
*Attorney at Law*

June 3, 2022

<u>VIA ELECTRONIC MAIL</u>

John Sherman, Esquire
Sherman Law, PLLC
111 Bow Street, Unit 2
Portsmouth, NH 03801

Re:  Notice of Removal to Federal Court
     <u>Father Doe, et al. v. West Alton Marna, LLC, et al.</u>
     Case No.: 211-2022-CV-00049

Dear Attorney Sherman:

      In accordance with 28 U.S.C. § 1446(d), I enclose a copy of a Notice of Removal of the above-referenced matter to the United States District Court for the District of New Hampshire. I also enclose a copy of a Notice of Filing of Notice of Removal that I am electronically filing this day with the Hillsborough County Superior Court, Northern District.

      Very truly yours,

      */s/ William E. Christie*

      William E. Christie
      wchristie@shaheengordon.com

WEC/jdb
Enclosures
cc:  Robin Melone, Esq. (counsel for John Murray)
     Olivier Sakellarios, Esq.
     Allyson Shea
     Clients

THE STATE OF NEW HAMPSHIRE

BELKNAP, SS.                                                   SUPERIOR COURT


Father Doe, et al.

v.

West Alton Marina, LLC, et al.

Case No.:  211-2022-CV-00049

**NOTICE OF FILING NOTICE OF REMOVAL**

NOW COME Defendants West Alton Marina, LLC and Brian Fortier, by and through

counsel, hereby providing notice to this Court that, pursuant to 28 U.S.C. §§ 1441 and 1446, a

Notice of Removal of the above-captioned action has been filed in the United States District

Court for the District of New Hampshire.  The Notice of Removal (with attachments) is attached

hereto as Exhibit A.

<div style="margin-left: 40%;">

Respectfully submitted,

West Alton Marina
Brian Fortier
By Their Attorneys:
SHAHEEN & GORDON, P.A.

</div>

Dated:  June 3, 2022                       /s/ William E. Christie
                                           William E. Christie, #11255
                                           107 Storrs Street
                                           P.O. Box 2703
                                           Concord, NH 03302-2703
                                           (603) 225-7262
                                           wchristie@shaheengordon.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has this day been filed with the Court using the Court's filing system and served on all counsel of record.


Dated:  June 3, 2022                        /s/ William E. Christie
                                           William E. Christie

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Father and Mother Doe | West Alton Marina, LLC, Brian Fortier, John Murray, Allyson Shea and Deirdre Tibbetts |

| (b)  County of Residence of First Listed Plaintiff    Unknown | County of Residence of First Listed Defendant    Belknap |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| John Sherman, Esq., Sherman Law, PLLC, 111 Bow St., Unit 2, Portsmouth, NH 03801 (603) 570-4837 | See attached sheet. |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [X] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury  - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [X] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 2000e et. seq.

Brief description of cause:
Violations of Title VII of the Civil Rights Act of 1964 and related claims

## VII.  REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $  1,500,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| June 3, 2022 | /s/ William E. Christie |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**Counsel for Defendants West Alton Marina, LLC and Brian Fortier:**

William E. Christie, Esquire
Shaheen & Gordon, P.A.
107 Storrs Street/P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262
wchristie@shaheengordon.com

**Counsel for Defendant John Murray:**

Robin Melone, Esquire
Wadleigh, Starr & Peters
95 Market Street
Manchester, NH 03101
(603) 669-4140
rmelone@wadleighlaw.com

**Counsel for Dierdre Tibbetts:**

Olivier Sakellarios, Esq.
Sakellarios & Associates, LLC
195 Elm Street
Manchester, NH 03101
(603) 669-1663
Ods142@gmail.com

**Counsel for Allyson Shea:**

Unknown

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.